UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MARCUS GRAY P/K/A FLAME; LECRAE MOORE P/K/A LECRAE; EMANUEL LAMBERT; and CHIKE OJUKWU,<br><br>      Plaintiffs,<br>  v.<br><br>KATY PERRY; JORDAN HOUSTON P/K/A JUICY J; LUKASZ GOTTWALD P/K/A DR. LUKE; SARAH THERESA HUDSON; MAX MARTIN; HENRY RUSSELL WALTER P/K/A CIRKUT; and CAPITOL RECORDS, LLC,<br><br>      Defendants. | Case No.   4:14-CV-01183-HEA<br><br>**Jury Trial Demanded** |

## DEFENDANT CAPITOL RECORDS, LLC'S ANSWER TO COMPLAINT

Defendant Capitol Records, LLC (the "Defendant") submits the following Answer to the Complaint of Marcus Gray, Lecrae Moore, Emanuel Lambert and Chike Ojukwu ("Plaintiffs"). With respect to the allegations set forth in the Complaint, Defendant:

### Introduction

1. Denies the allegations contained in Paragraph 1 of the Complaint, except admits that this is a civil action for alleged copyright infringement under the United States Copyright Act, 17 U.S.C. § 101, *et seq.*, and that the Complaint seeks, *inter alia*, injunctive relief.

2. Denies the allegations in the first sentence of Paragraph 2 of the Complaint because the term "mega-hit" used in that sentence is vague and undefined. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in the second and third sentences of Paragraph 2 of the Complaint. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in the fourth

sentence of Paragraph 2 of the Complaint, except admits that it is informed and believes that millions of copies of the sound recording by Katy Perry of the composition "Dark Horse" have been sold in various configurations.  Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in the fifth sentence of Paragraph 2 of the Complaint, except admits that a recording by Katy Perry of the composition "Dark Horse" has been broadcast on certain radio stations in the United States.  Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in the final sentence of Paragraph 2 of the Complaint.

3.  Denies the allegations contained in Paragraph 3 of the Complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegation regarding the date of release of the recording entitled "Joyful Noise."

4.  Denies the allegations contained in the first sentence of Paragraph 4 of the Complaint.  Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in the second sentence of Paragraph 4 of the Complaint.

### The Plaintiffs

5.  Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5 of the Complaint.

6.  Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6 of the Complaint.

7.  Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7 of the Complaint.

8.  Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8 of the Complaint.

**The Defendants**

9. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9 of the Complaint.

10. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10 of the Complaint.

11. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11 of the Complaint.

12. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12 of the Complaint.

13. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13 of the Complaint.

14. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14 of the Complaint.

15. Denies the allegations contained in Paragraph 15 of the Complaint except admits that Defendant is a Delaware limited liability company.

**Jurisdiction and Venue**

16. Admits that this is a civil action for alleged copyright infringement under the United States Copyright Act, 17 U.S.C. § 101, *et seq*. Defendant avers that the remainder of the allegations in Paragraph 16 of the Complaint set forth legal conclusions as to which no response is required. To the extent a response is required, the statements are denied.

17. Denies the allegations contained in Paragraph 17 of the Complaint.

18. Avers that the allegations in Paragraph 18 of the Complaint set forth legal conclusions as to which no response is required. To the extent a response is required, the statements are denied.

### Plaintiffs' Song: "Joyful Noise"

19. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 19 of the Complaint.

20. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 20 of the Complaint.

21. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 21 of the Complaint.

22. Avers that Paragraph 22 of the Complaint sets forth legal conclusions as to which no response is required. To the extent Paragraph 22 of the Complaint contains factual allegations, Defendant denies knowledge or information sufficient to form a belief as to the truth of them.

23. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 23 of the Complaint.

24. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 24 of the Complaint.

25. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 25 of the Complaint.

26. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 26 of the Complaint.

**Defendants' Song: "Dark Horse"**

27. Denies the allegations contained in Paragraph 27 of the Complaint.

28. Denies the allegations contained in Paragraph 28 of the Complaint, except admits that the credited writers of the composition "Dark Horse" are: Lukasz Gottwald p/k/a "Dr. Luke", Jordan Houston p/k/a "Juicy J", Sarah Hudson, Katy Perry, Karl Martin Sandberg p/k/a "Max Martin", and Henry Walter p/k/a "Cirkut."

29. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 30 of the Complaint.

30. Denies the allegations contained in Paragraph 30 of the Complaint, except admits that the album *Prism* was released in October 2013, and that the sound recording by Katy Perry of the composition "Dark Horse" was released as a promotional single.

31. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 31 of the Complaint.

**Defendants' Alleged Infringement of Plaintiffs' Alleged Copyright**

32. Denies that any portion of the composition "Joyful Noise" (or any derivative thereof) is copied by or embodied in the composition or sound recording of "Dark Horse." Defendant otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 32 of the Complaint, except admits that Defendant did not seek permission from Plaintiffs for use of the composition "Joyful Noise" in the manner set forth in Paragraph 32, and avers that no such permission was required.

33. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 33 of the Complaint.

34. Denies the allegations contained in Paragraph 34 except admits that the compact disc configuration of the album *Prism* has been sold on certain websites and in certain retail stores and that the digital configuration of the sound recording of "Dark Horse" by Katy Perry is available for sale on certain websites.

35. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 35 of the Complaint, except admits that Defendant is informed and believes that Katy Perry performed the composition "Dark Horse" at the 2014 Grammy Awards and at certain concerts.

36. Denies the allegations contained in Paragraph 36 of the Complaint, except admits that the official music video for Katy Perry's recording of "Dark Horse" can be viewed on www.youtube.com and www.vevo.com, and denies knowledge or information sufficient to form a belief as to the number of times that video has been viewed.

37. Denies the allegations contained in Paragraph 37 of the Complaint.

38. Denies the allegations contained in Paragraph 38 of the Complaint.

39. Denies the allegations contained in Paragraph 39 of the Complaint.

40. Denies the allegations contained in Paragraph 40 of the Complaint, except admits that, prior to the date of the Complaint, Defendant received a letter from an attorney purporting to represent the Plaintiffs regarding their claim of alleged infringement.

41. Denies the allegations contained in Paragraph 41 of the Complaint.

## PRAYER FOR RELIEF

Defendant denies that the Plaintiffs are entitled to the relief requested in their Complaint or to any other relief whatsoever.

## AFFIRMATIVE AND OTHER DEFENSES

Without waiving or excusing the burden of proof of Plaintiffs, or admitting that Defendant has any burden of proof, Defendant asserts the following affirmative and other defenses.

### FIRST DEFENSE

The Complaint and any purported claims for relief therein fail to state a claim upon which relief can be granted.

### SECOND DEFENSE

The Complaint and any purported claims for relief therein are barred, precluded, and/or limited by the statute of limitations.

### THIRD DEFENSE

Plaintiffs have no standing to assert their Complaint and any claim therein.  *Inter alia*, Plaintiffs lack standing to the extent their claims are based on the alleged infringement of a work for which Plaintiffs do not (or did not) own the exclusive right allegedly infringed at the time of infringement.

### FOURTH DEFENSE

The alleged copyrighted work that is the subject of this Complaint consists of material that is not original.

### FIFTH DEFENSE

The alleged copyrighted work that is the subject of this Complaint does not constitute protectable copyrightable subject matter.

**SIXTH DEFENSE**

Plaintiffs' Complaint and any claims therein are barred, precluded, and or limited by the doctrines of waiver, laches, estoppel, acquiescence, consent and express and/or implied license.

**SEVENTH DEFENSE**

Plaintiffs' Complaint and any claims therein are barred, precluded, and/or limited to the extent any alleged use of Plaintiffs' allegedly copyrightable material constitutes fair use.

**EIGHTH DEFENSE**

Plaintiffs' Complaint and any claims therein are barred, precluded, and/or limited to the extent any alleged use of Plaintiffs' allegedly copyrightable material constitutes *de minimis* use.

**NINTH DEFENSE**

Plaintiffs' alleged damages, if any, are due solely to acts and omissions that are not those of, and are independent from, the Defendant.

**TENTH DEFENSE**

Plaintiffs have failed to mitigate any alleged damages.

**ELEVENTH DEFENSE**

Plaintiffs' Complaint and any claims therein are barred by the doctrine of unclean hands.

**TWELFTH DEFENSE**

Upon information and belief, Plaintiffs did not obtain a valid copyright registration of the allegedly infringed work prior to the act of alleged infringement in the Complaint and therefore Plaintiffs are not entitled to any award of attorneys' fees or statutory damages under the United States Copyright Act.

**THIRTEENTH DEFENSE**

Plaintiffs' claims are barred to the extent they are based on the alleged infringement of a work for which: (i) valid and enforceable copyright registration certificates do not exist and/or (ii) the relevant certificates contain materially false and/or inaccurate information relating to the nature, ownership or chain of title to the work.

**FOURTEENTH DEFENSE**

Plaintiffs' alleged damages, if any, are limited by Defendant's innocent intent.

WHEREFORE, Defendant respectfully submits that the Complaint should be dismissed with prejudice and judgment entered in its favor, and that Defendant be awarded its reasonable attorney's fees and costs incurred in the defense of this action pursuant to 17 U.S.C. § 505.

**DEMAND FOR TRIAL BY JURY**

Defendant demands a trial by jury of all of Plaintiffs' claims that are so triable.

Respectfully submitted,

**STINSON LEONARD STREET LLP,**

By: */s/ Sandra Wunderlich*
Sandra J. Wunderlich, #39019MO
Andrew J. Scavotto, #57826MO
7700 Forsyth Boulevard, Suite 1100
St. Louis, MO 63105
(314) 863-0800 - Telephone
(314) 863-9388 - Facsimile
sandra.wunderlich@stinsonleonard.com
andrew.scavotto@stinsonleonard.com

Christine Lepera, Esq.
*pro hac vice motion to be filed*
Jeffrey M. Movit, Esq.
*pro hac vice motion to be filed*
Bradley Mullins, Esq.
*pro hac vice motion to be filed*
MITCHELL SILBERBERG & KNUPP LLP
12 East 49th Street, 30th Floor
New York, NY 10017
(212) 509-3900 (direct)
(212) 509-7239 (facsimile)
ctl@msk.com
jmm@msk.com
bym@msk.com

*Attorneys for Defendants Jordan Houston p/k/a Juicy J, Lukasz Gottwald p/k/a Dr. Luke, Sarah Hudson, Karl Martin Sandberg p/k/a Max Martin, Henry Walter p/k/a Cirkut, and Capitol Records, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on this 30th day of September 2014, the foregoing document was filed electronically and served upon counsel of record via the court's ECF filing system:

　　　　　/s/ Sandra J. Wunderlich
*Attorney for Defendants*

CORE/9990000.7110/103005696.1