UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'

| Case No. | 2:15-cv-05642-CAS(JCx) | Date | October 13, 2015 |
|---|---|---|---|
| Title | MARCUS GRAY (P/K/A FLAME), ET AL. V. KATHERYN ELIZABETH HUDSON (P/K/A/ KATY PERRY), ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:  Attorneys Present for Defendants:

Not Present  Not Present

**Proceedings:** PLAINTIFF'S MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT (Dkt. 110, filed September 18, 2015)

The Court finds this motion appropriate for decision without oral argument. See Fed. R. Civ. P. 78; C.D. Cal. Local Rule 7-15. Accordingly, the hearing date of October 19, 2015, is vacated, and the matter is hereby taken under submission.

## I.   INTRODUCTION AND BACKGROUND

On July 1, 2014, plaintiffs Marcus Gray (p/k/a Flame), Emanuel Lambert, and Chike Ojukwu (collectively, "plaintiffs") filed this action in the United States District Court for the Eastern District of Missouri against defendants Katheryn Elizabeth Hudson (p/k/a Katy Perry), Jordan Houston (p/k/a Juicy J), Lukasz Gottwald (p/k/a Dr. Luke), Sarah Theresa Hudson, Karl Martin Sandberg (p/k/a Max Martin), Henry Russell Walter (p/k/a Cirkut), and Capitol Records, LLC ("Capitol Records") (collectively, "defendants"). In brief, the action is brought pursuant to 17 U.S.C. § 101, et seq. (the "Copyright Act") and alleges infringement of plaintiffs' copyright in their song, "Joyful Noise," by defendants' licensing, recording, sales, broadcasts, and performance of their allegedly infringing song, "Dark Horse." See Dkt. 28, First Amended Complaint ("FAC").

On July 23, 2015, the Court dismissed plaintiffs' FAC as to all defendants, besides Capitol Records, for lack of personal jurisdiction. See Dkt. 79. In addition, the Court granted Capitol Records's motion to transfer the action to the United States District Court for the Central District of California, reasoning as follows:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:15-cv-05642-CAS(JCx) | Date | October 13, 2015 |
| Title | MARCUS GRAY (P/K/A FLAME), ET AL. V. KATHERYN ELIZABETH HUDSON (P/K/A/ KATY PERRY), ET AL. | | |

> Importantly, because the Court will grant the motions to dismiss for lack of personal jurisdiction over Defendants Perry and the Individual Defendants, the remaining Defendant would be Capitol [Records]. Presumably, Plaintiffs will refile their action against Perry and the Individual Defendants in a forum which would have personal jurisdiction over these Defendants, being either New York or California. Thus, the possibility of duplicative actions based on the same salient facts would result. Transferring this action to a Court that could preside over all claims against Perry, the Individual Defendants and Capitol [Records] makes sound judicial sense in terms of judicial economy and consistent judgments. Capitol [Records] has presented evidence that it has no offices in Missouri, its principal offices are located in New York and California, thus, witnesses and documents relevant to this action would be located at these offices, the creation of the disputed song occurred in California and Sweden and the distribution of Dark Horse was directed from Capitol [Records]'s offices in New York and California. The Individual Defendants have declared that the creation of the song occurred in California or Sweden. Considering all of the above factors, the Court concludes that this matter should be transferred to the Central District of California.

Id. at 22-23. Accordingly, this case was transferred to the undersigned on July 24, 2015.

On September 18, 2015, plaintiffs filed the instant motion for leave to file a second amended complaint ("SAC"). Dkt. 110. Plaintiffs' motion is unopposed and states that the SAC will (1) bring the pleadings into compliance with the form and format requirements of Local Rule 11-3; (2) add back into the lawsuit the six individual defendants who were dismissed for lack of personal jurisdiction prior to the transfer of the case to this district; and (3) add a new corporate defendant, Kitty Purry, Inc., whose involvement in the matters in controversy purportedly came to light while this action was pending in the Eastern District of Missouri. Motion at 6-7. Having considered plaintiffs' arguments, the Court finds and concludes as follows.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**     'O'

| Case No. | 2:15-cv-05642-CAS(JCx) | Date | October 13, 2015 |
|---|---|---|---|
| Title | MARCUS GRAY (P/K/A FLAME), ET AL. V. KATHERYN ELIZABETH HUDSON (P/K/A/ KATY PERRY), ET AL. | | |

## II. DISCUSSION

As an initial matter, plaintiffs' motion states that counsel for defendant Capitol Records—the sole remaining defendant at this stage of the lawsuit—does not oppose the motion, despite its unwillingness to stipulate to granting leave to amend. Motion at 7. Pursuant to Local Rule 7-12, failure to file an opposition may be deemed consent to the granting of the motion. For reasons explained below, and particularly in light of Capitol Records's failure to file an opposition, the Court concludes that permitting plaintiffs to file a second amended complaint is appropriate.

Federal Rule of Civil Procedure 15 provides that after a responsive pleading has been filed, "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a). Where leave to amend is required, the decision whether to grant leave to amend "is entrusted to the sound discretion of the trial court." Jordan v. County of Los Angeles, 669 F.2d 1311, 1324 (9th Cir. 1982), vacated on other grounds, 459 U.S. 810 (1982). "Five factors are taken into account to assess the propriety of a motion for leave to amend: [1] bad faith, [2] undue delay, [3] prejudice to the opposing party, [4] futility of amendment, and [5] whether the plaintiff has previously amended the complaint." Johnson v. Buckley, 356 F.3d 1067, 1077 (9th Cir. 2004) (citing Nunes v. Ashcroft, 348 F.3d 815, 818 (9th Cir.2003)). Some factors may be weighted more heavily than others; for example, "[s]ome courts have stressed prejudice to the opposing party as the key factor." Texaco v. Ponsoldt, 939 F.2d 794, 798 (9th Cir. 1991).

By amending their complaint, plaintiffs may be able to cure the defects noted in the Court's prior order dismissing this action for lack of personal jurisdiction as to all defendants but Capitol Records. Specifically, in his order dismissing in part and transferring this case to the Central District of California, the Honorable Henry Edward Autrey concluded that plaintiffs had "failed to allege the minimum contacts with Missouri necessary to comport with the Due Process Clause as it relates to Plaintiffs' claims against Defendant Perry and the [other] Individual Defendants," all of whom are allegedly citizens of or currently residing in California, according to the complaint. Dkt. 79 at 2-3, 21. To avoid "the possibility of duplicative actions based on the same salient facts," Judge Autrey further concluded that "[t]ransferring this action to a Court that could preside over all claims against Perry, the Individual Defendants and Capitol

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**   'O'

| | | | |
|---|---|---|---|
| Case No. | 2:15-cv-05642-CAS(JCx) | Date | October 13, 2015 |
| Title | MARCUS GRAY (P/K/A FLAME), ET AL. V. KATHERYN ELIZABETH HUDSON (P/K/A/ KATY PERRY), ET AL. | | |

[Records] makes sound judicial sense in terms of judicial economy and consistent judgments." Id. at 22-23. In order for this Court to preside over all such claims in this forum, the Court concludes that it is appropriate to grant plaintiffs leave to amend their complaint.

### III. CONCLUSION

In accordance with the foregoing, the Court **GRANTS** plaintiffs' unopposed request for leave to file a second amended complaint.

IT IS SO ORDERED.

|  |  | 00 | : | 00 |
|---|---|---|---|---|
|  | Initials of Preparer |  | CMJ |  |