CHRISTINE LEPERA (*pro hac vice*)
  ctl@msk.com
JEFFREY M. MOVIT (*pro hac vice*)
  jmm@msk.com
MITCHELL SILBERBERG & KNUPP LLP
12 East 49th Street, 30th Floor
New York, New York 10017-1028
Telephone: (212) 509-3900
Facsimile: (212) 509-7239

AARON M. WAIS (SBN 250671)
  amw@msk.com
MITCHELL SILBERBERG & KNUPP LLP
11377 West Olympic Boulevard
Los Angeles, CA  90064-1683
Telephone: (310) 312-2000
Facsimile: (310) 312-3100

Attorneys for Defendant,
Capitol Records LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| MARCUS GRAY, et al., | CASE NO. 2:15-CV-05642-CAS JCx |
| Plaintiffs, | Honorable Christina A. Snyder |
| v. | **DEFENDANT CAPITOL RECORDS, LLC'S ANSWER TO PLAINTIFFS' SECOND AMENDED COMPLAINT** |
| KATY PERRY, et al., | |
| Defendants. | **DEMAND FOR JURY TRIAL** |

Defendant Capitol Records, LLC (the "Defendant") submits the following Answer to the Second Amended Complaint (the "Complaint") of Marcus Gray, Emanuel Lambert and Chike Ojukwu ("Plaintiffs"). With respect to the allegations set forth in the Complaint, Defendant:

**Introduction**

1. Denies the allegations contained in Paragraph 1 of the Complaint, except admits that this is a civil action for alleged copyright infringement under the United States Copyright Act, 17 U.S.C. § 101, *et seq.*, and that the Complaint seeks, *inter alia*, injunctive relief. Defendant avers that the remainder of the allegations in Paragraph 1 of the Complaint set forth legal conclusions as to which no response is required or given.

2. Denies the allegations contained in the first sentence of Paragraph 2 of the Complaint because the term "mega-hit" used in that sentence is vague and undefined. Defendant denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 2 of the Complaint, except admits that it is informed and believes that Katy Perry performed the composition "Dark Horse" as part of a medley during the Super Bowl XLIX Halftime Show, and at certain concerts, and that the sound recording of "Dark Horse" has appeared on certain sales charts.

3. Denies the allegations contained in Paragraph 3 of the Complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegation regarding the date of release of the recording entitled "Joyful Noise".

4. Denies the allegations contained in the first sentence of Paragraph 4 of the Complaint.

**The Plaintiffs**

5. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5 of the Complaint.

6. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6 of the Complaint.

7. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7 of the Complaint.

### The Defendants

8. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8 of the Complaint.

9. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9 of the Complaint.

10. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10 of the Complaint.

11. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11 of the Complaint.

12. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12 of the Complaint.

13. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13 of the Complaint.

14. Denies the allegations contained in Paragraph 14 of the Complaint, except admits that Defendant is a Delaware limited liability company, and that Defendant maintains an office within this District.

15. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15 of the Complaint.

### Alleged Jurisdiction and Venue

16. Defendant avers that the allegations contained in Paragraph 16 of the Complaint set forth legal conclusions as to which no response is required or given.

17. Defendant avers that the allegations contained in Paragraph 17 of the Complaint set forth legal conclusions as to which no response is required or given.

18. Defendant avers that the allegations contained in Paragraph 18 of the Complaint set forth legal conclusions as to which no response is required or given.

### Plaintiffs' Song: "Joyful Noise"

19. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 19 of the Complaint.

20. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 20 of the Complaint.

21. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 21 of the Complaint.

22. Avers that Paragraph 22 of the Complaint sets forth legal conclusions as to which no response is required or given. To the extent Paragraph 22 of the Complaint contains factual allegations, Defendant denies knowledge or information sufficient to form a belief as to the truth of them.

23. Avers that Paragraph 23 of the Complaint sets forth legal conclusions as to which no response is required or given. To the extent Paragraph 23 of the Complaint contains factual allegations, Defendant denies knowledge or information sufficient to form a belief as to the truth of them.

24. Avers that Paragraph 24 of the Complaint sets forth legal conclusions as to which no response is required or given. To the extent Paragraph 24 of the Complaint contains factual allegations, Defendant denies knowledge or information sufficient to form a belief as to the truth of them.

25. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 25 of the Complaint.

26. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 26 of the Complaint.

27. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 27 of the Complaint.

28. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 28 of the Complaint.

**Defendants' Song: "Dark Horse"**

29. Denies the allegations contained in Paragraph 29 of the Complaint.

30. Denies the allegations contained in Paragraph 30 of the Complaint, except admits that the credited writers of the composition "Dark Horse" are: Lukasz Gottwald p/k/a "Dr. Luke", Jordan Houston p/k/a "Juicy J", Sarah Hudson, Katy Perry, Karl Martin Sandberg p/k/a "Max Martin", and Henry Walter p/k/a "Cirkut". Defendant avers that the "Dark Horse" Copyright Registration speaks for itself.

31. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 31 of the Complaint.

32. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 32 of the Complaint.

33. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 33 of the Complaint.

34. Denies the allegations contained in Paragraph 34 of the Complaint, except admits that the album *Prism* was released in October 2013, and that the sound recording by Katy Perry of the composition "Dark Horse" was released as a promotional single.

35. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 35 of the Complaint.

**Defendants' Alleged Infringement of Plaintiffs' Alleged Copyright**

36. Denies that any portion of the composition "Joyful Noise" (or any derivative thereof) is copied by or embodied in the composition or sound recording of "Dark Horse". Defendant otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 36 of the Complaint, except admits that Defendant did not seek permission from Plaintiffs

for use of the composition "Joyful Noise" in the manner set forth in Paragraph 36, and avers that no such permission was required.

37. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 37 of the Complaint.

38. Denies the allegations contained in Paragraph 38 of the Complaint, except admits that the compact disc configuration of the album *Prism* has been sold on certain websites and in certain retail stores and that the digital configuration of the sound recording of "Dark Horse" by Katy Perry is available for sale on certain websites.

39. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 39 of the Complaint, except admits that Defendant is informed and believes that Katy Perry performed the composition "Dark Horse" at the 2014 Grammy Awards and at certain concerts.

40. Denies the allegations contained in Paragraph 40 of the Complaint, except admits that the official music video for Katy Perry's recording of "Dark Horse" can be viewed on www.youtube.com and www.vevo.com, and denies knowledge or information sufficient to form a belief as to the number of times that video has been viewed.

41. Denies the allegations contained in Paragraph 41 of the Complaint.

42. Denies the allegations contained in Paragraph 42 of the Complaint.

43. Denies the allegations contained in Paragraph 43 of the Complaint.

44. Denies the allegations contained in Paragraph 44 of the Complaint, except admits that, prior to the date of the Complaint, Defendant received a letter from an attorney purporting to represent the Plaintiffs regarding their claim of alleged infringement.

45. Denies the allegations contained in Paragraph 45 of the Complaint, except admits that Katy Perry was a performer at the Super Bowl XLIX Halftime Show and that she performed the composition "Dark Horse" as part of a medley

during the Halftime Show, and denies knowledge or information sufficient to form a belief as to the number of viewers of Katy Perry's Halftime performance.

46. Denies the allegations contained in Paragraph 46 of the Complaint.

47. Denies the allegations contained in Paragraph 47 of the Complaint.

## PRAYER FOR RELIEF

Defendant denies that the Plaintiffs are entitled to the relief requested in their Complaint or to any other relief whatsoever.

## AFFIRMATIVE AND OTHER DEFENSES

Without waiving or excusing the burden of proof of Plaintiffs, or admitting that Defendant has any burden of proof, Defendant asserts the following affirmative and other defenses.

## FIRST DEFENSE

The Complaint and any purported claims for relief therein fail to state a claim upon which relief can be granted.

## SECOND DEFENSE

The Complaint and any purported claims for relief therein are barred, precluded, and/or limited by the statute of limitations.

## THIRD DEFENSE

Plaintiffs have no standing to assert their Complaint and any claim therein. *Inter alia*, Plaintiffs lack standing to the extent their claims are based on the alleged infringement of a work for which Plaintiffs do not (or did not) own the exclusive right allegedly infringed at the time of infringement.

## FOURTH DEFENSE

The alleged copyrighted work that is the subject of this Complaint consists of material that is not original.

**FIFTH DEFENSE**

The alleged copyrighted work that is the subject of this Complaint does not constitute protectable copyrightable subject matter.

**SIXTH DEFENSE**

Plaintiffs' Complaint and any claims therein are barred, precluded, and or limited by the doctrines of waiver, laches, estoppel, acquiescence, consent and express and/or implied license.

**SEVENTH DEFENSE**

Plaintiffs' Complaint and any claims therein are barred, precluded, and/or limited to the extent any alleged use of Plaintiffs' allegedly copyrightable material constitutes fair use.

**EIGHTH DEFENSE**

Plaintiffs' Complaint and any claims therein are barred, precluded, and/or limited to the extent any alleged use of Plaintiffs' allegedly copyrightable material constitutes *de minimis* use.

**NINTH DEFENSE**

Plaintiffs' alleged damages, if any, are due solely to acts and omissions that are not those of, and are independent from, the Defendant.

**TENTH DEFENSE**

Plaintiffs have failed to mitigate any alleged damages.

**ELEVENTH DEFENSE**

Plaintiffs' Complaint and any claims therein are barred by the doctrine of unclean hands.

**TWELFTH DEFENSE**

Upon information and belief, Plaintiffs did not obtain a valid copyright registration of the allegedly infringed work prior to the act of alleged infringement in the Complaint and therefore Plaintiffs are not entitled to any award of attorneys' fees or statutory damages under the United States Copyright Act.

### THIRTEENTH DEFENSE

Plaintiffs' claims are barred to the extent they are based on the alleged infringement of a work for which: (i) valid and enforceable copyright registration certificates do not exist and/or (ii) the relevant certificates contain materially false and/or inaccurate information relating to the nature, ownership or chain of title to the work.

### FOURTEENTH DEFENSE

Plaintiffs' alleged damages, if any, are limited by Defendant's innocent intent.

WHEREFORE, Defendant respectfully submits that the Complaint should be dismissed with prejudice and judgment entered in its favor, and that Defendant be awarded its reasonable attorney's fees and costs incurred in the defense of this action pursuant to 17 U.S.C. § 505.

DATED: December 15, 2015   MITCHELL SILBERBERG & KNUPP LLP

By: /s/Aaron M. Wais
Aaron M. Wais (SBN 250671)
Attorneys for Defendant
Capitol Records LLC

**DEMAND FOR TRIAL BY JURY**

Defendant demands a trial by jury of all of Plaintiffs' claims that are so triable.

DATED: December 15, 2015    MITCHELL SILBERBERG & KNUPP LLP

By: /s/Aaron M. Wais
    Aaron M. Wais (SBN 250671)
    Attorneys for Defendant
    Capitol Records LLC