GREENBERG TRAURIG, LLP
VINCENT H. CHIEFFO (SBN 49069)
Email: *ChieffoV@gtlaw.com*
ALANA C. SROUR (SBN 271905)
Email: *SrourA@gtlaw.com*
1840 Century Park East, Suite 1900
Los Angeles, CA 90067-2121
Telephone: 310-586-7700
Facsimile: 310-586-7800

Attorneys for Defendants Katheryn Elizabeth Hudson
p/k/a Katy Perry and Kitty Purry, Inc.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| MARCUS GRAY (p/k/a FLAME); EMANUEL LAMBERT; and CHIKE OJUKWU,<br><br>Plaintiffs,<br><br>vs.<br><br>KATHERYN ELIZABETH HUDSON (p/k/a KATY PERRY); JORDAN HOUSTON (p/k/a JUICY J); LUKASZ GOTTWALD (p/k/a DR. LUKE); SARAH THERESA HUDSON; KARL MARTIN SANDBERG (p/k/a MAX MARTIN; HENRY RUSSELL WALTER (p/k/a CIRKUT); CAPITOL RECORDS, LLC; KITTY PURRY, INC.,<br><br>Defendants. | CASE NO. 2:15-cv-05642-CAS-JC<br><br>**[Discovery Matter]**<br><br>**DECLARATION OF VINCENT H. CHIEFFO IN SUPPORT OF OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL**<br><br>Discovery Cut-Off Date: March 3, 2017<br>Pretrial Conference Date: August 7, 2017<br>Trial Date: September 5, 2017<br><br>Hearing Date: October 11, 2016<br>Time: 9:30 a.m.<br>Courtroom: 20 – 3rd Floor<br>312 North Spring Street<br>Los Angeles, CA 90012<br>Magistrate Judge Jacqueline Chooljian<br><br>Judge: District Judge Christina A. Snyder<br>Date Filed: July 1, 2014 |

LA132730221

# DECLARATION OF VINCENT H. CHIEFFO

I, Vincent H. Chieffo, declare:

1. I am a shareholder in the law firm of Greenberg Traurig, LLP ("GT"), counsel of record for Defendants Katheryn Elizabeth Hudson p/k/a Katy Perry and Kitty Purry, Inc., (collectively "Perry Defendants"). I am licensed to practice law in the State of California, and I am admitted before this Court. I have personal knowledge of the facts set forth in this Declaration and, if called and sworn as a witness, I could and would testify competently with respect thereto. I submit this Declaration in support of Perry Defendants' Opposition to Plaintiffs Motion to compel Katy Perry and Kitty Perry, Inc. to disclose concert revenue, expense, and profit information.

2. Attached hereto as Exhibit 1 is a true copy of the ASCAP writer membership agreement of Defendant Katheryn Elizabeth Hudson (p/k/a Katy Perry) (Perry") as a result of which the *Dark Horse* composition is in the ASCAP composition repertoire.

3. Attached hereto as Exhibit 2 is a true copy of the ASCAP standard form Writer Agreement accessed on ASCAP's website (http://www.ascap.com) on August 27, 2016.

4. Attached hereto as Exhibit 3 is a true copy of a documents (P000142-146) produced in this litigation by Plaintiffs setting forth Plaintiff Gray's approved song credits for the album *Our World Redeemed* evidencing (at P000145) that the publishers of *Joyful Noise* are members of ASCAP.

5. Attached hereto as Exhibit 4 is a true copy of a print out from the ASCAP website (accessed on August 27, 2016) evidencing that *Joyful Noise* is a composition in the ASCAP repertoire and that Plaintiff Gray is a writer member of ASCAP.

6. Attached hereto as Exhibit 5 is a true copy of the form of ASCAP's concerts and recitals – blanket license of non-dramatic public performance rights printed from the ASCAP website on August 27, 2016.

7. Attached hereto as Exhibit 6 is a true copy of the form of BMI's blanket license of non-dramatic public performance rights for concert venues with 10,000 or more seats printed from BMI's website (http://www.bmi.com) on September 2, 2016.

8. Attached hereto as Exhibit 7 is a true copy of the form of SESAC's blanket concert license non-dramatic public performance rights printed from the SESAC website (htpps://www.sesac.com) on September 2, 2016.

9. Attached hereto as Exhibit 8 is a true copy of an excerpt from a print out from the BMI website (accessed on September 2, 2016) evidencing BMI's view as a performing rights organization ("PRO") that the musicians playing live music at a concert are not responsible for public performance fees because it is the "business or organization [presenting the concert] that's benefitting from the performance of music" and that it, and not the performer, has the obligation to obtain a proper public performance license.

10. Attached hereto as Exhibit 9 is a true copy of an excerpt from a print out from the ASCAP website (accessed on August 31, 2016) setting forth ASCAP's description of its international activities including its affiliations with foreign PROs and its representation of foreign musical compositions in the United States.

11. Attached hereto as Exhibit 10 is a true copy of an excerpt from a print out from the ASCAP website (accessed on August 31, 2016) setting forth a list of ASCAP's affiliated foreign PROs and the foreign territories and countries administered by those foreign PROs.

12. Attached hereto as Exhibit 11 is a true copy of a print out from the ASCAP website (accessed on August 31, 2016) setting forth ASCAP's description of its licensing activities including an explanation of an ASCAP "blanket" license as allowing the public performance of over 8.5 million musical compositions in the ASCAP repertoire as often or as little as the licensee may desire (at p. 8) and explaining ASCAP's view why musicians are not obliged to obtain ASCAP licenses and why an organization presenting the music performances publicly are so obliged (at p. 5).

LA132730221

1  13. GT represents Perry with respect to her musical career and attorneys at GT were intimately involved in the legal matters relating to Perry's Prismatic World Tour ("Tour") including the obligation of the promoters of the Tour and the venues in which concerts were presented during the Tour ("Tour Concerts") to secure public performance music licenses. Based on that knowledge and experience, all such promoters and venues in the U.S. and elsewhere held ASCAP blanket concert public performance license authorizing Perry's public performances during the Tour of every musical composition in the ASCAP repertoire.

14. Based on my experience in the music business for over 35 years, I am aware that promoters and venues that present concerts at the level of Perry's concerts during the Tour will, as a matter of course, simultaneously hold public performance licenses from ASCAP, BMI, and SESAC.

15. There were some 150 Tour Concerts starting in May 2014 and concluding in October 2015, about 50 of which were presented in the United States at 39 venues and the balance in countries other than the United States. At all of the Tour Concerts an opening act was presented by numerous different performers. There were over 275 costumes created for the Tour Concerts including 80 costumes for the dancers. Perry wore at least 7 different costumes during a Tour Concert. Approximately 80 individuals and companies received a credit for their creative involvement in designing and implementing the Tour, in addition to the five onstage musicians, 10 dancers, and two vocalists other than Perry. Over 20 compositions were performed including compositions from Perry's hit 2013 album *Prism*, 6 compositions from Perry's hit 2010 album *Teenage Dream*, and 3 compositions from Perry's hit 2008 album *One of the Boys*. *Id*. Many of the compositions performed by Perry were highly successful recorded hits that had achieved multiple "Platinum" sales certifications from the Recording Industry Association of America. The Tour won the Billboard Touring Award for Top Package in 2014 and the Pollstar Award for "Most Creative Production" in 2015.

LA132730221

1  16. Attached hereto as Exhibit 12 is a true copy of a letter dated August 4, 2014 from ASCAP addressed to Perry and others.

17. In early August 2016, ASCAP produced documents to Plaintiffs in response to a subpoena from Plaintiffs. Those documents evidence that in accordance with ASCAP's position set forth in its August 4, 2014 letter (Exhibit 12), ASCAP has withheld from Perry significant public performance royalties related to *Dark Horse*.

18. Attached hereto as Exhibit 13 are excerpts from the Compendium of ASCAP Rules and Regulations, and Policies Supplemental to the Articles of Association (effective September 19, 2014) including Rule 2.8.1.

19. Attached hereto as Exhibit 14 is a true copy of a document (P000260) produced in this litigation by Plaintiffs evidencing that *Joyful Noise* is in the ASCAP repertoire.

I declare under penalty of perjury of the laws of the United States that the foregoing is true and correct and that this Declaration was executed on September 15, 2016 at Los Angeles, California.

_____
Vincent H. Chieffo

4

LA132730221