UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**\*AMENDED CIVIL MINUTES – GENERAL          'O'**

| Case No. | 2:15-cv-05642-CAS (JCx) | Date | December 5, 2016 |
|---|---|---|---|
| Title | MARCUS GRAY; ET AL. V. KATY PERRY; ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| Catherine Jeang | Laura Elias | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Brianna Dahlberg | Aaron Wais |
| Drey Cooley | Vincent Chieffo |

**Proceedings:** DEFENDANTS' MOTION FOR REVIEW OF MAGISTRATE JUDGE'S OCTOBER 11, 2016, NONDISPOSITIVE RULING RE: PLAINTIFFS' MOTION TO COMPEL (Filed October 25, 2016, Dkt. 168)

## I.   INTRODUCTION

On July 1, 2014, Marcus Gray (P.K.A. Flame), Lecrae Moore (P.K.A. Lecrae), Emanuel Lambert, and Chike Ojukwu filed this action alleging that the song "Dark Horse" infringes upon plaintiffs' copyright in the song "Joyful Noise." Dkt. 1. Since then, plaintiffs have repeatedly amended their pleadings to alter the parties. The operative Third Amended Complaint ("TAC") no longer lists Moore as a plaintiff and alleges copyright infringement by Katheryn Elizabeth Hudson (P.K.A. Katy Perry); Jordan Houston (P.K.A. Juicy J); Lukasz Gottwald (P.K.A. Dr. Luke); Sarah Theresa Hudson; Karl Martin Sandberg (P.K.A. Max Martin); Henry Russell Walter (P.K.A. Cirkut); Kasz Money, Inc.; Capitol Records, LLC; Kitty Purry, Inc; UMG Recordings, Inc.; Universal Music Group, Inc.; WB Music Corp; BMG Rights Management (US) LLC; and Kobalt Music Publishing America, Inc.

On September 16, 2016, plaintiffs filed a motion before the magistrate judge to compel production of concert revenue by K. Hudson and Kitty Purry, Inc. (collectively "Perry defendants") with respect to K. Hudson's "Prismatic World Tour" during which the song "Dark Horse" was performed at each of 149 concerts. Dkt. 157. On October 11, 2016, the magistrate judge granted plaintiffs' motion with respect to domestic

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**\*AMENDED CIVIL MINUTES – GENERAL            'O'**

| Case No. | 2:15-cv-05642-CAS (JCx) | Date | December 5, 2016 |
|---|---|---|---|
| Title | MARCUS GRAY; ET AL. V. KATY PERRY; ET AL. | | |

concerts and ordered the Perry defendants to produce "[d]ocuments and information sufficient to reflect the gross ticket sales/revenues and the top line gross expenses (by categories utilized in such defendants' existing accounting methods) of the 'Prismatic World Tour' concerts in the United States as a whole." Dkt. 162 ("the Discovery Order").

On October 25, 2016, the Perry defendants filed the instant motion seeking review of the Discovery Order. Dkt. 168. On November 14, 2016, plaintiffs filed an opposition. Dkt. 179. On November 21, 2016, the Perry defendants filed a reply. Dkt. 202.

Having carefully considered the parties' arguments, the Court finds and concludes as follows.

## II.   BACKGROUND TO THE INSTANT MOTION

The parties appear to agree that K. Hudson performed the song "Dark Horse" during each of her performances while traveling for the "Prismatic World Tour." Plaintiffs contend that revenue from the Prismatic World Tour is relevant to their claim for copyright infringement because, if, as plaintiffs allege, "Dark Horse" infringes upon plaintiffs' copyrights in the song "Joyful Noise," then some portion of concert revenues is attributable to said infringement and therefore recoverable in damages. The Perry defendants argue that their tour revenue is not relevant or discoverable because each of the domestic performances during the Prismatic World Tour was licensed by the American Society of Composers, Authors and Publishers ("ASCAP").

### A.   The ASCAP Licenses

The ASCAP is a performing rights organization which offers licenses for public performances of music. Members of the ASCAP agree to give the ASCAP the authority to grant non-exclusive licenses to perform members' music. Thereafter, the ASCAP tracks public performances of members' music and pays members a royalty from concert revenues earned through said performances. Plaintiffs and K. Hudson are members of the ASCAP.

The parties agree that the ASCAP granted a license to the venue for each of K. Hudon's concerts during the Prismatic World Tour and that the ASCAP had the authority

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**\*AMENDED CIVIL MINUTES – GENERAL**       'O'

| Case No. | 2:15-cv-05642-CAS (JCx) | Date | December 5, 2016 |
|---|---|---|---|
| Title | MARCUS GRAY; ET AL. V. KATY PERRY; ET AL. | | |

to issue non-exclusive performance licenses for both "Dark Horse" and "Joyful Noise." The parties disagree as to whether the ASCAP licenses protect performers accused of performing other ASCAP members' songs or whether the licenses protect only the licensee (ie. the venue for the concert).

The parties presented the magistrate judge with copies of the ASCAP membership agreement and the ASCAP performance licenses. The ASCAP membership agreement provides that each member grants the ASCAP "the right to license non-dramatic public performances . . . of each musical work: of which the [member] is a copyright proprietor." Dkt. 157-8. The ASCAP performance licenses, which were issued to each of the venues at which K. Hudson performed during her tour, provide:

> ASCAP grants and LICENSEE accepts a license to perform publicly or cause to be performed publicly at concerts or recitals ("concerts") in the United States presented by or under the auspices of LICENSEE, and not elsewhere or otherwise, non-dramatic renditions of the separate musical compisitions in the 'ASCAP repertory.' For purposes of this Agreement 'ASCAP repertory' means all copyrighted musical compositions written or published by ASCAP members . . . This license is not assignable or transferable by operation of law or otherwise, except upon the express written consent of the parties . . . This license is strictly limited to the LICENSEE and to the premises where each concert is presented, and does not authorize any other performances other than those given at the premises as part of licensed concerts.

Dkt. 157-11.

Plaintiffs allege violations of several of the rights under the Copyright Act, namely, their exclusive rights to reproduce the song "Joyful Noise," distribute copies of the song, prepare derivative works based upon the song, and publicly perform the song. TAC ¶ 31; see also 17 U.S.C. § 106 (1)-(4). Defendants contend that the only right at issue when K. Hudson performs an allegedly infringing work is the plaintiffs' performance right in "Joyful Noise" and that the foregoing ASCAP licenses permitted them, at all relevant times, to perform "Joyful Noise." Accordingly, defendants contend that no tour revenue could possibly be relevant to this action.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | *AMENDED CIVIL MINUTES – GENERAL    'O' | | |
|---|---|---|---|
| Case No. | 2:15-cv-05642-CAS (JCx) | Date | December 5, 2016 |
| Title | MARCUS GRAY; ET AL. V. KATY PERRY; ET AL. | | |

Neither party contends that any defendant signed an ASCAP license agreement as the "LICENSEE." It is defendants' contention that each venue's ASCAP license extends to the performers who perform at the venue.

### B.  The Magistrate Judge's Order

Defendants have brought an affirmative defense that plaintiffs' claims are barred or limited by an express license. Dkt. 187 at 7. During the hearing before the magistrate judge, the magistrate judge observed that, were the court to sustain defendants' objection to plaintiffs' discovery requests, it would "effectively grant defendants' partial summary judgment on their licensing affirmative defense as it relates to performances." October 11, 2016, Hearing Transcript 8:6-8. The magistrate judge observed that "the relevance analysis in my view is circumscribed by the allegations of the operative second-amended complaint. Absent a determination by the district judge or, I suppose, a trier of fact that an ASCAP or other performing rights organization license bars plaintiffs' claims to the extent predicated upon the performances of the concert at issue . . . it seems to me that plaintiffs are entitled to discovery pertinent to the performance of 'Dark Horse'." Id. 8:10-18.

Before the magistrate judge, defendants took the position that the ASCAP does not grant licenses to individual performers, but instead grants licenses to venues that extend to performers in those venues. In response, the magistrate judge stated that "maybe this is the custom and practice. But it's not clear to me that the performer – somebody like Ms. Hudson – isn't required to get some sort of license from" whoever owns "Joyful Noise." Id. 18:4-7. Ultimately, the magistrate judge observed that defendants' license-based argument presented a "close issue," but granted plaintiffs' motion to compel certain discovery. Id. 29:21.

## III.  LEGAL STANDARD

Pursuant to Fed.R.Civ.P. 72(a), a party may file objections to a magistrate judge's non-dispositive order within fourteen days. The party shall file a motion for review by the "assigned District Judge, designating the specific portions of the ruling objected to and stating the grounds for the objection." Local Rule 72–2.1. The Court must consider timely objections and modify or set aside any part of the order that is "clearly erroneous or is contrary to law." Fed.R.Civ.P. 72(a); see also 28 U.S.C. § 636(b)(1) (A).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**\*AMENDED CIVIL MINUTES – GENERAL           'O'**

| Case No. | 2:15-cv-05642-CAS (JCx) | Date | December 5, 2016 |
|---|---|---|---|
| Title | MARCUS GRAY; ET AL. V. KATY PERRY; ET AL. | | |

## IV.     DISCUSSION

"The test of relevance in the discovery context is a very broad one.  More precise evidentiary rulings should await trial, when the issues are more clearly defined, and be made then or in limine. At this juncture, the Court must review the magistrate's order with an eye toward the broad standard of relevance in the discovery context.  Thus, the standard of review in most instances is not the explicit statutory standard, but the clearly implicit standard of abuse of discretion."  Geophysical Sys. Corp. v. Raytheon Co., 117 F.R.D. 646, 647 (C.D. Cal. 1987).

The Court concludes that the magistrate judge's order was not clearly erroneous or contrary to law.  The gravamen of defendants' challenge to the discovery order is that the custom and practice of music industry performers, venues, and the ASCAP has always been to treat ASCAP licenses as though they extend to and protect performers who perform songs in the ASCAP's repertory.  Defendants contend that a ruling to the contrary would risk upending the process through which hundreds of thousands of performers have obtained permission to perform others' songs.

However, the magistrate judge made her decision without a complete record regarding industry practice or the respective intent of each party to the ASCAP membership agreements and ASCAP licenses.  Such a record is necessary here because the language of the ASCAP license is somewhat ambiguous as to its scope.  The ASCAP licenses provide that they may not be assigned or transferred and that they are "strictly limited" to the licensee (ie. the venue for the concert).  Dkt. 157-11.  However, the ASCAP licenses also purport to provide a "license to perform publicly *or cause to be performed publicly at concerts* . . . presented by *or under the auspices* of LICENSEE . . . [songs] in the 'ASCAP repertory.'"  Id. (emphasis added).  After examining this language, the magistrate judge did not clearly err in overruling defendants' objection.

Defendants have sought to supplement the record before the Court by submitting a declaration by Richard H. Reimer, ASCAP's Senior Vice President of Legal Services, in support of their motion for review.  Dkt. 168-1 (Reimer Decl.).  In his declaration, Reimer offers his legal opinion that, based upon his approximately 45 years of experience working as an attorney at the ASCAP, K. Hudson's performances "could not have violated any public performance rights of the owners of the copyrights in either

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

*AMENDED CIVIL MINUTES – GENERAL       'O'

| Case No. | 2:15-cv-05642-CAS (JCx) | Date | December 5, 2016 |
|---|---|---|---|
| Title | MARCUS GRAY; ET AL. V. KATY PERRY; ET AL. | | |

composition." Reimer Decl. ¶ 7. Reimer's contentions regarding the custom and practice of the ASCAP and performers might inform the proper interpretation of the ASCAP licenses, however, it is for the Court to decide the ultimate scope of protections provided by the ASCAP licenses. Furthermore, the Court cannot assign error to the magistrate judge's order based upon new evidence that could have been and was not presented to the magistrate judge. See Aguilar v. Cnty. of Riverside, 2014 WL 1795204, at *6 (C.D. Cal. April 25, 2014) (the court need not afford a party another chance to file new evidence not previously before the magistrate judge).

Finally, it is not clear that the *only* right at issue in K. Hudson's performances of "Dark Horse" is plaintiffs' performance rights in "Joyful Noise." At least one district court has found defendants' argument to be "nonsensical." Bridgeport Music, Inc. v. Robert Hill Music, 2006 WL 3720349, at *11 (M.D. Tenn. Dec. 14, 2006). In Bridgeport Music Inc., the court reasoned that if defendants' contention were correct, "any copyright holder issuing public performance licenses to BMI [an organization akin to ASCAP] would then also be permitting any person to *create unauthorized derivative works* with their copyrighted compositions." Id. The court in Bridgeport Music Inc. may be correct that the performance of an allegedly derivative work implicates *both* the performance right in the original work and plaintiffs' exclusive right to create derivative songs. If that is the case, the plaintiffs' requested discovery would be relevant to the alleged infringement of their right to create derivative works in addition to plaintiffs' exclusive performance rights. Although this lends further support to the magistrate judge's ruling on the relevance of concert tour revenues, the Court need not resolve the issue at this time. The Court concludes that the magistrate judge did not commit clear error by ordering defendants to produce tour revenue information.

Ultimately, defendants may be correct that plaintiffs' claims are limited by the ASCAP licenses obtained by each tour venue. This issue is likely "gonna come to me," at which time it will be "a yes or no, no maybe;"[1] however, the Court reserves final ruling on the scope of the ASCAP licenses until the record has been more fully developed.

During oral argument in this matter, the Court inquired as to whether this issue might best be resolved through an early motion for partial summary judgment. The Perry defendants requested an opportunity to file an early motion for partial summary

---

[1] From the lyrics to the song "Dark Horse."

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**\*AMENDED CIVIL MINUTES – GENERAL**  'O'

| Case No. | 2:15-cv-05642-CAS (JCx) | Date | December 5, 2016 |
|---|---|---|---|
| Title | MARCUS GRAY; ET AL. V. KATY PERRY; ET AL. | | |

judgment. Accordingly, the magistrate judge's October 11, 2016, discovery order shall not take effect until the Court has resolved the Perry defendants' forthcoming motion for partial summary judgment. Defendants are ordered to file the aforementioned motion no later than **\*January 23, 2017**. All other discovery in this action shall proceed normally.

## V.   CONCLUSION

Defendants' motion for review and reversal of the magistrate judge's October 11, 2016, order is **DENIED**. However, further discovery relating to defendants' concert tour revenue is stayed pending resolution of defendants' forthcoming motion for partial summary judgment. Other discovery, including that relevant to any motion for summary judgment, may proceed.

IT IS SO ORDERED.

|  | 00 | 22 |
|---|---|---|
| Initials of Preparer | CMJ | |