CHRISTINE LEPERA (*pro hac vice*)
   ctl@msk.com
JEFFREY M. MOVIT (*pro hac vice*)
   jmm@msk.com
JACOB D. ALBERTSON (*pro hac vice*)
   j1a@msk.com
MITCHELL SILBERBERG & KNUPP LLP
12 East 49th Street, 30th Floor
New York, New York 10017-1028
Telephone: (212) 509-3900
Facsimile: (212) 509-7239

AARON M. WAIS (SBN 250671)
   amw@msk.com
MITCHELL SILBERBERG & KNUPP LLP
11377 West Olympic Boulevard
Los Angeles, CA  90064-1683
Telephone: (310) 312-2000
Facsimile: (310) 312-3100

Attorneys for Defendants Capitol Records LLC, Jordan Houston, Lukasz Gottwald, Sarah Theresa Hudson, Karl Martin Sandberg, Henry Russell Walter, UMG Recordings, Inc., Universal Music Group, Inc., WB Music Corp., Kobalt Music Publishing America, Inc., and Kasz Money, Inc.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| MARCUS GRAY (p/k/a FLAME), et al.,<br><br>Plaintiffs,<br><br>v.<br><br>KATHERYN ELIZABETH HUDSON (p/k/a KATY PERRY), et al.,<br><br>Defendants. | CASE NO. 2:15-cv-05642-CAS JCx<br><br>Honorable Christina A. Snyder<br><br>**DEFENDANTS' NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT**<br><br>Date:    August 13, 2018<br>Time:   10:00 a.m.<br>Ctrm:   8D – 8th Fl., First Street<br><br>Filed:    July 1, 2014<br>Trial:    February 26, 2019 |

**TO THE COURT, ALL PARTIES, AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that on August 13, 2018, at 10:00 a.m., or as soon thereafter as the matter may be heard in Courtroom 8D, located at 350 W 1st Street, Los Angeles, CA 90012-4565, Defendants Capitol Records LLC, Jordan Houston, Lukasz Gottwald, Sarah Theresa Hudson, Karl Martin Sandberg, Henry Russell Walter, UMG Recordings, Inc., Universal Music Group, Inc., WB Music Corp., Kobalt Music Publishing America, Inc., and Kasz Money, Inc. (collectively, "Defendants")—as well as defendants Katheryn Hudson, p/k/a Katy Perry, and Kitty Purry, Inc., who Defendants understand are joining in this motion—will and hereby do move, pursuant to Rule 56 of the Federal Rules of Civil Procedure, for an order dismissing in their favor the Third Amended Complaint of Plaintiffs Marcus Gray, Emanuel Lambert, and Chike Ojukwu (collectively, "Plaintiffs"), which asserts a single count of copyright infringement, in its entirety.

This motion is made following conference of counsel pursuant to L.R. 7-3 which took place on June 14, 2018. The parties were unable to reach a resolution to eliminate the necessity of a hearing.

This motion is made on the following grounds:

1. Defendants are entitled to summary judgment on Plaintiffs' claim for copyright infringement based on their composition "Joyful Noise" because there are no genuine issues of fact to be tried with respect to Plaintiffs' claim.

2. Defendants are entitled to summary judgment on Plaintiffs' claim for copyright infringement because Plaintiffs do not have affirmative, admissible evidence sufficient to establish that Defendants had access to "Joyful Noise" prior to the creation of the composition "Dark Horse." More specifically:

    a. Defendants are entitled to summary judgment on Plaintiffs'

**DEFENDANTS' NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT**

      claim for copyright infringement because Plaintiffs do not have affirmative, admissible evidence sufficient to establish that the Dark Horse Writers had direct access to "Joyful Noise" prior to the creation of the composition "Dark Horse."

  b. Defendants are entitled to summary judgment on Plaintiffs' claim for copyright infringement because Plaintiffs do not have affirmative, admissible evidence sufficient to establish a chain of events by which the Dark Horse Writers had access to "Joyful Noise" prior to the creation of the composition "Dark Horse."

  c. Defendants are entitled to summary judgment on Plaintiffs' claim for copyright infringement because Plaintiffs do not have affirmative, admissible evidence sufficient to establish the widespread dissemination of "Joyful Noise," either through performances of "Joyful Noise" or its presence on the Internet.

3. Defendants are entitled to summary judgment on Plaintiffs' claim for copyright infringement because even if Plaintiffs made out a *prima facie* case based on a showing of access and substantial similarity, Defendants have presented unrebutted evidence of independent creation to negate Plaintiffs' showing.

4. Defendants are entitled to summary judgment on Plaintiffs' claim for copyright infringement because Plaintiffs do not have affirmative, admissible evidence sufficient to prove that "Joyful Noise" and "Dark Horse" are "substantially similar" in protected expression. More specifically:

  a. Defendants are entitled to summary judgment on Plaintiffs' claim for copyright infringement because Plaintiffs' expert has not performed an analytical dissection of "Joyful Noise" and "Dark Horse" to break the works down to their constituent elements and compare those elements for proof of copying.

    b. Defendants are entitled to summary judgment on Plaintiffs' claim for copyright infringement because Plaintiffs' expert has not filtered out and disregarded the non-protectible elements of "Joyful Noise" in making a substantial similarity determination, or explained how a combination of those non-protectible elements constitutes protectable expression.

    c. Defendants are entitled to summary judgment on Plaintiffs' claim for copyright infringement because Plaintiffs' expert employed a subjective, intrinsic analysis, instead of an objective, extrinsic analysis.

    d. Defendants are entitled to summary judgment on Plaintiffs' claim for copyright infringement because Plaintiffs' expert improperly relied upon the subjective responses of unknown Internet users hearing the sound recordings of "Joyful Noise" and "Dark Horse."

This Motion is and will be based upon this Notice of Motion and Motion; the accompanying Memorandum of Points and Authorities; the Statement of Uncontroverted Facts and Conclusions of Law; the Declarations and Exhibits submitted in support hereof, including those lodged manually with the Court; the Request for Judicial Notice submitted herewith; all other matters of which the Court may take judicial notice; the pleadings and papers on file herein; any Reply and supporting pleadings and exhibits that may be filed in support; and upon such other or further material as may be presented at or before the hearing of this matter.

For the foregoing reasons, as further discussed in Defendants' accompanying Memorandum of Points and Authorities and Statement of Uncontroverted Facts and Conclusions of Law, Defendants' motion for summary judgment should be granted, and judgment entered in Defendants' favor on

1  Plaintiffs' Third Amended Complaint and the claim for copyright infringement
2  asserted therein.
3
4  DATED: JUNE 25, 2018            MITCHELL SILBERBERG & KNUPP LLP
5
6                                  By: /s/ Aaron M. Wais
                                       Christine Lepera
7                                      Jeffrey M. Movit
                                       Aaron M. Wais
8                                      Jacob D. Albertson
                                       Attorneys for Defendants Capitol
9                                      Records LLC, Jordan Houston, Lukasz
                                       Gottwald, Sarah Theresa Hudson, Karl
10                                     Martin Sandberg, Henry Russell Walter,
                                       UMG Recordings, Inc., Universal Music
11                                     Group, Inc., WB Music Corp., Kobalt
                                       Music Publishing America, Inc., and
12                                     Kasz Money, Inc.

**DEFENDANTS' NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT**