| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:15-cv-05642-CAS (JCx) | Date | October 17, 2018 |
| Title | MARCUS GRAY ET AL. V. KATY PERRY ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:** **(IN CHAMBERS) -** DEFENDANTS' MOTION FOR RECONSIDERATION OF DENIAL OF MOTION FOR SUMMARY JUDGMENT (Dkt. 302, filed September 11, 2018)

The Court finds this motion appropriate for decision without oral argument. See Fed. R. Civ. P. 78; C.D. Cal. L.R. 7–15. Accordingly, the hearing date of October 15, 2018 is vacated, and the matter is hereby taken under submission.

## I. INTRODUCTION

On July 1, 2014, Marcus Gray (P.K.A. Flame), Lecrae Moore (P.K.A. Lecrae), Emanuel Lambert, and Chike Ojukwu filed this action alleging that the song "Dark Horse" infringes upon plaintiffs' copyright in the song "Joyful Noise." Dkt. 1. Since then, plaintiffs have amended their pleadings to add or dismiss various parties. The operative Third Amended Complaint ("TAC"), filed on November 1, 2016, no longer lists Moore as a plaintiff and alleges copyright infringement by Katheryn Elizabeth Hudson (P.K.A. Katy Perry, hereinafter "Perry"); Jordan Houston (P.K.A. Juicy J); Lukasz Gottwald (P.K.A. Dr. Luke); Sarah Theresa Hudson; Karl Martin Sandberg (P.K.A. Max Martin); Henry Russell Walter (P.K.A. Cirkut); Kasz Money, Inc.; Capitol Records, LLC; Kitty Purry, Inc.; UMG Recordings, Inc.; Universal Music Group, Inc.; WB Music Corp.; BMG Rights Management (US) LLC; and Kobalt Music Publishing America, Inc. Dkt. 172.

On June 25, 2018, defendants filed a motion for summary judgment. Dkt. 274 ("MSJ"). On August 13, 2018, the Court denied defendants' motion for summary judgment. Dkt. 299 ("Order").

| | | | |
|---|---|---|---|
| | **CIVIL MINUTES – GENERAL** | | **'O'** |
| Case No. | 2:15-cv-05642-CAS (JCx) | Date | October 17, 2018 |
| Title | MARCUS GRAY ET AL. V. KATY PERRY ET AL. | | |

On September 11, 2018, Gottwald, Houston, Hudson, Sandberg, Walter, Capitol Records, Kasz Money, Kobalt Music Publishing America, UMG Recordings, Universal Musical Group, and WB Music filed the instant motion for reconsideration pursuant to Rule 60(b) of the Federal Rules of Civil Procedure and Local Rule 7–18. Dkt. 302 ("Mot."). On September 12, 2018, Perry and Kitty Purry filed a joinder to the motion for reconsideration. Dkt. 303. On September 24, 2018, plaintiffs filed an opposition. Dkt. 304. Defendants filed a reply on October 1, 2018. Dkt. 307 ("Reply").

Having carefully considered the parties' arguments, the Court finds and concludes as follows.

## II. LEGAL STANDARD

Under Rule 60(b), the Court may relieve a party from a final judgment or order for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud or other misconduct; (4) a void judgment; (5) a satisfied or discharged judgment; or (6) any other reason that justifies relief. Fed. R. Civ. P. 60(b). Rule 60(b)(1) permits a court to correct its own inadvertence, mistakes of fact . . . or mistakes of law. However, a Rule 60(b)(1) reconsideration motion should not merely present arguments previously raised, or which could have been raised in the original briefs. A party seeking reconsideration under Rule 60(b)(6), the "catch-all" provision, must show "extraordinary circumstances justifying the reopening of a final judgment." Hall v. Haws, 861 F.3d 977, 987 (9th Cir. 2017) (citation omitted).

In addition, "[i]n this district, motions for reconsideration are governed by Local Rule 7–18," Milton H. Greene Archives, Inc. v. CMG Worldwide, Inc., 568 F. Supp. 2d 1152, 1162 (C.D. Cal. 2008), which states: "[a] motion for reconsideration of the decision on any motion may be made only on the grounds of (a) a material difference in fact or law from that presented to the Court before such decision that in the exercise of reasonable diligence could not have been known to the party moving for reconsideration at the time of such decision, or (b) the emergence of new material facts or a change of law occurring after the time of such decision, or (c) a manifest showing of a failure to consider material facts presented to the Court before such decision. No motion for reconsideration shall in any manner repeat any oral or written argument made in support of or in opposition to the original motion." C.D. Cal. L.R. 7–18.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:15-cv-05642-CAS (JCx) | Date | October 17, 2018 |
| Title | MARCUS GRAY ET AL. V. KATY PERRY ET AL. | | |

## III. DISCUSSION

Defendants' motion for summary judgment argued that plaintiffs did not establish a triable issue as to whether defendants had access to plaintiffs' song "Joyful Noise." "To prove access, a plaintiff must show a reasonable possibility, not merely a bare possibility, that an alleged infringer had the chance to view the protected work." Loomis v. Cornish, 836 F.3d 991, 995 (9th Cir. 2016) (citations omitted). The Court denied defendants' motion for summary judgment after finding that plaintiffs "demonstrated a triable issue of fact as to access because 'Joyful Noise' achieved critical success, including a Grammy nomination, and was readily available and viewed millions of times on YouTube and Myspace." Order at 8. Defendants move for reconsideration on the grounds that "this Court overlooked key tenets in the controlling Ninth Circuit decision of Loomis and that the Court's ruling on access is contrary to Loomis's holding as to what is required for 'widespread dissemination.'" Mot. at 4. However, defendants do not show a "manifest showing of a failure to consider material facts," nor do they explain how "extraordinary circumstances" justify their request for reconsideration. Rather, the instant motion largely repeats "written argument made in support of or in opposition to the original motion."[1] C.D. Cal. L.R. 7–18. Nevertheless, the Court addresses defendants' arguments below.

### A. The Facts in Loomis

In Loomis, the plaintiff brought a copyright infringement action against songwriters and a music publisher. 2013 U.S. Dist. LEXIS 162607, at *2 (C.D. Cal. November 13, 2013). The district court granted defendants' summary judgment motion, finding that plaintiff "failed to present any evidence supporting a plausible theory of access." Id. at *13. On appeal, the plaintiff relied on two separate theories to show a reasonable possibility of access in the absence of direct evidence: (1) chain of events, and (2) widespread dissemination. Loomis, 836 F.3d at 995. With respect to the first theory,

---

[1] The instant motion for reconsideration and defendants' motion for summary judgment both argue: (1) "Joyful Noise" lacked commercial success, mot. at 9–10, MSJ at 17–18; (2) "Joyful Noise" did not saturate a relevant market in which defendants participate, mot. at 10–11, MSJ at 9, 20; and (3) the number of YouTube and Myspace views of "Joyful Noise" does not establish a reasonable possibility of access, mot. at 11–15, MSJ at 21–22.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | | | |
|---|---|---|---|
| | **CIVIL MINUTES – GENERAL** | | **'O'** |
| Case No. | 2:15-cv-05642-CAS (JCx) | Date | October 17, 2018 |
| Title | MARCUS GRAY ET AL. V. KATY PERRY ET AL. | | |

the Ninth Circuit held that the plaintiff did not show evidence to support its chain of events theory. Id. at 996–97. Under the second theory of widespread dissemination, the plaintiff attempted to show access via a "doctrinal variant" of widespread dissemination that focuses on saturation in a relevant market in which both parties participate. Id. at 997–98. The plaintiff argued that the defendants spent ten days recording an album in Santa Barbara during a time when the plaintiff's song "saturated" the local music scene through airplay on local radio stations, and Mix Magazine, Billboard, and the Santa Barbara Independent newspaper ran stories about the band's achievements. Id. at 998. The Ninth Circuit affirmed the district court's decision, holding that the plaintiffs did not raise a triable issue of access because the defendants' "production responsibilities [during their ten days in Santa Barbara] had nothing to do with listening to local radio, reading local press, or scouting local bands, and there was no evidence that they undertook any other activity in that market that created a reasonable possibility of access to Bright Red Chords." Id.

### B. Whether the Facts in Loomis and the Instant Case Are "On Par"

Defendants argue that the facts in Loomis and in the instant case are "on par." Mot. at 5. However, unlike Loomis, plaintiffs in the instant case do not rely on a theory of saturation in a relevant market to show widespread dissemination. Plaintiffs rather make the argument that there is a triable issue of fact as to whether defendants heard "Joyful Noise" because the song was viewed millions of times on YouTube and Myspace, nominated for music awards, and received high rankings on Christian/Gospel music charts. Loomis did not evaluate whether millions of views of a song on easily accessible websites like YouTube and Myspace could create a triable issue of access. Loomis instead examined whether the plaintiff in that case established a triable issue of access through his theory that his song saturated a specific geographic location. Accordingly, the facts in Loomis and in the instant case are not "on par" and Loomis does not require the Court to grant summary judgment.

### C. Whether the Holding in Loomis Created Requirements for Widespread Dissemination

Defendants suggest that Loomis limited the grounds upon which a plaintiff can show access by widespread dissemination by requiring plaintiffs to show *both* commercial success and distribution through relevant mediums, *or* saturation in the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES – GENERAL** | | 'O' |
|---|---|---|---|
| Case No. | 2:15-cv-05642-CAS (JCx) | Date | October 17, 2018 |
| Title | MARCUS GRAY ET AL. V. KATY PERRY ET AL. | | |

relevant market. Mot. at 4, 8–11; Reply at 7. Because plaintiffs did not show commercial success or saturation in the relevant market, defendants argue that Loomis required the Court to grant defendants' motion for summary judgment.

However, Loomis did not make any such holding. Rather, the Ninth Circuit stated "[t]he evidence required to show widespread dissemination will *vary from case to case*." 836 F.3d at 997 (emphasis added). Additionally, the Ninth Circuit recognized that "in *most* cases," not all, "the evidence of widespread dissemination *centers* on the degree of a work's commercial success and on its distribution through radio, television, and other relevant mediums." Id. (emphasis added).

The facts in the instant case required the Court to consider whether a song's popularity on the internet, a powerful tool that can "reach a wide and diverse audience," Art Attacks Inc., LLC v. MGA Entertainment Inc., 581 F.3d 1138, 1145 (9th Cir. 2009), diminished the relevance of commercial success in its analysis of whether plaintiffs demonstrated a triable issue of access by widespread dissemination. In denying summary judgment, the Court also rejected defendants' argument that plaintiffs are required to show commercial exploitation in order to prove access because "such reasoning would make it permissible to infringe on a copyrighted work simply because it was never for sale." Order at 8. The Court remains persuaded that due to the millions of views of "Joyful Noise" on easily accessible and free websites and its success and popularity, a reasonable jury could conclude that there is more than a "bare possibility" that defendants had the opportunity to hear "Joyful Noise." See id.

Defendants' motion for reconsideration fails for the reasons stated above. However, the Court will address the remainder of defendants' arguments in turn.

### D. Whether Loomis Creates a New "Nationwide Saturation" Requirement

Consistent with their theory that Loomis established requirements to show a reasonable possibility of access, defendants argue that plaintiffs "must either establish 'an appreciable level of national saturation' or, alternatively, 'saturation in a relevant market in which both the plaintiff and the defendant participate.'" Mot. at 4 (citing Loomis, 836 F.3d at 994, 997–98) (emphasis omitted). Defendants essentially argue that Loomis redefined commercial success as requiring a song to have achieved "nationwide saturation." See Mot. at 9–10. To support this argument, defendants engage in a close

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:15-cv-05642-CAS (JCx) | Date | October 17, 2018 |
| Title | MARCUS GRAY ET AL. V. KATY PERRY ET AL. | | |

reading of the background section in Loomis, where the Ninth Circuit described how the plaintiff's song was not commercially successful:

> Although the band hired a radio promotions company to promote the song on a variety of radio stations and a video promotions company to disseminate the music video through multiple media platforms, Bright Red Chords did not achieve an appreciable level of national saturation. Loomis was able to provide to the district court documentation of only 46 sales of the recording.

836 F.3d at 994; Mot. at 9.  This statement is dicta. The Ninth Circuit did not establish a new standard requiring "national saturation" in a background section.  See Loomis, 836 F.3d at 994.  Furthermore, the Ninth Circuit was not presented with the issue of whether "evidence of Bright Red Chord's dissemination in retail chains and evidence of its multimedia publicity campaign raised a triable issue of access." Id. at 998 n.3. The Ninth Circuit explained in a footnote that this argument was waived because plaintiff failed to make it in his opening brief and that even if the argument were not waived, "it was belied by the fact that he was only able to document 46 sales of 'Bright Red Chords.'" Id.  And even if the Ninth Circuit did create a new requirement for showing commercial success, for reasons explained earlier, the Court does not read Loomis to require all copyright plaintiffs to show commercial success in order to demonstrate a triable issue as to access.

Defendants also repeat their argument that the approximately four million views of "Joyful Noise" only equates to about 25,000 digital download sales under Recording Industry Association of American (RIAA) standards.  Mot. at 12.  However, the relevant question here is not whether the YouTube and Myspace views of "Joyful Noise" approximate commercial success, but whether defendants had access to it.  The Court remains unpersuaded that RIAA standards rule out the possibility that defendants accessed "Joyful Notice" through free and easily accessible websites.

### E. Whether Plaintiffs Must Show Saturation in a Relevant Market

Defendants argue that under Loomis, if plaintiffs cannot show national saturation via commercial success of their song, they must show saturation in a relevant market.  Mot. at 4, 10.  Accordingly, defendants contend that they "did not participate at any relevant time in the Christian hip-hop/rap industry in which 'Joyful Noise' abides." Mot. at 11.  However, as mentioned earlier, the Ninth Circuit in Loomis stated that "[t]he

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| Case No. | 2:15-cv-05642-CAS (JCx) | Date | October 17, 2018 |
| Title | MARCUS GRAY ET AL. V. KATY PERRY ET AL. | | |

evidence required to show widespread dissemination will *vary from case to case*," 836 F.3d at 997 (emphasis added), thus there are no set requirements to demonstrate a reasonable possibility of access as defendants suggest.  See Mot. at 4.  The Ninth Circuit did not hold that saturation in a relevant market is the *only* alternative to prove widespread dissemination besides commercial success and distribution through relevant mediums.  Rather, the Ninth Circuit merely "*recognized* a doctrinal variant that focuses on saturation in a relevant market in which [both parties] participate." Id. (emphasis added).  Additionally, the Court did not analyze whether "Joyful Noise" saturated the relevant market because plaintiffs did not rely on that theory to establish their case.  While the Ninth Circuit in Loomis centered its analysis on the song's saturation of a specific geographic location, the Court's analysis here centered on the millions of YouTube and Myspace views of "Joyful Noise," its music award nominations, and its music chart rankings.  Order at 2–3.

### F. Whether Plaintiffs Created a Triable Issue of Fact

Defendants argue again that because YouTube has "billions of hours of content" and hosts videos with "hundreds of millions to over a billion views in a single year," there is "the *barest* of possibilities that any Dark Horse writer could have stumbled across 'Joyful Noise' on YouTube and Myspace." Mot. at 13 (emphasis added).  In denying summary judgment, the Court addressed this contention, stating that "[d]ue to the millions of views and plays of 'Joyful Noise' on YouTube and Myspace, both readily accessible websites, and the success and popularity of 'Joyful Noise' in the Christian hip-hop/rap industry, a reasonable jury could conclude that there is more than a 'bare possibility' that defendants – who are experienced professional songwriters – had the opportunity to hear 'Joyful Noise.'" Order at 8.  The Court remains persuaded that plaintiffs have demonstrated a triable issue of fact as to a reasonable possibility of access.

## IV. CONCLUSION

Consistent with the Court's findings and conclusions above, defendants' motion for reconsideration is **DENIED**.

IT IS SO ORDERED.

|  | 00 | 00 |
| Initials of Preparer | | CMJ |