Michael A. Kahn (pro hac vice)
Kahn@capessokol.com
Lauren R. Cohen (pro hac vice)
lcohen@capessokol.com
CAPES SOKOL
7701 Forsyth Blvd. 12th Floor
St. Louis, MO 63015
(314) 721-7701

Eric. F. Kayira (pro hac vice)
eric.kayira@kayiralaw.com
KAYIRA LAW, LLC
200 S. Hanley Road, Suite 208
Clayton, Missouri 63105
(314) 899-9381

Daniel R. Blakey (SBN 143748)
blakey@capessokol.com
CAPES SOKOL
3601 Oak Avenue
Manhattan Beach, CA 90266

*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| MARCUS GRAY, et al., | |
|---|---|
| Plaintiffs, | CASE NO. 2:15-cv-05642-CAS (JCx) |
| v. | Honorable Christina A. Snyder |
| KATHERYN ELIZABETH HUDSON, et al., | **PLAINTIFFS' MOTION IN LIMINE NO. 1 TO EXCLUDE USE OF "DIRECT ACCESS" ELEMENTS TO REBUT EVIDENCE OF WIDESPREAD DISSEMINATION** |
| Defendants. | |
| | Final Pretrial Conference<br>Date: July 1, 2019<br>Time: 11 a.m.<br>Courtroom: 8D |
| | Trial: July 16, 2019 |

**PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that at the Pretrial Conference on July 1, 2019 at 11 a.m. in Courtroom 8D of this Court, located on the 8th Floor of the First Street Courthouse, 350 W. First Street, Los Angeles, CA 90012, Plaintiffs will and do hereby move *in limine* for an order excluding argument and evidence by Defendants attempting to require that proof of direct access—namely, that these defendants took affirmative action to listen to Plaintiffs' song—is needed to establish access through widespread dissemination of Plainitiffs' song.

This Motion is made following the conferences of counsel pursuant to Local Rules 7-3 and 16-2.6, which took place on May 23 and June 6, 2019.

This motion is based upon this Notice of Motion and Motion, Rules 401 and 403 of the Federal Rules of Evidence, and any further briefing regarding this motion, the pleadings and evidence in the Court's files, and such other evidence and arguments that the Court may consider at the hearing on this motion.

Dated: June 12, 2019            /s/ Michael A. Kahn
                                Michael A. Kahn (pro hac vice)
                                Lauren R. Cohen (pro hac vice)
                                Daniel R. Blakey (SBN 143748)
                                CAPES SOKOL

                                *Attorneys for Plaintiffs*

## MEMORANDUM OF POINTS AND AUTHORITIES

As stated in Instruction 17.18 of the Ninth Circuit's Manual of Model Jury Instructions, plaintiffs must prove by a preponderance of the evidence that the defendants had access to the plaintiffs' song, "Joyful Noise." Such access can be proven by showing that defendants "had a reasonable opportunity to hear plaintiffs' work before defendants' work was created." *Id.*

The Supplemental Instructions go on to identify three ways to prove access: (1) direct access, (2) widespread dissemination of plaintiffs' work, or (3) "a similarity between the plaintiff's work and the defendant's work that is so 'striking' that it is highly likely the works were not created independent of one another." Indeed, as the commentary to the Supplemental Instructions explains, "often widespread dissemination approach is coupled with theory of 'subconscious copying,' i.e., the defendant heard the plaintiff's song and copied it without realizing he was copying plaintiffs' song. *Three Boys Music Corp. v. Bolton*, 212 F.3d 477, 482 (9th Cir. 2000). ("Everything registers somewhere in our memories, and no one can tell what may evoke it. Once it appears that another has in fact used the copyright as the source of this production, he has invaded the author's rights. It is no excuse that in so doing his memory has played him a trick.").

Plaintiffs do not intend to prove access through evidence of direct access. Instead, their evidence will focus on the other two ways to prove access—widespread dissemination and striking similarity. This motion addresses Defendants' improper attempt to use "direct access"—or, more precisely, their denial of direct access—to refute evidence of widespread dissemination. Specifically, as most clearly evident in Defendants' expert witness reports regarding the MySpace and YouTube views, Defendants argue that proof of widespread dissemination requires proof that Defendants took affirmative action to access Plaintiffs' song. This conflation of widespread dissemination and direct

access will confuse the jury and undermine the purpose of the jury instructions on access.

Proof of widespread dissemination has never required proof of direct access. In the era before the Internet, a common way to prove widespread dissemination was through record sales. If the sales were high enough, that was sufficient proof of access via widespread dissemination. For example, the sale of 1 million records was deemed widespread dissemination in *Arnstein v. Porter*, 154 F.2d 464, 469 (2d Cir. 1946), regardless of whether the actual defendant bought an album or listened to the album.

Here, the defendants will attempt to circumvent that body of law by arguing that even if there was widespread dissemination, they should be exempt because that had to take affirmative action in order to have access to the song. But the injection of that additional element—namely, proof of direct access—materially conflicts with the essence of what constitutes widespread dissemination.

The standard for proving access through "widespread dissemination" requires only a showing of a "reasonable possibility…that an alleged infringer had the chance to view the protected work." *L.A. Printex Indus., Inc., v. Aeropostale, Inc.*, 676 F. 3d 841, 846-47 (9th Cir. 2012) ("The evidence required to show widespread dissemination will vary from case to case.") Plaintiffs are not required to prove where or how Defendants heard *Joyful Noise*, nor are they required to prove that any particular one of the millions of viewers/listeners on Myspace took affirmative action to view/listen to *Joyful Noise*.

Plaintiff will offer evidence that *Joyful Noise* was widely disseminated over, among other means, the internet, and that such dissemination, together with the other forms of dissemination, was sufficiently widespread such it is reasonably possible that the Defendants had the chance to hear it. Accordingly, whether any viewer, including defendants, took specific affirmative action to view the song on,

4

**PLAINTIFFS' MOTION IN LIMINE TO EXCLUDE "DIRECT ACCESS" ELEMENTS OR ARGUMENTS**

for example, YouTube, is not a required element of the proof of widespread dissemination—just as, in an earlier era of record sales, proof of widespread dissemination did not require proof that the defendant bought the record.

As the Court explained in its opinion denying Defendants' motion for summary judgment on the issue of access (Doc. 299):

> [T]he Court is persuaded that plaintiffs have shown more than just mere posting of "Joyful Noise" on the internet. Due to the millions of views and plays of "Joyful Noise" on YouTube and Myspace, both readily accessible websites, and the success and popularity of "Joyful Noise" in the Christian hip-hop/rap industry, a reasonable jury could conclude that there is more than a "bare possibility" that defendants—who are experienced professional songwriters—had the opportunity to hear "Joyful Noise."

Accordingly, the Court should enter an order preventing Defendants from attempting to refute proof of widespread dissemination through argument or evidence that Defendants did not have direct access to Plaintiffs' song. Allowing such evidence and argument would misstate the law and unfairly prejudice Plaintiffs, confuse the issues, and mislead the jury. Fed.R.Evid. 403.

Dated: June 12, 2019

s/ Michael A. Kahn
Michael A. Kahn (pro hac vice)
Kahn@capessokol.com
Lauren R. Cohen (pro hac vice)
lcohen@capessokol.com
Capes Sokol Goodman Sarachan PC
7701 Forsyth Blvd., 12th Floor
St. Louis, MO 63105
Telephone: (314) 721-7701

Eric F. Kayira (pro hac vice)
Clayton, Missouri 63105

Daniel R. Blakey (SBN 143748)
Manhattan Beach, CA 90266
*Attorneys for Plaintiffs*

5
**PLAINTIFFS' MOTION IN LIMINE TO EXCLUDE "DIRECT ACCESS" ELEMENTS OR ARGUMENTS**