Michael A. Kahn (pro hac vice)
Kahn@capessokol.com
Lauren R. Cohen (pro hac vice)
lcohen@capessokol.com
CAPES SOKOL
7701 Forsyth Blvd. 12th Floor
St. Louis, MO 63015
(314) 721-7701

Eric. F. Kayira (pro hac vice)
eric.kayira@kayiralaw.com
KAYIRA LAW, LLC
200 S. Hanley Road, Suite 208
Clayton, Missouri 63105
(314) 899-9381

Daniel R. Blakey (SBN 143748)
blakey@capessokol.com
CAPES SOKOL
3601 Oak Avenue
Manhattan Beach, CA 90266

*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCUS GRAY, et al., | CASE NO. 2:15-cv-05642-CAS (JCx ) |
| Plaintiffs, | Honorable Christina A. Snyder |
| v. | **PLAINTIFFS' MOTION *IN LIMINE* NO. 2 TO EXCLUDE EVIDENCE, REFERENCE AND ARGUMENT RELATED TO MATTERS NOT RELEVANT TO THE ISSUES IN THIS CASE** |
| KATHERYN ELIZABETH HUDSON, et al., | |
| Defendants. | |
| | Final Pretrial Conference<br>Date:  July 1, 2019<br>Time: 11 a.m.<br>Courtroom: 8D |
| | Trial: July 16, 2019 |

**PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that at the Pretrial Conference on July 1, 2019 at 11 a.m. in Courtroom 8D of this Court, located on the 8th Floor of the First Street Courthouse, 350 W. First Street, Los Angeles, CA 90012, Plaintiffs will and do hereby move *in limine* for an order excluding evidence, reference and argument related to matters not relevant to the issues in this case.

This Motion is made after attempting to conference with counsel pursuant to Local Rules 7-3 and 16-2.6. Defendants did not respond to Plaintiffs request for a conference and, thus, Plaintiffs file the instant Motion.

This motion is made under the provisions of Federal Rule of Evidence 401, 402 and 403 and is based upon Plaintiff's Notice of Motion, and any further briefing regarding this Motion, the pleadings and evidence in the Court's files, and such other evidence and arguments that the Court may consider at the hearing on this motion.

Dated: June 12, 2019      /s/ Michael A. Kahn
                          Michael A. Kahn (pro hac vice)
                          Lauren R. Cohen (pro hac vice)
                          Daniel R. Blakey (SBN 143748)
                          Capes Sokol Goodman and Sarachan, PC
                          7701 Forsyth Blvd, 1200
                          St. Louis, MO 63105

                          ***Attorneys for Plaintiffs***

2

**PLAINTIFFS' MOTION *IN LIMINE* NO. 2 TO EXCLUDE EVIDENCE, REFERENCE AND ARGUMENT RELATED TO MATTERS NOT RELEVANT TO THE ISSUES IN THE CASE**

# MEMORANDUM OF POINTS AND AUTHORITIES

Plaintiffs move this Court *in limine* for an order precluding Defendants and their counsel from introducing evidence, reference or argument related to matters not relevant to the issues in this case. Federal Rule of Evidence 401 defines relevant evidence as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Further, "[e]vidence which is not relevant is not admissible." Fed. R. Evid. 402. Pursuant to Rule 403, otherwise relevant evidence may be excluded if its probative value is substantially outweighed by the danger of *unfair prejudice, confusion of the issues, or misleading the jury*. Fed. R. Evid. 403 (emphasis added).

In deposition, Defendants elicited testimony regarding the following topics:

1. The amount which Chike Ojukwu ("Ojukwu"), the creator of the musical bed (i.e. "beat") for *Joyful Noise*, has received for the sale of others beats in the past;

2. The amount which Chike Ojukwu received for the sale of the beat for *Joyful Noise* to Flame;

3. Whether plaintiffs have licensed any of their music in their past;

Evidence related to the matters listed above is not relevant to any issue in this case.

Defendants believe this evidence is relevant to Plaintiffs' claim for actual damages. If Plaintiffs prove copyright infringement, they are entitled recover

3

**PLAINTIFFS' MOTION *IN LIMINE* NO. 2 TO EXCLUDE EVIDENCE, REFERENCE AND ARGUMENT RELATED TO MATTERS NOT RELEVANT TO ISSUES IN THE CASE**

actual damages and profits of the defendant attributable to the infringement. *See* Ninth Circuit Manual of Model Civil Jury Instructions § 17.32 ("Copyright – Damages"). The standard for actual damages is an objective one based upon the fair market value of the copyrighted work caused by the infringement. The Ninth Circuit has noted that "[a]ctual damages are usually determined by the loss in the fair market value of the copyright, measured by the profits lost due to the infringement or *by the value of the use of the copyrighted work to the infringer*." *Polar Bear Prods., Inc. v. Timex Corp.*, 384 F. 3d 700, 708 (9th Cir. 2004) (internal quotations omitted). "[T]he market value approach is an objective, not a subjective analysis." *Jarvis v. K2 Inc.*, 486 F. 3d 526, 534 (9 Cir. 2007) (internal quotations omitted). Therefore, the amount Ojukwu received for his sale of other beats in the past, the amount he received for the beat in Joyful Noise, and whether he has licensed his beats in the past, is not relevant to the objective test set forth for measuring actual damages, and must be excluded. Fed. R. Evid. 401, 402. Even *assuming* arguendo that such evidence is relevant, it must be excluded because its probative value is substantially outweighed by a danger of unfair prejudice, confusion of the issues and misleading the jury. Fed. R. Evid. 403.

## II.   Conclusion

Based upon the foregoing, Defendant must be precluded from offering

1 evidence, reference or argument related to matters listed herein, which are not
2 relevant to any issues in the case.
3
4 Dated: June 12, 2019

s/ Michael A. Kahn
Michael A. Kahn (pro hac vice)
Kahn@capessokol.com
Lauren R. Cohen (pro hac vice)
lcohen@capessokol.com
Capes Sokol Goodman Sarachan PC
7701 Forsyth Blvd., 12th Floor
St. Louis, MO 63105
Telephone: (314) 721-7701

Eric F. Kayira (pro hac vice)
eric.kayira@kayiralaw.com
Kayira Law, LLC
200 S. Hanley Road, Suite 208
Clayton, Missouri 63105
Telephone: (314) 899-9381

Daniel R. Blakey (SBN 143748)
blakey@capessokol.com
CAPES SOKOL
3601 Oak Avenue
Manhattan Beach, CA 90266

***Attorneys for Plaintiffs***

**PLAINTIFFS' MOTION *IN LIMINE* NO. 2 TO EXCLUDE EVIDENCE, REFERENCE AND ARGUMENT RELATED TO MATTERS NOT RELEVANT TO ISSUES IN THE CASE**