Michael A. Kahn (pro hac vice)
Kahn@capessokol.com
Lauren R. Cohen (pro hac vice)
lcohen@capessokol.com
CAPES SOKOL
7701 Forsyth Blvd. 12th Floor
St. Louis, MO 63015
(314) 721-7701

Eric. F. Kayira (pro hac vice)
eric.kayira@kayiralaw.com
KAYIRA LAW, LLC
200 S. Hanley Road, Suite 208
Clayton, Missouri 63105
(314) 899-9381

Daniel R. Blakey (SBN 143748)
blakey@capessokol.com
CAPES SOKOL
3601 Oak Avenue
Manhattan Beach, CA 90266

*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCUS GRAY, et al.,<br><br>        Plaintiffs,<br><br>    v.<br><br>KATHERYN ELIZABETH HUDSON, et al.,<br><br>        Defendants. | CASE NO. 2:15-cv-05642-CAS (JCx )<br><br>Honorable Christina A. Snyder<br><br>**PLAINTIFFS' MOTION *IN LIMINE* NO. 3 TO EXCLUDE EVIDENCE, REFERENCE AND ARGUMENT RELATED TO MATTERS NOT RELEVANT TO THE ISSUES IN THIS CASE**<br><br>Final Pretrial Conference<br>Date:  July 1, 2019<br>Time: 11 a.m.<br>Courtroom: 8D<br><br>Trial: July 16, 2019 |

---

**PLAINTIFFS' MOTION *IN LIMINE* NO. 3 TO EXCLUDE EVIDENCE, REFERENCE AND ARGUMENT RELATED TO MATTERS NOT RELEVANT TO THE ISSUES IN THIS CASE**

**PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that at the Pretrial Conference on July 1, 2019 at 11 a.m. in Courtroom 8D of this Court, located on the 8th Floor of the First Street Courthouse, 350 W. First Street, Los Angeles, CA 90012, Plaintiffs will and do hereby move *in limine* for an order excluding evidence, reference and argument related to matters not relevant to the issues in this case.

This Motion is made after attempting to conference with counsel pursuant to Local Rules 7-3 and 16-2.6. Defendants did not respond to Plaintiffs request for a conference and, thus, Plaintiffs file the instant Motion.

This motion is made under the provisions of Federal Rule of Evidence 401, 402 and 403 and is based upon Plaintiff's Notice of Motion, and any further briefing regarding this Motion, the pleadings and evidence in the Court's files, and such other evidence and arguments that the Court may consider at the hearing on this motion.

Dated: June 12, 2019            /s/ Michael A. Kahn
                                Michael A. Kahn (pro hac vice)
                                Lauren R. Cohen (pro hac vice)
                                Daniel R. Blakey (SBN 143748)
                                Capes Sokol Goodman and Sarachan, PC
                                7701 Forsyth Blvd, 1200
                                St. Louis, MO 63105

                                ***Attorneys for Plaintiffs***

**PLAINTIFFS' MOTION *IN LIMINE* NO. 3 TO EXCLUDE EVIDENCE, REFERENCE AND ARGUMENT RELATED TO MATTERS NOT RELEVANT TO THE ISSUES IN THE CASE**

MEMORANDUM OF POINTS AND AUTHORITIES

Plaintiffs move this Court *in limine* for an order precluding Defendants and their counsel from introducing evidence, reference or argument related to matters not relevant to the issues in this case.  Federal Rule of Evidence 401 defines relevant evidence as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."  Further, "[e]vidence which is not relevant is not admissible." Fed. R. Evid. 402.  Pursuant to Rule 403, otherwise relevant evidence may be excluded if its probative value is substantially outweighed by the danger of *unfair prejudice, confusion of the issues, or misleading the jury*.  Fed. R. Evid. 403 (emphasis added).

In deposition, Defendants elicited testimony regarding the following topics:

1. The fact that the program that Chike Ojukwu used to create the beat for *Joyful Noise* was free; and

2. The fact that the Song Writers' Split Acknowledgement, in which the song writers of *Joyful Noise* agreed to their respective percentage of ownership in *Joyful Noise*, was entered into after the filing of the lawsuit.

Evidence related to the matters listed above is not relevant to any issue in this case.

To prevail on their copyright claim, Plaintiffs must prove by a preponderance of the evidence: (1) that they are the owners of a valid copyright in the composition *Joyful Noise*; and (2) that Defendants' song *Dark Horse* copies

3

original expression from *Joyful Noise*. *See* Ninth Circuit Manual of Model Civil Jury Instructions § 17.5 ("Elements of Copyright Infringement"). To prove the second element—copying—plaintiffs must prove by a preponderance of the evidence that the defendants (a) had access to the Plaintiffs' copyrighted work and (b) that there are substantial similarities between the defendants' work and original elements of the plaintiffs' work. *See* Ninth Circuit Manual of Model Civil Jury Instructions § 17.17 ("Access and Substantial Similarity"). If Plaintiffs prove copyright infringement, they are entitled recover actual damages and profits of the defendant attributable to the infringement. *See* Ninth Circuit Manual of Model Civil Jury Instructions § 17.32 ("Copyright – Damages"). The standard for actual damages is an objective one and, thus,

The above-listed matters have no bearing and are not relevant in any manner to the Elements of Copyright Infringement or Copyright-Damages and, accordingly, they are not admissible. Fed. R. Evid. 401, 402. Even *assuming* arguendo that such evidence was relevant, it must be excluded because its probative value is substantially outweighed by a danger of unfair prejudice, confusion of the issues and misleading the jury. Fed. R. Evid. 403.

## II.     Conclusion

Based upon the foregoing, Defendant must be precluded from offering

4

**PLAINTIFFS' MOTION *IN LIMINE* NO. 3 TO EXCLUDE EVIDENCE, REFERENCE AND ARGUMENT RELATED TO MATTERS NOT RELEVANT TO ISSUES IN THE CASE**

evidence, reference or argument related to matters listed herein, which are not relevant to any issues in the case.

Dated: June 12, 2019

        <u>s/ Michael A. Kahn</u>
        Michael A. Kahn (pro hac vice)
        Kahn@capessokol.com
        Lauren R. Cohen (pro hac vice)
        lcohen@capessokol.com
        Capes Sokol Goodman Sarachan PC
        7701 Forsyth Blvd., 12th Floor
        St. Louis, MO 63105
        Telephone: (314) 721-7701

        Eric F. Kayira (pro hac vice)
        eric.kayira@kayiralaw.com
        Kayira Law, LLC
        200 S. Hanley Road, Suite 208
        Clayton, Missouri 63105
        Telephone: (314) 899-9381

        Daniel R. Blakey (SBN 143748)
        blakey@capessokol.com
        CAPES SOKOL
        3601 Oak Avenue
        Manhattan Beach, CA 90266

        ***Attorneys for Plaintiffs***

**PLAINTIFFS' MOTION *IN LIMINE* NO. 3 TO EXCLUDE EVIDENCE, REFERENCE AND ARGUMENT RELATED TO MATTERS NOT RELEVANT TO ISSUES IN THE CASE**