Michael A. Kahn (pro hac vice)
Kahn@capessokol.com
Lauren R. Cohen (pro hac vice)
lcohen@capessokol.com
CAPES SOKOL
7701 Forsyth Blvd. 12th Floor
St. Louis, MO 63015
(314) 721-7701

Eric. F. Kayira (pro hac vice)
eric.kayira@kayiralaw.com
KAYIRA LAW, LLC
200 S. Hanley Road, Suite 208
Clayton, Missouri 63105
(314) 899-9381

Daniel R. Blakey (SBN 143748)
blakey@capessokol.com
CAPES SOKOL
3601 Oak Avenue
Manhattan Beach, CA 90266

*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCUS GRAY, et al.,<br><br>       Plaintiffs,<br><br>   v.<br><br>KATHERYN ELIZABETH HUDSON, et al.,<br><br>       Defendants. | CASE NO. 2:15-cv-05642-CAS (JCx)<br><br>Honorable Christina A. Snyder<br><br>**PLAINTIFFS' MOTION *IN LIMINE* NO. 5 TO EXCLUDE TESTIMONY OF BILL ROSENBLATT**<br><br>Final Pretrial Conference<br>Date:  July 1, 2019<br>Time: 11 a.m.<br>Courtroom: 8D<br><br>Trial: July 16, 2019 |

**PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that at the Pretrial Conference on July 1, 2019 at 11 a.m. in Courtroom 8D of this Court, located on the 8th Floor of the First Street Courthouse, 350 W. First Street, Los Angeles, CA 90012, Plaintiffs will and do hereby move *in limine* for an order excluding the opinion testimony of Defendants' designated expert Bill Rosenblatt at trial on the subject matter of his expert report dated April 12, 2019 ("Rosenblatt Report"), as true and correct copy of which is attached hereto as **Exhibit A**.

This Motion is made following the conference of counsel pursuant to Local Rules 7-3 and 16-2.6, which took place on May 23 and June 6, 2019.

This motion is made under the provisions of Federal Rule of Evidence 702 and is based upon Plaintiff's Notice of Motion, and any further briefing regarding this Motion, the pleadings and evidence in the Court's files, and such other evidence and arguments that the Court may consider at the hearing on this motion.

Dated: June 12, 2019  /s/ Michael A. Kahn
Michael A. Kahn (pro hac vice)
Lauren R. Cohen (pro hac vice)
Daniel R. Blakey (SBN 143748)
Capes Sokol Goodman and Sarachan, PC
7701 Forsyth Blvd, 1200
St. Louis, MO 63105

*Attorneys for Plaintiffs*

# TABLE OF CONTENTS

*Page*

Table of Contents ................................................................................................. i

Table of Authorities ............................................................................................ ii

Memorandum of Points and Authorities ............................................................ 1

    I. Legal Standard .......................................................................................... 2

    II. Argument ................................................................................................. 3

        A. Rosenblatt is not qualified to provide expert testimony here ............... 3

        B. Rosenblatt's opinions are not based upon any reliable methodology ... 6

        C. Rosenblatt's purported expert opinions are not relevant to any fact or issue in the case and must be excluded ................................................. 8

    III. Conclusion ............................................................................................ 11

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Art Attacks Ink, LLC v. MGA Entm't Inc.*,
  581 F.3d 1138 (9th Cir. 2009) ........................................................................... 10

*Estate of Barabin v. AstenJohnson, Inc.*,
  740 F.3d 457 (9th Cir. 2014) ............................................................................... 3

*Brighton Collectibles, Inc. v. RK Texas Leather Mfg.*,
  923 F. Supp. 2d 1245 (S.D. Cal. 2013) ............................................................ 2,3

*In re Canvas Specialty, Inc.*,
  261 B.R. 12 (2001) .............................................................................................. 5

*Daubert v. Merrell Dow Pharms, Inc.*,
  43 F. 3d 1311 (9th Cir. 1995) .......................................................................... 6, 8

*Daubert v. Merrell Dow Pharms. Inc.*,
  509 U.S. 579 (1993) ........................................................................ 2, 3, 7, 10, 11

*Gen. Elec. Co. v. Joiner*,
  522 U.S. 136 (1997) ............................................................................................ 8

*Henricksen v. ConocoPhillips Co.*,
  605 F. Supp. 2d 1142 (E.D. Wash. 2009) ........................................................... 8

*Kumho Tire Co. Ltd. v. Carmichael*,
  526 U.S. 137 (1999) ..................................................................................... 2, 3, 4

*L.A. Printex Indus., Inc., v. Aeropostale, Inc.*,
  676 F. 3d 841 (9th Cir. 2012) ............................................................................. 9

*Loomis v. Cornish*,
  836 F. 3d 991 (9th Cir. 2016) ............................................................................ 10

*Morin v. U.S.*,
  534 F. Supp. 2d 1179 (D. Nev. 2005) ................................................................. 6

*United States v. Hankey*,
  203 F.3d 1160 (9th Cir. 2000) ............................................................................ 3

*Warner Bros. Entm't v. Global Asylum, Inc.*,
  2013 WL 12114836 (Jan. 29, 2013) .................................................................. 3, 5

**Other Authorities**

Federal Rule of Evidence 702 ................................................................. 2, 3, 4, 8, 11

7 Wigmore §1918 ............................................................................................... 11

iii

**PLAINTIFFS' MOTION *IN LIMINE* NO. 5 TO EXCLUDE TESTIMONY OF BILL ROSENBLATT**

# MEMORANDUM OF POINTS AND AUTHORITIES

Defendants disclosed purported expert Bill Rosenblatt ("Rosenblatt"), who seeks to offer opinion testimony on "how users generally viewed or listened to content on YouTube during the period of 2008-2013, and the circumstances under which an individual could possibly have come upon a YouTube video that includes the sound recording of the musical composition 'Joyful Noise' without specific affirmative steps being taken." Rosenblatt Report, p. 5-6, ¶ 12. Specifically, Rosenblatt opines:

> [I]t was not reasonably possible for any individual to have come upon 'Joyful Noise' on YouTube so as to hear it without having taken specific affirmative action.

*Id.* ("Opinion").

Rosenblatt offers ancillary testimony related to the legitimacy of YouTube views. For instance, Rosenblatt opines: (1) view counts are not evidence that a specific person took an affirmative step to watch a video; (2) view counts are not inherently reliable of the number of people who actually watched the video; (3) the view counts for "Joyful Noise" are not significantly large in the context of the larger YouTube universe ("Testimony regarding Legitimacy of Views"). Rosenblatt Report, p. 18-21, ¶50-56.

Rosenblatt is a media consultant who advises companies on "business issues in the digital age." He has no specialized training or professional experience in

1

**PLAINTIFFS' MOTION *IN LIMINE* NO. 5 TO EXCLUDE TESTIMONY OF BILL ROSENBLATT**

website engineering or functionality, much less any such expertise specific to YouTube. He bases his testimony largely on his own memory regarding YouTube, without ever establishing that he was even familiar with YouTube or its functionality during the relevant period (2008-2013).

Rosenblatt's purported expert testimony falls short of meeting the requisite legal standard and must be excluded. Rosenblatt is not qualified to offer expert testimony regarding YouTube functionality, Legitimacy of Views, or internet viewership, generally, and the methodology upon which he arrived at his opinions is unreliable, amateur, untested and non-reviewed. Moreover, his Opinion and Testimony regarding Legitimacy of Views are not relevant to any issue in the case and will not help the jury. Instead, his testimony will only serve to confuse the issues, distort the relevant legal standard, and prejudice plaintiffs. On all of these grounds, Rosenblatt must be precluded from testifying.

## I.     Legal Standard

"The trial judge must act as the gatekeeper for expert testimony by carefully applying Federal Rule of Evidence 702 to ensure specialized and technical evidence is 'not only relevant, but reliable.'" *Brighton Collectibles, Inc. v. RK Texas Leather Mfg.*, 923 F. Supp. 2d 1245, 1252 (S.D. Cal. 2013) (*citing Daubert v. Merrell Dow Pharms. Inc.*, 509 U.S. 579, 589 (1993) and *Kumho Tire Co. Ltd. v. Carmichael*, 526 U.S. 137, 147 (1999)). "Expert testimony which does not relate

**PLAINTIFFS' MOTION *IN LIMINE* NO. 5 TO EXCLUDE TESTIMONY OF BILL ROSENBLATT**

to any issue in the case is not relevant and, ergo, non-helpful." *Daubert*, 509 U.S. at 591. Reliability considers "whether an expert's testimony has 'a reliable basis in the knowledge and experience of the relevant discipline.'" *Estate of Barabin v. AstenJohnson, Inc.*, 740 F.3d 457, 463 (9th Cir. 2014) (quoting *Kumho Tire*, 526 U.S. at 149). In addition to evaluating the relevance and reliability of an expert's opinion, a trial court must also determine whether an expert has "appropriate qualifications—i.e., some special knowledge, skill, experience, training or education." *United States v. Hankey*, 203 F.3d 1160, 1168 (9th Cir. 2000). The party offering expert testimony bears the burden of establishing that these requirements are met. *Brighton Collectibles,* 923 F. Supp. 2d at 1253 (citing *Cooper v. Brown*, 510 F.3d 870, 880 (9th Cir. 2007)).

## II.     Argument

### A. Rosenblatt is not qualified to provide expert testimony here

Federal Rule 702 states: "If scientific, technical or other specialized knowledge will assist the trier of fact to under the evidence or to determine a fact in issue, a witness qualified as expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise." Fed. R. Evid. 702. In order to find that a witness is qualified to testify as an expert on a particular matter, "[t]he evidence must show that the expert witness possesses the appropriate expertise." *Warner Bros. Entm't v.*

3

*Global Asylum, Inc.*, 2013 WL 12114836 at *6 (Jan. 29, 2013). A trial judge executes its "gatekeeper" role with the purpose of ensuring that "an expert, whether basing testimony upon professional studies or personal experience, employs in the courtroom the same level of intellectual rigor that characterizes the practice of an expert in the relevant field." *Kumho Tire*, 526 U.S. at 152. Any witness offering an expert opinion must be qualified by knowledge, skill, experience, training, or education. Fed. R. Evid. 702.

Rosenblatt is not qualified to offer his Opinion or Testimony regarding Legitimacy of Views. Over a period of nineteen years, Rosenblatt has consulted businesses on a variety of media matters, but never on the topic of his expert report – the mechanisms through which a person may have heard a particular song on YouTube during a certain window of time. Rosenblatt Report, p. 3-4, ¶1-6. He has vast experience related to music copyright issues – a topic for which he was not disclosed as an expert. *Id.* He has no experience, education, or publications demonstrating expertise related to the fields/subject-matter necessary to create his report: reconstructing YouTube (or any other web-based platform, for that matter), evaluating the possibility that YouTube's algorithms would return results for *Joyful Noise* outside of a specific search for a song/artist, and valuing the relative popularity of a particular video in YouTube's ecosystem. *Id.* In

fact, **nowhere in Rosenblatt's Report does he even establish that he was familiar or had knowledge of the functionality of YouTube during the relevant time frame**. On this basis alone, Defendants have failed to satisfy their burden of proving Rosenblatt has the requisite foundation, knowledge and expertise to testify as an expert on the topics contained within his report. *See*, *e.g.*, *In re Canvas Specialty, Inc.*, 261 B.R. 12, *19 (2001) (court disqualified architect from offering opinion testimony regarding whether certain structures met contract requirements and/or had structural deficiencies because although architect may *in general* have experience making these determinations, there was no evidence that the architect had ever performed similar analyses); *Warner Bros., Inc.*, 2013 WL 12114836 at *6-7 (expert who had experience related to marketing, international business and even consumer research was excluded because proponent did not establish that he had any special training or experience crafting or analyzing consumer perception surveys).

  As further evidence that Rosenblatt is not qualified to opine in this case, Rosenblatt never has testified or written about the mechanisms by which a person could come across a particular song on YouTube during the period 2008-2013. Rosenblatt has testified and written on many topics related to digital media and copyright, but his work focuses on related business and legal matters (i.e. the

comparative popularity of online platforms, new offerings by online platforms and projecting their chance of success, regulatory matters, royalty rates). None of his testimony or publications have caused him to recreate a website user experience, much less become a website medium regarding the likelihood that someone heard or saw a certain work on a certain website at a certain point in time. *Morin v. U.S.*, 534 F. Supp. 2d 1179, 1185 (D. Nev. 2005) (physician who sought to opine that jet fuel can cause malignant cancer and did cause plaintiff's cancer was precluded from doing so on the ground that, although he had extensive experience diagnosing and treating cancer, he had no expertise in toxicology, epidemiology, risk-assessment, or environmental medicine, and had never done any original research or published any papers about jet fuel or its potential cancerous effects); *Daubert v. Merrell Dow Pharms, Inc.*, 43 F. 3d 1311, 1318-1319 (9th Cir. 1995) (citing Peter W. Huber, Galileo's Revenge: Junk Science in the Courtroom 206-09 (1991) (describing how the prevalent practice of expert-shopping leads to bad science; suggesting that "[t]he ultimate test if [a scientific expert's] integrity is her readiness to publish and be damned"). Rosenblatt's lack of qualification, alone, is grounds for exclusion.

### B. Rosenblatt's opinions are not based upon any reliable methodology

The Supreme Court in *Daubert* enumerated a list of factors useful for evaluating the reliability of an expert testimony. These factors include: (1)

6

whether the theory or technique can be (and has been) tested, (2) whether the theory or technique has been subjected to peer review and publication, (3) whether there is a known or potential error rate, and (4) whether the theory or technique is generally accepted in the relevant community. *Daubert*, 509 U.S. at 587-89.

Rosenblatt fails to identify any recognized theory or technique he relied upon in reaching his opinions. Instead, Rosenblatt's methodology consists of reconstructing YouTube, including its functionality and design, based upon his "personal recollection" and some printouts from the Internet Archive. Rosenblatt Report, p. 15, ¶ 15. Rosenblatt admits that the Internet Archive is not a "time machine" and "cannot reproduce the complete functionality of an online service at a chosen point in time…" *Id.*, ¶ 16. Still, Rosenblatt concludes, without any explanation or analysis whatsoever, and, again, without ever establishing the basis for his purported knowledge regarding YouTube during the period 2008-2013, that there are only three ways in which a user could have heard *Joyful Noise*: (1) an affirmative search for the song; (2) receipt of a link from another user; (3) receipt of a playlist. He provides no explanation for how he arrived at this conclusion, nor does he explain how he eliminated other possibilities. Rosenblatt claims

7
**PLAINTIFFS' MOTION *IN LIMINE* NO. 5 TO EXCLUDE TESTIMONY OF BILL ROSENBLATT**

he reviewed the Internet Archive materials, but failed to attach copies, foreclosing the opportunity to test his work.

To survive a 702 attack, an expert "must explain precisely how they went about reaching their conclusions and point to some objective source – a learned treatise, the policy statement of a professional association, a published article in a reputable scientific journal or the like…" *Daubert*, 43 F. 3d at 1318-19. Exclusion is warranted if a court determines "that there is simply too great an analytical gap between the data and the opinion offered." *Gen. Elec. Co. v. Joiner*, 522 U.S. 136, 146 (1997); *see also Henricksen v. ConocoPhillips Co.*, 605 F. Supp. 2d 1142, 1154 (E.D. Wash. 2009). The analytical gap here is more like a crater. Rosenblatt is nothing more than a hired gun, whose Opinion was developed expressly for the purpose of testifying in this matter. His failure to establish any methodology whatsoever, much less one that is objective and has been tested and peer-reviewed is fatal. Accordingly, on this basis, too, Rosenblatt must be precluded from offering expert testimony on the subject matter of his report.

> C. Rosenblatt's purported expert opinions are not relevant to any fact or issue in the case and must be excluded

The parties agree that plaintiff's copyright claim hinges on proof of two elements, namely, "access" and "substantial similarity." Circumstantial evidence can be used to prove access by showing that the plaintiff's work has been widely

8

disseminated. *L.A. Printex Indus., Inc., v. Aeropostale, Inc.*, 676 F. 3d 841, 846-47 (9th Cir. 2012) (internal quotations omitted). Plaintiffs intend to offer circumstantial evidence of widespread dissemination by showing that their song was played extensively on the radio, sold nationwide, played in concert venues across the country, listed on several Billboard Music Charts (which is based upon commercial sales), nominated for several awards, including a Grammy, and viewed millions of times on the internet. One indication of such widespread dissemination is that prior to the creation of the infringing song, *Dark Horse*, Plaintiffs' song, *Joyful Noise*, was posted on two well-known and popular websites: YouTube.com and Myspace.com and viewed/played at least **3,830,765** times by visitors to those websites.

      Rosenblatt's Opinion and Testimony regarding Legitimacy of Views are not relevant to any issue in the case because they inject a new element into the legal standard for widespread dissemination, improperly suggesting that a user/viewer must take "affirmative action" to view the work in question to prove access. On the contrary, the standard for proving access through "widespread dissemination" is loose and requires only a showing of a "reasonable possibility…that an alleged infringer had the chance to view the protected work." *Id.* at 846-47 ("The evidence required to show widespread dissemination will vary from case to case."). To prove access circumstantially, a plaintiff must prove *either* a chain of events

9

**PLAINTIFFS' MOTION *IN LIMINE* NO. 5 TO EXCLUDE TESTIMONY OF BILL ROSENBLATT**

linking the plaintiff's work and defendant's access, *or* that the plaintiff's work has been widely disseminated. *Art Attacks Ink, LLC v. MGA Entm't Inc.*, 581 F.3d 1138, 1143 (9th Cir. 2009); Ninth Circuit Manual of Model Civil Jury Instructions ("MCJI"), MCJI §17.18 (2017 edition, last updated April 2019). As a general matter, in order for a work to be widely disseminated, it must achieve a high degree of commercial success. *Loomis v. Cornish*, 836 F. 3d 991, 997 (9th Cir. 2016). Plaintiffs are not required to prove where or how Defendants heard *Joyful Noise*, nor are they required to prove that any particular one of the millions of viewers on YouTube took affirmative action to view/listen to *Joyful Noise*. Plaintiff will offer evidence of YouTube views for purposes of showing that *Joyful Noise* was widely disseminated over the internet, and that such dissemination, together with many other forms, was widespread such that the totality of the dissemination makes it reasonably possible that the Defendants had the chance to hear it. Accordingly, whether any viewer, including defendants, took specific affirmative action to view the song on YouTube is not at issue. Rosenblatt's Opinion will not assist the trier of fact and will only serve to confuse the issues and prejudice plaintiffs and, thus, must be excluded. *Daubert*, 509 U.S. at 591. ("Expert testimony which does not relate to any issue in the case is not relevant and, ergo, not helpful.").

Rosenblatt's Testimony Regarding Legitimacy of Views also is not relevant. Rosenblatt opines that the millions of views on YouTube are insignificant relative to the amount of songs played in the YouTube universe. Rosenblatt Report, p. 20, ¶ 54-56. Rosenblatt's Testimony regarding Legitimacy of Views is based solely upon a regurgitation of certain facts stipulated by the parties. As such, Rosenblatt's Testimony regarding Legitimacy of Views is not based upon any expertise, but rather, is sheer argument, which must be left to the lawyers, not the experts. On this basis, Rosenblatt's Testimony regarding Legitimacy of Views is unhelpful, superfluous and a waste of time, and must be excluded. Fed. R. Evid. 702; *Daubert*, 509 U.S. at 591; 7 Wigmore §1918.

### III.  Conclusion

Rosenblatt falls short of the standard for qualifying an expert witness in every respect – he is unqualified, his methodology is unreliable, amateur, untested and unreviewed, and the subject matter of his testimony is not relevant to any issue in this case. Accordingly, he must be precluded from offering his Opinion and any Testimony regarding Legitimacy of Views.

Dated: June 12, 2019

                    <u>s/ Michael A. Kahn</u>
                    Michael A. Kahn (pro hac vice)
Kahn@capessokol.com
Lauren R. Cohen (pro hac vice)
lcohen@capessokol.com
Capes Sokol Goodman Sarachan PC
7701 Forsyth Blvd., 12th Floor
St. Louis, MO 63105
Telephone: (314) 721-7701

Eric F. Kayira (pro hac vice)
eric.kayira@kayiralaw.com
Kayira Law, LLC
200 S. Hanley Road, Suite 208
Clayton, Missouri 63105
Telephone: (314) 899-9381

Daniel R. Blakey (SBN 143748)
blakey@capessokol.com
CAPES SOKOL
3601 Oak Avenue
Manhattan Beach, CA 90266

***Attorneys for Plaintiffs***

---

12

**PLAINTIFFS' MOTION *IN LIMINE* NO. 5 TO EXCLUDE TESTIMONY OF BILL ROSENBLATT**