1   CHRISTINE LEPERA (admitted *pro hac vice*)
      ctl@msk.com
2   JEFFREY M. MOVIT (admitted *pro hac vice*)
      jmm@msk.com
3   JACOB D. ALBERTSON (admitted *pro hac vice*)
      j1a@msk.com
4   MITCHELL SILBERBERG & KNUPP LLP
    437 Madison Avenue, 25th Floor
5   New York, New York 10022
    Telephone: (212) 509-3900
6   Facsimile: (212) 509-7239

7   AARON M. WAIS (SBN 250671)
      amw@msk.com
8   GABRIELLA A. NOURAFCHAN (SBN 301594)
      gan@msk.com
9   MITCHELL SILBERBERG & KNUPP LLP
    2049 Century Park East, 18th Floor
10  Los Angeles, California  90067
    Telephone: (310) 312-2000
11  Facsimile: (310) 312-3100

12  GREENBERG TRAURIG, LLP
    VINCENT H. CHIEFFO (SBN 49069)
13  Email:  ChieffoV@gtlaw.com
    ALANA C. SROUR (SBN 271905)
14  Email:  SrourA@gtlaw.com
    1840 Century Park East, Suite 1900
15  Los Angeles, CA 90067-2121
    Telephone:  310-586-7700
16  Facsimile:  310-586-7800

17  Attorneys for Defendants

18                UNITED STATES DISTRICT COURT

19        CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| 20  MARCUS GRAY, et al., | CASE NO. 2:15-cv-05642-CAS (JCx) |
| 21           Plaintiffs, | Honorable Christina A. Snyder |
| 22      v. | **DEFENDANTS' MOTION *IN LIMINE* NO. 1 TO EXCLUDE EVIDENCE OR ARGUMENT REGARDING ALLEGED VIOLATIONS OF PLAINTIFFS' SO-CALLED MORAL RIGHTS** |
| 23  KATHERYN ELIZABETH HUDSON, et al., | |
| 24           Defendants. | |
| 25 | **Final Pretrial Conference** |
| 26 | Date:       July 1, 2019 |
| 27 | Time:       11:00 a.m.<br>Courtroom:  8D – 8th Fl., First Street |
| 28 | Filed:   July 1, 2014<br>Trial:   July 16, 2019 |

Mitchell
Silberberg &
Knupp LLP

11134713.1

**DEFENDANTS' MIL NO. 1 EXCLUDING EVIDENCE REGARDING MORAL RIGHTS**

# NOTICE OF MOTION AND MOTION

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE THAT** at the Pretrial Conference in this matter on July 1, 2019, at 11:00 a.m., or as soon thereafter as counsel may be heard, in Courtroom 8D of the Federal Courthouse located at 350 West 1st Street, Los Angeles, CA 90012, Defendants Capitol Records, LLC, Jordan Houston, Lukasz Gottwald, Sarah Theresa Hudson, Karl Martin Sandberg, Henry Russell Walter, UMG Recordings, Inc., Universal Music Group, Inc., WB Music Corp., Kobalt Music Publishing America, Inc., Kasz Money, Inc., Katheryn Elizabeth Hudson, and Kitty Purry, Inc. (collectively "Defendants") will and hereby do move for an order precluding Plaintiffs from introducing evidence or argument regarding "moral rights" or purported harm to their reputations caused by Defendants' alleged infringement.  Specifically, Defendants move for an order precluding Plaintiffs from introducing evidence or argument regarding the alleged "tarnish" to the "devoutly religious message of Joyful Noise" caused by the alleged "witchcraft, paganism, black magic, and Illuminati imagery" purportedly evoked by "Dark Horse", as referenced in Paragraph 4 of Plaintiffs' Third Amended Complaint.  Dkt. 172, ¶ 4.

This evidence should be excluded because (1) it is irrelevant and an improper attempt by Plaintiffs to enforce so-called "moral rights" under the U.S. Copyright Act and (2) it is prejudicial.

This Motion is made following the conferences of counsel pursuant to Local Rules 7-3 and 16-2.6, which took place on May 24, 2019 and June 6, 2019.  Wais Decl., ¶ 2.  This Motion is based on this Notice of Motion and Motion, the attached Memorandum of Points and Authorities, any supporting declarations, any further briefing regarding this Motion, the pleadings and evidence in the Court's files, and such other evidence and arguments that the Court may consider at the hearing on this Motion.

| | | |
|---|---|---|
| 1 | DATED: June 12, 2019 | MITCHELL SILBERBERG & KNUPP LLP |
| 2 | | |
| 3 | | By:  /s/ Aaron M. Wais |
| | | Aaron M. Wais (SBN 250671) |
| 4 | | Attorneys for Defendants other than Katheryn Elizabeth Hudson, and Kitty Purry, Inc. |
| 5 | | |
| 6 | DATED: June 12, 2019 | GREENBERG TRAURIG, LLP |
| 7 | | |
| 8 | | By:  /s/ Vincent H. Chieffo |
| | | Vincent H. Chieffo (SBN 49069) |
| 9 | | Attorneys for Defendants Katheryn Elizabeth Hudson p/k/a Katy Perry and Kitty Purry, Inc. |

## ATTESTATION REGARDING SIGNATURES

Pursuant to Local Civil Rule 5-4.3.4(a)(2)(i), I hereby attest that all Parties, on whose behalf this entire filing is jointly submitted, concur in this filing's content and have authorized its filing.

Dated:  June 12, 2019        /s/ Aaron M. Wais
                             Aaron M. Wais

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. Introduction

Despite the fact that U.S. law does not recognize so-called "moral rights," Plaintiffs have stated their intent to introduce unidentified evidence and argument at trial about the so-called "witchcraft, paganism, black magic, and Illuminati imagery evoked by [] *Dark Horse*."[1]  Dkt. 172 (Plaintiffs' Third Amended Complaint), ¶ 4.  Plaintiffs contend such evidence is relevant to their motivation for filing the instant lawsuit, as well as to prove that they suffered harm due to the so-called "witchcraft" nature of "Dark Horse."  Neither basis, however, supports introducing testimony about the alleged "witchcraft, paganism, black magic, and Illuminati imagery" of "Dark Horse."  Accordingly, such argument and evidence is properly excluded.

## II. Plaintiffs Cannot Assert A "Moral Rights" Claim In the U.S.

### A. <u>Plaintiffs' motivations in bringing the instant lawsuit are irrelevant.</u>

Only relevant evidence, which is defined as evidence having "any tendency to make a fact [of consequence to the action] more or less probable than it would be without the evidence[,]" is admissible.  Fed. R. Evid. 401, 402.  Plaintiffs claim that their purported evidence of "witchcraft" and "Illuminati" imagery in "Dark Horse" is relevant to demonstrating Plaintiffs' motivations for bringing this action.  In other words, Plaintiffs, self-proclaimed Christian rap artists, were offended by the alleged "witchcraft" and "Illuminati" imagery that they claim was associated with "Dark Horse," and brought the instant lawsuit to stop its dissemination.  Plaintiffs' personal views about the contents of "Dark Horse" and the reasons why

---

[1] Plaintiffs have not identified the evidence they intend to introduce that will supposedly prove the alleged "witchcraft, paganism, black magic, and Illuminati imagery" of "Dark Horse."  To the extent that Plaintiffs intend to take the stand and simply say it, such testimony lacks foundation, is improper opinion, and is prejudicial.  Fed. R. Evid. 403, 602, 701.

they brought their lawsuit have no relevance to proving liability or damages under the Copyright Act.  Plaintiffs' intention to introduce this evidence at trial is obviously nothing more than an attempt to improperly assert a "moral rights" claim in the United States, despite clear authority from this Court and the Ninth Circuit that moral rights are not recognized or enforceable under the U.S. Copyright Act. *See Fahmy v. Jay-Z*, 908 F.3d 383, 392 (9th Cir. 2018) ("[T]he moral rights Fahmy retained by operation of Egyptian law are not enforceable in U.S. federal court …") (affirming *Fahmy v. Jay-Z*, 2015 WL 6394455 (C.D. Cal. Oct. 21, 2015)); *Garcia v. Google, Inc.*, 786 F.3d 733, 746 (9th Cir. 2015) (*en banc*) ("Except for a limited universe of works of visual art…, United States copyright law generally does not recognize moral rights."); *accord Cheffins v. Stewart*, 825 F.3d 588, 598-599 (9th Cir. 2016) (McKeown, J., concurring); *Friedman v. Zimmer*, 2015 WL 6164787, at *6 (C.D. Cal. July 10, 2015).  Plaintiffs should not be permitted to circumvent established law and assert a "moral rights" theory at trial.

**B.     The purported "reputational damages" sought by Plaintiffs are a disguised claim for violation of their moral rights.**

Plaintiffs also claim that this evidence is relevant to prove alleged reputational damage and "tarnish" to the "religious message of 'Joyful Noise'" caused by Defendants' alleged infringement.  As evidence of these alleged damages, Plaintiff have stated that they intend to elicit testimony from Plaintiff Marcus Gray or his wife Crystal Gray that Gray allegedly received "pushback" from concert bookers and lost potential concert opportunities as a result of the association between "Dark Horse" and "Joyful Noise."  Put differently, they will argue that the Christian community for which Gray performed did not want to book him because of the "witchcraft" and other "Illuminati imagery" of "Dark Horse."  Yet, such testimony is hearsay, irrelevant, and should be excluded.

First, any testimony at trial regarding such third party statements is inadmissible hearsay that is not subject to any exception. *Razo v. Timec Co., Inc.*, 2016 WL 6576625, at *14, *15 (N.D. Cal. Nov. 7, 2016).

More importantly, these claimed damages for "reputational harm" are not available under the Copyright Act. This is not a case where Plaintiffs have claimed that the market for "Joyful Noise" was harmed because Defendants' work allegedly usurped the market for "Joyful Noise" or served as a replacement for same. Rather, Plaintiffs are claiming that they have been harmed by Defendants' alleged infringement because "Joyful Noise" has become negatively associated with the "witchcraft" and "Illuminati" imagery allegedly featured in "Dark Horse," and as a result, some unidentified number of people did not want to book Gray for concerts. Not only are such damages entirely speculative, but they are also not recoverable. This is obviously nothing more than another attempt by Plaintiffs to improperly smuggle a "moral rights" claim into this country, and it should not be permitted.[2] The evidence should be excluded.

### III. Plaintiffs' "Moral Rights" Argument Is Prejudicial.

Given the utter irrelevance of this evidence, it should be excluded outright. However, even assuming that this evidence is even marginally relevant, it should still be excluded because of the significant risk of prejudice if it is introduced. Indeed, Plaintiffs obviously want to introduce this theory to portray Defendants negatively and bias the jury against them. The jury will also likely be confused by the introduction of this evidence and improperly believe that Defendants can seek damages for alleged violations of their "moral rights" in this country when they

---

[2] Plaintiffs obviously recognize that these damages are not available under the Copyright Act. They did not disclose these purported damages in their Rule 26 disclosures or produce any documents or information to support these claimed damages in discovery (despite explicit requests by Defendants for same). *See* Wais Decl., Ex. 1, p. 7 (Plaintiffs seeking "monetary damages, including an award of defendants' profits that are attributable to the infringements" and "will provide or obtain documents supporting any computation of damages during discovery.").

clearly cannot.  Finally, the introduction of this testimony would lead to a mini-trial about whether the composition "Dark Horse" actually conveys the witchcraft and other imagery ascribed to it by Plaintiffs (as opposed to, for example, the music video).  The evidence should not be admitted.  Fed. R. Evid. 403.

## **CONCLUSION**

For the foregoing reasons, Defendants respectfully request that the Court grant their motion *in limine*.

DATED: June 12, 2019          MITCHELL SILBERBERG & KNUPP LLP

By: /s/ Aaron M. Wais
Aaron M. Wais (SBN 250671)
Attorneys for Defendants other than Katheryn Elizabeth Hudson, and Kitty Purry, Inc.

DATED: June 12, 2019          GREENBERG TRAURIG, LLP

By: /s/ Vincent H. Chieffo
Vincent H. Chieffo (SBN 49069)
Attorneys for Defendants Katheryn Elizabeth Hudson p/k/a Katy Perry and Kitty Purry, Inc.