1   CHRISTINE LEPERA (admitted *pro hac vice*)
      ctl@msk.com
2   JEFFREY M. MOVIT (admitted *pro hac vice*)
      jmm@msk.com
3   JACOB D. ALBERTSON (admitted *pro hac vice*)
      j1a@msk.com
4   MITCHELL SILBERBERG & KNUPP LLP
    437 Madison Avenue, 25th Floor
5   New York, New York 10022
    Telephone: (212) 509-3900
6   Facsimile: (212) 509-7239

7   AARON M. WAIS (SBN 250671)
      amw@msk.com
8   GABRIELLA A. NOURAFCHAN (SBN 301594)
      gan@msk.com
9   MITCHELL SILBERBERG & KNUPP LLP
    2049 Century Park East, 18th Floor
10  Los Angeles, California  90067
    Telephone: (310) 312-2000
11  Facsimile: (310) 312-3100

12  GREENBERG TRAURIG, LLP
    VINCENT H. CHIEFFO (SBN 49069)
13  Email:  ChieffoV@gtlaw.com
    ALANA C. SROUR (SBN 271905)
14  Email:  SrourA@gtlaw.com
    1840 Century Park East, Suite 1900
15  Los Angeles, CA 90067-2121
    Telephone:  310-586-7700
16  Facsimile:  310-586-7800

17  Attorneys for Defendants

18                  UNITED STATES DISTRICT COURT
19            CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| MARCUS GRAY, et al., | CASE NO. 2:15-cv-05642-CAS (JCx) |
| Plaintiffs, | Honorable Christina A. Snyder |
| v. | **DEFENDANTS' MOTION *IN LIMINE* NO. 2 TO PRECLUDE EVIDENCE OR ARGUMENT OF STRIKING SIMILARITY** |
| KATHERYN ELIZABETH HUDSON, et al., | |
| Defendants. | **Final Pretrial Conference**<br>Date:      July 1, 2019<br>Time:      11:00 a.m.<br>Courtroom:   8D – 8th Fl., First Street |
| | Filed:   July 1, 2014<br>Trial:    July 16, 2019 |

# NOTICE OF MOTION AND MOTION

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE THAT** at the Pretrial Conference in this matter on July 1, 2019, at 11:00 a.m., or as soon thereafter as counsel may be heard, in Courtroom 8D of the Federal Courthouse located at 350 West 1st Street, Los Angeles, CA 90012, Defendants Capitol Records, LLC, Jordan Houston, Lukasz Gottwald, Sarah Theresa Hudson, Karl Martin Sandberg, Henry Russell Walter, UMG Recordings, Inc., Universal Music Group, Inc., WB Music Corp., Kobalt Music Publishing America, Inc., Kasz Money, Inc., Katheryn Elizabeth Hudson, and Kitty Purry, Inc. (collectively "Defendants") will and hereby do move for an order precluding Plaintiffs from introducing any evidence or argument regarding the purported striking similarity of the "Joyful Noise" and "Dark Horse" compositions and limiting the testimony of Plaintiffs' musicologist, Dr. Todd Decker to the substantial similarity opinions disclosed in his reports.

This evidence should be excluded because Dr. Decker did not provide any opinion of striking similarity in either of his expert reports, or at his deposition in this action. To the contrary, his opinions in this case are expressly limited to the purported substantial similarity of the two compositions at issue. Moreover, any attempt by Plaintiffs to introduce a still-undisclosed striking similarity opinion on the eve of trial is neither substantially justified nor harmless.

This Motion is made following the conferences of counsel pursuant to Local Rules 7-3 and 16-2.6, which took place on May 24, 2019 and June 6, 2019. Wais Decl., ¶ 2. This Motion is based on this Notice of Motion and Motion, the attached Memorandum of Points and Authorities, any supporting declarations, any further briefing regarding this Motion, the pleadings and evidence in the Court's files, and such other evidence and arguments that the Court may consider at the hearing on this Motion.

| | |
|---|---|
| DATED: June 12, 2019 | MITCHELL SILBERBERG & KNUPP LLP |
| | By: /s/ Aaron M. Wais |
| | Aaron M. Wais (SBN 250671) |
| | Attorneys for Defendants other than Katheryn Elizabeth Hudson, and Kitty Purry, Inc. |
| DATED: June 12, 2019 | GREENBERG TAURIG, LLP |
| | By: /s/ Vincent H. Chieffo |
| | Vincent H. Chieffo (SBN 49069) |
| | Attorneys for Defendants Katheryn Elizabeth Hudson p/k/a Katy Perry and Kitty Purry, Inc. |

## ATTESTATION REGARDING SIGNATURES

Pursuant to Local Civil Rule 5-4.3.4(a)(2)(i), I hereby attest that all Parties, on whose behalf this entire filing is jointly submitted, concur in this filing's content and have authorized its filing.

Dated: June 12, 2019          /s/ Aaron M. Wais
                              Aaron M. Wais

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. Introduction

At trial, Plaintiffs bear the burden of proving, *inter alia*, that defendants Walter and Gottwald—the sole defendants responsible for creating the allegedly infringing instrumental music for "Dark Horse"[1]—had access to "Joyful Noise," meaning they had a reasonable opportunity to hear the song before creating the instrumental music for "Dark Horse." Plaintiffs, however, have long admitted that they have no direct evidence of Walter or Gottwald having had an opportunity to hear "Joyful Noise" or circumstantial evidence that they heard it through a chain of events (i.e., an intermediary). Instead, Plaintiffs' sole theory of access has always been that "Joyful Noise" was allegedly "widely disseminated" such that that a jury could infer that Walter or Gottwald had a reasonable opportunity to hear the song.

As trial approaches, however, Plaintiffs have come to the belated realization that their evidence of widespread dissemination is woefully inadequate. Recognizing this, Plaintiffs have just announced that they will seek to argue that "Joyful Noise" and "Dark Horse" are not just ***substantially***, but ***strikingly*** similar, in order to try to avoid the consequences of their lack of access proof.

Plaintiffs' belated argument must be precluded. First, Plaintiffs have no musicologist expert opinion of striking similarity. The only expert opinion they have is one of alleged substantial similarity. Second, expert discovery, which closed long ago, and summary judgment briefing, were predicated solely on the basis of Plaintiffs' theory of substantial similarity, which is very different from striking similarity. Simply because Plaintiffs are now cognizant of the scarcity of their access proof is not grounds to allow them to present a sham, new argument of striking similarity on the eve of trial. Plaintiffs' effort to introduce any opinion or argument of striking similarity must be barred as untimely and prejudicial.

---

[1] *See* Dkt. 287, p. 3, ¶ 11; Dkt. 299, pp. 3-4.

## II. Any Argument or Opinion of Striking Similarity Must Be Excluded

### A. Plaintiffs Have No Evidentiary Basis to Argue Striking Similarity

At trial, Plaintiffs will have the burden to prove similarity "under the 'extrinsic test' ***and*** . . . the 'intrinsic test.'" *Benay v. Warner Bros. Entm't, Inc.*, 607 F.3d 620, 624 (9th Cir. 2010) (emphasis in original).  The extrinsic test "considers whether two works share a similarity of ideas and expression based on external, objective criteria" and is proven through musicologist expert testimony. *Smith v. Jackson*, 84 F.3d 1213, 1218 (9th Cir. 1996). It is axiomatic that *substantial* similarity is not *striking* similarity.  Striking similarity has a distinct legal meaning; it is rarely found and exists only when two songs are so much alike that "in human experience, it is ***virtually impossible*** that the two works could have been independently created." *Stewart v. Wachowski*, 574 F. Supp. 2d 1074, 1103 (C.D. Cal. 2005) (emphasis added); *Bernal v. Paradigm Talent and Lit. Agency*, 788 F. Supp. 2d 1043, 1053 (C.D. Cal. 2010) (arises only in "rare cases").

During discovery, as required by FRCP 26(a), Plaintiffs disclosed their sole musicologist expert, Dr. Todd Decker ("Decker").  Decker rendered two reports containing "a complete statement of all [his] opinions." Fed. R. Civ. P. 26(a)(2)(B)(i)-(ii).  Decker also sat for a deposition.  Nowhere did Decker opine that "Joyful Noise" and "Dark Horse" were strikingly similar, or render any opinions that the works' similarities were such as to <u>preclude</u> the possibility of independent creation.  To the contrary, he repeatedly concluded and opined only that the two works were *substantially* similar.  *See, e.g.,* Wais Decl., Ex. 1 (Decker Opening), pp. 7, 9, 19 & Ex. 2 (Decker Rebuttal), pp. 35, 46-47, 57, 64.  At his deposition, Decker not only focused on his opinions of substantial similarity, but confirmed under oath this was the scope of his work, testifying that he "was asked…to determine whether the musical material in these two recordings was *substantially* similar." *Id.*, Ex. 3 (Decker Depo. Tr.), p. 86, ll.11-16 (emphasis added).  Plaintiffs' counsel also confirmed Decker's opinion of substantial

1  similarity on redirect: "In the initial report … you identify … what you described
2  as *substantial* similarities…" *Id.*, pp. 97, l. 24-98, l. 3.[2]

3　　　　Given the obvious and repeated representations from Decker that his opinion
4  was one of substantial similarity, Defendants' musicologist, Dr. Lawrence Ferrara,
5  only addressed substantial similarity, which he found to be lacking. Tellingly, in
6  deposing Ferrara, Plaintiffs did not ask any questions about *striking* similarity.
7  Thus, the entire expert record, which closed long ago, was—on both sides—solely
8  focused on substantial similarity and it cannot be altered at this stage.

9　　　　Indeed, that Decker did not render any opinion of striking similarity in either
10 of his reports or at deposition (*Supra*, pp. 5-6) did not go unnoticed by Defendants.
11 In moving for summary judgment, Defendants explicitly stated that "neither
12 Plaintiffs nor their expert, Dr. Decker, argued or opined that 'Joyful Noise' and
13 'Dark Horse' are strikingly similar." Wais Decl., Ex. 4 (Defs' MSJ), p. 116, n. 5.
14 Importantly, in response, Plaintiffs did not disagree. Instead, they conceded the
15 same and relied on Decker's opinions to repeatedly argue that the compositions
16 were **substantially** similar. *Id.*, Ex. 5 (Plaintiffs' MSJ Opp.), pp. 149, 151.[3]

17　　　　In sum, Plaintiffs cannot rely on an opinion of *substantial* similarity to argue
18 *striking* similarity. As a *substantial* similarity opinion is all they have, Plaintiffs
19 must be precluded from arguing striking similarity at trial.

---

[2] Striking similarity is also wholly belied by Decker's repeated concessions differences in the compositions and that any alleged similarities are commonplace. *See, e.g.,* Wais Decl., Ex. 1, pp. 11, 13 ("substantive difference"), p. 18 ("somewhat similar"); Ex. 2, p. 41 ("plainly dissimilar"), Ex. 3, pp. 86, ll. 5-9; 87, l. 10-88, l. 2; 89, l. 10-90, l. 2; 91, l. 10-92, l. 5; 93, l. 12-94, l. 5; 95, l. 5-96, l. 17.

[3] This conclusion is not affected by the fact that Plaintiffs included in their opposition to Defendants' summary judgment reconsideration motion the improper (and waived) argument that the Court could also rely on the *striking* similarity of the two works. Dkt. 303, pp. 6-7. Plaintiffs did not support the purported applicability of striking similarity any more in that pleading than they do now. That argument too came after the close of expert discovery on liability, and after only arguing *substantial* similarity in opposition to Defendants' summary judgment motion. In response, Defendants made clear that any striking similarity theory was refuted by the record in this case, specifically Decker's opinions. Dkt. 307, pp. 15-17. Thereafter, Plaintiffs did not raise striking similarity again until the eve of trial, nor did they seek leave to amend or clarify Decker's opinion.

## B. Any Eve of Trial Still Undisclosed, Contradictory Opinion of Striking Similarity Must Be Precluded

Again, as discussed above, the record is clear and unambiguous: Decker only opined as to the alleged *substantial*—not striking—similarity of "Joyful Noise" and "Dark Horse." He must be limited to this opinion at trial and, to the extent that Plaintiffs seek to introduce a still undisclosed opinion of striking similarity from Decker at trial, it should be barred.

Courts do not permit litigation by ambush. Rule 26(a) requires parties to disclose all experts who will testify at trial and to provide a written report containing (1) "a complete statement of all opinions the witnesses will express and the basis and reasons for them" and (2) "the facts or data considered by the witness in forming them." Fed. R. Civ. P. 26(a)(2)(B)(i)-(ii). "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence … at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1); *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1105-06 (9th Cir. 2001).

Evidence exclusion under Rule 37(c)(1) is "self-executing" and "automatic." *Id*. at 1106 (quoting Fed R. Civ. P. 37 Adv. Comm. Notes to 1993 Amendment). The goal is to provide a "strong inducement for disclosure of material" in discovery. *Id*. Consistent therewith, courts frequently exclude undisclosed expert opinions absent a showing of substantial justification or harmlessness. *See, e.g., Assn. of Christian Schools Intern. v. Stearns*, 678 F. Supp. 2d 980, 987 (C.D. Cal. 2008) (excluding undisclosed expert opinion); *Mariscal v. Graco, Inc.*, 52 F. Supp. 3d 973, 983-84 (N.D. Cal. 2014) (excluding untimely opinion). This "eliminat[es][] unfair surprise to the opposing party and [conserves] resources.'" *Salyards v. Metso Minerals Oy*, 2005 WL 5989797, at *2 (E.D. Cal. Sept. 15, 2005).

Accordingly, Plaintiffs, having failed to obtain and disclose an expert opinion of striking similarity in a timely manner in discovery, must be barred from

any attempt to do so now.  Similarly, Plaintiffs should not be permitted to twist existing opinions into new theories.[4]  Any new opinion at trial is automatically excluded and Plaintiffs cannot prove a substantial justification for their non-disclosure (none exists) or that the non-disclosure is harmless (to the contrary, introduction would be very prejudicial).  Plaintiffs retained and disclosed a single expert, who had ample time and opportunity—in *two* reports and at deposition—to render opinions.  He opined only that the compositions are *substantially*, not *strikingly*, similar.  Defendants defended on that basis and their expert rebutted on that basis.  When Defendants expressly raised the absence of any opinion of striking similarity on summary judgment, Plaintiffs did not dispute it but, instead, expressly advocated for substantial similarity.  Plaintiffs are now bound by their choices.  Their tactic to try to rewrite expert discovery must be soundly rejected and, for all these reasons, any opinion or argument of striking similarity must be excluded and Defendants' motion granted.  *Supra*, p. 7 (collecting cases).

## CONCLUSION

Defendants respectfully request that the Court grant this motion *in limine*.

---

[4] In attempting this eve of trial maneuver, Plaintiffs surely realize they cannot introduce new opinions.  Because of that, Defendants anticipate that Plaintiffs will mischaracterize Decker's opinions, to no avail.  Plaintiffs have claimed that because Decker referred to certain similarities as "significant" and opined that "Dark Horse" "clearly borrows a memorable and highly characteristic combination of discrete and specific musical elements heard in Joyful Noise," such statements meet the Ninth Circuit Model Instructions for striking similarity.  Wais Decl., Ex. 1, p. 20.  This is nonsense.  First, Decker's use of words such as "significant," "clearly," and "memorable" only support his conclusions that the two compositions are substantially similar.  These words are a "far cry from a striking similarity opinion:  namely that it is 'virtually impossible' that ['Joyful Noise'] and ['Dark Horse'] could have been independently created." *Loomis v. Cornish*, 2013 WL 6044345, at *13 (C.D. Cal. Nov. 13, 2013) (no striking similarity opinion where expert determined only that "it is reasonable to conclude on purely musical grounds that the verse melody of 'Domino' is largely based on the verse melody of 'Bright Red Chords.'"); *Turner v. SAMSUNG Telecomm. Am., LLC*, 2014 WL 11456606, at *7 (C.D. Cal. Aug. 4, 2014) (expert does not establish striking similarity where he "only opines that 'a reasonable jury might well find substantial similarity of ideas and expression between the two musical works.'").  Second, the Model Instructions do not define striking similarity; they simply state that a supplemental instruction for striking similarity is available in the right case.

| | | |
|---|---|---|
| 1 | DATED: June 12, 2019 | MITCHELL SILBERBERG & KNUPP LLP |
| 2 | | |
| 3 | | By: /s/ Aaron M. Wais |
| | | Aaron M. Wais (SBN 250671) |
| 4 | | Attorneys for Defendants other than Katheryn Elizabeth Hudson, and Kitty Purry, Inc. |
| 5 | | |
| 6 | DATED: June 12, 2019 | GREENBERG TRAURIG, LLP |
| 7 | | |
| 8 | | By: /s/ Vincent H. Chieffo |
| | | Vincent H. Chieffo (SBN 49069) |
| 9 | | Attorneys for Defendants Katheryn Elizabeth Hudson p/k/a Katy Perry and Kitty Purry, Inc. |