CHRISTINE LEPERA (admitted *pro hac vice*)
  ctl@msk.com
JEFFREY M. MOVIT (admitted *pro hac vice*)
  jmm@msk.com
JACOB D. ALBERTSON (admitted *pro hac vice*)
  j1a@msk.com
MITCHELL SILBERBERG & KNUPP LLP
437 Madison Avenue, 25th Floor
New York, New York 10022
Telephone: (212) 509-3900
Facsimile: (212) 509-7239

AARON M. WAIS (SBN 250671)
  amw@msk.com
GABRIELLA A. NOURAFCHAN (SBN 301594)
  gan@msk.com
MITCHELL SILBERBERG & KNUPP LLP
2049 Century Park East, 18th Floor
Los Angeles, California 90067
Telephone: (310) 312-2000
Facsimile: (310) 312-3100

GREENBERG TRAURIG, LLP
VINCENT H. CHIEFFO (SBN 49069)
Email: ChieffoV@gtlaw.com
ALANA C. SROUR (SBN 271905)
Email: SrourA@gtlaw.com
1840 Century Park East, Suite 1900
Los Angeles, CA 90067-2121
Telephone: 310-586-7700
Facsimile: 310-586-7800

Attorneys for Defendants

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| MARCUS GRAY, et al.,<br><br>        Plaintiffs,<br><br>   v.<br><br>KATHERYN ELIZABETH HUDSON, et al.,<br><br>        Defendants. | CASE NO. 2:15-cv-05642-CAS (JCx)<br><br>Honorable Christina A. Snyder<br><br>**DEFENDANTS' MOTION *IN LIMINE* NO. 3 TO EXCLUDE EVIDENCE AND ARGUMENT REGARDING LACK OF EVIDENCE OF SALES**<br><br>Final Pretrial Conference<br>Date:         July 1, 2019<br>Time:        11:00 a.m.<br>Courtroom:   8D – 8th Fl., First Street<br><br>Filed:    July 1, 2014<br>Trial:    July 16, 2019 |

## NOTICE OF MOTION AND MOTION

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE THAT** at the Pretrial Conference in this matter on July 1, 2019, at 11:00 a.m., or as soon thereafter as counsel may be heard, in Courtroom 8D of the Federal Courthouse located at 350 West 1st Street, Los Angeles, CA 90012, Defendants Capitol Records, LLC, Jordan Houston, Lukasz Gottwald, Sarah Theresa Hudson, Karl Martin Sandberg, Henry Russell Walter, UMG Recordings, Inc., Universal Music Group, Inc., WB Music Corp., Kobalt Music Publishing America, Inc., Kasz Money, Inc., Katheryn Elizabeth Hudson, and Kitty Purry, Inc. (collectively "Defendants") will and hereby do move for an order excluding argument and testimony of sales of "Joyful Noise" and *Our World Redeemed*.

This evidence should be excluded on the grounds that it (1) lacks foundation; (2) lacks personal knowledge; (3) is speculative; (4) is unreliable and not corroborated; (5) is hearsay; (6) is irrelevant; and (7) is prejudicial.

This Motion is made following the conferences of counsel pursuant to Local Rules 7-3 and 16-2.6, which took place on May 24, 2019 and June 6, 2019. Wais Decl., ¶ 2. This Motion is based on this Notice of Motion and Motion, the attached Memorandum of Points and Authorities, any supporting declarations, any further briefing regarding this Motion, the pleadings and evidence in the Court's files, and such other evidence and arguments that the Court may consider at the hearing on this Motion.

DATED: June 12, 2019              MITCHELL SILBERBERG & KNUPP LLP

                                  By: /s/ Aaron M. Wais
                                  Aaron M. Wais (SBN 250671)
                                  Attorneys for Defendants other than Katheryn
                                  Elizabeth Hudson, and Kitty Purry, Inc.

| | | |
|---|---|---|
| DATED: June 12, 2019 | | GREENBERG TRAURIG, LLP |

By: /s/ Vincent H. Chieffo
Vincent H. Chieffo (SBN 49069)
Attorneys for Defendants Katheryn Elizabeth
Hudson p/k/a Katy Perry and Kitty Purry, Inc.

### ATTESTATION REGARDING SIGNATURES

Pursuant to Local Civil Rule 5-4.3.4(a)(2)(i), I hereby attest that all Parties, on whose behalf this entire filing is jointly submitted, concur in this filing's content and have authorized its filing.

Dated:  June 12, 2019        /s/ Aaron M. Wais
                             Aaron M. Wais

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.   Introduction And Statement Of Relevant Facts

At trial, Plaintiffs bear the burden of proving that defendants Walter and Gottwald—the sole defendants responsible for creating the allegedly infringing instrumental music for "Dark Horse"[1]—copied "Joyful Noise" in creating their instrumental music. This means Plaintiffs must prove access—meaning that Walter or Gottwald had a reasonable opportunity to hear "Joyful Noise" before creating the instrumental music for "Dark Horse"—as well as substantial similarity. As to access, Plaintiffs have long admitted that they have no direct evidence of Walter or Gottwald having had an opportunity to hear "Joyful Noise" either personally or through a chain of events (i.e., an intermediary). They have now confirmed that they will not argue either theory at trial.

Instead, Plaintiffs' sole theory of access has always been that "Joyful Noise" was allegedly widely disseminated such that a jury could infer that Walter or Gottwald had a reasonable opportunity to hear the song. Evidence of commercial success (e.g. through sales) of a song may be relevant to proving the "widespread dissemination" of a plaintiff's work. However, as Plaintiffs already conceded on summary judgment, they do not have any evidence whatsoever of any sales of "Joyful Noise" or the album on which it appeared, *Our World Redeemed*. Wais Decl., Ex. 1 (Plaintiffs' Response to DSUF), pp. 9-10, ¶¶ 17-20; Wais Decl., Ex. 3 (Gray Depo.) (pages cited therein); Wais Decl., Ex. 4 (Ojukwu Depo.) (pages cited therein); Wais Decl., Ex. 5 (Lambert Depo.) (pages cited therein). (Plaintiffs also admitted that "Joyful Noise" was not commercially released as a single, meaning it would not have been sold individually at all.)[2] Consistent therewith, while this Court denied summary judgment, it repeatedly found that Plantiffs had no

---

[1] *See* Wais Decl., Ex. 1 (Plaintiffs' Response to DSUF), p. 8, ¶ 11; *id.*, Ex. 2 (MSJ Order), pp. 15-16.

[2] Wais Decl., Ex. 1 (Plaintiffs' Response to DSUF), pp. 7-8, ¶ 7; *id.* Ex. 3 (Gray Depo.), p.31, ll. 3-13.

admissible evidence of sales of "Joyful Noise" and *Our World Redeemed*. Wais Decl., Ex. 2 (MSJ Order), pp. 15, 20.

Since summary judgment, Plaintiffs have not obtained any evidence of sales. Indeed, the evidentiary record remains the same as it was on summary judgment. Notwithstanding this, at trial, Plaintiffs intend to argue that "Joyful Noise" and/or *Our World Redeemed* did enjoy commercial success and was sold in unspecified numbers. In furtherance of this argument, Plaintiffs have stated that they intend for Plaintiff Marcus Gray ("Gray") to testify about sales of "Joyful Noise" and *Our World Redeemed* in general and to further testify that the reason he does not know how many sales there are is because his former record label, Cross Movement Records, refused to account for those sales to him.

As discussed below, any such argument and testimony should be excluded.

## II. Any Testimony Regarding Sales Should Be Excluded.

### 1. Gray's testimony about sales would lack foundation, not be based on personal knowledge, and would be hearsay.

Any testimony by Gray regarding purported sales of "Joyful Noise" or *Our World Redeemed* should be excluded because it is not based on personal knowledge and lacks foundation. Fed. R. Evid. 602. Again, it is undisputed that Plaintiffs have not produced any records whatsoever of any sales, including the volume, location, and type of sales (e.g., CD versus digital).[3] As such, any testimony by Gray about commercial sales of the song or album would be self-interested, vague testimony for which Gray lacks personal knowledge, particularly given his admission that his record label never accounted to him for sales (if any).[4]

---

[3] As explained in Defendants' concurrently filed Motion *In Limine* No. 9, the Billboard charts produced in this action do not evidence sales of "Joyful Noise" or *Our World Redeemed*.

[4] To the extent that Gray intends to testify regarding the purported *contents* of the accountings, that testimony would lack foundation and also violate the best evidence rule. Fed. R. Evid. 602, 1002, 1004.

Moreover, to the extent that Gray's testimony is based on statements made to him by others, e.g., representatives of his record label, that testimony is also inadmissible hearsay. *Hagan v. Cal. Forensic Med. Grp.*, 2009 WL 689740, at *4 (E.D. Cal. Mar. 5, 2009) (excluding portions of declaration "that relate hearsay or that clearly speak to matters about which [plaintiff] lacks personal knowledge.").

### 2. Testimony about Gray's dispute with his record label is irrelevant.

Only relevant evidence, which is defined as evidence having "any tendency to make a fact [of consequence to the action] more or less probable than it would be without the evidence[,]" is admissible. Fed. R. Evid. 401, 402. Here, to the extent that Gray wants to explain away Plaintiffs' lack of sales records, such evidence should be excluded on relevance grounds as well.

Plaintiffs either have such records or they do not. If they do not, that is the end of the inquiry. The reasons why they lack records is irrelevant and certainly not evidence of sales. More specifically, the fact that Gray's former record label would not account to him and would not give him records of sales does not prove sales—it proves only that Gray did not receive records from the record label. Of course, nothing prevented Plaintiffs from subpoenaing Gray's former record label during discovery to obtain those records. They did not. This trial should not devolve into a mini-trial about what Gray did and did not receive during his relationship with his record label and speculation about what hypothetical records might say. Fed. R. Evid. 403; *see also U.S. v. Espinoza-Baza*, 647 F.3d 1182, 1190 (9th Cir. 2011) (affirming exclusion under FRE 403 where the evidence "if admitted, would have created a substantial risk of confusion and that it might have caused the jury to base its verdict on highly speculative evidence...").

### III. The Testimony and Evidence Regarding Sales Is Prejudicial.

Finally, even if Gray's unfounded and unverified testimony regarding sales of "Joyful Noise" or *Our World Redeemed* was marginally probative of widespread

dissemination, it should still be excluded as prejudicial and confusing.  Fed. R. Evid. 403.  Absent verifiable proof of the amount of sales, a jury would be allowed to wildly speculate as to the number of sales and could wrongly conclude that any sales were substantial.  Not only would such speculation be without any basis, it would likely be contrary to the more likely truth, which is that sales of "Joyful Noise" and Our World Redeemed were actually inconsequential.  After all, if the sales of "Joyful Noise" and *Our World Redeemed* were so substantial, one assumes Gray would have sought to recover royalties from those sales.  Put differently, it is more probable that "Joyful Noise" was not commercially successful, did not reach a level of national saturation, and that any sales were minimal to non-existent, which is why there would be no incentive for Gray to obtain any actual records reflecting why.  In all events, it is now sheer conjecture as to sales, which is why the testimony should be excluded to prevent prejudice. Fed. R. Evid. 403; *see also Espinoza-Baza*, 647 F.3d at 1190.

For this reason also, the testimony should be excluded.

## **CONCLUSION**

Based on the foregoing, this Court should grant Defendants' motion and exclude this evidence.

DATED: June 12, 2019            MITCHELL SILBERBERG & KNUPP LLP

By:  /s/ Aaron M. Wais
Aaron M. Wais (SBN 250671)
Attorneys for Defendants other than Katheryn Elizabeth Hudson, and Kitty Purry, Inc.

DATED: June 12, 2019            GREENBERG TRAURIG, LLP

By:  /s/ Vincent H. Chieffo
Vincent H. Chieffo (SBN 49069)
Attorneys for Defendants Katheryn Elizabeth Hudson p/k/a Katy Perry and Kitty Purry, Inc.