CHRISTINE LEPERA (admitted *pro hac vice*)
  ctl@msk.com
JEFFREY M. MOVIT (admitted *pro hac vice*)
  jmm@msk.com
JACOB D. ALBERTSON (admitted *pro hac vice*)
  j1a@msk.com
MITCHELL SILBERBERG & KNUPP LLP
437 Madison Avenue, 25th Floor
New York, New York 10022
Telephone: (212) 509-3900
Facsimile: (212) 509-7239

AARON M. WAIS (SBN 250671)
  amw@msk.com
GABRIELLA A. NOURAFCHAN (SBN 301594)
  gan@msk.com
MITCHELL SILBERBERG & KNUPP LLP
2049 Century Park East, 18th Floor
Los Angeles, California  90067
Telephone: (310) 312-2000
Facsimile: (310) 312-3100

GREENBERG TRAURIG, LLP
VINCENT H. CHIEFFO (SBN 49069)
Email:  ChieffoV@gtlaw.com
ALANA C. SROUR (SBN 271905)
Email:  SrourA@gtlaw.com
1840 Century Park East, Suite 1900
Los Angeles, CA 90067-2121
Telephone:  310-586-7700
Facsimile:  310-586-7800

Attorneys for Defendants

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| MARCUS GRAY, et al., | CASE NO. 2:15-cv-05642-CAS (JCx) |
| Plaintiffs, | Honorable Christina A. Snyder |
| v. | **DEFENDANTS' MOTION *IN LIMINE* NO. 4 TO EXCLUDE EVIDENCE REGARDING LIVE PERFORMANCES OF "JOYFUL NOISE"** |
| KATHERYN ELIZABETH HUDSON, et al., | |
| Defendants. | **Final Pretrial Conference** |
| | Date:          July 1, 2019 |
| | Time:          11:00 a.m. |
| | Courtroom:  8D – 8th Fl., First Street |
| | Filed:    July 1, 2014 |
| | Trial:    July 16, 2019 |

**DEFENDANTS' MIL NO. 4 EXCLUDING EVIDENCE/ARGUMENT OF LIVE PERFORMANCES**

<u>**NOTICE OF MOTION AND MOTION**</u>

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE THAT** at the Pretrial Conference in this matter on July 1, 2019, at 11:00 a.m., or as soon thereafter as counsel may be heard, in Courtroom 8D of the Federal Courthouse located at 350 West 1st Street, Los Angeles, CA 90012, Defendants Capitol Records, LLC, Jordan Houston, Lukasz Gottwald, Sarah Theresa Hudson, Karl Martin Sandberg, Henry Russell Walter, UMG Recordings, Inc., Universal Music Group, Inc., WB Music Corp., Kobalt Music Publishing America, Inc., Kasz Money, Inc., Katheryn Elizabeth Hudson, and Kitty Purry, Inc. (collectively "Defendants") will and hereby do move for an order excluding evidence or argument of the purported fact that plaintiff Marcus Gray and third-party Lecrae Moore performed "Joyful Noise" live, including in concerts, including but not limited to:

1. Testimony from any witness about alleged live performances of "Joyful Noise";

2. Two documents listing dates and cities, which were marked as Exhibits 14 and 15 at Marcus Gray's deposition in this action, *see* Wais Decl., Exs. 1 & 2; and

3. The Supplemental Declaration of Lecrae Moore, including the unauthenticated printout from the website, www.songkick.com, attached thereto as Exhibit A, *see* Wais Decl., Ex. 3.

The grounds for this motion is that live performances of "Joyful Noise" are irrelevant to, and do not tend to prove or disprove that defendants Henry Walter and Lukasz Gottwald—the sole defendants responsible for creating the allegedly infringing instrumental music for "Dark Horse"—had a reasonable opportunity to hear "Joyful Noise" prior to creating their instrumental music. Fed. R. Evid. 402. Introduction of such evidence would also be unduly prejudicial and confusing.

Mitchell
Silberberg &
Knupp LLP

11134837.1

**DEFENDANTS' MIL NO. 4 EXCLUDING EVIDENCE/ARGUMENT OF LIVE PERFORMANCES**

1   Fed. R. Evid. 403.  Finally, certain testimony and documents lack foundation,

2   personal knowledge, and are inadmissible hearsay.

3        This Motion is made following the conferences of counsel pursuant to Local

4   Rules 7-3 and 16-2.6, which took place on May 24, 2019 and June 6, 2019.  Wais

5   Decl., ¶ 2.  This Motion is based on this Notice of Motion and Motion, the attached

6   Memorandum of Points and Authorities, any supporting declarations, any further

7   briefing regarding this Motion, the pleadings and evidence in the Court's files, and

8   such other evidence and arguments that the Court may consider at the hearing on

9   this Motion.

10

11  DATED: June 12, 2019          MITCHELL SILBERBERG & KNUPP LLP

12                                By:  /s/ Aaron M. Wais
13                                Aaron M. Wais (SBN 250671)
                                  Attorneys for Defendants other than Katheryn
14                                Elizabeth Hudson, and Kitty Purry, Inc.

15

16  DATED: June 12, 2019          GREENBERG TRAURIG, LLP

17                                By:  /s/ Vincent H. Chieffo
18                                Vincent H. Chieffo (SBN 49069)
                                  Attorneys for Defendants Katheryn Elizabeth
19                                Hudson p/k/a Katy Perry and Kitty Purry, Inc.

20

21

22          **<u>ATTESTATION REGARDING SIGNATURES</u>**

23        Pursuant to Local Civil Rule 5-4.3.4(a)(2)(i), I hereby attest that all Parties,

24  on whose behalf this entire filing is jointly submitted, concur in this filing's

25  content and have authorized its filing.

26  Dated:  June 12, 2019          /s/ Aaron M. Wais
27                                 Aaron M. Wais

28

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.     Introduction and Statement Of Relevant Facts

At trial, Plaintiffs bear the burden of proving that defendants Walter and Gottwald—the sole defendants responsible for creating the allegedly infringing instrumental music for "Dark Horse"[1]—copied "Joyful Noise" in creating their instrumental music.  This means Plaintiffs must prove access—meaning that Walter or Gottwald had a reasonable opportunity to hear "Joyful Noise" before creating the instrumental music for "Dark Horse"—as well as substantial similarity.  As to access, Plaintiffs have long admitted that they have no direct evidence of Walter or Gottwald having had an opportunity to hear "Joyful Noise" or circumstantial evidence that they heard it through a chain of events (i.e., an intermediary).  They have confirmed that they will not argue either theory at trial.

Instead, Plaintiffs' sole theory of access has always been that "Joyful Noise" was allegedly "widely disseminated" such that that a jury could infer that Walter or Gottwald had a reasonable opportunity to hear the song.  On summary judgment, Plaintiffs attempted to prove this theory through evidence that plaintiff Marcus Gray ("Gray") and third-party Lecrae Moore ("Moore") performed "Joyful Noise" in concert prior to the creation of "Dark Horse."  The Court, however, "[did] not rely on this evidence insofar as it may demonstrate access," correctly reasoning that any concert performances could not support an inference of access because it was undisputed that Walter and Gottwald never attended those concerts. Wais Decl., Ex. 4 (MSJ Order), pp. 83-84, & n. 3.  The Court also refused to accept Plaintiffs' evidence because it lacked foundation, failing even to identify "the names of the venues where Gray performed or the size of the audience..."  *Id.*

Nothing has changed since summary judgment.  Plaintiffs still do not dispute that Walter and Gottwald never attended a concert by Gray or Moore.  In addition,

---

[1] *See* Dkt. 287, p. 3, ¶ 11; Wais Decl., Ex. 4 (MSJ Order), pp. 80-81.

they have not produced any additional documents or testimony that would rectify the evidentiary failings identified by the Court on summary judgment. Instead, the evidence remains the same as on summary judgment.

Nevertheless, Plaintiffs have stated their intent to rely at trial on the same evidence of Gray's and Moore's purported concert performances of "Joyful Noise" already rejected by this Court. The evidence, however, is still irrelevant to proving that Walter or Gottwald had a reasonable opportunity to hear "Joyful Noise" and should be excluded. Moreover, any minimal probative value is outweighed by the prejudice of admitting it. Finally, the evidence is still inadmissible as it continues to lack foundation, personal knowledge, and constitute hearsay.

## II. Performances of "Joyful Noise" Are Irrelevant To Access

Only relevant evidence, which is defined as evidence having "any tendency to make a fact [of consequence to the action] more or less probable than it would be without the evidence[,]" is admissible. Fed. R. Evid. 401, 402. Here, Plaintiffs argue that live performances of "Joyful Noise" are relevant to prove "widespread dissemination" but do not explain how. This Court already rejected this argument on summary judgment and nothing compels a different conclusion here.

Widespread dissemination is markedly different from "proof that defendant actually viewed, read, or heard the work at issue"[2] or "circumstantial evidence … establishing a chain of events linking the plaintiff's work and the defendant's access."[3] "Widespread dissemination" is pertinent only in those circumstances where (1) a song achieves "an appreciable level of national saturation," which "centers on the degree of a work's commercial success **and** on its distribution through radio, television, and other relevant mediums" or (2) there is "saturation in a relevant market in which both the plaintiff and the defendant participate."

---

[2] *Briggs v. Blomkamp*, 70 F. Supp. 3d 1155, 1165 (N.D. Cal. Oct. 3, 2014).

[3] *Loomis v. Cornish*, 836 F.3d 991, 995 (9th Cir. 2016); *see also* Ninth Cir. Jury Instr. 17.18, Supp. Instr.

*Loomis*, 836 F.3d at 994-95, 997-98.  Moreover, regardless of the theory of access, the evidence must support a "*reasonable* possibility, not merely a bare possibility," that the defendant heard the work.  *Id.* at 995; *Three Boys Music Corp. v. Bolton*, 212 F.3d 477, 482-84 (9th Cir. 2000) (reasonable opportunity requires more than mere speculation or conjecture).  As such, even in the context of widespread dissemination, a plaintiff must prove facts that explain why and how the specific dissemination sought to be proven would support the inference that the defendant author had a *reasonable* opportunity to hear plaintiff's song.

Here, common sense dictates that speculative evidence of live performances of "Joyful Noise" cannot possibly be direct proof or circumstantial evidence capable of establishing an ***inference*** of access where it is undisputed that Walter and Gottwald did not attend any of those performances and, in fact, did not even know who Gray and Moore were until this litigation was filed.[4]  Thus, it does not matter if and how many times Gray and Moore performed "Joyful Noise"; Walter and Gottwald were undisputedly not there and, thus, could not have heard "Joyful Noise" being performed.

Nor should Plaintiffs be heard to argue that these purported concerts somehow prove widespread dissemination.  Sporadic concerts where a song *might* have been performed to audiences of unknown sizes cannot possibly evidence *national* saturation.  Nor can it evidence saturation in a market in which Walter or Gottwald also participated because they undisputedly did not follow Christian music.  Wais Decl., Ex. 5 (Walter MSJ Decl.), ¶¶ 9-10, 18-19; Ex. 6 (Gottwald MSJ Decl.), ¶¶ 8-9, 17-18.  And again, it is undisputed that neither attended performances by Gray or Moore.  Consistent therewith, no different than this Court

---

[4] Walter and Gottwald both testified unequivocally that they never attended a performance by Gray or Moore.  Wais Decl., Ex. 5 (Walter MSJ Decl.), ¶ 7; Ex. 6 (Gottwald MSJ Decl.), ¶ 6; Ex. 4 (MSJ Order), p. 81.  Plaintiffs, in turn, concede they have no evidence to the contrary.  Wais Decl., Ex. 7 (Gray Depo. Tr.), pp. 115, l. 4-116, l. 16; Ex. 8 (Ojukwu Depo. Tr.), pp. 123, l. 8-126, l. 9; Ex. 9 (Lambert Depo. Tr.), pp. 134, l.2-138, l.11 & 139, ll.3-8.

on summary judgment, courts have rejected similar evidence submitted as support for widespread dissemination, where there was no dispute that the relevant defendants did not attend the performances.  *See, e.g., Apps v. Universal Music Group, Inc.*, 283 F. Supp. 3d 946, 955 (D. Nev. 2017) (no widespread dissemination where "no evidence that … defendants or another member of Universal Music Group were present [at concerts] and heard [the allegedly infringed song]"); *Loomis v. Cornish*, 2013 WL 6044345, *12 (C.D. Cal. Nov. 13, 2013), *aff'd*, 836 F.3d 991 (9th Cir. 2016) (concerts could not evidence widespread dissemination where plaintiff "[did] not dispute that he has no reason to believe that any [defendant] ever attended any performance of BRC."); *Benson v. Coca-Cola Co.*, 795 F.2d 973, 975 (11th Cir. 1986) (no "reasonable possibility" of access where plaintiff "produced no evidence that [defendant's] songwriters visited any of the places of performance").  The evidence should be excluded.

## III.   Plaintiffs Lack Admissible Evidence of Performances of "Joyful Noise"

In addition to being irrelevant, Plaintiffs' evidence of concert performances of "Joyful Noise" is inadmissible, another conclusion this Court correctly reached on summary judgment.  As proof of Gray's concert performances of "Joyful Noise," Plaintiffs did not produce verifiable proof of concerts performances, such as records of payment, or that "Joyful Noise" was performed at the concerts, such as set lists.  Instead, they rely on two documents that simply list dates and cities, which they claim reflect the dates and cities in which Gray performed "Joyful Noise."  Wais Decl., Exs. 1 & 2.  The documents, however, do not identify "Joyful Noise" as having been performed, which makes them meaningless.  *See id*. Moreover, at his deposition, Gray could not authenticate or otherwise lay a foundation for these documents.[5]  Nor could he provide any of the detail that this Court wanted to see—e.g., the names of venues, the audience size, etc.

---

[5] At his deposition, Gray was obviously unfamiliar with the documents and could not even definitively state where the documents originated from, except to state

(…continued)

1   Equally lacking is Plaintiffs' purported evidence of Moore's concerts.  In

2   discovery, all Plaintiffs produced was a declaration from Moore attaching an

3   unauthenticated printout from the website www.songkick.com of some dates,

4   cities, and venues.  Wais Decl., Ex. 3 (Moore Supp. Decl.).  The declaration is not

5   admissible evidence at trial.  Certain entries on the printout do not identify Moore

6   as performing.  None of the entries identify "Joyful Noise" as being performed.

7   Finally, Moore could not even verify the concerts or his performance of "Joyful

8   Noise," simply stating that the printout listed "many of [his] concert[s]" and that he

9   performed "Joyful Noise" at "most, if not all," of his concerts.  *Id*., ¶¶ 4-5.  And

10  this evidence too lacks the detail required by this Court.[6]

11  **IV.   Evidence Of Live Performances Is Prejudicial.**

12  Finally, even if marginally relevant, the evidence should be excluded

13  because it presents a serious risk of prejudice as it will undoubtedly confuse the

14  issues and mislead jurors into speculating that Walter or Gottwald had a reasonable

15  opportunity to hear "Joyful Noise," when, as explained above, it is undisputed that

16  it cannot be.  This is precisely the type of "unfair prejudice" and "misleading [of]

17  the jury" that the Rule 403 seeks to prevent.  *See U.S. v. Espinoza-Baza*, 647 F.3d

18  1182, 1190 (9th Cir. 2011) (affirming exclusion under FRE 403 where the

19  evidence "if admitted, would have created a substantial risk of confusion and that it

20  might have caused the jury to base its verdict on highly speculative evidence...").

21  **CONCLUSION**

22  Defendants respectfully request that the Court grant its motion *in limine*.

23  (…continued)

24  that, for one of the documents (which he admitted he had never seen before), he
    believed that these types of printouts had been sent to his wife from his booking

25  agency.  Wais Decl., Ex. 7, pp. 110, l. 17-112, l. 2; 112, l. 21-114, l. 17.

26  [6] The documents are also inadmissible hearsay without an exception.  They are
    certainly not business records, a conclusion reinforced by Gray's testimony at his

27  deposition.  *See supra*, n. 5.  Indeed, the records do not even belong to Gray.  *Id*.
    (stating that they were perhaps documents received by his wife from others).  For

28  this reason, any attempt by Plaintiffs to rely on the testimony of Gray's wife at trial
    is equally unavailing.

1    DATED: June 12, 2019                MITCHELL SILBERBERG & KNUPP LLP

2
                                         By:  /s/ Aaron M. Wais
3                                        Aaron M. Wais (SBN 250671)
                                         Attorneys for Defendants other than Katheryn
4                                        Elizabeth Hudson, and Kitty Purry, Inc.

5
6    DATED: June 12, 2019                GREENBERG TRAURIG, LLP

7
                                         By:  /s/ Vincent H. Chieffo
8                                        Vincent H. Chieffo (SBN 49069)
                                         Attorneys for Defendants Katheryn Elizabeth
9                                        Hudson p/k/a Katy Perry and Kitty Purry, Inc.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28