CHRISTINE LEPERA (admitted *pro hac vice*)
  ctl@msk.com
JEFFREY M. MOVIT (admitted *pro hac vice*)
  jmm@msk.com
JACOB D. ALBERTSON (admitted *pro hac vice*)
  j1a@msk.com
MITCHELL SILBERBERG & KNUPP LLP
437 Madison Avenue, 25th Floor
New York, New York 10022
Telephone: (212) 509-3900
Facsimile: (212) 509-7239

AARON M. WAIS (SBN 250671)
  amw@msk.com
GABRIELLA A. NOURAFCHAN (SBN 301594)
  gan@msk.com
MITCHELL SILBERBERG & KNUPP LLP
2049 Century Park East, 18th Floor
Los Angeles, California 90067
Telephone: (310) 312-2000
Facsimile: (310) 312-3100

GREENBERG TRAURIG, LLP
VINCENT H. CHIEFFO (SBN 49069)
Email: ChieffoV@gtlaw.com
ALANA C. SROUR (SBN 271905)
Email: SrourA@gtlaw.com
1840 Century Park East, Suite 1900
Los Angeles, CA 90067-2121
Telephone: 310-586-7700
Facsimile: 310-586-7800

Attorneys for Defendants

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| MARCUS GRAY, et al., | CASE NO. 2:15-cv-05642-CAS (JCx) |
| Plaintiffs, | Honorable Christina A. Snyder |
| v. | **DEFENDANTS' MOTION *IN LIMINE* NO. 6 TO EXCLUDE EVIDENCE OF CRITICAL ACCLAIM FOR "JOYFUL NOISE" IN THE CHRISTIAN MUSIC COMMUNITY** |
| KATHERYN ELIZABETH HUDSON, et al., | |
| Defendants. | **Final Pretrial Conference**<br>Date:      July 1, 2019<br>Time:      11:00 a.m.<br>Courtroom: 8D – 8th Fl., First Street |
| | Filed: July 1, 2014<br>Trial: July 16, 2019 |

# NOTICE OF MOTION AND MOTION

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE THAT** at the Pretrial Conference in this matter on July 1, 2019, at 11:00 a.m., or as soon thereafter as counsel may be heard, in Courtroom 8D of the Federal Courthouse located at 350 West 1st Street, Los Angeles, CA 90012, Defendants Capitol Records, LLC, Jordan Houston, Lukasz Gottwald, Sarah Theresa Hudson, Karl Martin Sandberg, Henry Russell Walter, UMG Recordings, Inc., Universal Music Group, Inc., WB Music Corp., Kobalt Music Publishing America, Inc., Kasz Money, Inc., Katheryn Elizabeth Hudson, and Kitty Purry, Inc. (collectively "Defendants") will and hereby do move for an order excluding evidence or argument of the alleged critical acclaim of "Joyful Noise" and the album on which it appeared, *Our World Redeemed*, within the Christian music community, including evidence that:

1. In January 2009, *Our World Redeemed* was a nominee for the Best Rap/Hip Hop Gospel Album of the Year at the Stellar Awards.

2. In February 2009, *Our World Redeemed* was a nominee for the Best Rock or Rap Gospel Album at the 51st Annual Grammy Awards.

3. In April 2009, "Joyful Noise" was a nominee for the Best Rap/Hip Hop Song of the Year at the 40th GMA Dove Awards.

4. *Our World Redeemed* appeared on a Billboard "Top Christian" albums chart in 2008.

5. *Our World Redeemed* appeared on a Billboard "Top Gospel" albums chart in 2008 and 2009.

6. "Joyful Noise" appeared on a Billboard "Gospel Digital Songs" chart in 2011 and 2012.

The grounds for this motion is that these accomplishments in the Christian music community are irrelevant to, and do not tend to prove or disprove that defendants Henry Walter and Lukasz Gottwald—the sole defendants responsible

for creating the allegedly infringing instrumental music for "Dark Horse"—had a reasonable opportunity to hear "Joyful Noise" prior to creating their instrumental music. Fed. R. Evid. 402. Introduction of such evidence would also be unduly prejudicial and confusing. Fed. R. Evid. 403.

This Motion is made following the conferences of counsel pursuant to Local Rules 7-3 and 16-2.6, which took place on May 24, 2019 and June 6, 2019. Wais Decl., ¶ 2. This Motion is based on this Notice of Motion and Motion, the attached Memorandum of Points and Authorities, any supporting declarations, any further briefing regarding this Motion, the pleadings and evidence in the Court's files, and such other evidence and arguments that the Court may consider at the hearing on this Motion.

DATED: June 12, 2019                MITCHELL SILBERBERG & KNUPP LLP

                                    By: /s/ Aaron M. Wais
                                    Aaron M. Wais (SBN 250671)
                                    Attorneys for Defendants other than Katheryn
                                    Elizabeth Hudson, and Kitty Purry, Inc.

DATED: June 12, 2019                GREENBERG TRAURIG, LLP

                                    By: /s/ Vincent H. Chieffo
                                    Vincent H. Chieffo (SBN 49069)
                                    Attorneys for Defendants Katheryn Elizabeth
                                    Hudson p/k/a Katy Perry and Kitty Purry, Inc.

## ATTESTATION REGARDING SIGNATURES

Pursuant to Local Civil Rule 5-4.3.4(a)(2)(i), I hereby attest that all Parties, on whose behalf this entire filing is jointly submitted, concur in this filing's content and have authorized its filing.

Dated: June 12, 2019

/s/ Aaron M. Wais
Aaron M. Wais

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. Introduction and Statement of Relevant Facts

At trial, Plaintiffs bear the burden of proving that defendants Walter and Gottwald—the sole defendants responsible for creating the allegedly infringing instrumental music for "Dark Horse"[1]—copied "Joyful Noise" in creating their instrumental music. This means Plaintiffs must prove access—meaning that Walter or Gottwald had a reasonable opportunity to hear "Joyful Noise" before creating the instrumental music for "Dark Horse"—as well as substantial similarity. As to access, Plaintiffs have long admitted that they have no direct evidence of Walter or Gottwald having had an opportunity to hear "Joyful Noise" or circumstantial evidence that they heard it through a chain of events (i.e., an intermediary). They have confirmed that they will not argue either theory at trial.

Instead, Plaintiffs' sole theory of access has always been that "Joyful Noise" was allegedly "widely disseminated" such that a jury could infer that Walter or Gottwald had a reasonable opportunity to hear the song. In furtherance of this theory, at trial, Plaintiffs intend to introduce evidence that, in 2009, "Joyful Noise" and the album on which it appeared, *Our World Redeemed*, were nominated for three Christian music awards and, in various years, appeared on three Billboard Christian music charts. This evidence should be excluded because Walter and Gottwald were not participating in the relevant niche market of Christian music. *See infra*, pp. 6-8 (collecting evidence and citing authorities). Instead, as Plaintiffs concede, they **"operate in a far different music universe."**[2] As such, the song and album's alleged acclaim within that niche market is irrelevant to access and should be excluded. Its introduction is also prejudicial and confusing.[3]

---

[1] *See* Dkt. 287, p. 3, ¶ 11; Dkt. 299, pp. 3-4.

[2] Dkt. 155, pp. 8:27-9:1 (emphasis added).

[3] The Court did consider the Billboard charts on summary judgment; as discussed below, however, the evidentiary record on this point has changed since summary judgment with a representative of Billboard being deposed.

## II. Evidence of Christian Music Awards and Appearances on Billboard Christian Charts Is Irrelevant To Access.

Only relevant evidence, which is defined as evidence having "any tendency to make a fact [of consequence to the action] more or less probable than it would be without the evidence[,]" is admissible. Fed. R. Evid. 401, 402. Here, Plaintiffs contend that evidence that *Our World Redeemed* and "Joyful Noise" received nominations for three Christian music awards and appeared on three Billboard Christian music charts is relevant to access; *i.e.*, it can support an inference that Walter and Gottwald had a reasonable opportunity to hear "Joyful Noise." Not so.

The evidence through which a plaintiff can prove access is well-defined. A plaintiff can prove access through "proof that defendant actually viewed, read, or heard the work at issue." *Briggs v. Blomkamp*, 70 F. Supp. 3d 1155, 1165 (N.D. Cal. Oct. 3, 2014). "Where there is no direct evidence of access, circumstantial evidence can be used to prove access either by (1) establishing a chain of events linking the plaintiff's work and the defendant's access, or (2) showing that the plaintiff's work has been widely disseminated." *Loomis v. Cornish*, 836 F.3d 991, 995 (9th Cir. 2016); Ninth Cir. Jury Instr. 17.18, Supp. Instr. In *Loomis*, the Ninth Circuit summarized two types of "widespread dissemination" cases: (1) those where a song achieves "an appreciable level of *national* saturation," which centers on "the degree of a work's commercial success and on its distribution through radio, television, and other relevant mediums" and (2) those where there is "saturation in a relevant market in which both the plaintiff and the defendant participate." *Id*. at 994-95, 997-98 (citing cases).

Regardless of the theory of access, the evidence must support a "*reasonable possibility, not merely a bare possibility*," that the defendant heard the work. *Loomis*, 836 F.3d at 995; *Three Boys Music Corp. v. Bolton*, 212 F.3d 477, 482-84 (9th Cir. 2000) (reasonable opportunity requires more than mere speculation or conjecture). As such, even in the context of widespread dissemination, a plaintiff

must prove facts that explain why and how the specific dissemination sought to be proven would support an inference that the defendant author had a *reasonable* opportunity to hear plaintiff's song.  For example, in *Loomis*, plaintiff attempted to prove access by presenting evidence that the defendant songwriters were recording songs in Santa Barbara at the same time that plaintiff's song was "receiving 'tons of airplay' on local radio stations" and national and local newspapers were carrying stories about the band's achievements.  *Loomis*, 836 F.3d at 998.  The Ninth Circuit, however, rejected this evidence, concluding that the fact that plaintiff's song had saturated the local Santa Barbara music scene was completely irrelevant because the defendant songwriters were not participating in the Santa Barbara music scene.  *See id*.; *see also Guzman v. Hacienda Records & Rec. Studio, Inc.*, 2014 WL 6982331, at *5-6 (S.D. Tex. Dec. 9, 2014), *aff'd* 808 F.3d 1031 (5th Cir. 2015) (a song was not "widely disseminated" where it "did not achieve popularity outside of the Tejano music scene").[4]

Here, evidence of Christian music awards and appearances on Billboard Christian charts is obviously not direct evidence that Walter or Gottwald heard "Joyful Noise" or circumstantial evidence that one of them heard it through a chain of events (e.g., an intermediary).  Instead, at best, the evidence is arguably relevant to proving that "Joyful Noise" reached a sufficient level of saturation in the Christian music world to constitute widespread dissemination in that niche market.[5]

---

[4] This is true even in cases finding access.  In *Three Boys Music Corp.*, for example, the Ninth Circuit upheld a jury's finding that it was reasonable for the jury to infer that the songwriters, Bolton and Goldmark, had heard plaintiff's song because it "was widely disseminated on radio and television stations *where Bolton and Goldmark grew up*" (*Three Boys Music Corp.*, 212 F.3d at 483-84) (emphasis added) **and** Bolton also admitted that he "grew up listening to groups such as the Isley Brothers," was a "huge fan," a "collector of their music," "kn[ew] everything [the Isley Brothers had] done" (*id*.), and had even expressed concern to his co-writer that they "were copying a song by another famous soul singer." *Id*. at 484.

[5] Plaintiffs have not argued and cannot plausibly argue that acclaim in the Christian music world equals *national* saturation.  They have no evidence to support such a contention and it is contrary to common sense.  Indeed, Billboard's representative (…continued)

1    Yet, pursuant to *Loomis*, *Three Boys*, and *Guzman*, the dissemination and
2 popularity of a copyrighted work in a specific niche market cannot be used to infer
3 access by the defendant authors unless the defendants participated in that specific
4 market.  Here, it is undisputed that Walter and Gottwald were not participants in
5 the relevant niche market, and did not follow, listen to, or search online for music
6 falling within that genre of music.  Wais Decl., Ex. 1 (Walter MSJ Decl.), ¶¶ 9-10,
7 18-19; Ex. 2 (Gottwald MSJ Decl.), ¶¶ 8-9, 17-18.  As such, evidence of Christian
8 music award nominations and appearances on Billboard Christian music charts
9 cannot support an inference that Walter or Gottwald had a reasonable opportunity
10 to hear "Joyful Noise."  Thus, the evidence is irrelevant and should be excluded.

11    Nor should Plaintiffs be heard to argue otherwise.  Lacking actual evidence
12 of access, Plaintiffs' goal at trial is plainly to try and confuse the jury by throwing
13 out as much evidence as possible that some *unknown* persons heard "Joyful Noise"
14 in the hopes that the jury will speculate—without basis—that Walter and Gottwald
15 were among that group.  Yet, while the fact that the song attained some level of
16 prominence *in the Christian music community* might make it reasonable to infer
17 that someone *in that community* heard "Joyful Noise," it does not raise even a bare
18 possibility, much less a reasonable possibility, that Walter and Gottwald heard the
19 song.  *See supra*, pp. 6-7 (citing *Loomis*, *Three Boys*, and *Guzman*).  It is complete
20 conjecture.  Again, the evidence is irrelevant and should be excluded.

21  **III.  The Evidence is Prejudicial and Confusing.**

22    Even if there is some marginal relevance, and there is not, the evidence
23 should also be excluded because of the serious risk of prejudice presented by the
24 introduction of this evidence at trial.  Fed. R. Evid. 403.  Again, Plaintiffs' goal at

---

(…continued)
testified that songs and albums on the Christian music charts are not as popular as songs and albums appearing on charts that span all genres or charts specific to the mainstream top 40, Rock, R&B/Hip-Hop, and Country genres.  Wais Decl., Ex. 3 (Pietroluongo Depo. Tr.), pp. 23, l. 7-24, l. 16.  Indeed, "most [genres] are larger than gospel and Christian."  *Id*.

trial is to confuse the issues and mislead jurors into inferring access based on a host of irrelevant evidence.  *See supra*, pp. 6-8; *see also* Defs. Mtns. Limine Nos. 4, 5, 7-10.  The introduction of the evidence at issue here will feed into that goal and undoubtedly confuse the issues and mislead jurors into assigning inappropriate probative weight to the fact that *Our World Redeemed* and "Joyful Noise" received Christian music award nominations and appeared on Billboard Christian music charts, thereby allowing them to speculate and conclude that such evidence somehow proves that Walter or Gottwald had a reasonable opportunity to hear "Joyful Noise," when, as explained above, it does not.  This is precisely the type of "unfair prejudice" and "misleading [of] the jury" that the Rule 403 seeks to prevent.  *See U.S. v. Espinoza-Baza*, 647 F.3d 1182, 1190 (9th Cir. 2011) (affirming exclusion under FRE 403 where the evidence "if admitted, would have created a substantial risk of confusion and that it might have caused the jury to base its verdict on highly speculative evidence rather than [defendant's] guilt or innocence.").  Given the lack of probative value and a real and legitimate risk of causing confusion at trial, this evidence should be excluded.

## CONCLUSION

Defendants respectfully request that the Court grant its motion *in limine*.

DATED: June 12, 2019            MITCHELL SILBERBERG & KNUPP LLP

By: /s/ Aaron M. Wais
Aaron M. Wais (SBN 250671)
Attorneys for Defendants other than Katheryn Elizabeth Hudson, and Kitty Purry, Inc.

1 | DATED: June 12, 2019

GREENBERG TRAURIG, LLP

By: /s/ Vincent H. Chieffo
Vincent H. Chieffo (SBN 49069)
Attorneys for Defendants Katheryn Elizabeth Hudson p/k/a Katy Perry and Kitty Purry, Inc.

**DEFENDANTS' MIL NO. 6 EXCLUDING EVIDENCE OF CHRISTIAN SUCCESS**

Mitchell Silberberg & Knupp LLP

11134805.1