CHRISTINE LEPERA (admitted *pro hac vice*)
  ctl@msk.com
JEFFREY M. MOVIT (admitted *pro hac vice*)
  jmm@msk.com
JACOB D. ALBERTSON (admitted *pro hac vice)*
  j1a@msk.com
MITCHELL SILBERBERG & KNUPP LLP
437 Madison Avenue, 25th Floor
New York, New York 10022
Telephone: (212) 509-3900
Facsimile: (212) 509-7239

AARON M. WAIS (SBN 250671)
  amw@msk.com
GABRIELLA A. NOURAFCHAN (SBN 301594)
  gan@msk.com
MITCHELL SILBERBERG & KNUPP LLP
2049 Century Park East, 18th Floor
Los Angeles, California 90067
Telephone: (310) 312-2000
Facsimile: (310) 312-3100

GREENBERG TRAURIG, LLP
VINCENT H. CHIEFFO (SBN 49069)
Email: ChieffoV@gtlaw.com
ALANA C. SROUR (SBN 271905)
Email: SrourA@gtlaw.com
1840 Century Park East, Suite 1900
Los Angeles, CA 90067-2121
Telephone: 310-586-7700
Facsimile: 310-586-7800

Attorneys for Defendants

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| MARCUS GRAY, et al., | CASE NO. 2:15-cv-05642-CAS (JCx) |
| Plaintiffs, | Honorable Christina A. Snyder |
| v. | **DEFENDANTS' MOTION *IN LIMINE* NO. 8 TO EXCLUDE UNTIMELY AND UNAUTHENTICATED YOUTUBE SCREENSHOT** |
| KATHERYN ELIZABETH HUDSON, et al., | |
| Defendants. | **Final Pretrial Conference** Date:       July 1, 2019 Time:      11:00 a.m. Courtroom:  8D – 8th Fl., First Street |
| | Filed:     July 1, 2014 Trial:     July 16, 2019 |

## <u>NOTICE OF MOTION AND MOTION</u>

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE THAT** at the Pretrial Conference in this matter on July 1, 2019, at 11:00 a.m., or as soon thereafter as counsel may be heard, in Courtroom 8D of the Federal Courthouse located at 350 West 1st Street, Los Angeles, CA 90012, Defendants Capitol Records, LLC, Jordan Houston, Lukasz Gottwald, Sarah Theresa Hudson, Karl Martin Sandberg, Henry Russell Walter, UMG Recordings, Inc., Universal Music Group, Inc., WB Music Corp., Kobalt Music Publishing America, Inc., Kasz Money, Inc., Katheryn Elizabeth Hudson, and Kitty Purry, Inc. (collectively "Defendants") will and hereby do move for an order excluding a screen capture of the url: https://web.archive.org/web/20120724002932/https://www.youtube.com/watch?v= MllhC0qyEjY. Wais Decl. Ex. 1 (Kahn 6/11 Email), attachment thereto.

The evidence should be excluded on the grounds that it (1) was untimely disclosed (2) lacks foundation; (3) is not authenticated; and (4) is hearsay.

Given the untimely disclosure of this document, the parties could not meet and confer in person or by telephone about this Motion; instead, the parties exchanged emails on June 11 and 12, 2019, in which Plaintiffs identified the document for the first time and Defendants stated their intent to object to it and to move to exclude it.  Wais Decl., ¶ 3 & Exs. 1 & 2.

This Motion is based on this Notice of Motion and Motion, the attached Memorandum of Points and Authorities, any supporting declarations, any further briefing regarding this Motion, the pleadings and evidence in the Court's files, and such other evidence and arguments that the Court may consider at the hearing on this Motion.

DATED: June 12, 2019                 MITCHELL SILBERBERG & KNUPP LLP

                                     By:  /s/ Aaron M. Wais
                                     Aaron M. Wais (SBN 250671)
                                     Attorneys for Defendants other than Katheryn
                                     Elizabeth Hudson, and Kitty Purry, Inc.

DATED: June 12, 2019                 GREENBERG TRAURIG, LLP

                                     By:  /s/ Vincent H. Chieffo
                                     Vincent H. Chieffo (SBN 49069)
                                     Attorneys for Defendants Katheryn Elizabeth
                                     Hudson p/k/a Katy Perry and Kitty Purry, Inc.

### **ATTESTATION REGARDING SIGNATURES**

Pursuant to Local Civil Rule 5-4.3.4(a)(2)(i), I hereby attest that all Parties, on whose behalf this entire filing is jointly submitted, concur in this filing's content and have authorized its filing.

Dated:  June 12, 2019                  /s/ Aaron M. Wais
                                       Aaron M. Wais

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    Introduction and Statement of Relevant Facts

A party should not be able to sandbag their opponent by offering at trial documents not previously disclosed.  Yet that is exactly what Plaintiffs attempt to do here.  On June 11, 2019—i.e., almost five years after Plaintiffs initiated this lawsuit (Dkt. 1), over one year after fact discovery closed (Dkt. 267), just over a month before trial, and the day before the parties' motions *in limine* were due—Plaintiffs suddenly produced a screenshot from the Internet Archive that purports to show an archived copy of a YouTube page for a video titled "Joyful Noise" – Official Music Video: FLAME feat. Lecrae & John Reilly, dated July 24, 2012. Wais Decl., Ex. 1, attachment thereto.

In producing this document, Plaintiffs did not provide any rationale for their gross delay in producing the document but instead stated their plan "to mark this as an exhibit and get either a business records declaration from the Internet Archive organization [] or testimony from Google's witness," as if the parties were in the midst of discovery.  *Id*., Ex. 1.  The time, however, for Plaintiffs to have produced this document, much less obtained testimony relating to it, came and went a year ago and, as discussed below, Plaintiffs lack substantial justification for their delay and cannot show their delay is harmless.  To the contrary, introduction of the document at trial would severely prejudice Defendants.  The Court should exclude the document at trial for this reason, as well as because it lacks foundation, has not been authenticated, and is hearsay without an exception.

### II.   The Court Should Exclude the Untimely Produced Document.

Rule 26(a) requires production of "a copy—or description by category and location—of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment." Fed. R. Civ. P. 26(a)(1)(A)(ii).  A party must also timely supplement its

1   disclosures in discovery.  Fed. R. Civ. P. 26(e)(1)(A).  When a party fails to meet

2   its obligations by not producing a document, the party "is not allowed to use that

3   information [] to supply evidence … at a trial, unless the failure was substantially

4   justified or is harmless."  Fed. R. Civ. P. 37(c)(1); *see also Yeti by Molly, Ltd. v.*

5   *Deckers Outdoor Corp.*, 259 F.3d 1101, 1105-06 (9th Cir. 2001).

6        Evidence exclusion under Rule 37(c)(1) is "self-executing" and "automatic."

7   *Id*. at 1106 (quoting Fed R. Civ. P. 37 Adv. Comm. Notes to 1993 Am.).  The goal

8   is to "provide[] a strong inducement for disclosure of material" in discovery.  *Id*.

9   Consistently, courts frequently preclude parties from introducing documents at trial

10  that were not disclosed in discovery absent a showing of substantial justification or

11  harmlessness.  *See Shenzhenshi Hatiecheng Science and Tech. Co., Ltd. v. Rearden*

12  *LLC*, 2016 WL 11187258, at *1 & n.3 (N.D. Cal. Nov. 15, 2016) (excluding

13  documents produced after the discovery cut off and "on the eve of trial").

14       Here, Plaintiffs initiated this lawsuit on July 8, 2014.  Dkt. No. 1.  They then

15  had ***four years*** in which to produce documents in support of their claims before

16  discovery closed on May 25, 2018. Wais Decl., Ex. 3 (Sch. Order). Yet, they did

17  not produce the screenshot at issue until June 11, 2019, over a year ***after*** the close

18  of discovery.  *Id*., Ex. 1.  Pursuant to Rule 37, the result is "automatic": the

19  document should be excluded unless Plaintiffs can substantially justify its non-

20  production or prove it to be harmless.  Plaintiffs cannot make either showing.

21       Initially, there is no question that the document is one that Plaintiffs were

22  required to have produced.  Fed. R. Civ. P. 26(a)(1)(A)(ii).  At trial, Plaintiffs bear

23  the burden of proving, *inter alia*, that defendants Walter and Gottwald had a

24  reasonable opportunity to hear "Joyful Noise" before creating the instrumental

25  music for "Dark Horse."  In this regard, Plaintiffs' sole theory of access has always

26  been that "Joyful Noise" was allegedly "widely disseminated" such that a jury

27  could infer that Walter or Gottwald had a reasonable opportunity to hear the song.

28  And, since the inception of this case, Plaintiffs have insisted that evidence that

YouTube videos of Joyful Noise are evidence of the alleged widespread dissemination of the song.[1] Wais Decl., Ex. 4 (Inter. Rsps., *dated 04/15/2016*). Undoubtedly, the belatedly produced screenshot—which purports to show a *sixth* video of Joyful Noise—supports Plaintiffs' claims, yet they never produced it.

Plaintiffs failed to produce it even though both sides conducted extensive discovery into the issue of YouTube videos, including subpoenaing Google (who owns YouTube) for documents and information relevant to YouTube videos containing "Joyful Noise."  Through that discovery, in December 2017, Google authenticated and produced information regarding *five* different YouTube videos of "Joyful Noise," including the play counts for those videos from 2008 through March 2012.[2]  *See id.*, Ex. 5 (Truher Decl.).  Google also produced additional information about the YouTube platform, including the huge number of views earned by the top viewed videos in each year and issues affecting the reliability of play counts.[3]  *See id.*, Ex. 6 (Supp. Truher Decl.).  The parties then litigated summary judgment on the basis of this information.  This information, as well as

---

[1] Defendants, in turn have always maintained—and continue to maintain—that the availability of "Joyful Noise" on YouTube does not prove widespread dissemination and cannot be used to infer that Walter or Gottwald had a reasonable opportunity to hear "Joyful Noise" because the immense volume of content available on YouTube, coupled with the fact that Walter and Gottwald had no knowledge of Plaintiffs or their music to even known to look for "Joyful Noise" on YouTube, means there is no more than a bare possibility that either saw it on YouTube.  *See Loomis v. Cornish*, 836 F.3d 991, 995 (9th Cir. 2016) (evidence must support a "*reasonable* possibility, not merely a bare possibility," that the defendant heard the work) (emphasis added).  *See, e.g., Batts v. Adams*, 2011 WL 13217923, at \*4 (C.D. Cal. Feb. 8, 2011) ("[P]osting of videos and/or songs on YouTube, Amazon.com, and iTunes by an unknown singer, [*inter alia*] 'can only be described as the modern day equivalent of looking for a needle in a haystack—where the alleged seeker does not know the needle exists, and isn't looking for it.'").  This conclusion is only bolstered by the fact that it took Plaintiffs nearly five years to discover and produce this screenshot, notwithstanding their vested interest in finding any and all videos of "Joyful Noise" on the Internet during discovery.  The internet—including YouTube—is a vast universe.

[2] The play counts for each of the five "Joyful Noise" videos for those four years ranged from 7,283 views to 561,718 views; the aggregate play count was 1.365 million views.  *Id*.

[3] In any given year, the top videos in any given year racked up view counts of hundreds of millions to billions of views in a single year.  *Id*.

additional information produced by YouTube (e.g., about the exceptionally colossal volume of content on YouTube), also served as the basis for the opinions of Defendants' YouTube expert and a stipulation for trial purposes between the parties as to the facts provided by YouTube in discovery (a stipulation that is settled other than Plaintiffs' attempt to include this new screenshot). *See id.*, Ex. 7 (Rosenblatt Report) & Ex. 8 (Email re: Stipulation).

There is no justification for Plaintiffs failing to produce the screenshot or seek discovery into this purported video before now.  And while Plaintiffs claim that they did produce another screenshot concerning this video in May 2016—a screenshot that was unauthenticated and from outside the relevant date range (Wais Decl., Ex. 9)—this only makes Plaintiffs' inaction worse because it shows that Plaintiffs were aware that another video might exist yet took no steps over the next two years of discovery to obtain information about it.  *Shenzhenshi*, 2016 WL 11187258, at *1 (no justification where "actions show that they suspected that additional documents existed").  In doing so, they also prevented Defendants from obtaining discovery about the purported video, which is prejudicial to Defendants.

Defendants' inability to test the screenshot through discovery is not the only way that Plaintiffs' untimely disclosure would harm Defendants.  The parties have spent the entirety of this case litigating over access, including through YouTube videos.  This discovery revealed five videos.  On the basis of that revelation—and the five videos—Defendants procured expert testimony and have otherwise been preparing for trial, including stipulating to facts regarding YouTube.  To allow Plaintiffs to now introduce this document, which is not authenticated, lacks proper foundation, and is hearsay (*infra*, p. 8)—would be to undermine Defendants' extensive trial preparation.  The document should be excluded.

## III.   The Screenshot is Otherwise Inadmissible.

In addition to being untimely and prejudicial, the screenshot itself is inadmissible because it has not been authenticated, lacks proper foundation, and is

Mitchell Silberberg & Knupp LLP

11134809.1

hearsay.  Fed. R. Evid. 901, 602, 801, 802. The screenshot is simply something that Plaintiffs pulled off the internet; there is no testimony that they have identified to authenticate or lay a foundation for the screenshot itself, much less its contents—e.g., that a video of "Joyful Noise" was available on YouTube on July 24, 2012 and, as of that date, had a view count of 2.6 million views.  There is a reason that Plaintiffs were required to obtain testimony directly from Google about the five videos at issue and their view counts.  In addition, to the extent that Plaintiffs seek to rely on the screenshot to prove that a video of "Joyful Noise" had been "played" a certain number of times as of the date the page was captured by the Internet Archive, the screenshot is inadmissible double hearsay offered for its truth, with no applicable exception.  The first layer of hearsay is seeking to admit the screenshot to prove that it is an accurate capture of the webpage captured.  The second layer is seeking to admit the screenshot to prove the truth of specific statements within the screenshots, e.g., the number of plays is actually the number of plays stated.  Absent testimony of a witness with knowledge of the documents, printouts of webpages lack foundation, authentication, and are hearsay.  *Costa v. Keppel Sing-marine Dockyard PTE, Ltd.*, 2003 WL 24242419, at *7 n. 74 (C.D. Cal. Apr. 24, 2003) (printouts inadmissible where offering party "[did] not proffer the testimony of a [corporate] representative attesting that the information on the website was placed there by the corporation."); *Loussier v. Universal Music Group, Inc.*, 2005 WL 5644421, at *4 (S.D.N.Y. July 14, 2005) (printouts are "inadmissible hearsay [as] they constitute out-of-court statements being offered to prove that the mix tapes were being sold on eBay" and also "lack[] authentication … there is insufficient evidence to support a finding that the mix tapes actually existed.").

## CONCLUSION

Defendants respectfully request that the Court grant its motion *in limine*.

1  DATED: June 12, 2019         MITCHELL SILBERBERG & KNUPP LLP

2

3                              By:  /s/ Aaron M. Wais
                               Aaron M. Wais (SBN 250671)
4                              Attorneys for Defendants other than Katheryn
                               Elizabeth Hudson, and Kitty Purry, Inc.
5

6  DATED: June 12, 2019         GREENBERG TRAURIG, LLP

7

8                              By:  /s/ Vincent H. Chieffo
                               Vincent H. Chieffo (SBN 49069)
9                              Attorneys for Defendants Katheryn Elizabeth
                               Hudson p/k/a Katy Perry and Kitty Purry, Inc.
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Mitchell
Silberberg &
Knupp LLP

11134809.1

9

**DEFENDANTS' MIL NO. 8 EXCLUDING YOUTUBE SCREENSHOT**