CHRISTINE LEPERA (admitted *pro hac vice*)
ctl@msk.com
JEFFREY M. MOVIT (admitted *pro hac vice*)
jmm@msk.com
JACOB D. ALBERTSON (admitted *pro hac vice)*
j1a@msk.com
MITCHELL SILBERBERG & KNUPP LLP
437 Madison Avenue, 25th Floor
New York, New York 10022
Telephone: (212) 509-3900
Facsimile: (212) 509-7239

AARON M. WAIS (SBN 250671)
amw@msk.com
GABRIELLA A. NOURAFCHAN (SBN 301594)
gan@msk.com
MITCHELL SILBERBERG & KNUPP LLP
2049 Century Park East, 18th Floor
Los Angeles, California 90067
Telephone: (310) 312-2000
Facsimile: (310) 312-3100

GREENBERG TRAURIG, LLP
VINCENT H. CHIEFFO (SBN 49069)
Email: ChieffoV@gtlaw.com
ALANA C. SROUR (SBN 271905)
Email: SrourA@gtlaw.com
1840 Century Park East, Suite 1900
Los Angeles, CA 90067-2121
Telephone: 310-586-7700
Facsimile: 310-586-7800

Attorneys for Defendants

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

MARCUS GRAY, et al.,

Plaintiffs,

v.

KATHERYN ELIZABETH HUDSON, et al.,

Defendants.

CASE NO. 2:15-cv-05642-CAS (JCx)

Honorable Christina A. Snyder

**DEFENDANTS' MOTION *IN LIMINE* NO. 11 TO EXCLUDE EVIDENCE OR ARGUMENT RELATING TO DEFENDANTS' FINANCIAL CONDITION**

**Final Pretrial Conference**
Date: July 1, 2019
Time: 11:00 a.m.
Courtroom: 8D – 8th Fl., First Street

Filed: July 1, 2014
Trial: July 16, 2019

# NOTICE OF MOTION AND MOTION

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE THAT** at the Pretrial Conference in this matter on July 1, 2019, at 11:00 a.m., or as soon thereafter as counsel may be heard, in Courtroom 8D of the Federal Courthouse located at 350 West 1st Street, Los Angeles, CA 90012, Defendants Capitol Records, LLC, Jordan Houston, Lukasz Gottwald, Sarah Theresa Hudson, Karl Martin Sandberg, Henry Russell Walter, UMG Recordings, Inc., Universal Music Group, Inc., WB Music Corp., Kobalt Music Publishing America, Inc., Kasz Money, Inc., Katheryn Elizabeth Hudson, and Kitty Purry, Inc. (collectively "Defendants") will and hereby do move for an order excluding any evidence or argument relating to Defendants' general wealth or financial resources, or comparing Plaintiffs' and Defendants' financial resources at trial.

This evidence should be excluded on the grounds that it is irrelevant and unduly prejudicial. Fed. R. Evid. 401, 402, 403.

This Motion is made following the conference of counsel pursuant to Local Rules 7-3 and 16-2.6, which took place on May 24, 2019 and June 6, 2019. Wais Decl., ¶ 2. This Motion is based on this Notice of Motion and Motion, the attached Memorandum of Points and Authorities, any supporting declarations, any further briefing regarding this Motion, the pleadings and evidence in the Court's files, and such other evidence and arguments that the Court may consider at the hearing on this Motion.

DATED: June 12, 2019

MITCHELL SILBERBERG & KNUPP LLP

By: /s/ Aaron M. Wais
Aaron M. Wais (SBN 250671)
Attorneys for Defendants other than Katheryn Elizabeth Hudson, and Kitty Purry, Inc.

DATED: June 12, 2019

GREENBERG TRAURIG, LLP

By: /s/ Vincent H. Chieffo
Vincent H. Chieffo (SBN 49069)
Attorneys for Defendants Katheryn Elizabeth Hudson p/k/a Katy Perry and Kitty Purry, Inc.

## ATTESTATION REGARDING SIGNATURES

Pursuant to Local Civil Rule 5-4.3.4(a)(2)(i), I hereby attest that all Parties, on whose behalf this entire filing is jointly submitted, concur in this filing's content and have authorized its filing.

Dated: June 12, 2019

/s/ Aaron M. Wais
Aaron M. Wais

## MEMORANDUM OF POINTS AND AUTHORITIES

This motion seeks to exclude any argument or evidence at trial regarding Defendants' general wealth or comparing the relative wealth of Plaintiffs and Defendants. This motion is necessary because while Plaintiffs agree that such evidence has no relevance to the claims or defenses at issue. While and Plaintiffs have stated that they generally do not intend to offer such evidence, they nonetheless will not agree to a blanket prohibition on such argument or evidence.

There is no logical explanation for Plaintiffs' refusal other than that Plaintiffs are being coy and *do* intend to make these prejudicial arguments at trial. This is plainly improper. Evidence of Defendants' wealth and comparisons of the parties' respective financial status has no bearing on whether or not Defendants infringed Plaintiffs' alleged copyright in "Joyful Noise" or on the damages allegedly owed to Plaintiffs' as a result of any alleged infringement and poses a serious risk of creating jury bias against Defendants and artificially inflating the size of a potential damages award. The evidence should be excluded outright.

## LEGAL STANDARD

Only relevant evidence, which is defined as evidence having "any tendency to make a fact [of consequence to the action] more or less probable than it would be without the evidence[,]" is admissible. Fed. R. Evid. 401, 402. Even if evidence is relevant, it is admissible only if its probative value is not "substantially outweighed" by the risk of "unfair prejudice, confusing the issues, misleading the jury, undue delay, waste of time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. Motions *in limine* serve to preclude testimony or evidence that would "distract and possibly confuse the jury with marginally relevant matters and consume time, thereby unnecessarily delaying the proceedings." *Ellis v. Navarro*, 2012 WL 3580284, at *7 (N.D. Cal. Aug. 17, 2012).

## ARGUMENT

### I. Evidence Of Defendants' Financial Condition Is Irrelevant.

As an initial matter, and as this Court has held in other cases, evidence of a defendant's net worth or financial resources is typically inadmissible as proof of liability or compensatory damages. *See Engman v. City of Ontario*, 2011 WL 2463178, at *10 (C.D. Cal. June 20, 2011)[1]; *Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977) ("It has been widely held by the courts that have considered the problem that the financial standing of the defendant is inadmissible . . . in determining the amount of compensatory damages to be awarded.") (collecting cases); *Pennington v. Clayton Indus.*, 2002 WL 34357428, at *3 (C.D. Cal. Apr. 18, 2002) ("Statements concerning the wealth of defendant … are irrelevant and inadmissible.").

There is no conceivable reason that Defendants' general wealth and financial resources would make it more or less likely that they infringed Plaintiffs' supposed copyright in "Joyful Noise." Nor is it relevant to Plaintiffs' claim for lost profits; indeed, the Ninth Circuit has squarely held that courts may not determine the amount of lost profits by looking to a defendant's "overall gross revenue, without regard to the [alleged] infringement." *Polar Bear Prods., Inc. v. Timex Corp.*, 384 F.3d 700, 711 (9th Cir. 2004) ("[A] copyright plaintiff is bound to no more and no less than its statutory obligation to demonstrate a causal nexus between the infringement and the profits sought.").[2]

---

[1] As this Court made clear in *Engman*, it may be appropriate to allow evidence of a defendant's financial condition at a punitive damages phase. *See Engman*, 2011 WL 2463178 at *10. But that exception is not germane here: Plaintiffs have not asserted any claim for punitive damages, and punitive damages are not recoverable under the Copyright Act in any event. *See, e.g., Agee v. Paramount Commc'ns, Inc.* 114 F.3d 395, 396-97 (2d Cir. 1997) ("[P]unitive damages are not available under the Copyright Act."); *Reincke v. Creative Empire, LLC*, 2013 WL 275900, at *5 (S.D. Cal. Jan. 24, 2013) (citing "[n]umerous district court cases" in support of proposition that "[p]unitive damages are not available under the Copyright Act").

[2] Defendants do not object to the introduction of Defendants' financial income from their exploitation of "Dark Horse." *See Fahmy v. Jay Z*, 2015 WL 5680299, at *16 (C.D. Cal. Sept. 24, 2015).

Mitchell Silberberg & Knupp LLP
11134824.1

**II. Evidence Of Defendants' Financial Condition Is Unduly Prejudicial.**

As courts have long recognized, evidence of a defendant's general financial condition is not only irrelevant; it is often prejudicial and distracts the jury from the real issues. Fed. R. Evid. 403; *see also TXO Production Corp. v. Alliance Resources Corp.*, 509 U.S. 443, 464 (1993) ("[T]he emphasis on the wealth of the wrongdoer increased the risk that the award may have been influenced by prejudice against large corporations."); *In re Homestore.com, Inc. Sec. Litig.*, 2011 WL 291176, at *1 (C.D. Cal. Jan. 25, 2011) ("Evidence of a party's financial condition is generally not relevant and can be unduly prejudicial, as it can distract the jury from the real issues in the case."). This case presents a classic example of why such evidence is inadmissible.

As explained above, the core issues in this case, *i.e.*, whether Defendants allegedly infringed Plaintiffs' alleged copyright in the composition "Joyful Noise," and the amount of damages causally linked to the purported infringement, have nothing to do with Defendants' financial resources. Whatever debatable relevance there might be of Defendants' financial condition (and Defendants submit there is none), it is vastly outweighed by the risk that it will "increase jurors' comfort level in making a large damages award." *U.S. ex rel. Miller v. Bill Harbert Int'l Constr., Inc.*, 865 F. Supp. 2d 1, 12 (D.D.C. 2011) (citation and quotation marks omitted).

Evidence of Defendants' general wealth is also prejudicial because it will confuse the jury, distract them from the issues, and needlessly extend an already lengthy trial. *See Geddes*, 559 F.2d at 560 (characterizing a defendant's wealth as a "foreign, diverting, and distracting issue"). Indeed, evidence of a defendant's financial condition so often improperly influences the jury that its admission often requires a new trial. *See, e.g., Burke v. Deere & Co.*, 6 F.3d 497, 513 (8th Cir. 1993); *Draper v. Airco, Inc.*, 580 F.2d 91, 94-95 (3d Cir. 1978).

By refusing to agree to a blanket exclusion of this evidence, it is obvious that Plaintiffs clearly want to have the option to set forth a "David and Goliath"

narrative at trial; however, that is not a basis for admitting this evidence. And even if evidence of Defendants' general wealth had some marginal probative value, which it does not, that evidence is so prejudicial that Rule 403 requires its exclusion. *Fahmy*, 2015 WL 5680299, at *16 ("evidence of [defendants'] financial resources will unduly prejudice the jury and could result in an outsized award of damages.") (collecting cases).

## CONCLUSION

For the foregoing reasons, this Court should grant Defendants' motion *in limine* and enter an order precluding Plaintiffs from offering any evidence or argument relating to Defendants' general wealth or financial resources, or comparing Plaintiffs' and Defendants' financial resources at trial.

DATED: June 12, 2019

MITCHELL SILBERBERG & KNUPP LLP

By: /s/ Aaron M. Wais
Aaron M. Wais (SBN 250671)
Attorneys for Defendants other than Katheryn Elizabeth Hudson, and Kitty Purry, Inc.

DATED: June 12, 2019

GREENBERG TRAURIG, LLP

By: /s/ Vincent H. Chieffo
Vincent H. Chieffo (SBN 49069)
Attorneys for Defendants Katheryn Elizabeth Hudson p/k/a Katy Perry and Kitty Purry, Inc.