| | |
|---|---|
| 1 | CHRISTINE LEPERA (admitted *pro hac vice*) |
|   | ctl@msk.com |
| 2 | JEFFREY M. MOVIT (admitted *pro hac vice*) |
|   | jmm@msk.com |
| 3 | JACOB D. ALBERTSON (admitted *pro hac vice*) |
|   | j1a@msk.com |
| 4 | MITCHELL SILBERBERG & KNUPP LLP |
|   | 437 Madison Avenue, 25th Floor |
| 5 | New York, New York 10022 |
|   | Telephone: (212) 509-3900 |
| 6 | Facsimile: (212) 509-7239 |
| 7 | AARON M. WAIS (SBN 250671) |
|   | amw@msk.com |
| 8 | GABRIELLA A. NOURAFCHAN (SBN 301594) |
|   | gan@msk.com |
| 9 | MITCHELL SILBERBERG & KNUPP LLP |
|   | 2049 Century Park East, 18th Floor |
| 10 | Los Angeles, California 90067 |
|    | Telephone: (310) 312-2000 |
| 11 | Facsimile: (310) 312-3100 |
| 12 | GREENBERG TRAURIG, LLP |
|    | VINCENT H. CHIEFFO (SBN 49069) |
| 13 | Email: ChieffoV@gtlaw.com |
|    | ALANA C. SROUR (SBN 271905) |
| 14 | Email: SrourA@gtlaw.com |
|    | 1840 Century Park East, Suite 1900 |
| 15 | Los Angeles, CA 90067-2121 |
|    | Telephone: 310-586-7700 |
| 16 | Facsimile: 310-586-7800 |
| 17 | Attorneys for Defendants |

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| MARCUS GRAY, et al., | CASE NO. 2:15-cv-05642-CAS (JCx) |
|---|---|
| Plaintiffs, | Honorable Christina A. Snyder |
| v. | **DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION *IN LIMINE* NO. 3** |
| KATHERYN ELIZABETH HUDSON, et al., | |
| Defendants. | **Final Pretrial Conference** |
| | Date: July 1, 2019 |
| | Time: 11:00 a.m. |
| | Courtroom: 8D – 8th Fl., First Street |
| | Filed: July 1, 2014 |
| | Trial: July 16, 2019 |

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. Introduction

Plaintiffs' Motion *in Limine* No. 3 was an after-thought thrown together at the last minute. Plaintiffs did not raise the issues addressed therein during the two meet-and-confers that the parties conducted in the weeks before motions *in limine* were due but, instead, sprung it upon Defendants on the day that motions were due.[1] The motion itself is perfunctory and incomplete—simply stating that the evidence sought to be excluded is irrelevant and prejudicial without even a sentence explaining why, with at least one sentence on the last page abruptly cut-off mid-sentence. As discussed below, the evidence sought to be excluded clearly has relevance to the issues of the case, and Plaintiffs' motion should be denied.

## II. Plaintiffs' Vague and Cursory Motion Should Be Denied

Initially, Plaintiffs' motion should be denied because it fails to state any grounds for the relief sought. Fed. R. Civ. P. 7(b). The motion contains zero explanation as to why Plaintiffs claim the evidence is irrelevant or prejudicial. This is an improper effort to shift the burden to Defendants to explain why the evidence is relevant—when it is Plaintiffs who bear the burden of establishing why the evidence is inadmissible. *Pasinger v. Starbucks Corp.*, 2010 WL 11590652, at

---

[1] In their Notice of Motion, Plaintiffs misleadingly state that they "attempt[ed] to conference with counsel" about their motion *in limine*, but that "Defendants did not respond to Plaintiffs [*sic*] request for a conference[.]" Dkt. 329, p. 2. This is false. First, the parties met and conferred **twice** in the weeks leading up to the motion deadline, on May 24, 2019 and June 6, 2019. Wais Decl., ¶ 2. On neither occasion did Plaintiffs identify the evidence addressed in their motion. *Id.* Instead, Plaintiffs sought to distract Defendants from filing their own motions *in limine* by waiting until the morning of the motion deadline, June 12, to ask to meet and confer. *Id.*, ¶ 3 & Ex. 1, p. 7. As Defendants were in the process of filing their own motions, they did not have time to do so and frankly should not be ambushed like that. Indeed, the purpose of meeting and conferring is to provide the parties with an opportunity to resolve evidentiary disputes and "eliminate[] the necessity for a hearing." L.R. 7-3. This obviously cannot be accomplished on the day a filing is due. Nevertheless, Defendants *did* respond by email, including identifying one relevant subject, which Plaintiffs fail to even address in their motion. Wais Decl., ¶ 3 & Ex. 1, pp. 5-6. The Court would be justified in denying Plaintiffs' motion for this reason alone.

*2 (D. Nev. May 24, 2010) ("The party moving to exclude has the burden of showing the evidence is inadmissible for all potential purposes."). Plaintiffs have obviously failed to satisfy their burden and the motion should be denied for that reason alone.

**III.   The Evidence Is Relevant to Several Issues in the Case**

The motion should also be denied because the evidence that Plaintiffs seek to exclude is indeed relevant.

First, Plaintiffs ask to exclude evidence that defendant Ojukwu—who created the allegedly infringed instrumental music heard in "Joyful Noise"—used a free music program to create the instrumental music. Dkt. 329, p. 3. The evidence, however, is relevant to his creation of the work, including whether it is original and protected by copyright law. For example, Defendants are entitled to challenge whether all or part of the beat is in public domain. Ojukwu's use of a free music program is also relevant to damages, including how Ojukwu creates beats and the value of same, including why he is able to sell his beats, including the beat embodied in "Joyful Noise," for less than $300.

Second, Plaintiffs ask to exclude evidence concerning the agreement pursuant to which Plaintiffs agreed to their ownership percentages of the "Joyful Noise" composition (the "Song Writers' Split Acknowledgement"), specifically, the fact that the agreement was executed *after* the instant lawsuit was filed. Dkt. 329, p. 3. Plaintiffs claim that the timing of the execution of the Song Writers' Split Acknowledgement is irrelevant. Not so. While Plaintiffs registered their purported copyright interests in "Joyful Noise" with the U.S. Copyright Office in June 2014, they did not execute the Song Writers' Split Acknowledgement until months later (Gray, Ojukwu, and Lambert did not sign it until September, October, and November 2014, respectively). Defendants are entitled to address Plaintiffs' claims of ownership of "Joyful Noise," including through documents such as the Song Writers' Split Acknowledgement, which call

into the question the validity and timing of Plaintiffs' copyright registration for "Joyful Noise."

### IV. Plaintiffs Have Not Identified Any Prejudice Caused by the Evidence

Finally, no different than their conclusory statement that the evidence is irrelevant, Plaintiffs have likewise failed to provide any concrete reason why the evidence raised in the instant motion *in limine* is prejudicial. Instead, they merely restate the language of Rule 403 and conclude that "it must be excluded because its probative value is substantially outweighed by a danger of unfair prejudice, confusion of the issues, and misleading the jury." Dkt. 329, p. 4. This is not sufficient to establish exclusion under Rule 403. Defendants and this Court should not have to guess as to what prejudice Plaintiffs believe exist. Defendants submit there is none; again prejudice is not synonymous with unfavorable, relevant evidence. Plaintiffs have failed to meet their burden and this argument too should be rejected.

### CONCLUSION

Defendants respectfully request that this Court deny Plaintiffs' third motion *in limine*.

DATED: June 19, 2019            MITCHELL SILBERBERG & KNUPP LLP

By: /s/ Aaron M. Wais
Aaron M. Wais (SBN 250671)
Attorneys for Defendants other than Katheryn Elizabeth Hudson, and Kitty Purry, Inc.

DATED: June 19, 2019            GREENBERG TRAURIG, LLP

By: /s/ Vincent H. Chieffo
Vincent H. Chieffo (SBN 49069)
Attorneys for Defendants Katheryn Elizabeth Hudson p/k/a Katy Perry and Kitty Purry, Inc.

**ATTESTATION REGARDING SIGNATURES**

Pursuant to Local Civil Rule 5-4.3.4(a)(2)(i), I hereby attest that all Parties, on whose behalf this entire filing is jointly submitted, concur in this filing's content and have authorized its filing.

Dated: June 19, 2019         /s/ Aaron M. Wais
                                        Aaron M. Wais