Michael A. Kahn (pro hac vice)
Kahn@capessokol.com
Lauren R. Cohen (pro hac vice)
lcohen@capessokol.com
CAPES SOKOL
7701 Forsyth Blvd. 12th Floor
St. Louis, MO 63015
(314) 721-7701

Eric. F. Kayira (pro hac vice)
eric.kayira@kayiralaw.com
KAYIRA LAW, LLC
200 S. Hanley Road, Suite 208
Clayton, Missouri 63105
(314) 899-9381

Daniel R. Blakey (SBN 143748)
blakey@capessokol.com
CAPES SOKOL
3601 Oak Avenue
Manhattan Beach, CA 90266

*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCUS GRAY, et al.,<br><br>   Plaintiffs,<br><br>  v.<br><br>KATHERYN ELIZABETH HUDSON, et al.,<br><br>   Defendants. | CASE NO. 2:15-cv-05642-CAS (JCx )<br><br>Honorable Christina A. Snyder<br><br>**PLAINTIFFS' DISPUTED [PROPOSED] JURY INSTRUCTIONS**<br><br>Trial: July 17, 2019 |

# INDEX

| Number | Title | Source | Page Number |
|---|---|---|---|
| 2 | CLAIMS AND DEFENSES | 9th Cir. 1.5 | |
| 15 | STIPULATIONS OF FACT | 9th Cir. 2.2 (modified) | |
| 18 | FAILURE TO PRODUCE AVAILABLE EVIDENCE | FED-JI § 104:26 Kevin F. O'Malley, Jay E. Grenig, Hon. William C. Lee | |
| 19 | IMPEACHMENT EVIDENCE-WITNESS | 9th Cir. 2.9 (modified) | |
| 29 | PRELIMINARY INSTRUCTION – COPYRIGHT | 9th Cir. 17.1 (modified) | |
| 30 | COPYRIGHT-DEFINED | 9th Cir. 17.2 (modified) | |
| 31 | COPYRIGHT-SUBJECT MATTER-GENERALLY | 9th Cir. 17.3 (modified) | |
| 32 | COPYRIGHT - SUBJECT MATTER-IDEAS AND EXPRESSION | 9th Cir. 17.4 | |
| 33 | COPYRIGHT INFRINGEMENT - ELEMENTS - OWNERSHIP AND COPYING | 9th Cir. 17.5 | |
| 34 | COPYRIGHT INFRINGEMENT - OWNERSHIP OF VALID COPYRIGHT – DEFINITION | 9th Cir. 17.6 | |
| 35 | COPYRIGHT INFRINGEMENT - ORIGINALITY | 9th Cir. 17.14 (modified) | |
| 36 | COPYRIGHT INTERESTS-JOINT AUTHORS | 9th Cir. 17.9 (modified) | |
| 37 | COPYRIGHT INTERESTS-ASSIGNEE | 9th Cir. 17.12 | |
| 38 | COPYRIGHT INFRINGEMENT - COPYRIGHT REGISTRATION CERTIFICATE | 9th Cir. 17.7 (modified) | |
| 39 | DERIVATIVE WORK | 9th Cir. 17.15 (modified) | |
| 40 | COPYING - ACCESS AND SUBSTANTIAL SIMILARITY  (2 versions) | 9th Cir. 17.17 (modified) *Three Boys Music Corp. v. Bolton*, 212 F.3d 477, 485 (9th Cir.2000); *Baxter v. MCA, Inc.*, 812 F.2d 421, 423, 424 n.2 (9th Cir. 1987); *Selle v. Gibb*, 741 F.2d 896, 901 (7th Cir. 1984) | |

**PLAINTIFFS' [DISPUTED] PROPOSED JURY INSTRUCTIONS**

| 41 | INVERSE RATIO RULE | *Three Boys Music Corp. v. Bolton*, 212 F.3d 477, 485 (9th Cir. 2000) *Swirsky v. Carey,* 376 F.3d 844-45 (9th Cir. 2004) (same) | |
|----|--------------------|-------------------|---|
| 42 | COPYRIGHT INFRINGEMENT - COPYING - ACCESS DEFINED<br><br>(2 versions) | 9th Cir. 17.18 (modified) | |
| 43 | SUBCONCIOUS COPYING | *Williams v. Gaye*, 885 F.3d 1150, 1167-68 (9th Cir. 2018); *Three Boys Music Corp. v. Bolton*, 212 F.3d 477, 482-83 (9th Cir. 2000) (citing *Fred Fisher, Inc. v. Dillingham*, 298 F. 145, 147-48 (S.D.N.Y. 1924); *Sheldon v. Metro-Goldwyn Pictures Corp.*, 81 F.2d 49, 54 (2d Cir. 1936). | |
| 44 | SUBSTANTIAL SIMILARITY - EXTRINSIC TEST; INTRINSIC TEST | 9th Cir. 17.19 (modified); *Antonick v. Elec. Arts, Inc.*, 841 F.3d 1062, 1065-66 (9th Cir. 2016); *Williams v. Gaye*, 885 F.3d 1150, 1163 (9th Cir. 2018); *Swirsky v. Carey*, 376 F.3d 841, 847, 849 (9th Cir. 2004), as amended on denial of reh'g (Aug. 24, 2004); *Morris v. Guetta*, 2013 WL 440127, at fn. 6 (C.D. Cal. Feb. 4, 2013) (relying on *Kouf v. Walt Disney Pictures & Television*, 16 F.3d 1042, 1045 (9th Cir.1994) (citation omitted)); *Bernal v. Paradigm Talent &* | |

3

| | | | |
|---|---|---|---|
| | | *Literary Agency*, 788 F. Supp. 2d 1043, 1059 (C.D. Cal. 2010) (relying on *Berkic v. Crichton*, 761 F.2d 1289, 1292 (9th Cir.1985)); *Newton v. Diamond*, 388 F.3d 1189, 1195 (9th Cir. 2004) (internal citations omitted); *Cavalier v. Random House*, 297 F.3d 815, 824 (9th Cir.2002); *Three Boys Music Corp. v. Bolton*, 212 F.3d 477, 485 (9th Cir. 2000); *Skidmore v. Led Zeppelin*, 2016 WL 3647484 (C.D.Cal) (Jury Instruction); *Skidmore v. Led Zeppelin*, 2:15-cv-03462-RGK-AGR (Doc. 197, Plaintiff's Disputed Jury Instructions). | |
| 45 | **JOINT LIABILITY – OWNERS & DISTRIBUTORS** | *Williams v. Bridgeport Music, Inc.*, No. LACV1306004JAKAGRX, 2015 WL 4479500, at *34-36, *37 (C.D. Cal. July 14, 2015), aff'd in part, rev'd in part sub nom. *Williams v. Gaye*, 885 F.3d 1150 (9th Cir. 2018), and aff'd in part, rev'd in part sub nom. *Williams v. Gaye*, 895 F.3d 1106 (9th Cir. 2018); *Adobe Sys. Inc. v. Blue Source Grp., Inc.*, 125 F. Supp. 3d 945, 973 (N.D. Cal. 2015) (collecting cases); *Desire, LLC v. Manna Textiles, Inc.*, No. | |

**PLAINTIFFS' [DISPUTED] PROPOSED JURY INSTRUCTIONS**

| | | | |
|---|---|---|---|
| | | CV164295DMGJEMX, 2017 WL 5635009, at *14 (C.D. Cal. Aug. 18, 2017); *Fabric Selections, Inc. v. Manjeet Int'l, Inc.*, No. 217CV02353ODWKS, 2017 WL 8180581, at *2 (C.D. Cal. May 24, 2017) | |
| 46 | COPYRIGHT – DAMAGES | 9th Cir. 17.32 | |
| 47 | COPYRIGHT - DAMAGES - ACTUAL DAMAGES | 9th Cir. 17.33 | |
| 48 | COPYRIGHT - DAMAGES - DEFENDANT'S PROFITS | 9th Cir. 17.34 | |

**PLAINTIFFS' [DISPUTED] PROPOSED JURY INSTRUCTIONS**

### PROPOSED JURY INSTRUCTION NO. 2
### CLAIMS AND DEFENSES

To help you follow the evidence, I will give you a brief summary of the positions of the parties:

The plaintiffs assert that the defendants infringed their copyright in the song "Joyful Noise" by defendants' song "Dark Horse."  The plaintiff has the burden of proving these claims.

The defendants deny the plaintiffs' claim [and also contend that [defendants' affirmative defenses]]. [The defendants have the burden of proof on these affirmative defenses.]

[The plaintiffs deny [defendants' affirmative defenses]. ]

Requesting Party:          Plaintiffs

Authority:                 9th Cir. Civ. Jury Instr. 1.5

## PROPOSED JURY INSTRUCTION NO. 15
### STIPULATIONS OF FACT

The parties have agreed to certain facts that will be read to you and will be placed in evidence as Exhibit[s].  You must therefore treat these facts as having been proved.

Requesting Party:          Plaintiffs

Authority:                 9th Cir. Civ. Jury Instr. 2.2 (modified)

7

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**PROPOSED JURY INSTRUCTION NO. 18**
**FAILURE TO PRODUCE AVAILABLE EVIDENCE**

If a party fails to produce evidence under that party's control and reasonably available to that party and not reasonably available to the adverse party, then you may infer that the evidence is unfavorable to the party who could have produced it and did not.


Requesting Party:        Plaintiffs

Authority:                3 Fed. Jury Prac. & Instr. § 104:26 (6th ed.).

**PLAINTIFFS' [DISPUTED] PROPOSED JURY INSTRUCTIONS**

## PROPOSED JURY INSTRUCTION NO. 19
## IMPEACHMENT EVIDENCE-WITNESS

The evidence that a witness lied under oath, on a prior occasion or during the trial, may be considered, along with all other evidence, in deciding whether or not to believe the witness and how much weight to give to the testimony of the witness and for no other purpose.

Requesting Party:          Plaintiffs

Authority:                     9th Cir. Civ. Jury Instr. 2.9 (modified)

**PLAINTIFFS' [DISPUTED] PROPOSED JURY INSTRUCTIONS**

## PROPOSED JURY INSTRUCTION NO. 29
## PRELIMINARY INSTRUCTION - COPYRIGHT

The plaintiffs, Marcus Gray, Emanuel Lambert and Chike Ojukwu, claim ownership of a copyright and seek damages against the defendants, Katheryn Elizabeth Hudson, Kitty Purry, Inc., Jordan Houston, Lukasz Gottwald, Sarah Theresa Hudson, Karl Martin Sandberg, Henry Russell Walter, Capitol Records, LLC, UMG Recordings, Inc., Universal Music Group, Inc., WB Music Corp., Kobalt Music Publishing America, Inc., Kasz Money, Inc., for copyright infringement.  The defendants deny infringing the copyright [and] [defendants' affirmative defenses].  To help you understand the evidence in this case, I will explain some of the legal terms you will hear during this trial.

DEFINITION OF COPYRIGHT

The owner of a copyright has the right to exclude any other person from reproducing, distributing, performing, displaying, or preparing derivative works from the work covered by copyright for a specific period of time.

A copyrighted work can be a musical work.

The copyrighted work must be original.  An original work that closely resembles other works can be copyrighted so long as the similarity between the two works is not the result of copying.

COPYRIGHT INTERESTS

The copyright owner may transfer to another person all or part of the owner's property interest in the copyright, that is, the right to exclude others from reproducing, distributing, performing, displaying or preparing derivative works

from the copyrighted work.  To be valid, the transfer must be in writing and signed by the transferor.  The person to whom a right is transferred is called an assignee.

HOW COPYRIGHT IS OBTAINED

Copyright automatically attaches to a work the moment the work is fixed in any tangible medium of expression.  The owner of the copyright may register the copyright by completing a registration form and depositing a copy of the copyrighted work with the Copyright Office.  After determining that the material deposited constitutes copyrightable subject matter and that certain legal and formal requirements are satisfied, the Register of Copyrights registers the work and issues a certificate of registration to the copyright owner.

PLAINTIFF'S BURDEN OF PROOF

In this case, the plaintiffs, Marcus Gray, Emanuel Lambert and Chike Ojukwu, contend that the defendants have infringed the plaintiffs' copyright in their song "Joyful Noise." Specifically, they contend that defendants' song "Dark Horse" infringes the instrumental beat or ostinato in "Joyful Noise."  The plaintiffs have the burden of proving by a preponderance of the evidence that the plaintiffs are the owner of the copyright and that the defendants copied original expression from the copyrighted work.  Preponderance of the evidence means that you must be persuaded by the evidence that it is more probably true than not true that the copyrighted work was infringed.

PROOF OF COPYING

To prove that the defendants copied the plaintiffs' work, the plaintiffs may show that the defendants had access to the plaintiffs' copyrighted work and that

there are substantial similarities between the defendants' work and the plaintiffs' copyrighted work.

LIABILITY FOR INFRINGEMENT

One who [reproduces] [publicly distributes] [publicly performs] [publicly displays][prepares derivative works from] a copyrighted work without authority from the copyright owner during the term of the copyright infringes the copyright.

Requesting Party:          Plaintiffs

Authority:                 9th Cir. Civ. Jury Instr. 17.1 (modified)

## PROPOSED JURY INSTRUCTION NO. 30
### COPYRIGHT-DEFINED
**(17 U.S.C. § 106)**

Copyright is the exclusive right to copy.  This right to copy includes the exclusive rights to:

1.    authorize or make additional copies, or otherwise reproduce the copyrighted work;

2.    recast, transform, or adapt the work, that is prepare derivative works based upon the copyrighted work;

3.    distribute copies of the copyrighted work to the public by sale or other transfer of ownership or by rental or lease or lending;

4.    perform publicly a copyrighted musical work;

5.    display publicly a copyrighted musical work; and

6.    perform a sound recording by means of digital audio transmission.

It is the owner of a copyright who may exercise these exclusive rights. The term "owner" includes the author of the work or an assignee.  In general, copyright law protects against the reproduction, adaptation, public distribution, public performance, public display of identical or substantially similar copies of the owner's copyrighted work without the owner's permission.  An owner may enforce these rights to exclude others in an action for copyright infringement.

Requesting Party:         Plaintiffs

Authority:                      9th Cir. Civ. Jury Instr. 17.2 (modified)

1

**PROPOSED JURY INSTRUCTION NO. 31**
**COPYRIGHT-SUBJECT MATTER-GENERALLY**
**(17 U.S.C. § 102)**

2

3

4          The work "Joyful Noise involved in this trial is a:

5

6          1. musical work, including any accompanying words; and

7          2. sound recording, which is a work that results from fixation of a series of

8     musical, spoken, or other sounds.

9

10          You are instructed that a copyright may be obtained in "Joyful Noise."

11          "Joyful Noise" can be protected by copyright law.  Only that part of the

12    work consisting of original works of authorship is protected by the Copyright Act.

13

14    Requesting Party:          Plaintiffs

15    Authority:                 9th Cir. Civ. Jury Instr. 17.3 (modified)

16

17

18

19

20

21

22

23

24

25

26

27

28

14

**PROPOSED JURY INSTRUCTION NO. 32**
**COPYRIGHT - SUBJECT MATTER-IDEAS AND EXPRESSION**
**(17 U.S.C. § 102(b))**

Copyright law allows the author of an original work to stop others from copying the original expression in the author's work.  Only the particular expression of an idea can be copyrighted and protected.  Copyright law does not give the author the right to prevent others from copying or using the underlying ideas contained in the work, such as any procedures, processes, systems, methods of operation, concepts, principles, or discoveries.

Requesting Party:        Plaintiffs
Authority:               9th Cir. Civ. Jury Instr. 17.4

**PROPOSED JURY INSTRUCTION NO. 33**
**COPYRIGHT INFRINGEMENT – ELEMENTS - OWNERSHIP AND COPYING**
**(17 U.S.C. § 501(a)-(b))**

Anyone who copies original expression from a copyrighted work during the term of the copyright without the owner's permission infringes the copyright.

On the plaintiffs' copyright infringement claim, the plaintiffs have the burden of proving by a preponderance of the evidence that:

1.    the plaintiffs are the owners of a valid copyright; and

2.    the defendants copied original expression from the copyrighted work.

If you find that the plaintiffs have proved both of these elements, your verdict should be for the plaintiffs.  If, on the other hand, you find that the plaintiffs have failed to prove either of these elements, your verdict should be for the defendants.


Requesting Party:         Plaintiffs

Authority:                     9th Cir. Civ. Jury Instr. 17.5

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**PROPOSED JURY INSTRUCTION NO. 34**
**COPYRIGHT INFRINGEMENT - OWNERSHIP OF VALID COPYRIGHT**
**- DEFINITION**
**(17 U.S.C. §§ 201-205)**

The plaintiffs are the owners of a valid copyright in "Joyful Noise" if the plaintiffs prove by a preponderance of the evidence that:

1.     the plaintiffs' work is original; and

2      the plaintiffs are the authors or creators of the work or received a transfer of the copyright.

Requesting Party:          Plaintiffs

Authority:                 9th Cir. Civ. Jury Instr. 17.6

**PLAINTIFFS' [DISPUTED] PROPOSED JURY INSTRUCTIONS**

1

## PROPOSED JURY INSTRUCTION NO. 35
## COPYRIGHT INFRINGEMENT - ORIGINALITY

2

3

4       An original work may include or incorporate elements taken from prior

works.  The original parts of the plaintiff's work are the parts created:

5

6       1.      independently by the work's author, that is, the author did not copy it

7               from another work; and

8

9       2.      by use of at least some minimal creativity.

10      In copyright law, the "original" part of a work need not be new or novel.

11

12

13

Requesting Party:          Plaintiffs

14

Authority:                 9th Cir. Civ. Jury Instr. 17.14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**PROPOSED JURY INSTRUCTION NO. 36**
**COPYRIGHT INTERESTS-**
**JOINT AUTHORS (17 U.S.C. §§ 101, 201(a))**

A copyright owner is entitled to exclude others from copying a joint work. A joint work is a work prepared by two or more authors. At the time of the joint work's creation, a joint work must have two or more authors, and:

1.    each author must have made a substantial and valuable contribution to the work;

2.    each author must have intended that his contribution be merged into inseparable or interdependent parts of a unitary whole; and

3.    each author must have contributed material to the joint work which could have been independently copyrighted.

Each author of a joint work shares an undivided interest in the entire joint work. A copyright owner in a joint work may enforce the right to exclude others in an action for copyright infringement.

In deciding whether parties intended their contributions to be merged in element 2, above, you may consider whether the parties signed a written agreement stating that the copyright in the work is to be jointly owned. If there is no such agreement, you may consider whether:

a.    each of the parties exercised control over the work;

b.   each of the parties' actions showed they shared the intent to be co-authors when they were creating the work, for instance by publicly stating that the work was their shared project; and

c.   the audience-appeal of the work depends on the contribution of each party so that the share of each party's contribution to the work's success cannot be appraised.

In making a substantial and valuable contribution to a work, each author's contribution to the joint work need not be equal.

A written agreement stating the copyright in the work is to be jointly owned may show that each author of a joint work intended that his contribution be merged into inseparable or interdependent parts of a unitary whole.

In contributing material to the joint work that could have been independently copyrighted, each author's contribution should be entitled to copyright protection without the contributions by the other authors.

Requesting Party:         Plaintiffs
Authority:                    9th Cir. Civ. Jury Instr. 17.9

1
2

**PROPOSED JURY INSTRUCTION NO. 37**
**COPYRIGHT INTERESTS-ASSIGNEE**
**(17 U.S.C. § 201(d)(1))**

3
4
5
6
7

A copyright owner may transfer to another person all or part of the owner's property interest in the copyright; that is, the right to exclude others from copying the work.  The person to whom the copyright is transferred becomes the owner of the copyright in the work.

8
9
10

To be valid, the transfer must be in a writing signed by the transferor.  The person to whom this right is transferred is called an assignee.  The assignee may enforce this right to exclude others in an action for copyright infringement.

11
12
13
14

Requesting Party:          Plaintiffs

Authority:                      9th Cir. Civ. Jury Instr. 17.12 (modified)

15
16
17
18
19
20
21
22
23
24
25
26
27
28

**PROPOSED JURY INSTRUCTION NO. 38**
**COPYRIGHT INFRINGEMENT - COPYRIGHT REGISTRATION**
**CERTIFICATE**
**(17 U.S.C. § 410(c))**

A copyright owner may obtain a certificate of registration from the Copyright Office.

The evidence in this case includes Exhibit ___, a certificate of copyright registration from the Copyright Office.  From this certificate you may, but need not, conclude that: plaintiffs' work is the original and copyrightable work of the authors and that the plaintiffs own the copyright in that work, which I explain in Instructions _____[insert instruction numbers relevant to elements of plaintiff's burden].

Requesting Party:          Plaintiffs

Authority:                 9th Cir. Civ. Jury Instr. 17.7 (modified)

## PROPOSED JURY INSTRUCTION NO. 39
### DERIVATIVE WORK
### COPYRIGHT INTERESTS—DERIVATIVE WORK
### (17 U.S.C. §§ 101, 106(2))

A copyright owner is entitled to exclude others from creating derivative works based on the owner's copyrighted work.  The term derivative work refers to a work based on one or more pre-existing works, such as a musical arrangement, sound recording, or any other form in which the pre-existing work is recast, transformed, or adapted.  Accordingly, the owner of a copyrighted work is entitled to exclude others from recasting, transforming, or adapting the copyrighted work without the owner's permission.

Requesting Party:          Plaintiffs

Authority:                 9th Cir. Civ. Jury Instr. 17.15 (modified)

1

2

### PROPOSED JURY INSTRUCTION NO. 40
### COPYING - ACCESS AND SUBSTANTIAL SIMILARITY

3

4

5

6

7

8

9

10

Instruction __ [insert cross reference to the pertinent instruction, e.g., Instruction 17.5] states that the plaintiffs have the burden of proving that the defendants copied original elements from the plaintiffs' copyrighted work.  The plaintiffs may show the defendants copied from the work by proving by a preponderance of the evidence that the defendants had access to the plaintiffs' copyrighted work and that there are substantial similarities between the defendants' work and original elements of the plaintiffs' work.

11

12

13

14

In the absence of any proof of access, you may find that the defendants copied the plaintiffs' work if you find that "Joyful Noise" and "Dark Horse" are so "strikingly similar" that access can be inferred from such similarity alone.

15

16

17

18

Requesting Party:          Plaintiffs

Authority:                       9th Cir. Civ. Jury Instr. 17.17 (modified)
                                        *Three Boys Music Corp. v. Bolton*, 212 F.3d 477, 485
                                        (9th Cir.2000); *Baxter v. MCA, Inc.*, 812 F.2d 421, 423,
                                        424 n.2 (9th Cir. 1987); *Selle v. Gibb*, 741 F.2d 896, 901
                                        (7th Cir. 1984)

19

20

21

22

23

24

25

26

27

28

24

**PROPOSED JURY INSTRUCTION NO. 40**
**COPYING - ACCESS AND SUBSTANTIAL SIMILARITY**


Instruction ___ [insert cross reference to the pertinent instruction, e.g., Instruction 17.5] states that the plaintiffs have the burden of proving that the defendants copied original elements from the plaintiffs' copyrighted work.  The plaintiffs may show the defendants copied from the work by proving by a preponderance of the evidence that the defendants had access to the plaintiffs' copyrighted work and that there are substantial similarities between the defendants' work and original elements of the plaintiffs' work.


Requesting Party:          Plaintiffs

Authority:                      9th Cir. Civ. Jury Instr. 17.17

# PROPOSED JURY INSTRUCTION NO. 41
## INVERSE RATIO RULE

      If the plaintiff makes a strong showing of access, then a lesser showing of substantial similarity is required.


Requesting Party:  Plaintiff

Authority:          *Three Boys Music Corp. v. Bolton*, 212 F.3d 477, 485 (9th Cir. 2000) (the inverse ratio rule "requires a lesser showing of substantial similarity if there is a strong showing of access"); *Swirsky v. Carey*, 376 F.3d 844-45 (9th Cir. 2004) (same)

**PLAINTIFFS' [DISPUTED] PROPOSED JURY INSTRUCTIONS**

**PROPOSED JURY INSTRUCTION NO. 42**
**COPYRIGHT INFRINGEMENT – COPYING - ACCESS DEFINED**

As part of its burden in Instruction ___ [insert cross reference to the pertinent instruction e.g., Instruction 17.5], the plaintiff must prove by a preponderance of the evidence that the defendants had access to the plaintiffs' work.

Access may be shown by:

1.    a chain of events connecting the plaintiffs' work and the defendants' opportunity to hear that work; or

2.    the plaintiffs' work being widely disseminated; or

3.    a similarity between the plaintiffs' work and the defendant's work that is so "striking" that it is highly likely the works were not created independent of one another.

You may find that the defendants had access to the plaintiffs' work if one or more of the defendants had a reasonable opportunity to hear the plaintiffs' work before the defendants' work was created.


Requesting Party:        Plaintiffs
Authority:               9th Cir. Civ. Jury Instr. 17.18 (modified)

**PROPOSED JURY INSTRUCTION NO. 42**
**COPYRIGHT INFRINGEMENT – COPYING - ACCESS DEFINED**

As part of its burden in Instruction ____ [insert cross reference to the pertinent instruction e.g., Instruction 17.5], the plaintiff must prove by a preponderance of the evidence that the defendants had access to the plaintiffs' work.

Access may be shown by the plaintiffs' work being widely disseminated.

You may find that the defendants had access to the plaintiffs' work if one or more of the defendants had a reasonable opportunity to hear the plaintiffs' work before the defendants' work was created.

Requesting Party:        Plaintiffs

Authority:               9th Cir. Civ. Jury Instr. 17.18 (modified)

**PLAINTIFFS' [DISPUTED] PROPOSED JURY INSTRUCTIONS**

## PROPOSED JURY INSTRUCTION NO. 43
### SUBCONCIOUS COPYING

In order to find that defendants copied plaintiffs' song, it is not necessary that you find that one of them consciously or deliberately copied it. It is sufficient if you find that any defendant subconsciously copied Plaintiffs' song through hearing that song at some time in the past. Unconscious plagiarism is just as actionable as deliberate.

| | |
|---|---|
| Requesting Party: | Plaintiffs |
| Authority: | *Williams v. Gaye*, 885 F.3d 1150, 1167–68 (9th Cir. 2018); *Three Boys Music Corp. v. Bolton*, 212 F.3d 477, 482-83 (9th Cir. 2000) (citing *Fred Fisher, Inc. v. Dillingham*, 298 F. 145, 147-48 (S.D.N.Y. 1924) and stating "Subconscious copying has been accepted since Learned Hand embraced it in a 1924 music infringement case: 'Everything registers somewhere in our memories, and no one can tell what may evoke it. Once it appears that another has in fact used the copyright as the source of this production, he has invaded the author's rights. It is no excuse that in so doing his memory has played him a trick.'"); *Sheldon v. Metro-Goldwyn Pictures Corp.*, 81 F.2d 49, 54 (2d Cir. 1936). |

1
2

**PROPOSED JURY INSTRUCTION NO. 44**
**SUBSTANTIAL SIMILARITY - EXTRINSIC TEST; INTRINSIC TEST**

3     Plaintiffs must prove both substantial similarity under the "extrinsic test"

4   and substantial similarity under the "intrinsic test."  The "extrinsic test" is an

5   objective comparison of specific expressive elements.  The "intrinsic test" is a

6   subjective comparison that focuses on whether the ordinary, reasonable audience

7   would find the works substantially similar in the total concept and feel of the

8   works.

9

10    The first test is an objective one called the extrinsic test. Here, the analyses

11  and conclusions of the expert witnesses may be of assistance to you. There is no

12  uniform set of factors for you to analyze. Music is not capable of ready

13  classification into a small number of constituent elements; music is comprised of a

14  large array of elements, some combination of which is protectable by copyright. A

15  combination of individually otherwise unprotected elements can be infringed upon.

16  You can analyze, among others, the rhythm, pitch content, timbre, phrase length,

17  melodic contour, tempo, harmony and structure. There is no one magical

18  combination of these factors that will automatically substantiate a musical

19  infringement suit; each allegation of infringement will be unique. So long as

20  plaintiffs can demonstrate, through expert testimony that addresses some or all of

21  these copyrighted elements and supports its employment of them, that the

22  similarity is substantial as to protected elements of the copyrighted work, the

23  objective test is satisfied.

24    The second test is a subjective one, called the intrinsic test. Under the second

25  test, you are to determine whether an ordinary listener would find expression in

26  defendants' song that is substantially similar to protected expression in plaintiffs'

27  song. Here, you should not take into account the testimony of the expert witnesses.

28

Rather, under this second test you should determine whether an ordinary, reasonable audience would recognize the plaintiffs' and defendants' work based on the concept and feel of works, or whether any portion copied is qualitatively or quantitatively important to the plaintiffs' work.

If plaintiffs prove both the first test and the second test, then they have proven substantial similarity.

Requesting Party:        Plaintiffs

Authority:               9th Cir. Civ. Jury Instr. 17.19 (modified)
*Antonick v. Elec. Arts, Inc.*, 841 F.3d 1062, 1065-66 (9th Cir. 2016); *Williams v. Gaye*, 885 F.3d 1150, 1163 (9th Cir. 2018); *Swirsky v. Carey*, 376 F.3d 841, 847, 849 (9th Cir. 2004), *as amended on denial of reh'g* (Aug. 24, 2004); *Morris v. Guetta*, 2013 WL 440127, at fn. 6 (C.D. Cal. Feb. 4, 2013) (relying on *Kouf v. Walt Disney Pictures & Television*, 16 F.3d 1042, 1045 (9th Cir.1994) (citation omitted)); *Bernal v. Paradigm Talent & Literary Agency*, 788 F. Supp. 2d 1043, 1059 (C.D. Cal. 2010) (relying on *Berkic v. Crichton*, 761 F.2d 1289, 1292 (9th Cir.1985)); *Newton v. Diamond*, 388 F.3d 1189, 1195 (9th Cir. 2004) (internal citations omitted); *Cavalier v. Random House*, 297 F.3d 815, 824 (9th Cir.2002); *Three Boys Music Corp. v. Bolton*, 212 F.3d 477, 485 (9th Cir. 2000); *Skidmore v. Led Zeppelin*, 2016 WL 3647484 (C.D.Cal) (Jury Instruction); *Skidmore v. Led Zeppelin*, 2:15-cv-03462-RGK-AGR (Doc. 197, Plaintiff's Disputed Jury Instructions).

1

**PROPOSED JURY INSTRUCTION NO. 45**
**JOINT LIABILITY – OWNERS & DISTRIBUTORS**

2

3

4

     If you find that "Dark Horse" infringes "Joyful Noise," then you must find

5

that all authors or owners of Dark Horse and all entities involved in producing,

6

publishing, or distributing "Dark Horse," or who authorized the production,

7

publication, or distribution of "Dark Horse," also infringed upon the Plaintiffs'

8

copyright.

9

10 | Requesting Party:           Plaintiffs

11 | Authority:                *Williams v. Bridgeport Music, Inc.*, No.
LACV1306004JAKAGRX, 2015 WL 4479500, at *34-

12

36, *37 (C.D. Cal. July 14, 2015), aff'd in part, rev'd in
part sub nom. *Williams v. Gaye*, 885 F.3d 1150 (9th Cir.

13

2018), and aff'd in part, rev'd in part sub nom. *Williams v.
Gaye*, 895 F.3d 1106 (9th Cir. 2018); *Adobe Sys. Inc. v.*

14

*Blue Source Grp., Inc.*, 125 F. Supp. 3d 945, 973 (N.D.
Cal. 2015) (collecting cases); *Desire, LLC v. Manna*

15

*Textiles, Inc.*, No. CV164295DMGJEMX, 2017 WL
5635009, at *14 (C.D. Cal. Aug. 18, 2017); *Fabric*

16

*Selections, Inc. v. Manjeet Int'l, Inc.*, No.
217CV02353ODWKS, 2017 WL 8180581, at *2 (C.D.

17

Cal. May 24, 2017)

18

19

20

21

22

23

24

25

26

27

28

**PLAINTIFFS' [DISPUTED] PROPOSED JURY INSTRUCTIONS**

1
2
3

## <u>PROPOSED JURY INSTRUCTION NO. 46</u>
## COPYRIGHT - DAMAGES
### (17 U.S.C. § 504)

4       If you find for the plaintiffs on the plaintiffs' copyright infringement claim,

5   you must determine the plaintiffs' damages.  The plaintiffs are entitled to recover

6   the actual damages suffered as a result of the infringement.  In addition, the

7   plaintiffs are also entitled to recover any profits of the defendant attributable to the

8   infringement.  The plaintiffs must prove damages by a preponderance of the

9   evidence.

10
11
12   Requesting Party:           Plaintiffs
13   Authority:                  9th Cir. Civ. Jury Instr. 17.32

14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

1
2
3

**PROPOSED JURY INSTRUCTION NO. 47**
**COPYRIGHT – DAMAGES - ACTUAL DAMAGES**
**(17 U.S.C. § 504(b))**

4
5
6
7
8
9
10
11
12

The copyright owner is entitled to recover the actual damages suffered as a result of the infringement.  Actual damages means the amount of money adequate to compensate the copyright owner for the reduction of the fair market value of the copyrighted work caused by the infringement.  The reduction of the fair market value of the copyrighted work is the amount a willing buyer would have been reasonably required to pay a willing seller at the time of the infringement for the actual use made by the defendants of the plaintiffs' work.  That amount also could be represented by the lost license fees the plaintiffs would have received for the defendants' unauthorized use of the plaintiffs' work.

13
14
15
16

Requesting Party:          Plaintiffs

Authority:                      9th Cir. Civ. Jury Instr. 17.33

17
18
19
20
21
22
23
24
25
26
27
28

34

**PROPOSED JURY INSTRUCTION NO. 48**
**COPYRIGHT – DAMAGES - DEFENDANT'S PROFITS**
**(17 U.S.C. § 504(b))**

In addition to actual damages, the copyright owner is entitled to any profits of the defendants attributable to the infringement. You may not include in an award of profits any amount that you took into account in determining actual damages.

You may make an award of the defendants' profits only if you find that the plaintiffs showed a causal relationship between the infringement and the defendants' gross revenue.

The defendants' profit is determined by subtracting all expenses from the defendant's gross revenue.

The defendants' gross revenue is all of the defendants' receipts from the sale of a work containing or using the copyrighted work.  The plaintiff has the burden of proving the defendants' gross revenue by a preponderance of the evidence.

Expenses are all overhead costs and production costs incurred in producing the defendants' gross revenue.  The defendant has the burden of proving the defendants' expenses by a preponderance of the evidence.

Unless you find that a portion of the profit from the sale of a work containing or using the copyrighted work is attributable to factors other than use of the copyrighted work, all of the profit is to be attributed to the infringement.  The defendant has the burden of proving the portion of the profit, if any, attributable to factors other than infringing the copyrighted work.

1  Requesting Party:        Plaintiffs

2  Authority:              9th Cir. Civ. Jury Instr. 17.34

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**PLAINTIFFS' [DISPUTED] PROPOSED JURY INSTRUCTIONS**

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Respectfully submitted,

/s/ Michael A. Kahn
Michael A. Kahn (pro hac vice)
Kahn@capessokol.com
Lauren R. Cohen (pro hac vice)
lcohen@capessokol.com
Capes Sokol Goodman Sarachan PC
7701 Forsyth Blvd., 12th Floor
St. Louis, MO 63105
Telephone: (314) 721-7701

Eric F. Kayira (pro hac vice)
Kayira Law, LLC

Daniel R. Blakey (SBN 143748)
blakey@capessokol.com
CAPES SOKOL
3601 Oak Avenue
Manhattan Beach, CA 90266

***Attorneys for Plaintiffs***

**PLAINTIFFS' [DISPUTED] PROPOSED JURY INSTRUCTIONS**