Michael A. Kahn (pro hac vice)
Kahn@capessokol.com
Lauren R. Cohen (pro hac vice)
lcohen@capessokol.com
CAPES SOKOL
7701 Forsyth Blvd. 12th Floor
St. Louis, MO 63015
(314) 721-7701

Eric. F. Kayira (pro hac vice)
eric.kayira@kayiralaw.com
KAYIRA LAW, LLC
200 S. Hanley Road, Suite 208
Clayton, Missouri 63105
(314) 899-9381

Daniel R. Blakey (SBN 143748)
blakey@capessokol.com
CAPES SOKOL
3601 Oak Avenue
Manhattan Beach, CA 90266

*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| MARCUS GRAY, et al., | |
|---|---|
| Plaintiffs, | CASE NO. 2:15-cv-05642-CAS (JCx ) |
| v. | Honorable Christina A. Snyder |
| KATHERYN ELIZABETH HUDSON, et al., | **PLAINTIFFS' DISPUTED [PROPOSED] JURY INSTRUCTIONS** |
| Defendants. | Trial: July 17, 2019 |

# INDEX

| Number | Title | Source | Page Number |
|---|---|---|---|
| 2 | CLAIMS AND DEFENSES | 9th Cir. 1.5 | 6 |
| 15 | STIPULATIONS OF FACT | 9th Cir. 2.2 (modified) | 9 |
| 18 | FAILURE TO PRODUCE AVAILABLE EVIDENCE | FED-JI § 104:26 Kevin F. O'Malley, Jay E. Grenig, Hon. William C. Lee | 12 |
| 19 | IMPEACHMENT EVIDENCE-WITNESS | 9th Cir. 2.9 (modified) | 14 |
| 29 | PRELIMINARY INSTRUCTION – COPYRIGHT | 9th Cir. 17.1 (modified) | 17 |
| 30 | COPYRIGHT-DEFINED | 9th Cir. 17.2 (modified) | 23 |
| 31 | COPYRIGHT-SUBJECT MATTER-GENERALLY | 9th Cir. 17.3 (modified) | 26 |
| 32 | COPYRIGHT - SUBJECT MATTER-IDEAS AND EXPRESSION | 9th Cir. 17.4 | 28 |
| 33 | COPYRIGHT INFRINGEMENT - ELEMENTS - OWNERSHIP AND COPYING | 9th Cir. 17.5 | 31 |
| 34 | COPYRIGHT INFRINGEMENT - OWNERSHIP OF VALID COPYRIGHT – DEFINITION | 9th Cir. 17.6 | 34 |
| 35 | COPYRIGHT INFRINGEMENT - ORIGINALITY | 9th Cir. 17.14 (modified) | 36 |
| 36 | COPYRIGHT INTERESTS-JOINT AUTHORS | 9th Cir. 17.9 (modified) | 39 |
| 37 | COPYRIGHT INTERESTS-ASSIGNEE | 9th Cir. 17.12 | 43 |
| 38 | COPYRIGHT INFRINGEMENT - COPYRIGHT REGISTRATION CERTIFICATE | 9th Cir. 17.7 (modified) | 45 |
| 39 | DERIVATIVE WORK | 9th Cir. 17.15 (modified) | 48 |
| 40 | COPYING - ACCESS AND SUBSTANTIAL SIMILARITY (2 versions) | 9th Cir. 17.17 (modified) *Three Boys Music Corp. v. Bolton,* 212 F.3d 477, 485 (9th Cir.2000); *Baxter v. MCA, Inc.,* 812 F.2d 421, 423, 424 n.2 (9th Cir. 1987); *Selle v. Gibb,* 741 | 51, 54 |

2

| | | | | |
|---|---|---|---|---|
| | | | F.2d 896, 901 (7th Cir. 1984) | |
| | 41 | INVERSE RATIO RULE | *Three Boys Music Corp. v. Bolton*, 212 F.3d 477, 485 (9th Cir. 2000) *Swirsky v. Carey,* 376 F.3d 844-45 (9th Cir. 2004) (same) | 57 |
| | 42 | COPYRIGHT INFRINGEMENT - COPYING - ACCESS DEFINED (2 versions) | 9th Cir. 17.18 (modified) | 60, 65 |
| | 43 | SUBCONCIOUS COPYING | *Williams v. Gaye*, 885 F.3d 1150, 1167-68 (9th Cir. 2018); *Three Boys Music Corp. v. Bolton*, 212 F.3d 477, 482-83 (9th Cir. 2000) (citing *Fred Fisher, Inc. v. Dillingham*, 298 F. 145, 147-48 (S.D.N.Y. 1924); *Sheldon v. Metro-Goldwyn Pictures Corp.*, 81 F.2d 49, 54 (2d Cir. 1936). | 70 |
| | 44 | SUBSTANTIAL SIMILARITY - EXTRINSIC TEST; INTRINSIC TEST | 9th Cir. 17.19 (modified); *Antonick v. Elec. Arts, Inc.*, 841 F.3d 1062, 1065-66 (9th Cir. 2016); *Williams v. Gaye*, 885 F.3d 1150, 1163 (9th Cir. 2018); *Swirsky v. Carey*, 376 F.3d 841, 847, 849 (9th Cir. 2004), as amended on denial of reh'g (Aug. 24, 2004); *Morris v. Guetta*, 2013 WL 440127, at fn. 6 (C.D. Cal. Feb. 4, 2013) (relying on *Kouf v. Walt Disney Pictures & Television*, 16 F.3d 1042, 1045 (9th Cir.1994) (citation omitted)); *Bernal v. Paradigm Talent &* | 73 |

3

| | | | | |
|---|---|---|---|---|
| 1 2 3 4 5 6 7 8 9 10 11 12 13 14 15 | | | *Literary Agency*, 788 F. Supp. 2d 1043, 1059 (C.D. Cal. 2010) (relying on *Berkic v. Crichton*, 761 F.2d 1289, 1292 (9th Cir.1985)); *Newton v. Diamond*, 388 F.3d 1189, 1195 (9th Cir. 2004) (internal citations omitted); *Cavalier v. Random House*, 297 F.3d 815, 824 (9th Cir.2002); *Three Boys Music Corp. v. Bolton*, 212 F.3d 477, 485 (9th Cir. 2000); *Skidmore v. Led Zeppelin*, 2016 WL 3647484 (C.D.Cal) (Jury Instruction); *Skidmore v. Led Zeppelin*, 2:15-cv-03462-RGK-AGR (Doc. 197, Plaintiff's Disputed Jury Instructions). | |
| 16 17 18 19 20 21 22 23 24 25 26 27 28 | 45 | JOINT LIABILITY – OWNERS & DISTRIBUTORS | *Williams v. Bridgeport Music, Inc.*, No. LACV1306004JAKAGRX, 2015 WL 4479500, at *34-36, *37 (C.D. Cal. July 14, 2015), aff'd in part, rev'd in part sub nom. *Williams v. Gaye*, 885 F.3d 1150 (9th Cir. 2018), and aff'd in part, rev'd in part sub nom. *Williams v. Gaye*, 895 F.3d 1106 (9th Cir. 2018); *Adobe Sys. Inc. v. Blue Source Grp., Inc.*, 125 F. Supp. 3d 945, 973 (N.D. Cal. 2015) (collecting cases); *Desire, LLC v. Manna Textiles, Inc.*, No. CV164295DMGJEMX, | 77 |

PLAINTIFFS' [DISPUTED] PROPOSED JURY INSTRUCTIONS

| | | | 2017 WL 5635009, at *14 (C.D. Cal. Aug. 18, 2017); *Fabric Selections, Inc. v. Manjeet Int'l, Inc.*, No. 217CV02353ODWKS, 2017 WL 8180581, at *2 (C.D. Cal. May 24, 2017) | |
|---|---|---|---|---|
| 46 | COPYRIGHT – DAMAGES | | 9th Cir. 17.32 | 79 |
| 47 | COPYRIGHT - DAMAGES - ACTUAL DAMAGES | | 9th Cir. 17.33 | 81 |
| 48 | COPYRIGHT - DAMAGES - DEFENDANT'S PROFITS | | 9th Cir. 17.34 | 83 |

5

1

## PROPOSED JURY INSTRUCTION NO. 2
### CLAIMS AND DEFENSES

2

3       To help you follow the evidence, I will give you a brief summary of the

4 positions of the parties:

5

6       The plaintiffs assert that the defendants infringed their copyright in the song

7 "Joyful Noise" by defendants' song "Dark Horse."  The plaintiff has the burden of

8 proving these claims.

9

10      The defendants deny the plaintiffs' claim [and also contend that [defendants'

11 affirmative defenses]]. [The defendants have the burden of proof on these

12 affirmative defenses.]

13

14 [The plaintiffs deny [defendants' affirmative defenses]. ]

15

16 Requesting Party:          Plaintiffs

17 Authority:                 9th Cir. Civ. Jury Instr. 1.5

18

### PLAINTIFFS' POSITION

19
20      Plaintiffs proposed instruction follows the model instruction. The model

instruction, as proposed by plaintiffs, is simple, direct and non-argumentative. This
21
is the proper instruction for use in this case.
22
        Under this model instruction, which this Court clearly states as its
23
preference, only references to counterclaims and affirmative defenses are allowed.
24
Defendants improperly insert additions, including denials of the elements of
25
plaintiffs claim and matters pertaining to the defendants' contentions on matters
26
that they have previously disclaimed as not constituting affirmative defenses, such
27
as independent creation, and other matters that are unrelated to any affirmative
28

defense asserted by the defendants, such as "derivative works" and "commonplace expression." Such improper insertions will only serve to mislead and confuse the jury as they only seek to bolster defendants' claims and arguments, rather than follow the framework of the model instructions, which are designed to fairly and impartially inform and educate the jury as to the matters and issues to be decided by them.

Last, to the extent that the defendants' proffered instruction contains any proper statements pertaining to affirmative defenses, the Court, if it decides to use the defendants' version, should include a statement that defendants have the burden of proving their defenses and that the plaintiffs deny those defenses.

## **DEFENDANTS' OBJECTION**

Plaintiffs and Defendants both propose a version of the Ninth Circuit Model Instruction 1.5 (*see* Defendants' Proposed Instruction No. 1).  Plaintiffs' proposed instruction oversimplifies the issues, misrepresents Plaintiffs' copyright claim, and provides no position for Defendants.  Importantly, Plaintiffs' use of the term "song" is patently inaccurate.  The law does not recognize copyright ownership of a "song."  Two types of musical works are recognized by copyright law: sound recordings and their underlying musical compositions.  As explained in Defendants' Proposed Instruction No. 6, these are separate works with their own distinct copyrights.  A copyright owner either owns rights in a musical composition or in a sound recording; there simply is no such thing as a copyright ownership interest in a "song."  *See Newton v. Diamond*, 388 F.3d 1189, 1193-95 (9th Cir. 2004); *Newton v. Diamond*, 204 F. Supp. 2d 1244, 1248-50 (C.D. Cal. 2002), *aff'd*, 388 F.3d 1189 (9th Cir. 2004); *Fahmy v. Jay Z*, 2015 WL 5680299, *13-14 (C.D. Cal. Sept. 24, 2015).  This distinction is important.  Here, Plaintiffs claim only that Defendants' *musical composition* "Dark Horse" infringed their copyright interests

in the *musical composition* "Joyful Noise." *See* Dkt. 172 (Third Amended Complaint, ¶¶ 3, 26-28, 37). As such, only protectable elements of the "Joyful Noise" musical composition, and not the sound recording, can be considered when assessing Plaintiffs' infringement claim. As written, however, Plaintiffs' proposed instruction may mislead the jury into believing that the sound recordings of the two works are at issue, when they are not.

On the other hand, Defendants' Proposed Instruction No. 1 accurately describes Plaintiffs' claims and properly classifies the musical works at issue in this case as musical compositions. And unlike Plaintiffs' proposed instruction, Defendants' Proposed Instruction No. 1, identifies the parties to the action, which will provide the jurors with helpful context for the various witnesses called during trial. In addition, as the Ninth Circuit Model Instruction contemplates, any instruction regarding Plaintiffs' claims necessarily should include Defendants' position. Defendants' Proposed Instruction No. 1 provides an accurate, high level, non-argumentative summary of Defendants' challenges to Plaintiffs' copyright claim, which should be included in this instruction. Thus, Defendants' Proposed Instruction No. 1 should be given in lieu of this instruction.

**PLAINTIFFS' [DISPUTED] PROPOSED JURY INSTRUCTIONS**

## PROPOSED JURY INSTRUCTION NO. 15
## STIPULATIONS OF FACT

The parties have agreed to certain facts that will be read to you and will be placed in evidence as Exhibit[s].  You must therefore treat these facts as having been proved.

Requesting Party:          Plaintiffs

Authority:                      9th Cir. Civ. Jury Instr. 2.2 (modified)

## PLAINTIFFS' POSITION

Ninth Circuit model instruction number 2.2 allows two methods of communicating parties' stipulations to be communicated to the jury. They can be read to the jury, or they can be read to the jury and then a copy marked as an exhibit which will be available to the jury during its deliberations. The parties' stipulated facts are numerous and varied. The parties have stipulated to facts relating to a wide range of matters, from YouTube and Myspace (including information relating to views and view counts, view counts for various videos, number of viewable videos), to certain defendants' income derived from "Dark Horse" (which contain detailed financial information that will be required for the calculation of damages), to the nature of the roles played by certain corporate defendants in the production and distribution of "Dark Horse." These numerous, detail-intensive facts are important to the jury's fact-finding job and the determination of the plaintiffs' claim.[1] There are approximately ninety one (91) separate facts stipulations within the stipulations and their subparts. It would be

---

[1] See introductory comment to the Ninth Circuit Manual, "Jury instructions are intended to give the jurors, in understandable language, information to make the trial more meaningful and to permit them to fulfill their duty of applying the law to the facts as they find them." Model Civ. Jury Instr. 9th Cir. 1 Note 1 (2019).

impossible to remember all of the facts and numbers contained in the stipulations just by listening. Accordingly, it would be highly prejudicial to plaintiffs if the jurors do not have the actual stipulations during the course of their deliberations, rather than having to rely on their memories (or notes, should the Court allow notetaking). Plaintiffs' proposed version of instruction number 2.2 provides the jury with a copy of the fact stipulations to avoid any adulteration or modification that likely would result from the need to rely on notes or memory of such extensive facts. Therefore, the Court should utilize plaintiffs' proposed instruction.

Plaintiffs' proposed instruction is not inconsistent with the parties' understanding when executing these stipulations. The matter was not discussed. Moreover, any purported understanding is irrelevant, the parties understood the stipulations would be evidence in the case. If the Ninth Circuit Jury Instructions Committee had concerns with the potential for "overemphasis" in submitting the instructions as exhibits, it would have not included that option in the model instruction or would have included comments addressing any such potential issue. As detailed above, <u>in this case</u> the plaintiffs' instruction is the better option due to the number and complexity of the stipulations of fact.

## **<u>DEFENDANTS' OBJECTION</u>**

Plaintiffs and Defendants both propose a version of the Ninth Circuit Model Instruction No. 2.2 (*see* Defendants' Proposed Instruction No. 3). The proposed instructions differ only in the manner in which the jury will receive facts that have been stipulated to by the parties. Plaintiffs' proposed instruction anticipates that the stipulations executed by the parties will be admitted into evidence, while Defendants' proposed instruction anticipates that the agreed to facts will be read to jurors aloud and will not be admitted into evidence. Plaintiffs' position should not be accepted; the facts are not documents, they are facts. They should be read to the

jury no differently than other facts.  Otherwise, the jury may place undue emphasis on the facts as opposed to other testimony.

In addition, Plaintiffs' proposed instruction is inconsistent with the parties' understanding when executing these stipulations, which was that the facts would be read to the jury and would not be introduced as Exhibits.

Thus, Defendants' Proposed Instruction No. 3 should be given in lieu of this instruction.

## PROPOSED JURY INSTRUCTION NO. 18
### FAILURE TO PRODUCE AVAILABLE EVIDENCE

If a party fails to produce evidence under that party's control and reasonably available to that party and not reasonably available to the adverse party, then you may infer that the evidence is unfavorable to the party who could have produced it and did not.

Requesting Party:          Plaintiffs

Authority:                 3 Fed. Jury Prac. & Instr. § 104:26 (6th ed.).

## PLAINTIFFS' POSITION

Plaintiffs requested that both Lukasz Gottwald and Henry Russell Walter, claimed by defendants to be the creators of the musical portion of "Dark Horse," produce:

- All documents concerning the creation of Defendants' Composition, including but not limited to any Recording, sheet music or handwritten notes embodying any music or lyrics of that Composition. (Production request no. 1).

- All loops, sound recordings, MIDIs, MP3s, overdubs, patches, plugins, samples, and stems related to the creation of Defendants' Composition and/or Defendants' Recording. (Production request no. 32).

- All documents concerning the date on which Defendants' Composition was created. (Production request no. 41).

In response to these requests Walter produced a single MP3 file, namely Exhibit 74, an mp3 audio file named OhNo1.1.mp3 [WAL TER001]. Gottwald produced nothing. The production of this lone file, when combined with the lack of

any other physical evidence of independent creation and anticipated trial testimony will warrant the Court giving this instruction.

Plaintiffs agree that the issue with respect to Mr. Kayira is unrelated to plaintiffs' request for submission of instruction 2.2 that should be addressed separately. Accordingly, plaintiffs will not respond here to defendants' spurious interjection.

## DEFENDANTS' OBJECTION

This general instruction is not necessary.  Neither Plaintiffs nor Defendants contend that the other party to this action failed to produce evidence under that party's possession during discovery.  This instruction would only confuse matters and mislead the jury into believing that parties have withheld or failed to produce evidence, when that is simply not the case.  This instruction should not be given.

However, Plaintiffs are trying to hide the testimony of a material witness, Eric Kayira, from the jury.  Mr. Kayira is a material witness to the validity of Plaintiffs' copyright registration and whether that copyright registration protects the instrumental music in "Joyful Noise" at issue in this case.  Thus, to the extent that Plaintiffs do not have Mr. Kayira testify, Defendants will seek adverse inferences.  This will be addressed separately.

**PLAINTIFFS' [DISPUTED] PROPOSED JURY INSTRUCTIONS**

## PROPOSED JURY INSTRUCTION NO. 19
## IMPEACHMENT EVIDENCE-WITNESS

The evidence that a witness lied under oath, on a prior occasion or during the trial, may be considered, along with all other evidence, in deciding whether or not to believe the witness and how much weight to give to the testimony of the witness and for no other purpose.

Requesting Party:          Plaintiffs

Authority:                 9th Cir. Civ. Jury Instr. 2.9 (modified)

## PLAINTIFFS' POSITION

Plaintiffs expect that they will in the course of examining certain witnesses in this case impeach them with prior inconsistent statements or other impeachment evidence. This is a proper instruction to inform the jury of the significance of such evidence and testimony and how it may be used by them. This is an appropriate instruction for use in this case.

The limitation that defendants seek to engraft onto the use of this instruction, that it is inapplicable to evidence adduced during the course of trial, is not supported by the language of the instruction itself ("evidence that a witness lied under oath, on a prior occasion **or during the trial**"), or by the authorities on the instruction, including the parallel instruction contained in Federal Jury Practice and Instructions:

> Where the witness is a party to the case, and by such statement or
> other conduct admits some fact or facts against the witness' interest,
> then such statement or other conduct, if knowingly made or done, may
> be considered as evidence of the truth of the fact or facts so admitted
> by such party**, as well as for the purpose of judging the credibility
> of the party as a witness**.

14

Kevin F. O'Malley, *et al.*, 3 Fed. Jury Prac. & Instr. § 105:09 (6th ed.)(emphasis added).[2] Witness credibility is important in this case due, in part, to the circumstantial evidence relating to the access element. Therefore, the Court should provide the jury guidance as to how such credibility is to be assessed. If the Court agrees with defendants' inapplicability argument with respect to 2.9, the plaintiffs would request that the Court include either 9th Cir. Civ. Jury Instr. 1.14. or 3 Fed. Jury Prac. & Instr. § 105:01. These instructions are longer than plaintiffs' proposed instruction, but they will provide the jury the guidance on impeachment and credibility that they need.

Further, in [DEFENDANTS' PROPOSED] JURY INSTRUCTION NO. 15 defendants seek to instruct the jury that, "you may consider the characteristics and practices of Mr. Walter and Mr. Gottwald as they relate to Plaintiffs' evidence of dissemination of 'Joyful Noise.'" This instruction tells the jurors to, in effect, give credence or added weight to defendants Walters' and Gottwalds' self-serving denials of access or any act or conduct that might circumstantially bolster the possibility of access. Any such evidence is inadmissible pursuant to Fed. R. Evid. 404(a)(1), which provides "Evidence of a person's character or character trait is not admissible to prove that on a particular occasion the person acted in accordance with the character or trait." However, if the defendants offer such evidence or that instruction is used, the plaintiffs are certainly allowed to offer extrinsic evidence of defendants Walters' and Gottwalds' conduct in order to attack their character for truthfulness under Fed.R. Evid. 608(b).

## DEFENDANTS' OBJECTION

This instruction is not necessary.  The examples in and comment for Model Instruction 2.9, on which is this based, make clear that this instruction should be

---

[2] The notes to this section include 9th Cir. Civ. Jury Instr. 2.9 set out in full.

15

given in cases where a witness has been convicted of a crime or lied under oath on a prior occasion, and that specific evidence has been introduced to impeach a witness.  It is not, as Plaintiffs propose, used to instruct jurors regarding the weight that should be given to a party's argument or contention that a witness has lied in the very trial in which the instruction is given.  This proposed instruction should be rejected.

## PROPOSED JURY INSTRUCTION NO. 29
### PRELIMINARY INSTRUCTION - COPYRIGHT

The plaintiffs, Marcus Gray, Emanuel Lambert and Chike Ojukwu, claim ownership of a copyright and seek damages against the defendants, Katheryn Elizabeth Hudson, Kitty Purry, Inc., Jordan Houston, Lukasz Gottwald, Sarah Theresa Hudson, Karl Martin Sandberg, Henry Russell Walter, Capitol Records, LLC, UMG Recordings, Inc., Universal Music Group, Inc., WB Music Corp., Kobalt Music Publishing America, Inc., Kasz Money, Inc., for copyright infringement.  The defendants deny infringing the copyright [and] [defendants' affirmative defenses].  To help you understand the evidence in this case, I will explain some of the legal terms you will hear during this trial.

DEFINITION OF COPYRIGHT

The owner of a copyright has the right to exclude any other person from reproducing, distributing, performing, displaying, or preparing derivative works from the work covered by copyright for a specific period of time.

A copyrighted work can be a musical work.

The copyrighted work must be original.  An original work that closely resembles other works can be copyrighted so long as the similarity between the two works is not the result of copying.

COPYRIGHT INTERESTS

The copyright owner may transfer to another person all or part of the owner's property interest in the copyright, that is, the right to exclude others from reproducing, distributing, performing, displaying or preparing derivative works

from the copyrighted work.  To be valid, the transfer must be in writing and signed by the transferor.  The person to whom a right is transferred is called an assignee.

HOW COPYRIGHT IS OBTAINED

Copyright automatically attaches to a work the moment the work is fixed in any tangible medium of expression.  The owner of the copyright may register the copyright by completing a registration form and depositing a copy of the copyrighted work with the Copyright Office.  After determining that the material deposited constitutes copyrightable subject matter and that certain legal and formal requirements are satisfied, the Register of Copyrights registers the work and issues a certificate of registration to the copyright owner.

PLAINTIFF'S BURDEN OF PROOF

In this case, the plaintiffs, Marcus Gray, Emanuel Lambert and Chike Ojukwu, contend that the defendants have infringed the plaintiffs' copyright in their song "Joyful Noise." Specifically, they contend that defendants' song" Dark Horse" infringes the instrumental beat or ostinato in "Joyful Noise."  The plaintiffs have the burden of proving by a preponderance of the evidence that the plaintiffs are the owner of the copyright and that the defendants copied original expression from the copyrighted work.  Preponderance of the evidence means that you must be persuaded by the evidence that it is more probably true than not true that the copyrighted work was infringed.

PROOF OF COPYING

To prove that the defendants copied the plaintiffs' work, the plaintiffs may show that the defendants had access to the plaintiffs' copyrighted work and that

18

there are substantial similarities between the defendants' work and the plaintiffs' copyrighted work.

LIABILITY FOR INFRINGEMENT

One who [reproduces] [publicly distributes] [publicly performs] [publicly displays][prepares derivative works from] a copyrighted work without authority from the copyright owner during the term of the copyright infringes the copyright.

Requesting Party:          Plaintiffs

Authority:                      9th Cir. Civ. Jury Instr. 17.1 (modified)

### **PLAINTIFFS' POSITION**

This is the model preliminary instruction for copyright cases and provides the jury an introduction to terms and concepts regarding the plaintiffs' copyright claim in a fair, unbiased, simple and straight-forward manner. This is the proper instruction for use in this case.

Defendants' proposed version of this instruction (Defendants' Proposed Instruction No. 4) improperly and unnecessarily deviates from the Ninth Circuit pattern jury instruction 17.1. Paragraphs one and two deviate from the pattern instruction. Further, defendants improperly remove, or sever into a separate instruction, portions of 17.1. Additionally, defendants insert improper language, including references to the burden of proof. This instruction, is a "preliminary instruction" and is not intended to include a detailed recitation of the parties' claims, defenses and contentions, nor to instruct on the burden of proof.  Such improper insertions will only serve to mislead and confuse the jury, as they only seek to bolster defendants' claims and arguments rather than follow the framework of the model instructions, which are designed to fairly and impartially inform and educate the jury as to the matters and issues to be decided by them. To the extent

19

that the Court permits defendants' instructions, it should add the burden of proof regarding defendants' defenses and also not that plaintiffs deny such defenses.

## **<u>DEFENDANTS' OBJECTION</u>**

Plaintiffs and Defendants both propose a version of Ninth Circuit Model Instruction 17.1 (*see* Defendants' Proposed Instruction No. 4).  As written, however, Plaintiffs' proposed instruction is overwhelming and conveys too much information at once, which will make it hard for jurors to understand and digest these concepts.  In addition, the majority of Plaintiffs' proposed instruction is largely duplicative of other instructions they have proposed, making this instruction unnecessary, potentially confusing and overwhelming.  For example, Plaintiffs' proposed "DEFINITION OF COPYRIGHT" and "LIABILITY FOR INFRINGEMENT" instructions convey largely the same information as Plaintiffs' Proposed Instruction No. 30.  Similarly, Plaintiffs; proposed definition of "COPYRIGHT INTERESTS" is duplicative of Plaintiffs' Proposed Instruction No. 37.  At a minimum, and without conceding the legitimacy of Plaintiffs' other proposed instructions, these instructions should be broken down into their constituent parts, so that they are conveyed to jurors in an easily digestible manner.

Plaintiffs' proposal also grossly oversimplifies the concept of originality as it is applied under copyright law.  As explained in Defendants' Proposed Instruction No. 7, there is more to originality than this proposed instruction suggests.  Plaintiffs' proposed instruction also oversimplifies the process by which a copyright is properly registered with the United States Copyright Office and does not account for the nuances regarding registration at issue here.  Instead, it vaguely states that a copyright registration is granted "[a]fter … certain legal and formal requirements are satisfied" without providing any detail as to what those requirements are.  Plaintiffs have the burden of proving their ownership of a valid

copyright by a preponderance of the evidence.  And as made clear by Defendants' recent pre-trial filings and in their Proposed Instruction No. 11, the issues in this case will include whether Plaintiffs' copyright registration protects the underlying beat in "Joyful Noise"  and whether Plaintiffs' copyright registration knowingly included false or inaccurate information relating to the nature, ownership, or chain of title of "Joyful Noise" (which may require a subsequent determination of whether that false information would have caused the Register of Copyrights not to register the copyright).  The jury should be provided with these details in any instruction regarding the process by which a copyright registration is obtained.

Plaintiffs' proposal is also defective because it again incorrectly refers to the musical works "Joyful Noise" and "Dark Horse" as songs.  As explained above, and in Defendants' Proposed Instruction No. 6, only two types of musical works are recognized by copyright law: sound recordings and their underlying musical compositions.  A copyright owner either owns rights in a musical composition or in a sound recording; there simply is no such thing as a copyright ownership interest in a "song."

Plaintiffs' proposal regarding their burden of proof in this case is also duplicative of Joint Proposed Instruction No. 3 (*see* Dkt. 409, p. 7), which explains the meaning of a preponderance burden.  Jurors do not need to be instructed on this issue multiple times.

Finally, Plaintiffs' proposed instruction for "PROOF OF COPYING" in this instruction does not accurately state the standard for copying under copyright law.  Plaintiffs' proposal incorrectly states that there must be "substantial similarities between the defendants' work and the plaintiffs' copyrighted work."  It is true that substantial similarity considers the works as a whole; however, this instruction nonetheless grossly oversimplifies this standard, which requires not that there be substantial similarities between the two works generally, but substantial

similarities of original **and** protectable elements in the allegedly infringed work. *See Funky Films, Inc. v. Time Warner Entm't Co.,* 462 F.3d 1072, 1077 (9th Cir. 2006).  The jury may be confused by this instruction and may improperly consider unprotectable elements in determining substantial similarity.

On the other hand, Defendants' Proposed Instruction No. 4 provides a high level, non-argumentative summary of the claims and defenses in this action in an easily digestible manner.  And Defendants' proposed instructions that follow go on to define and instruct the jury on the various terms applicable to this action one by one, which will be easier for jurors to understand.  Plaintiffs' proposal should be rejected and Defendants' Proposed Instruction No. 4, and general format for providing these instructions one by one, should be adopted.

**PLAINTIFFS' [DISPUTED] PROPOSED JURY INSTRUCTIONS**

**PROPOSED JURY INSTRUCTION NO. 30**
**COPYRIGHT-DEFINED**
**(17 U.S.C. § 106)**

Copyright is the exclusive right to copy.  This right to copy includes the exclusive rights to:

1.     authorize or make additional copies, or otherwise reproduce the copyrighted work;

2.     recast, transform, or adapt the work, that is prepare derivative works based upon the copyrighted work;

3.     distribute copies of the copyrighted work to the public by sale or other transfer of ownership or by rental or lease or lending;

4.     perform publicly a copyrighted musical work;

5.     display publicly a copyrighted musical work; and

6.     perform a sound recording by means of digital audio transmission.

It is the owner of a copyright who may exercise these exclusive rights. The term "owner" includes the author of the work or an assignee.  In general, copyright law protects against the reproduction, adaptation, public distribution, public performance, public display of identical or substantially similar copies of the owner's copyrighted work without the owner's permission.  An owner may enforce these rights to exclude others in an action for copyright infringement.

Requesting Party:        Plaintiffs

Authority:                      9th Cir. Civ. Jury Instr. 17.2 (modified)

## PLAINTIFFS' POSITION

This is the model instruction for copyright cases and provides the jury a definition of copyright and the rights that a copyright bestow upon its owner in a fair, unbiased, simple and straight-forward manner. This is the proper instruction for use in this case.

Defendants' version (Defendants' Proposed Instruction No. 5) improperly and unnecessarily deviates from the Ninth Circuit pattern jury instruction 17.2. Defendants improperly combine elements of 17.1 and 17.2. Defendants improperly omit the copyright owner's exclusive rights to perform publicly a copyrighted musical work ([4] in model) and to perform a sound recording by means of digital audio transmission ([6]).

Further, defendants' instruction improperly removes the explanation of the term "owner" and the protections afforded the owner from the enumerated uses of "identical or substantially similar copies of the owner's copyrighted work without the owner's permission." Also improperly deleted is the reference to an owner's enforcement rights to exclude others from such uses in an action for copyright infringement. These omissions are material and meant to minimize the nature and breadth of the protections afforded a copyright owner.

Such modifications will only serve to mislead and confuse the jury as they only seek to bolster defendants' claims and arguments, rather than follow the framework of the model instructions, which are designed to fairly and impartially inform and educate the jury as to the matters and issues to be decided by them. The Court should utilize plaintiffs' proposed instruction which contains model instruction 17.2 rather than the defendants' proffered instruction.

## DEFENDANTS' OBJECTION

Plaintiffs and Defendants both propose instructions based on Ninth Circuit Model Instruction 17.2 (*see* Defendants' Proposed Instruction No. 5). Plaintiffs'

instruction is incomplete and not helpful to the jury.  Unlike this instruction, Defendants' Proposed Instruction No. 7 accurately sets forth the well-settled principle of copyright law that only original **and** protectable expression is afforded the rights set forth in 17 U.S.C. § 106, and that copyright owners can only prevent others from copying the original, protectable expression in those works.  Plaintiffs' proposed instruction, as written, does not make this important distinction.  This could lead jurors to believe that anyone who claims to be an owner of a copyright in a work has these rights, without any consideration for the originality or protectability of the work.  In addition, the rights listed in bullets #4-6 of this proposed instruction are not relevant in this case.  Jurors are already exposed to vast amounts of information during trial and the instructions should be streamlined to provide jurors only with the information that they need to assess the parties' claims and defenses.  Providing jurors with additional irrelevant information is unhelpful and unnecessary. The Court should adopt Defendants' Proposed Instruction No. 5 (with the addition of the rights identified in #4-6 above, if the Court so decides) in lieu of this proposed instruction.

**PROPOSED JURY INSTRUCTION NO. 31**
**COPYRIGHT-SUBJECT MATTER-GENERALLY**
**(17 U.S.C. § 102)**

The work "Joyful Noise involved in this trial is a:

1. musical work, including any accompanying words; and

2. sound recording, which is a work that results from fixation of a series of musical, spoken, or other sounds.

You are instructed that a copyright may be obtained in "Joyful Noise."

"Joyful Noise" can be protected by copyright law. Only that part of the work consisting of original works of authorship is protected by the Copyright Act.

Requesting Party:        Plaintiffs
Authority:               9th Cir. Civ. Jury Instr. 17.3 (modified)

### PLAINTIFFS' POSITION

This is the model instruction for copyright cases and provides the jury a very brief introduction to the subject matter involved in this case and that "Joyful Noise" is subject to copyright in a fair, unbiased, simple and straight-forward manner. This is the proper instruction for use in this case.

The plaintiffs' copyright protects **all** of the elements of the recording of that electronic song. The Copyright Act of 1976 ended the copyright deposit requirement that the musical composition be fixed in writing. Now, any tangible medium of expression—including a recording of that composition--is acceptable, especially with electronic music. 2 Patry on Copyright § 3:93 ("Fixation now may be in 'any tangible medium of expression,' including tapes, LPs, compact discs, and MP3 files, thus eliminating the need to notate compositions. Musical

26

compositions are not confined to traditional works; the category also includes electronic music and any manner of presenting constructed sounds."); 17 U.S.C. § 102(a) ("Copyright protection subsists, in accordance with this title, in original works of authorship **fixed in any tangible medium of expression** (emphasis added).

This instruction does not, as defendants claim, mislead the jury in any way as to the nature of plaintiffs' copyright in "Joyful Noise." To the contrary, defendants' technical legal distinctions are designed to mislead the jury that the "sounds" encompassed in "Joyful Noise" are not protected by their copyright. Plaintiffs' proposed instruction is proper and should be used.

### **DEFENDANTS' OBJECTION**

Plaintiffs' proposed instruction is grossly inaccurate.  The musical work "Joyful Noise" that is at issue in this trial is not a sound recording.  Plaintiffs have only claimed to own a copyright interest in the *musical composition* "Joyful Noise."  *See* Dkt. 172 (Third Amended Complaint, ¶¶ 3, 26-28, 37).  Plaintiffs do not claim to have a copyright interest in any sound recording of that musical composition.  As explained above, and in Defendants' Proposed Instruction No. 6, sound recordings and their underlying musical compositions are separate works with their own distinct copyrights.  Plantiffs' proposed instruction will lead the jury to incorrectly believe that the work at issue in this case is the sound recording of "Joyful Noise," when in reality, it is not.  This instruction should be rejected on that basis alone.

**PROPOSED JURY INSTRUCTION NO. 32**
**COPYRIGHT - SUBJECT MATTER-IDEAS AND EXPRESSION**
**(17 U.S.C. § 102(b))**

Copyright law allows the author of an original work to stop others from copying the original expression in the author's work.  Only the particular expression of an idea can be copyrighted and protected.  Copyright law does not give the author the right to prevent others from copying or using the underlying ideas contained in the work, such as any procedures, processes, systems, methods of operation, concepts, principles, or discoveries.

Requesting Party:          Plaintiffs

Authority:                      9th Cir. Civ. Jury Instr. 17.4

**PLAINTIFFS' POSITION**

This is the model instruction for copyright cases and provides the jury general information regarding what can and cannot be protected by copyright in a fair, unbiased, simple and straight-forward manner. This is the proper instruction for use in this case.

Defendants alternative(s) (Defendants' Proposed Instructions Nos. 8, 9) go well beyond the instructions and improperly and unnecessarily deviates from the Ninth Circuit pattern jury instructions. While defendants purport to cite as sources for their Proposed Instruction No. 8 modified versions of 9th Cir. 17.1 and 17.3, the proposed instruction is not readily recognizable as a fusion of those two pattern instructions. While the first paragraph contains elements of those instructions, the second paragraph does not. The entire instruction contains a conglomeration of statements that will only serve to overload and confuse the jury with abstract statements of law that provide the jury with no practical explanation of how to apply any such abstract principles to the facts of this case. Again, the Court should

omit this "hybrid" instruction and use the model instructions for copyright actions that are designed to be simple, direct and non-argumentative.

Defendants Proposed Instruction No. 8 also improperly and unnecessarily deviates from and expands upon the Ninth Circuit pattern jury instructions. This instruction cites as its source, in part, the Comment to 9th Cir. 17.14. The comments are meant to provide guidance and justification for the application of a model instruction not, as defendants attempt, a springboard for the creation of a new non-pattern instruction.

The plaintiffs further object to Proposed Instruction No. 8 on the basis that the "thin" copyright analysis is not applicable in this case. *ITC Textile, Ltd. v. Wal-Mart Stores, Inc.*, No. CV 11-1967 RSWL PLAX, 2012 WL 468065, at *2 (C.D. Cal. Feb. 14, 2012)("thin copyright protection only applies where a copyrighted work contains a compilation of non-copyrightable facts and original elements," *citing Feist Publications, Inc. v. Rural Telephone Serv. Co., Inc.*, 499 U.S. 340, 349 (1991)). Because the thin copyright protection doctrine does not apply to the plaintiffs' song, the standard "substantial similarity" test must be applied to determine whether infringement has occurred. *Id*. Inclusion of this instruction would be an improper instruction and misstatement of law.

## DEFENDANTS' OBJECTION

Plaintiffs and Defendants both propose instructions based on Ninth Circuit Model Instruction 17.4 (*see* Defendants' Proposed Instructions Nos. 8, 9). Plaintiffs' proposal does not modify Model Instruction 17.4; however, that does not necessarily mean that it is preferable over Defendants' instruction. The Ninth Circuit Manual expressly states that the Model Instructions are "not mandatory" and "are not a substitute for the individual research and drafting that may be required in a particular case."

29

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Here, Defendants contend that Plaintiffs cannot sustain their burden of proving copyright infringement because the allegedly infringed portion of the "Joyful Noise" musical composition is not original and is unprotectable commonplace expression.  Defendants' Proposed Instructions Nos. 8 and 9 provide jurors with a more comprehensive understanding of how commonplace ideas and elements can or cannot be the subject of copyright protection and, thus, more accurately reflect the law in this Circuit as applied to the facts of this case.  *See Swirsky v. Carey*, 376 F.3d 841, 848-49 (9th Cir. 2004); *Satava v. Lowry*, 323 F.3d 805, 811-12 (9th Cir. 2003); *Apple Computer v. Microsoft Corp.*, 35 F.3d 1435, 1442 (9th Cir. 1994); *Mattel, Inc. v. MGA Entm't, Inc.*, 616 F.3d 904, 915 (9th Cir. 2010).  Defendants' Proposes Instructions Nos. 8 and 9 should be given in lieu of this instruction.

**PLAINTIFFS' [DISPUTED] PROPOSED JURY INSTRUCTIONS**

**PROPOSED JURY INSTRUCTION NO. 33**
**COPYRIGHT INFRINGEMENT – ELEMENTS - OWNERSHIP AND COPYING**
**(17 U.S.C. § 501(a)-(b))**

Anyone who copies original expression from a copyrighted work during the term of the copyright without the owner's permission infringes the copyright.

On the plaintiffs' copyright infringement claim, the plaintiffs have the burden of proving by a preponderance of the evidence that:

1.    the plaintiffs are the owners of a valid copyright; and

2.    the defendants copied original expression from the copyrighted work.

If you find that the plaintiffs have proved both of these elements, your verdict should be for the plaintiffs.  If, on the other hand, you find that the plaintiffs have failed to prove either of these elements, your verdict should be for the defendants.

Requesting Party:         Plaintiffs

Authority:                      9th Cir. Civ. Jury Instr. 17.5

## PLAINTIFFS' POSITION

This is the model instruction for copyright cases and provides the jury the elements of plaintiffs' claim in a fair, unbiased, simple and straight-forward manner. This is the proper instruction for use in this case.

Defendants' version, Defendants' Proposed Instruction No. 10, inserts improper additions, including unnecessary and unwarranted references to affirmative defenses. This instruction is designed to be limited to informing the jury as to the two elements of plaintiffs' claim, nothing more. Affirmative defenses are addressed elsewhere, they do not need to be addressed in this instruction.

31

1
2
3
Nothing within Model Instruction 17.5 "mandates a finding for Plaintiffs even if a defense applies" or conflicts with the other instructions that properly contain references to affirmative defenses.

4
5
6
7
8
9
10
Defendants' improper insertions will only serve to mislead and confuse the jury as they only seek to bolster defendants' claims and arguments, rather than follow the framework of the model instructions, which are designed to fairly and impartially inform and educate the jury as to the matters and issues to be decided by them. Further, defendants' defenses should and will be introduced to the jury in the proper manner and sequence, as dictated by the model instructions.

11
### DEFENDANTS' OBJECTION

12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
Plaintiffs and Defendants both propose instructions based on Ninth Circuit Model Instruction 17.5 (*see* Defendants' Proposed Instruction No. 10).  Plaintiffs' proposal does not modify Model Instruction 17.5; however, that does not necessarily mean that it is preferable over Defendants' instruction.  As explained above, the Ninth Circuit Manual expressly states that the Model Instructions are "not mandatory" and "are not a substitute for the individual research and drafting that may be required in a particular case."  Defendants' proposal does not substantively change the Model Instruction; rather, it clarifies that, in order to prove copyright infringement, Plaintiffs must own a valid copyright in the allegedly infringed portion of "Joyful Noise" (a valid statement) and that only the copying of original **and** protectable expression can be infringement.  Defendants' proposal also reminds jurors that, even if Plaintiffs prove the two elements listed, Defendants are not liable for infringement if they prove one or more affirmative defenses.  Unless this modification is included, Model Instruction 17.5 mandates a finding for Plaintiffs even if a defense applies, which will conflict with the various other instructions given regarding affirmative defenses.  Defendants' proposed

28

addition will appropriately avoid jury confusion.  And Plaintiffs cannot dispute that, if they were to prove their case, Defendants can still prevail if they establish a defense.

**PLAINTIFFS' [DISPUTED] PROPOSED JURY INSTRUCTIONS**

**PROPOSED JURY INSTRUCTION NO. 34**
**COPYRIGHT INFRINGEMENT - OWNERSHIP OF VALID COPYRIGHT**
**- DEFINITION**
**(17 U.S.C. §§ 201-205)**

The plaintiffs are the owners of a valid copyright in "Joyful Noise" if the plaintiffs prove by a preponderance of the evidence that:

1.      the plaintiffs' work is original; and

2       the plaintiffs are the authors or creators of the work or received a transfer of the copyright.

Requesting Party:           Plaintiffs

Authority:                  9th Cir. Civ. Jury Instr. 17.6

## PLAINTIFFS' POSITION

This is the model instruction for copyright cases and provides the jury the information it needs to assess the validity of plaintiff's copyright in a fair, unbiased, simple and straight-forward manner. This is the proper instruction for use in this case.

Defendants proposed instruction improperly asks the jury to determine issues of law that the Court should determine, rather than the jury, if the Court doesn't first determine that defendants have waived this defense. (Dkt. 413).

## DEFENDANTS' OBJECTION

In order to sustain their burden of proving infringement at trial, Plaintiffs must prove their ownership of a valid copyright in the musical composition "Joyful Noise" by a preponderance of the evidence.  This includes proving that Plaintiffs are the owners of a valid copyright registration in that musical composition.  This

**PLAINTIFFS' [DISPUTED] PROPOSED JURY INSTRUCTIONS**

requirement was recently made clear by the U.S. Supreme Court's decision in *Fourth Estate Public Benefit Corp. v. Wall-Street.com LLC*, 139 S. Ct. 881, 891 (2019), which held that a copyright plaintiff must own a valid copyright registration for the work at issue prior to bringing a claim for infringement. *See also* 17 U.S.C. §§ 410, 411.  Plaintiffs' proposed jury instructions pretend like this requirement does not exist.  The jury should be advised of this requirement, especially in light of the fact that the scope and validity of Plaintiffs' copyright registration is squarely at issue.  As made clear by Defendant's Proposed Instruction No. 11, the issues in this case will include whether Plaintiffs' copyright registration protects the underlying beat in "Joyful Noise" at issue in this case and whether Plaintiffs' copyright registration knowingly included false or inaccurate information relating to the nature, ownership, or chain of title of "Joyful Noise" (which may require a subsequent determination of whether that false information would have caused the Register of Copyrights not to register the copyright).  The jury should be provided with these details in any instruction regarding the process by which a copyright registration is obtained.  Plaintiffs' proposal should therefore be rejected.

**PROPOSED JURY INSTRUCTION NO. 35**
**COPYRIGHT INFRINGEMENT - ORIGINALITY**

An original work may include or incorporate elements taken from prior works.  The original parts of the plaintiff's work are the parts created:

1.    independently by the work's author, that is, the author did not copy it from another work; and

2.    by use of at least some minimal creativity.

In copyright law, the "original" part of a work need not be new or novel.

Requesting Party:          Plaintiffs

Authority:                        9th Cir. Civ. Jury Instr. 17.14

**PLAINTIFFS' POSITION**

This is the model instruction for copyright cases and provides the jury the elements required to establish originality under copyright law in a fair, unbiased, simple and straight-forward manner. This is the proper instruction for use in this case.

Defendants' alternative, Defendants' Proposed Instruction No. 7, improperly and unnecessarily deviates from the Ninth Circuit pattern jury instruction 17.14. Defendants insert improper additions, including beginning the instruction with the statement that, "Not all expression is copyrightable." This statement is argumentative and extraneous to the purpose of 17.14 – to inform the jury on the concept and elements of originality.

Defendants' instruction also contains other argumentative, defense-skewed and inappropriate phrases and statements, including attempting to add a

requirement that plaintiffs prove that "Joyful Noise" "contain[s] variations from previously existing art that are more than trivial, miniscule, common, or trite." All that is required is stated in the pattern instruction – "some minimal creativity." The instruction and the first two comments make it clear that the required level of creativity is "minimal." The cases cited by defendants do not hold otherwise. See, e.g., *Feist Publications, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 345 (1991)(Copyright law requires that "the work was independently created by the author … and that it possesses at least some minimal degree of creativity.(citation omitted). To be sure, the requisite level of creativity is extremely low; even a slight amount will suffice.") The Court should reject defendants' attempts to elevate or obfuscate the originality/minimal creativity requirement.

Defendants also omit the sentence, "In copyright law, the "original" part of a work need not be new or novel." This is an important concept and should be included.

These improper additions and deletions proposed by the defendants will only serve to mislead and confuse the jury. The model instruction, as proposed by plaintiffs, is simple, direct and non-argumentative and should be used.

## **DEFENDANTS' OBJECTION**

Plaintiffs and Defendants both propose instructions based on Ninth Circuit Model Instruction 17.14 (*see* Defendants' Proposed Instruction No. 7).  Plaintiffs' proposal does not modify Model Instruction 17.14; however, that does not necessarily mean that it is preferable over Defendants' instruction.  As explained above, the Ninth Circuit Manual expressly states that the Model Instructions are "not mandatory" and "are not a substitute for the individual research and drafting that may be required in a particular case."

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Drawing from the relevant case law in this Circuit, Defendants' proposal accurately provides additional context to jurors regarding what the test for originality actually is.  As explained above, Defendants contend that the allegedly infringed portion of the "Joyful Noise" musical composition is not original and is unprotectable commonplace expression.  Defendants' Proposed Instruction No. 7 will provide jurors with the appropriate context to assess whether Plaintiffs can sustain their burden of proving original and protectable expression.  It should be given in lieu of Plaintiffs' proposed instruction.

**PLAINTIFFS' [DISPUTED] PROPOSED JURY INSTRUCTIONS**

**PROPOSED JURY INSTRUCTION NO. 36**
**COPYRIGHT INTERESTS-**
**JOINT AUTHORS (17 U.S.C. §§ 101, 201(a))**

A copyright owner is entitled to exclude others from copying a joint work. A joint work is a work prepared by two or more authors. At the time of the joint work's creation, a joint work must have two or more authors, and:

    1.    each author must have made a substantial and valuable contribution to the work;

    2.    each author must have intended that his contribution be merged into inseparable or interdependent parts of a unitary whole; and

    3.    each author must have contributed material to the joint work which could have been independently copyrighted.

Each author of a joint work shares an undivided interest in the entire joint work. A copyright owner in a joint work may enforce the right to exclude others in an action for copyright infringement.

In deciding whether parties intended their contributions to be merged in element 2, above, you may consider whether the parties signed a written agreement stating that the copyright in the work is to be jointly owned. If there is no such agreement, you may consider whether:

    a.    each of the parties exercised control over the work;

39

b.    each of the parties' actions showed they shared the intent to be co-authors when they were creating the work, for instance by publicly stating that the work was their shared project; and

c.    the audience-appeal of the work depends on the contribution of each party so that the share of each party's contribution to the work's success cannot be appraised.

In making a substantial and valuable contribution to a work, each author's contribution to the joint work need not be equal.

A written agreement stating the copyright in the work is to be jointly owned may show that each author of a joint work intended that his contribution be merged into inseparable or interdependent parts of a unitary whole.

In contributing material to the joint work that could have been independently copyrighted, each author's contribution should be entitled to copyright protection without the contributions by the other authors.

Requesting Party:      Plaintiffs
Authority:            9th Cir. Civ. Jury Instr. 17.9

## **PLAINTIFFS' POSITION**

This is the model instruction for copyright cases and provides the jury information related to joint works in a fair, unbiased, simple and straight-forward manner. This is the proper instruction for use in this case.

Defendants' Proposed Instruction No. 12 improperly and unnecessarily deviates from the Ninth Circuit pattern jury instruction 17.15. There exists pattern instructions 17.9 (Joint Authors) and 17.15 (derivative work) which already

**PLAINTIFFS' [DISPUTED] PROPOSED JURY INSTRUCTIONS**

1   properly cover this – obviating the need for this long, excessively complex and
2   convoluted instruction.
3        Moreover, the three items that defendants claim to constitute "elements" of
4   proof and that the plaintiffs bear the burden of proving each are, in fact, <u>factors</u> that
5   the fact-finder may consider in determining if a work is joint. *Richlin v. Metro-*
6   *Goldwyn-Mayer Pictures, Inc.*, 531 F.3d 962, 970 (9th Cir. 2008). Moreover, they
7   are non-exclusive factors. *Aalmuhammed v. Lee*, 202 F.3d 1227, 1235 (9th Cir.
8   2000)("The factors articulated in this decision and the Second and Seventh Circuit
9   decisions cannot be reduced to a rigid formula, because the creative relationships
10  to which they apply vary too much. Different people do creative work together in
11  different ways, and even among the same people working together the relationship
12  may change over time as the work proceeds.") Nor do the cases cited by
13  defendants indicate that the proof of all three factors is required to prove the
14  creation of a joint work. See, *e.g.*, *Richlin*, 531 F.3d at 970 (weighing factors in
15  making joint work determination).
16       So, too, Defendants have waived their right to raise this defense by failing to
17  timely comply with the mandatory procedures in 17 U/.S.C. §411(b) and (c).
18       The model instructions contain two instructions which adequately address
19  joint and derivative works. The Court should use them, rather than defendants'
20  proposed instruction that erroneously requires that plaintiffs prove three elements
21  conjunctively. Moreover, the jury's determination of this issue is subsumed in its
22  determination of the first element of plaintiffs' claim in instruction 17.5 – are
23  plaintiffs the owners of a valid copyright? The model instruction as proposed by
24  plaintiffs is simple, direct and non-argumentative. The Court should use it rather
25  than defendants' altered version.
26
27
28

# **DEFENDANTS' OBJECTION**

Plaintiffs and Defendants both propose instructions based on Ninth Circuit Model Instruction 17.9 (*see* Defendants' Proposed Instruction No. 12). Plaintiffs' proposal does not modify Model Instruction 17.9; however, that does not necessarily mean that it is preferable over Defendants'. Plaintiffs' mere regurgitation of the Model Instruction here is confusing and does not conform the instruction to reflect the nuances of this case or the case law. Here, Defendants contend that Plaintiffs cannot sustain their burden of proving ownership of a valid copyright registration in "Joyful Noise" and that their copyright registration is for a derivative work that does not protect the allegedly infringed portion of "Joyful Noise" (i.e., the instrumental beat created by Mr. Ojukwu). As such, jurors will need to decide whether "Joyful Noise" is a jointly authored work or whether Mr. Gray and Mr. Lambert created a derivative work from Mr. Ojukwu's pre-existing beat. In light of this, it is more effective to instruct the jury on the meaning of these terms together, rather than in separate instructions. In addition, Defendants' proposal more succinctly and clearly explains the meaning of the two terms and their relationship, which will be easier for jurors to understand and apply to the facts. Jurors are already exposed to vast amounts of information during trial and the instructions should be streamlined to provide jurors with the information that they need to assess the parties' claims and defenses in a digestible manner. Defendants' Proposed Instruction No. 12 should be given in lieu of this instruction.

## PROPOSED JURY INSTRUCTION NO. 37
## COPYRIGHT INTERESTS-ASSIGNEE
### (17 U.S.C. § 201(d)(1))

A copyright owner may transfer to another person all or part of the owner's property interest in the copyright; that is, the right to exclude others from copying the work.  The person to whom the copyright is transferred becomes the owner of the copyright in the work.

To be valid, the transfer must be in a writing signed by the transferor.  The person to whom this right is transferred is called an assignee.  The assignee may enforce this right to exclude others in an action for copyright infringement.

Requesting Party:          Plaintiffs

Authority:                 9th Cir. Civ. Jury Instr. 17.12 (modified)

### PLAINTIFFS' POSITION

This is the model instruction for copyright cases and provides the jury information relating to the transfer of copyrights in a fair, unbiased, simple and straight-forward manner. This is the proper instruction for use in this case.

Defendants' Proposed Instruction No. 13, which it proposes as an alternative, improperly and unnecessarily deviates from the Ninth Circuit pattern jury instruction 17.12. Defendants insert improper additions, including references in paragraph 1 to defendants' contentions and an extraneous and irrelevant non-party to the litigation. Defendants also delete "The assignee may enforce this right to exclude others in an action for copyright infringement." This language should be included as assignments will be admitted into evidence in this case and the jury needs to be advised that an assignee has the power to enforce a copyright.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Defendants' additions and omissions will only serve to mislead and confuse the jury

## **DEFENDANTS' OBJECTION**

Plaintiffs and Defendants both propose instructions based on Ninth Circuit Model Instruction 17.12 (*see* Defendants' Proposed Instruction No. 13).  The only substantive difference between the two proposals is Defendants' implementation of Model Instruction 17.12's introductory paragraph.  Defendants' Proposed Instruction No. 13 includes a short introduction that tracks the Model Instruction to provide jurors with context for why the assignment instruction is relevant. Defendants' introduction is not argumentative; it merely states Defendants' position on this issue.  Jurors should be provided with this necessary context. Defendants' Proposed Instruction No. 13 should be given in lieu of this instruction.

**PLAINTIFFS' [DISPUTED] PROPOSED JURY INSTRUCTIONS**

**PROPOSED JURY INSTRUCTION NO. 38**
**COPYRIGHT INFRINGEMENT - COPYRIGHT REGISTRATION**
**CERTIFICATE**
**(17 U.S.C. § 410(c))**

A copyright owner may obtain a certificate of registration from the Copyright Office.

The evidence in this case includes Exhibit ___, a certificate of copyright registration from the Copyright Office.  From this certificate you may, but need not, conclude that: plaintiffs' work is the original and copyrightable work of the authors and that the plaintiffs own the copyright in that work, which I explain in Instructions _____[insert instruction numbers relevant to elements of plaintiff's burden].

Requesting Party:          Plaintiffs

Authority:                      9th Cir. Civ. Jury Instr. 17.7 (modified)

**PLAINTIFFS' POSITION**

This is the model instruction for copyright cases and provides the jury the information that it needs regarding copyright registration certificates in a fair, unbiased, simple and straight-forward manner. This is the proper instruction for use in this case.

Defendants' Proposed Instruction No. 11improperly and unnecessarily deviates from the Ninth Circuit pattern jury instruction 17.7. Defendants insert improper additions, including defendants' arguments and contentions. Compounding that error, those arguments and contentions are not even identified as such. Rather, the wording may cause a lay person to improperly perceive the defendants' allegations as established facts that the jury is to accept:

- Plaintiffs do not have a copyright registration for Mr. Ojukwu's beat."

45

- "Second, even if the copyright registration did encompass Mr. Ojukwu's beat, Plaintiffs' registration for "Joyful Noise" does not accurately reflect the ownership of it at the time of registration and it misstates the contributions of the authors of "Joyful Noise." (Emphasis added to argumentative portions that essentially instruct the jury to assume unproven facts and contentions.)

Such improper insertions and unclear language will only serve to mislead and confuse the jury as they only seek to bolster defendants' claims and arguments, rather than follow the framework of the model instructions, which are designed to fairly and impartially inform and educate the jury as to the matters and issues to be decided by them. Moreover, these argumentative statements regarding "derivative works" and other alleged inaccuracies improperly present a jury issues that are outside the scope of the jury and, arguable, the exclusive domain of the Register of Copyright per Section 411(b) and (c) of the Copyright Act, 17 U.S.C.  411(b) and (c), Finally, as set forth in our Trial Brief (Dkt 413), Defendants have long-since waived these arguments.

The model instruction as proposed by plaintiffs is simple, direct and non-argumentative. The Court should use it rather than defendants' altered version

## **DEFENDANTS' OBJECTION**

Plaintiffs and Defendants both propose instructions based on Ninth Circuit Model Instruction 17.7 (*see* Defendants' Proposed Instruction No. 11).  Plaintiffs' proposal merely regurgitates various portions of the Model Instruction, ignoring the U.S. Supreme Court's recent decision in *Fourth Estate Public Benefit Corp. v. Wall-Street.com LLC*, 139 S. Ct. 881, 891 (2019), which held that a copyright plaintiff must own a valid copyright registration for the work at issue prior to bringing a claim for copyright infringement.  *See also* 17 U.S.C. §§ 410, 411. Under this binding authority, in order to sustain their burden of proving

46

infringement at trial, Plaintiffs must prove their ownership of a valid copyright registration in the musical composition "Joyful Noise" by a preponderance of the evidence.  As explained above, Plaintiffs' proposed jury instructions pretend like this requirement does not exist.  The jury should be advised of this requirement, as well as how to assess the validity of a copyright registration.  Plaintiffs' proposal should be rejected, and Defendants' Proposed Instruction No. 11 should be given in lieu of this instruction.

**PROPOSED JURY INSTRUCTION NO. 39**
**DERIVATIVE WORK**
**COPYRIGHT INTERESTS—DERIVATIVE WORK**
**(17 U.S.C. §§ 101, 106(2))**

A copyright owner is entitled to exclude others from creating derivative works based on the owner's copyrighted work.  The term derivative work refers to a work based on one or more pre-existing works, such as a musical arrangement, sound recording, or any other form in which the pre-existing work is recast, transformed, or adapted.  Accordingly, the owner of a copyrighted work is entitled to exclude others from recasting, transforming, or adapting the copyrighted work without the owner's permission.

Requesting Party:          Plaintiffs

Authority:                 9th Cir. Civ. Jury Instr. 17.15 (modified)

**PLAINTIFFS' POSITION**

The model instruction as proposed by plaintiffs is simple, direct and non-argumentative. The Court should use it rather than defendants' altered version Defendants' Proposed Instruction No. 12 improperly and unnecessarily deviates from the Ninth Circuit pattern jury instruction 17.15. There exists pattern instructions 17.9 (Joint Authors) and 17.15 (derivative work) which already properly cover this – obviating the need for this long, excessively complex and convoluted instruction.

Moreover, the three items that defendants claim to constitute "elements" of proof and that the plaintiffs bear the burden of proving each are, in fact, factors that the fact-finder may consider in determining if a work is joint. *Richlin v. Metro-Goldwyn-Mayer Pictures, Inc.*, 531 F.3d 962, 970 (9th Cir. 2008). Moreover, they are non-exclusive factors. *Aalmuhammed v. Lee*, 202 F.3d 1227, 1235 (9th Cir. 2000)("The factors articulated in this decision and the Second and Seventh Circuit

48

decisions cannot be reduced to a rigid formula, because the creative relationships to which they apply vary too much. Different people do creative work together in different ways, and even among the same people working together the relationship may change over time as the work proceeds.") Nor do the cases cited by defendants indicate that the proof of all three factors is required to prove the creation of a joint work. See, *e.g.*, *Richlin*, 531 F.3d at 970 (weighing factors in making joint work determination).

So, too, Defendants have waived their right to raise this defense by failing to timely comply with the mandatory procedures in 17 U/.S.C. §411(b) and (c).

The model instructions contain two instructions which adequately address joint and derivative works. The Court should use them, rather than defendants' proposed instruction that erroneously requires that plaintiffs prove three elements conjunctively. Moreover, the jury's determination of this issue is subsumed in its determination of the first element of plaintiffs' claim in instruction 17.5 – are plaintiffs the owners of a valid copyright?

## **DEFENDANTS' OBJECTION**

Plaintiffs and Defendants both propose instructions based on Ninth Circuit Model Instruction 17.15 (*see* Defendants' Proposed Instruction No. 12). However, Plaintiffs' proposal excludes a crucial portion of Model Instruction 17.15, namely, that, the copyright in a derivative work only covers the newly created material in the work, and not the pre-existing work. Without this portion of the instruction, jurors will be led to believe that the owner of a derivative work has rights in the entirety of the work, including the pre-existing work, when the law is clear that this is not the case.

This distinction is supremely important here. Defendants contend that Plaintiffs cannot sustain their burden of proving ownership of a valid copyright

**PLAINTIFFS' [DISPUTED] PROPOSED JURY INSTRUCTIONS**

registration in "Joyful Noise" and that their copyright registration is for a derivative work that does not protect the allegedly infringed portion of "Joyful Noise" (i.e., the instrumental beat created by Mr. Ojukwu).  As such, jurors will need to decide whether "Joyful Noise" is a jointly authored work or whether Mr. Gray and Mr. Lambert created a derivative work from Mr. Ojukwu's pre-existing beat.  Jurors cannot assess the validity of Plaintiffs' claims without also being instructed as to the scope of a copyright owner's interest in a derivative work. Defendants' Proposed Instruction No. 12 is also preferable because it instructs the jury on the interplay of joint and derivative works together, which will make these concepts easier for jurors to understand and apply to the facts here.  Defendants' Proposed Instruction No. 12 should be given in lieu of this instruction.

### PROPOSED JURY INSTRUCTION NO. 40
### COPYING - ACCESS AND SUBSTANTIAL SIMILARITY

Instruction ___ [insert cross reference to the pertinent instruction, e.g., Instruction 17.5] states that the plaintiffs have the burden of proving that the defendants copied original elements from the plaintiffs' copyrighted work.  The plaintiffs may show the defendants copied from the work by proving by a preponderance of the evidence that the defendants had access to the plaintiffs' copyrighted work and that there are substantial similarities between the defendants' work and original elements of the plaintiffs' work.

In the absence of any proof of access, you may find that the defendants copied the plaintiffs' work if you find that "Joyful Noise" and "Dark Horse" are so "strikingly similar" that access can be inferred from such similarity alone.

Requesting Party:        Plaintiffs

Authority:               9th Cir. Civ. Jury Instr. 17.17 (modified)
                         *Three Boys Music Corp. v. Bolton*, 212 F.3d 477, 485
                         (9th Cir.2000); *Baxter v. MCA, Inc.*, 812 F.2d 421, 423,
                         424 n.2 (9th Cir. 1987); *Selle v. Gibb*, 741 F.2d 896, 901
                         (7th Cir. 1984)

### PLAINTIFFS' POSITION

The model instruction as proposed by plaintiffs is simple, direct and non-argumentative. The Court should use it rather than defendants' altered version

Defendants' Proposed Instruction No. 14 improperly and unnecessarily deviates from the Ninth Circuit pattern jury instruction 17.17. Defendants improperly modify the pattern instruction, including:

1. "The authors of the allegedly infringing instrumental music of "Dark Horse"—Mr. Walter and Mr. Gottwald—had access to "Joyful Noise" to creating the instrumental music of 'Dark Horse'"

- This improperly modifies the phrase "the defendants had access to the plaintiffs' copyrighted work" so as to limit the plaintiffs to proof that only 2 of the 13 defendants had access to plaintiffs' copyrighted work. This is erroneous and improper. None of the authorities cited by the defendants support this drastic modification, rather they all address issues relating to whether certain works are subject to copyright protection. There is no existing authority that supports this modification. The standard language should be used.

2. "There are substantial similarities between "Dark Horse" and original, protectable elements of 'Joyful Noise.'"

- Defendants modify the standard language to insert the word "protectable." All of the case cited as sources for this instruction address whether certain works are subject to copyright protection. However, the word is not necessary or of utility as it appears in this instruction, as it gives the jury no guidance as to what is protectable and what is not. Pattern instructions 17.1, 17.3 and 17.4 adequately address the issue.

Defendants modifications will mislead and confuse the jury. The model instruction as proposed by plaintiffs is simple, direct and non-argumentative. The Court should use it rather than defendants' improperly altered version.

## **DEFENDANTS' OBJECTION**

Plaintiffs and Defendants both propose instructions based on Ninth Circuit Model Instruction 17.17 (*see* Defendants' Proposed Instruction No. 14). Plaintiffs' proposed instruction largely tracks the Model Instruction, with the exception of the second paragraph, which improperly proposes, in direct contravention of this

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Court's Order dated July 5, 2019 (Dkt. 403, p. 6), to instruct the jury on the concept of striking similarity.  Plaintiffs know that they are precluded from arguing striking similarity at trial and are nonetheless still attempting to assert this theory in their jury instruction.  Proposing a patently inappropriate instruction such as this serves no purpose other than to harass and waste Defendants' and the Court's time. This instruction must be rejected outright for this reason alone.

Plaintiffs' proposed instruction is also defective because it does not consider the undisputed facts of this case.  It is undisputed that Mr. Walter and Mr. Gottwald are the only Defendants involved in the creation of the instrumental music in "Dark Horse" that is at issue in this case.  As such, the jury should only be required to consider whether Mr. Walter and Mr. Gottwald had access to "Joyful Noise" prior to their creation of this instrumental music.  The jury should be instructed in a fashion consistent with the facts presented so that they can properly apply the legal standards of access to the facts of this case.  Defendants' Proposed Instruction No. 14 accounts for these undisputed facts and properly instructs the jury on the relevant access issues.

In light of the above, Defendants' Proposed Instruction No. 14 should be given in lieu of this instruction.

**PLAINTIFFS' [DISPUTED] PROPOSED JURY INSTRUCTIONS**

## PROPOSED JURY INSTRUCTION NO. 40
### COPYING - ACCESS AND SUBSTANTIAL SIMILARITY

Instruction ___ [insert cross reference to the pertinent instruction, e.g., Instruction 17.5] states that the plaintiffs have the burden of proving that the defendants copied original elements from the plaintiffs' copyrighted work.  The plaintiffs may show the defendants copied from the work by proving by a preponderance of the evidence that the defendants had access to the plaintiffs' copyrighted work and that there are substantial similarities between the defendants' work and original elements of the plaintiffs' work.

Requesting Party:          Plaintiffs

Authority:                 9th Cir. Civ. Jury Instr. 17.17

### PLAINTIFFS' POSITION

The model instruction as proposed by plaintiffs is simple, direct and non-argumentative. The Court should use it rather than defendants' altered version

Defendants' Proposed Instruction No. 14 improperly and unnecessarily deviates from the Ninth Circuit pattern jury instruction 17.17. Defendants improperly modify the pattern instruction, including:

3. "The authors of the allegedly infringing instrumental music of "Dark Horse"—Mr. Walter and Mr. Gottwald—had access to "Joyful Noise" to creating the instrumental music of 'Dark Horse'"

- This improperly modifies the phrase "the defendants had access to the plaintiffs' copyrighted work" so as to limit the plaintiffs to proof that only 2 of the 13 defendants had access to plaintiffs' copyrighted work. This is erroneous and improper. None of the authorities cited by the defendants support this drastic

54

modification, rather they all address issues relating to whether certain works are subject to copyright protection. There is no existing authority that supports this modification. The standard language should be used.

4. "There are substantial similarities between "Dark Horse" and original, protectable elements of 'Joyful Noise.'"

   • Defendants modify the standard language to insert the word "protectable." All of the case cited as sources for this instruction address whether certain works are subject to copyright protection. However, the word is not necessary or of utility as it appears in this instruction, as it gives the jury no guidance as to what is protectable and what is not. Pattern instructions 17.1, 17.3 and 17.4 adequately address the issue.

Defendants modifications will mislead and confuse the jury. The model instruction as proposed by plaintiffs is simple, direct and non-argumentative. The Court should use it rather than defendants' improperly altered version.

## **DEFENDANTS' OBJECTION**

Plaintiffs and Defendants both propose instructions based on Ninth Circuit Model Instruction 17.17 (*see* Defendants' Proposed Instruction No. 14). This instruction appears to be an alternative to Plaintiffs' prior instruction, modified only through the removal of Plaintiffs' improper striking similarity instruction. However, even without the instruction on striking similarity, Plaintiffs' instruction should still be rejected, for the same reasons outlined above. While it explains the elements that Plaintiffs are required to prove in order to show copying in a general sense, it fails to account for the undisputed facts of this case, which require that these general standards be modified when explained to the jury. As explained

above,  it is undisputed that Mr. Walter and Mr. Gottwald are the only Defendants involved in the creation of the instrumental music in "Dark Horse" that is at issue in this case.  As such, the jury should only be required to consider whether Mr. Walter and Mr. Gottwald had access to "Joyful Noise" prior to their creation of this instrumental music.  The jury should be instructed in a fashion consistent with the facts presented so that they can properly apply the legal standards of access to the facts of this case.  Defendants' Proposed Instruction No. 14 accounts for these undisputed facts and properly instructs the jury on the relevant access issues.

In light of the above, Defendants' Proposed Instruction No. 14 should be given in lieu of this instruction.

**PLAINTIFFS' [DISPUTED] PROPOSED JURY INSTRUCTIONS**

## PROPOSED JURY INSTRUCTION NO. 41
### INVERSE RATIO RULE

If the plaintiff makes a strong showing of access, then a lesser showing of substantial similarity is required.

Requesting Party:  Plaintiff

Authority:          *Three Boys Music Corp. v. Bolton*, 212 F.3d 477, 485 (9th Cir. 2000) (the inverse ratio rule "requires a lesser showing of substantial similarity if there is a strong showing of access"); *Swirsky v. Carey*, 376 F.3d 844-45 (9th Cir. 2004) (same)

## PLAINTIFFS' POSITION

Plaintiffs' "inverse ratio" jury instruction is simple and properly states the law. The word "strong" is a simple and ordinary word of common and wide use. It will invoke no confusion from the jury. To the extent that the Court believes that it requires definition the plaintiffs can fashion a definition. Plaintiffs believe that the evidence will support the submission of this instruction.

In *Rice v. Fox Broad. Co.*, 330 F.3d 1170, 1178 (9th Cir. 2003), the Ninth Circuit explained that historically, when examining the application of the inverse ratio rule, conceded access has been a <u>factor</u>. The decision does not, however, limit the application of the doctrine to such cases.

A detailed elaboration upon substantial similarity within this instruction is not required, as it is adequately addressed in Plaintiffs Proposed Instructions 40 and 44.

## DEFENDANTS' OBJECTION

Plaintiffs' Proposed Instruction No. 41 should be rejected.  Plaintiffs appear to be proposing an "inverse ratio" jury instruction.  Initially, Plaintiffs' proposal

should be rejected because they cannot make a "strong" showing of access.  In any event, Plaintiffs fail to explain the mechanics of the rule.  Specifically, it does not provide the jury with any details as to what a "strong" showing of access means under applicable law, which is necessarily required in order for jurors to properly apply this rule.  For example, in *Rice v. Fox Broad. Co.*, 330 F.3d 1170, 1178 (9th Cir. 2003), the Ninth Circuit explained that a "concession of access by the defendant to the plaintiff's copyrighted work" is a "prominent factor" in determining whether the inverse ratio rule can apply.  Without such details, the jury will be left guessing as to what a "strong" showing of access is, and will ascribe their own, likely legally incorrect, meaning to the term.

Plaintiffs' proposal is also flawed because it omits important details regarding the substantial similarity analysis.  Plaintiffs' proposal grossly oversimplifies the substantial similarity concept.  It is true that substantial similarity considers the works as a whole; however, this test also requires that there be substantial similarities between original **and** protectable elements between the two works before the jury can find that copying has occurred.  This rule applies even in cases where the inverse ratio rule is implicated.  *See Funky Films, Inc. v. Time Warner Entm't Co.,* 462 F.3d 1072, 1077 (9th Cir. 2006); *Buggs v. Dreamworks, Inc.*, 2010 WL 5790251, at *11 (C.D. Cal. Dec. 28, 2010).  As written, the jury may be confused by this instruction and improperly consider unprotectable elements of the works in determining substantial similarity.

On a similar note, Plaintiffs' instruction is also defective because it does not instruct jurors that no amount of proof access will suffice to show copying if there are no similarities in original, protectable expression.  *See Funky Films*, 462 F.3d at 1081; *Buggs*, 2010 WL 5790251, at *11 ("Even assuming, arguendo, that Defendants had a high degree of access to Plaintiff's work, the inverse ratio rule does not aid Plaintiff because '[n]o amount of proof of access will suffice to show

**PLAINTIFFS' [DISPUTED] PROPOSED JURY INSTRUCTIONS**

1
2
copying if there are no similarities' between the protected expressions in the two works.").

3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
Finally, as stated above, the inverse ratio rule will not even apply in this case.  Again, the Ninth Circuit has acknowledged that the inverse ratio rule typically applies in cases where a defendant has conceded access the plaintiff's work.  *See Rice*, 330 F.3d at 1178-79.  Plaintiffs admittedly have **no** evidence of direct access or chain of events access to "Joyful Noise" by Defendants.  Plaintiffs' sole theory is that "Joyful Noise" was so widely disseminated that the jury should **infer** that Defendants had access to the work prior to creating "Dark Horse."  Even then, none of the Defendants availed themselves of the opportunity to hear "Joyful Noise" prior to creating "Dark Horse" and all unequivocally deny ever hearing it. The Ninth Circuit has appropriately rejected attempts to introduce this rule where there is "no … concession of access" and the access claims "are based purely on speculation and inference."  *Rice*, 330 F.3d at 1179.  Thus, at a minimum, the Court should defer a decision on whether to instruct the jury on the inverse ratio rule until the evidence on access has been presented and rebutted.  In the event that the Court determines that such instruction is appropriate, Defendants request that the necessary revisions identified above be included in the Court's instruction.

19
20
21
22
23
24
25
26
27
28

**PLAINTIFFS' [DISPUTED] PROPOSED JURY INSTRUCTIONS**

**PROPOSED JURY INSTRUCTION NO. 42**
**COPYRIGHT INFRINGEMENT – COPYING - ACCESS DEFINED**

As part of its burden in Instruction ___ [insert cross reference to the pertinent instruction e.g., Instruction 17.5], the plaintiff must prove by a preponderance of the evidence that the defendants had access to the plaintiffs' work.

Access may be shown by:

1.    a chain of events connecting the plaintiffs' work and the defendants' opportunity to hear that work; or

2.    the plaintiffs' work being widely disseminated; or

3.    a similarity between the plaintiffs' work and the defendant's work that is so "striking" that it is highly likely the works were not created independent of one another.

You may find that the defendants had access to the plaintiffs' work if one or more of the defendants had a reasonable opportunity to hear the plaintiffs' work before the defendants' work was created.

Requesting Party:         Plaintiffs

Authority:                9th Cir. Civ. Jury Instr. 17.18 (modified)

**PLAINTIFFS' POSITION**

This is the model instruction for copyright cases and provides the jury in a fair, unbiased, simple and straight-forward manner. This is the proper instruction for use in this case.

Plaintiff has submitted two versions of this instruction – one with striking similarity and one without. This is not in contravention of the Court's *in limine*

order, which is preliminary and subject to change based upon the evidence adduced at trial. Moreover, plaintiffs must, and will, tender an instruction including striking similarity in order to preserve any claim of error.

Defendants' alternative, Defendants' Proposed Instruction No. 15, improperly and unnecessarily deviates from the Ninth Circuit pattern jury instruction 17.18. Defendants again improperly modify the phrase "the defendants had access to the plaintiffs' copyrighted work" so as to limit the plaintiffs to proof that only 2 of the 13 defendants had access to plaintiffs' copyrighted work. This is erroneous and improper. None of the authorities cited by the defendants support this drastic modification.

The first paragraph referring to "natural [sic] saturation" (national saturation) relies upon the *Loomis* case, which this Court has already rejected as inapposite in ruling upon summary judgment and motions in limine.

The second paragraph is also improper. To wit, defendants claim that plaintiffs must prove that 2 specific defendants "had a reasonable opportunity to hear 'Joyful Noise' due to widespread dissemination." The citation to the Court's ruling *in limine* does not support this contention. The Court preliminarily ruled that, "Although it would be inappropriate for defendants to argue that plaintiffs must show direct evidence of access to prevail on their claim for copyright infringement, the Court finds that **defendants' arguments** about whether it was likely **that defendants** would have accessed "Joyful Noise" on Myspace or YouTube are appropriate and relevant to the issue of whether defendants had a reasonable opportunity to hear 'Joyful Noise.'" (Dkt. 403, p. 3)(emphases added). The Court's ruling does not limit proof of reasonable opportunity to access to evidence solely directed at defendants Walter and Gottwald. Moreover, the Court noted in its ruling precisely where this type of rhetoric belongs – in defendants' arguments, not in the instructions given to the jury.

None of the other cases cited by defendants support submission of a jury instruction imposing the additional burden upon the plaintiffs or limiting evidence of access to selected defendants, as defendants' proffered instruction would do. The cases merely discuss the concepts of wide dissemination and reasonable possibility in the context of proof of access. To the extent defendants rely on *Guzman*, first, as a District Court decision out of the Southern District of Texas it is not controlling authority. Second, in that case it appears that the individual song writers and creators were not even a party to the case. Thus, the Court's decision doesn't even address the issue before the Court here.

The last sentence of paragraph 2 is a misstatement of the law. The entire doctrine of widespread dissemination, of which reasonable opportunity is a part, is founded upon circumstantial proof of access. Therefore, it's nonsensical to instruct the jury that proof of access through widespread dissemination and reasonable opportunity "cannot rely on speculation, conjecture or inference." Further, that instruction would conflict with [Proposed] Joint Instruction No. 8 that states in part, "Circumstantial evidence is proof of one or more facts from which you could infer another fact." (Dkt. 409, Page ID #:7345)

The final paragraph is particularly egregious in its biased slant in favor of the defendants. It instructs the jury that, "you may consider the characteristics and practices of Mr. Walter and Mr. Gottwald as they relate to Plaintiffs' evidence of dissemination of 'Joyful Noise.'" This instruction tells the jurors to, in effect, give added weight to defendants Walters' and Gottwalds' self-serving denials of access or any act or conduct that might circumstantially bolster the possibility of access. Any such evidence is inadmissible pursuant to Fed. R. Evid. 404(a)(1), which provides "Evidence of a person's character or character trait is not admissible to prove that on a particular occasion the person acted in accordance with the character or trait." Moreover, plaintiff would assert that if the defendants are

allowed this instruction they have thereby opened the door to extrinsic evidence of defendants Walters' and Gottwalds' conduct in order to attack their character for truthfulness under Fed.R. Evid. 608(b).

Defendants' improper modifications will only serve to mislead and confuse the jury as they do far beyond the purpose of this instruction – defining access – and seek to bolster defendants' claims and arguments, rather than follow the framework of the model instructions, which are designed to fairly and impartially inform and educate the jury as to the matters and issues to be decided by them. The model instruction, as proposed by plaintiffs, is simple, direct and non-argumentative. The Court should use it rather than defendants' altered version of 17.18.

## DEFENDANTS' OBJECTION

Plaintiffs and Defendants both propose instructions based on Ninth Circuit Model Instruction 17.18 (*see* Defendants' Proposed Instruction No. 15).  Plaintiffs' proposed instruction largely tracks the language in the Supplemental Instruction to Model Instruction 17.18.  In doing so, however, Plaintiffs seek to confuse the jury and prejudice Defendants by including access theories that are not in the case.

*First*, Plaintiffs again improperly attempt to include a jury instruction for striking similarity in direct contravention of this Court's Order precluding them from doing so.  This instruction must be rejected outright for this reason alone.

*Second*, Plaintiffs' proposal also improperly seeks to instruct the jury as to the chain of events access theory, which Plaintiffs have no evidence of and are not pursuing.  Such an instruction is irrelevant, unnecessary, and will only confuse matters, thereby leading jurors to incorrectly believe that Plaintiffs have presented evidence in furtherance of such a theory when they have not.

This instruction should also be rejected because, like Plaintiffs' other access instructions, this proposal not account for the undisputed facts of this case. It is undisputed that Mr. Walter and Mr. Gottwald are the only Defendants involved in the creation of the instrumental music in "Dark Horse" that is at issue in this case. As such, the jury should only be required to consider whether Mr. Walter and Mr. Gottwald had access to "Joyful Noise" prior to their creation of this instrumental music. The jury should be instructed in a fashion consistent with the facts presented so that they can properly apply the legal standards of access to the facts of this case.

Unlike Plaintiffs' proposal, Defendants' Proposed Instruction No. 15 accounts for these undisputed facts. In addition, Defendants' Proposed Instruction No. 15 explains to jurors in detail the mechanics of proving access by widespread dissemination, how to determine whether Plaintiffs' have satisfied their burden, and what evidence is appropriate to consider in coming to their determination. Defendant's proposal is an accurate and relevant summary of the law, supported by the case law cited and this Court's recent Order, and it is necessary to ensure that jurors apply the correct legal standards when determining whether access has been proven.

In light of the above, Defendants' Proposed Instruction No. 15 should be given in lieu of this instruction.

**PLAINTIFFS' [DISPUTED] PROPOSED JURY INSTRUCTIONS**

### PROPOSED JURY INSTRUCTION NO. 42
### COPYRIGHT INFRINGEMENT – COPYING - ACCESS DEFINED

As part of its burden in Instruction ___ [insert cross reference to the pertinent instruction e.g., Instruction 17.5], the plaintiff must prove by a preponderance of the evidence that the defendants had access to the plaintiffs' work.

Access may be shown by the plaintiffs' work being widely disseminated.

You may find that the defendants had access to the plaintiffs' work if one or more of the defendants had a reasonable opportunity to hear the plaintiffs' work before the defendants' work was created.

Requesting Party:        Plaintiffs

Authority:               9th Cir. Civ. Jury Instr. 17.18 (modified)

### PLAINTIFFS' POSITION

The model instruction as proposed by plaintiffs is simple, direct and non-argumentative. The Court should use it rather than defendants' altered version

Defendants' Proposed Instruction No. 15, its submission related to access, improperly and unnecessarily deviates from the Ninth Circuit pattern jury instruction 17.18. Defendants again improperly modify the phrase "the defendants had access to the plaintiffs' copyrighted work" so as to limit the plaintiffs to proof that only 2 of the 13 defendants had access to plaintiffs' copyrighted work. This is erroneous and improper. None of the authorities cited by the defendants support this drastic modification.

The first paragraph referring to "natural [sic] saturation" (national saturation) relies upon the *Loomis* case, which this Court has already rejected as inapposite in ruling upon summary judgment and motions in limine.

The second paragraph is also improper. To wit, defendants claim that plaintiffs must prove that 2 specific defendants "had a reasonable opportunity to hear 'Joyful Noise' due to widespread dissemination." The citation to the Court's ruling *in limine* does not support this contention. The Court preliminarily ruled that, "Although it would be inappropriate for defendants to argue that plaintiffs must show direct evidence of access to prevail on their claim for copyright infringement, the Court finds that **defendants' arguments** about whether it was likely **that defendants** would have accessed "Joyful Noise" on Myspace or YouTube are appropriate and relevant to the issue of whether defendants had a reasonable opportunity to hear 'Joyful Noise.'" (Dkt. 403, p. 3)(emphases added). The Court's ruling does not limit proof of reasonable opportunity to access to evidence solely directed at defendants Walter and Gottwald. Moreover, the Court noted in its ruling precisely where this type of rhetoric belongs – in defendants' arguments, not in the instructions given to the jury.

None of the other cases cited by defendants support submission of a jury instruction imposing the additional burden upon the plaintiffs or limiting evidence of access to selected defendants, as defendants' proffered instruction would do. The cases merely discuss the concepts of wide dissemination and reasonable possibility in the context of proof of access. To the extent defendants rely on *Guzman*, first, as a District Court decision out of the Southern District of Texas it is not controlling authority. Second, in that case it appears that the individual song writers and creators were not even a party to the case. Thus, the Court's decision doesn't even address the issue before the Court here.

The last sentence of paragraph 2 is a misstatement of the law. The entire doctrine of widespread dissemination, of which reasonable opportunity is a part, is founded upon circumstantial proof of access. Therefore, it's nonsensical to instruct the jury that proof of access through widespread dissemination and reasonable opportunity "cannot rely on speculation, conjecture or inference." Further, that instruction would conflict with [Proposed] Joint Instruction No. 8 that states in part, "Circumstantial evidence is proof of one or more facts from which you could infer another fact." (Dkt. 409, Page ID #:7345)

The final paragraph is particularly egregious in its biased slant in favor of the defendants. It instructs the jury that, "you may consider the characteristics and practices of Mr. Walter and Mr. Gottwald as they relate to Plaintiffs' evidence of dissemination of 'Joyful Noise.'" This instruction tells the jurors to, in effect, give added weight to defendants Walters' and Gottwalds' self-serving denials of access or any act or conduct that might circumstantially bolster the possibility of access. Any such evidence is inadmissible pursuant to Fed. R. Evid. 404(a)(1), which provides "Evidence of a person's character or character trait is not admissible to prove that on a particular occasion the person acted in accordance with the character or trait." Moreover, plaintiff would assert that if the defendants are allowed this instruction they have thereby opened the door to extrinsic evidence of defendants Walters' and Gottwalds' conduct in order to attack their character for truthfulness under Fed.R. Evid. 608(b).

Defendants' improper modifications will only serve to mislead and confuse the jury as they do far beyond the purpose of this instruction – defining access – and seek to bolster defendants' claims and arguments, rather than follow the framework of the model instructions, which are designed to fairly and impartially inform and educate the jury as to the matters and issues to be decided by them. The model instruction, as proposed by plaintiffs, is simple, direct and non-

argumentative. The Court should use it rather than defendants' altered version of 17.18.

## DEFENDANTS' OBJECTION

Plaintiffs and Defendants both propose instructions based on Ninth Circuit Model Instruction 17.18 (*see* Defendants' Proposed Instruction No. 15).  This instruction appears to be an alternative to Plaintiffs' prior instruction, modified only through the removal of Plaintiffs' improper striking similarity and chain of events instructions.  However, even without these sections, this proposed instruction should be rejected for many of the reasons identified above.

Like Plaintiffs' prior proposed instruction, this proposal not account for the undisputed facts of this case.  It is undisputed that Mr. Walter and Mr. Gottwald are the only Defendants involved in the creation of the instrumental music in "Dark Horse" that is at issue in this case.  As such, the jury should only be required to consider whether Mr. Walter and Mr. Gottwald had access to "Joyful Noise" prior to their creation of this instrumental music.  The jury should be instructed in a fashion consistent with the facts presented so that they can properly apply the legal standards of access to the facts of this case.

Unlike Plaintiffs' proposal, Defendants' Proposed Instruction No. 15 accounts for these undisputed facts.  In addition, Defendants' Proposed Instruction No. 15 explains to jurors in detail the mechanics of proving access by widespread dissemination, how to determine whether Plaintiffs' have satisfied their burden, and what evidence is appropriate to consider in coming to their determination.  Defendant's proposal is an accurate and relevant summary of the law, supported by the case law cited and this Court's recent Order, and it is necessary to ensure that jurors apply the correct legal standards when determining whether access has been proven.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

    In light of the above, Defendants' Proposed Instruction No. 15 should be given in lieu of this instruction.

## PROPOSED JURY INSTRUCTION NO. 43
## SUBCONCIOUS COPYING

In order to find that defendants copied plaintiffs' song, it is not necessary that you find that one of them consciously or deliberately copied it. It is sufficient if you find that any defendant subconsciously copied Plaintiffs' song through hearing that song at some time in the past. Unconscious plagiarism is just as actionable as deliberate.

Requesting Party:       Plaintiffs

Authority:              *Williams v. Gaye*, 885 F.3d 1150, 1167–68 (9th Cir.
                        2018); *Three Boys Music Corp. v. Bolton*, 212 F.3d 477,
                        482-83 (9th Cir. 2000) (citing *Fred Fisher, Inc. v.
                        Dillingham*, 298 F. 145, 147-48 (S.D.N.Y. 1924) and
                        stating "Subconscious copying has been accepted since
                        Learned Hand embraced it in a 1924 music infringement
                        case: 'Everything registers somewhere in our memories,
                        and no one can tell what may evoke it. Once it appears
                        that another has in fact used the copyright as the source
                        of this production, he has invaded the author's rights. It is
                        no excuse that in so doing his memory has played him a
                        trick.'"); *Sheldon v. Metro-Goldwyn Pictures Corp.*, 81
                        F.2d 49, 54 (2d Cir. 1936).

## PLAINTIFFS' POSITION

Plaintiffs' proposed instruction was approved by the Ninth Circuit. It is simple and properly captures the essence of the doctrine of subconscious copying. Plaintiffs' position with respect to defendants' attempts to limit access evidence to Walter and Gottwald are addressed above. Any such limitation would be severely prejudicial to plaintiffs and constitute error. There is no requirement that access be admitted as a prerequisite to the use of this instruction, it may be utilized along with circumstantial evidence of access.

## DEFENDANTS' OBJECTION

**PLAINTIFFS' [DISPUTED] PROPOSED JURY INSTRUCTIONS**

Plaintiffs' Proposed Instruction No. 43 should be rejected.  Again, Plaintiffs incorrectly describe "Joyful Noise" as a "song," which does not exist in the context of copyright.  A copyright owner either owns rights in a musical composition or in a sound recording; there simply is no such thing as a copyright ownership interest in a "song."  Here, Plaintiffs claim only that Defendants infringed their copyright interests in the *musical composition* "Joyful Noise."  *See* Dkt. 172 (Third Amended Complaint, ¶¶ 3, 26-28, 37).  As such, only protectable elements of the "Joyful Noise" musical composition, and not the sound recording, can be considered when assessing Plaintiffs' infringement claim.  The jury must receive accurate instructions regarding the type of work that Plaintiffs' claim to own a copyright interest in, in this case, the *musical composition* "Joyful Noise."

Second, as explained above, the only Defendants who are relevant to the issue of copying are Mr. Walter and Mr. Gottwald.  It is undisputed that they, and they alone, created the allegedly infringing instrumental music in "Dark Horse."  Jurors should not be instructed that copying may be found if they find that "any" Defendant may have subconsciously copied "Joyful Noise," when it is undisputed that only two of the Defendants created the allegedly infringing instrumental music.  Plaintiffs' proposal is simply not accurate and will confuse matters.

In addition, none of the cases cited by Plaintiffs in support of this proposed instruction indicate that a subconscious copying instruction is warranted where, as here, the relevant Defendants (Mr. Walter and Mr. Gottwald) have unequivocally stated that they never heard Plaintiffs' work prior to creating the allegedly infringing work.  In all of Plaintiffs' cited cases, the defendants had effectively admitted that they had heard the plaintiff's work prior to creating their own.  *See Three Boys Music Corp. v. Bolton*, 212 F.3d 477, 483-84 (9th Cir. 2000) (defendant admitted he "grew up listening to groups such as the Isley Brothers," was a "huge fan," a "collector of their music," "kn[ew] everything [the Isley

Brothers had] done" and had even expressed concern to his co-writer that they "were copying a song by another famous soul singer."); *Sheldon v. Metro-Goldwyn Pictures Corp.*, 81 F.2d 49, 52 (2d Cir. 1936) ("All [of the defendants] had seen the play, and Tuchock had read the manuscript, as had Thalberg …"); *Williams v. Gaye*, 895 F.3d 1106, 1117 (9th Cir. 2018) (defendants "acknowledge[d] inspiration from Marvin Gaye and access to 'Got to Give It Up.'").

Finally, like many of Plaintiffs' other proposed instructions, Plaintiffs' proposal oversimplifies the substantial similarity analysis, which requires that there be substantial similarities between original **and** protectable elements between the two works, considering them as a wholes, before the jury can find that copying has occurred. The jury may be confused by this instruction and may improperly consider unprotectable elements of the works in determining substantial similarity. This proposed instruction should not be given.

**PROPOSED JURY INSTRUCTION NO. 44**
**SUBSTANTIAL SIMILARITY - EXTRINSIC TEST; INTRINSIC TEST**

Plaintiffs must prove both substantial similarity under the "extrinsic test" and substantial similarity under the "intrinsic test." The "extrinsic test" is an objective comparison of specific expressive elements. The "intrinsic test" is a subjective comparison that focuses on whether the ordinary, reasonable audience would find the works substantially similar in the total concept and feel of the works.

The first test is an objective one called the extrinsic test. Here, the analyses and conclusions of the expert witnesses may be of assistance to you. There is no uniform set of factors for you to analyze. Music is not capable of ready classification into a small number of constituent elements; music is comprised of a large array of elements, some combination of which is protectable by copyright. A combination of individually otherwise unprotected elements can be infringed upon. You can analyze, among others, the rhythm, pitch content, timbre, phrase length, melodic contour, tempo, harmony and structure. There is no one magical combination of these factors that will automatically substantiate a musical infringement suit; each allegation of infringement will be unique. So long as plaintiffs can demonstrate, through expert testimony that addresses some or all of these copyrighted elements and supports its employment of them, that the similarity is substantial as to protected elements of the copyrighted work, the objective test is satisfied.

The second test is a subjective one, called the intrinsic test. Under the second test, you are to determine whether an ordinary listener would find expression in defendants' song that is substantially similar to protected expression in plaintiffs' song. Here, you should not take into account the testimony of the expert witnesses. Rather, under this second test you should determine whether an ordinary,

reasonable audience would recognize the plaintiffs' and defendants' work based on the concept and feel of works, or whether any portion copied is qualitatively or quantitatively important to the plaintiffs' work.

If plaintiffs prove both the first test and the second test, then they have proven substantial similarity.

Requesting Party:        Plaintiffs

Authority:               9th Cir. Civ. Jury Instr. 17.19 (modified)
                         *Antonick v. Elec. Arts, Inc.*, 841 F.3d 1062, 1065-66 (9th
                         Cir. 2016); *Williams v. Gaye*, 885 F.3d 1150, 1163 (9th
                         Cir. 2018); *Swirsky v. Carey*, 376 F.3d 841, 847, 849 (9th
                         Cir. 2004), *as amended on denial of reh'g* (Aug. 24,
                         2004); *Morris v. Guetta*, 2013 WL 440127, at fn. 6 (C.D.
                         Cal. Feb. 4, 2013) (relying on *Kouf v. Walt Disney
                         Pictures & Television*, 16 F.3d 1042, 1045 (9th Cir.1994)
                         (citation omitted)); *Bernal v. Paradigm Talent & Literary
                         Agency*, 788 F. Supp. 2d 1043, 1059 (C.D. Cal. 2010)
                         (relying on *Berkic v. Crichton*, 761 F.2d 1289, 1292 (9th
                         Cir.1985)); *Newton v. Diamond*, 388 F.3d 1189, 1195
                         (9th Cir. 2004) (internal citations omitted); *Cavalier v.
                         Random House*, 297 F.3d 815, 824 (9th Cir.2002); *Three
                         Boys Music Corp. v. Bolton*, 212 F.3d 477, 485 (9th Cir.
                         2000); *Skidmore v. Led Zeppelin*, 2016 WL 3647484
                         (C.D.Cal) (Jury Instruction); *Skidmore v. Led Zeppelin*,
                         2:15-cv-03462-RGK-AGR (Doc. 197, Plaintiff's
                         Disputed Jury Instructions).

## PLAINTIFFS' POSITION

The Court should utilize plaintiffs' substantial similarity instruction. The instruction is simple, direct and non-argumentative and more closely complies with the dictates of the Comments to 17.19.

Defendants' Proposed Instruction No. 16 improperly and unnecessarily deviates from the principles enunciated in the comments to Ninth Circuit pattern jury instruction 17.19. Defendants insert improper matters that do not need to be contained in the substantial similarity instruction. Paragraph 1 appears to be a

74

foreshadowing by the defendants of their *de minimis* affirmative defense and should not be included in this instruction

Paragraph 3 contains abstract and confusing statements relating to protectable expression (paragraph 3) which are already simply addressed in pattern instruction 17.4. There is no need to repeat and thereby provide undue emphasis to this issue simply because defendants feel it is to their benefit to do so at every opportunity and in every instruction.

Plaintiffs object to paragraphs 6 and 8 of this instruction as being in the nature of verdict directors within a jury instruction. These paragraphs are improper, and if the Court does elect to use defendants' proffered instruction they should be deleted.

The instruction as proposed by plaintiffs is simple, direct and non-argumentative and more closely complies with the dictates of the Comments to 17.19. The Court should use it rather than defendants' altered version that contains matters extraneous to the extrinsic/intrinsic test, argument and verdict directing language.

## DEFENDANTS' OBJECTION

Plaintiffs and Defendants both propose instructions based on Ninth Circuit Model Instruction 17.19 (*see* Defendants' Proposed Instruction No. 16). Defendants' Proposed Instruction No. 16 should be given instead of Plaintiffs' proposal. First, Plaintiffs' proposed instruction as to "extrinsic" substantial similarity does not fully set forth several well-settled principles implicated by that legal test. For example, it merely states that "some combination of [elements] is protectable by copyright" and that "[a] combination of individually otherwise unprotected elements can be infringed upon." Plaintiffs' proposal suggests to jurors that any combination of commonplace elements is protectable. Not so. The inquiry is much more nuanced than that. As explained in Defendants' Proposed

Instruction No. 8, a combination of unprotectable elements is eligible for protection only if their arrangement is original enough that their combination of elements constitutes an original work of authorship.  *See Satava v.* Lowry, 323 F.3d 805, 811 (9th Cir. 2003).  This is a relevant statement of the law and should be given with any instruction regarding the protectability of an arrangement of commonplace elements.

Plaintiffs' recitation of "intrinsic" substantial similarity is likewise flawed. First, it fails to instruct the jury that, in applying the intrinsic test, they must consider whether "Joyful Noise" and "Dark Horse" are substantially similar in original, protectable expression, ***when considering the two works as wholes.  See Apple Computer, Inc. v. Microsoft Corp.***, 35 F.3d 1435, 1442-43 (9th Cir. 1994). Plaintiffs' proposed "intrinsic" instruction also incorrectly states that, in applying the intrinsic test, jurors should determine whether "any portion copied is qualitatively or quantitatively important to the plaintiffs' work."  This is not an accurate statement.  Whether the portion allegedly copied is qualitatively or quantitatively important to the plaintiffs' work has nothing to do with intrinsic similarity and is not part of this test.  Whether a portion of a work is qualitatively or quantitatively important only comes into play *after* a copyright plaintiff has proved copying, to determine whether the *de minimis* defense applies.  *See* Defendants' Proposed Instruction No. 18.

## PROPOSED JURY INSTRUCTION NO. 45
## JOINT LIABILITY – OWNERS & DISTRIBUTORS

If you find that "Dark Horse" infringes "Joyful Noise," then you must find that all authors or owners of Dark Horse and all entities involved in producing, publishing, or distributing "Dark Horse," or who authorized the production, publication, or distribution of "Dark Horse," also infringed upon the Plaintiffs' copyright.

| | |
|---|---|
| Requesting Party: | Plaintiffs |
| Authority: | *Williams v. Bridgeport Music, Inc.*, No. LACV1306004JAKAGRX, 2015 WL 4479500, at *34-36, *37 (C.D. Cal. July 14, 2015), aff'd in part, rev'd in part sub nom. *Williams v. Gaye*, 885 F.3d 1150 (9th Cir. 2018), and aff'd in part, rev'd in part sub nom. *Williams v. Gaye*, 895 F.3d 1106 (9th Cir. 2018); *Adobe Sys. Inc. v. Blue Source Grp., Inc.*, 125 F. Supp. 3d 945, 973 (N.D. Cal. 2015) (collecting cases); *Desire, LLC v. Manna Textiles, Inc.*, No. CV164295DMGJEMX, 2017 WL 5635009, at *14 (C.D. Cal. Aug. 18, 2017); *Fabric Selections, Inc. v. Manjeet Int'l, Inc.*, No. 217CV02353ODWKS, 2017 WL 8180581, at *2 (C.D. Cal. May 24, 2017) |

## PLAINTIFFS' POSITION

Plaintiffs' joint liability jury instruction is simple and is a proper and accurate statement of the law. Defendants cite no contrary authority that would indicate otherwise. The jury will be able to apply this instruction to the evidence received at trial, including the parties' stipulations of fact as to the nature and role of certain defendants, and properly apply the law to those facts. This is a proper instruction and should be given

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## **DEFENDANTS' OBJECTION**

Plaintiffs' Proposed Instruction No. 45 should be rejected.  As a threshold matter, Plaintiffs' proposal improperly conflates the concept of "infringement" with the concept of "copying" and reads as if it is asking the jury to decide whether an inanimate object—the musical composition "Dark Horse"—has infringed Plaintiffs' copyright.  More importantly, however, Plaintiffs' instruction attempts to assert blanket liability for copyright infringement on unnamed parties without consideration for who Plaintiffs have asserted claims against or what burden Plaintiffs' must meet to succeed in proving their claims.  Here, Plaintiffs have asserted a copyright infringement claim against specific Defendants.  Plaintiff bears the burden of proving liability as to each Defendants.  In order to do so, Plaintiffs must show, by a preponderance of the evidence, that each Defendant took an act that infringed one of the exclusive copyright rights granted to Plaintiffs by the Copyright Act.  Plaintiffs should not be permitted to escape this burden by instructing the jury that anyone "involved in producing, publishing, or distributing 'Dark Horse'" is automatically liable for copyright infringement, without any consideration for the evidence Plaintiffs actually presented or which Defendant they seek to hold liable.  This instruction cannot be given.

## PROPOSED JURY INSTRUCTION NO. 46
### COPYRIGHT - DAMAGES
### (17 U.S.C. § 504)

If you find for the plaintiffs on the plaintiffs' copyright infringement claim, you must determine the plaintiffs' damages. The plaintiffs are entitled to recover the actual damages suffered as a result of the infringement. In addition, the plaintiffs are also entitled to recover any profits of the defendant attributable to the infringement. The plaintiffs must prove damages by a preponderance of the evidence.

Requesting Party:          Plaintiffs

Authority:                 9th Cir. Civ. Jury Instr. 17.32

## PLAINTIFFS' POSITION

The model instruction as proposed by plaintiffs is simple, direct and non-argumentative. The Court should use it rather than defendants' altered version

Defendants' Proposed Instruction No. 22 improperly and unnecessarily deviates from the Ninth Circuit pattern jury damages instructions. Defendants improperly modify the pattern instructions, which will only serve to mislead and confuse the jury as they only seek to bolster defendants' claims and arguments, rather than follow the framework of the model instructions, which are designed to fairly and impartially inform and educate the jury as to the matters and issues to be decided by them.

Defendants improperly change the mandate that "[t]he plaintiffs are entitled to recover…" to the discretionary and generic "[a] copyright owner may recover…"

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

The model damages instructions, 17.33, 17.34 and 17.35, as proposed by plaintiffs should be used rather than defendants' proffered damages instructions.

### **DEFENDANTS' OBJECTION**

Plaintiffs and Defendants both propose instructions based on Ninth Circuit Model Instruction 17.32 (*see* Defendants' Proposed Instruction No. 22). Defendants' Proposed Instruction No. 22 differs only slightly from the Model Instruction by adding the statement that only the profits of a Defendant that are not taken into account in computing actual damages may be awarded.  This is an accurate and relevant statement of the law, supported by the Copyright Act and the case law cited, and it is necessary to ensure that, in the event that a damages trial occurs, jurors do not award duplicative damages.  Defendants' Proposed Instruction No. 22 should be used in lieu of this instruction, which omits this relevant and necessary language.

## PROPOSED JURY INSTRUCTION NO. 47
## COPYRIGHT – DAMAGES - ACTUAL DAMAGES
### (17 U.S.C. § 504(b))

The copyright owner is entitled to recover the actual damages suffered as a result of the infringement. Actual damages means the amount of money adequate to compensate the copyright owner for the reduction of the fair market value of the copyrighted work caused by the infringement. The reduction of the fair market value of the copyrighted work is the amount a willing buyer would have been reasonably required to pay a willing seller at the time of the infringement for the actual use made by the defendants of the plaintiffs' work. That amount also could be represented by the lost license fees the plaintiffs would have received for the defendants' unauthorized use of the plaintiffs' work.

Requesting Party:        Plaintiffs

Authority:        9th Cir. Civ. Jury Instr. 17.33

## PLAINTIFFS' POSITION

The model instruction as proposed by plaintiffs is simple, direct and non-argumentative. The Court should use it rather than defendants' altered version

Defendants' Proposed Instruction No. 23 improperly and unnecessarily deviates from the Ninth Circuit pattern jury damages instructions. The pattern instruction provides a proper basis for the jury to evaluate and determine the plaintiffs' actual damages. Therefore, there is no need to utilize defendants' proposed modifications referring to benchmark licenses. Defendants seek the insertion of this language only to facilitate and bolster defendants' claims and arguments, rather than follow the framework of the model instructions, which are designed to fairly and impartially inform and educate the jury as to the matters and issues to be decided by them.

The model damages instructions, 17.33, 17.34 and 17.35, as proposed by plaintiffs should be used rather than defendants' proffered damages instructions.

## **DEFENDANTS' OBJECTION**

Plaintiffs and Defendants both propose instructions based on Ninth Circuit Model Instruction 17.33 (*see* Defendants' Proposed Instruction No. 23). Plaintiffs' proposal merely regurgitates the language of the Model Instruction, ignoring whether the model language applies to this action. Plaintiffs are not seeking damages for the reduction of the fair market value of the "Joyful Noise" has been reduced by Defendants' alleged infringement. *See* Dkt. 383 (Pl. Mem. Facts & Law), p. 9. Plaintiffs' counsel also confirmed this at the Final Pretrial Conference in this action, stating unequivocally, "we're not pursuing lost profits." (Hearing Tr., at 8:21.) Nonetheless, Plaintiffs' proposal identifies reduction in fair market value as a valid category of actual damages. The jury should not be instructed regarding a category of damages the Plaintiffs so not seek.

On the other hand, Defendants' Proposed Instruction No. 23 focuses on the relevant category of actual damages at issue here (lost license fees), and provides further detail as to how actual damages are calculated in cases such as the instant action. Defendants' very relevant modifications are supported by the case law cited, and are necessary to accurately and thoroughly instruct the jury on the relevant law and its application to this case. Defendants' Proposed Instruction No. 23 should be used in lieu of this instruction, which contains irrelevant information that will confuse the jury.

**PLAINTIFFS' [DISPUTED] PROPOSED JURY INSTRUCTIONS**

# PROPOSED JURY INSTRUCTION NO. 48
## COPYRIGHT – DAMAGES - DEFENDANT'S PROFITS
### (17 U.S.C. § 504(b))

In addition to actual damages, the copyright owner is entitled to any profits of the defendants attributable to the infringement. You may not include in an award of profits any amount that you took into account in determining actual damages.

You may make an award of the defendants' profits only if you find that the plaintiffs showed a causal relationship between the infringement and the defendants' gross revenue.

The defendants' profit is determined by subtracting all expenses from the defendant's gross revenue.

The defendants' gross revenue is all of the defendants' receipts from the sale of a work containing or using the copyrighted work.  The plaintiff has the burden of proving the defendants' gross revenue by a preponderance of the evidence.

Expenses are all overhead costs and production costs incurred in producing the defendants' gross revenue.  The defendant has the burden of proving the defendants' expenses by a preponderance of the evidence.

Unless you find that a portion of the profit from the sale of a work containing or using the copyrighted work is attributable to factors other than use of the copyrighted work, all of the profit is to be attributed to the infringement.  The defendant has the burden of proving the portion of the profit, if any, attributable to factors other than infringing the copyrighted work.

| | |
|---|---|
| Requesting Party: | Plaintiffs |
| Authority: | 9th Cir. Civ. Jury Instr. 17.34 |

## **PLAINTIFFS' POSITION**

The model instruction as proposed by plaintiffs is simple, direct and non-argumentative. The Court should use it rather than defendants' altered version

Defendants' Proposed Instruction No. 24 improperly and unnecessarily deviates from the Ninth Circuit pattern jury damages instructions. The pattern instruction provides a proper basis for the jury to evaluate and determine the plaintiffs' damages attributable to the defendants' profits derived from their infringement. Therefore, there is no need to utilize defendants' proposed modifications which use the undefined and confusing term "causal nexus." The defendants' causal nexus concern is adequately addressed in the existing language of 17.34 – "Unless you find that a portion of the profit from the [use] [sale] of a [product] [work] containing or using the copyrighted work is attributable to factors other than use of the copyrighted work, all of the profit is to be attributed to the infringement." Moreover, if the Court utilizes defendants' proffered instruction it would improperly transfer the burden of proving that sums should be deducted from the defendants' profits from the defendants, who carry that burden, to the plaintiffs.

Defendants seek the insertion of this language only to facilitate and bolster defendants' claims and arguments, rather than follow the framework of the model instructions, which are designed to fairly and impartially inform and educate the jury as to the matters and issues to be decided by them.

As to Defendants' Proposed Instruction No. 25, it too improperly and unnecessarily deviates from the Ninth Circuit pattern jury damages instructions. It also improperly shifts the burden regarding proof of expenses and deductions.

The pattern instruction provides a proper basis for the jury to evaluate and determine the plaintiffs' profits. Therefore, there is no need to utilize defendants' proposed modifications. Defendants seek those modifications only to facilitate and bolster defendants' claims and arguments, rather than follow the framework of the model instructions, which are designed to fairly and impartially inform and educate the jury as to the matters and issues to be decided by them. This intent is manifested in the defendants' improper inclusion in their instruction intended to fit the presentation of defendants' evidence, including references to "celebrity and star power."

The model damages instructions, 17.33, 17.34 and 17.35, as proposed by plaintiffs should be used rather than defendants' proffered damages instructions.

## <u>DEFENDANTS' OBJECTION</u>

Plaintiffs and Defendants both propose instructions based on Ninth Circuit Model Instruction 17.34 (*see* Defendants' Proposed Instructions Nos. 24 & 25). Plaintiffs' proposal does not modify Model Instruction 17.34; however, that does not necessarily mean that it is preferable over Defendants' instruction.  The Ninth Circuit Manual expressly states that the Model Instructions are "not mandatory" and "are not a substitute for the individual research and drafting that may be required in a particular case."

Defendants' proposal, which separates the various aspects of Model Instruction 17.34 into two instructions, is preferable to Plaintiffs'.  As Model Instruction 17.34 and the governing case law make clear, the calculation of lost profits in infringement cases is a two-step process: first, the jury determines whether Plaintiffs have proved, by a preponderance of the evidence, that there was a causal nexus between the infringement and Defendants' gross revenue.  Then, if

85

the jury finds there is a causal nexus between the infringement and Defendants' gross revenue, the jury must determine each Defendant's net profits attributable to the infringement, by deducting the applicable expenses from Defendants' gross revenue and conducting an apportionment.  These are distinct inquiries.  As a result, rather than overwhelm jurors with these multiple steps all at once, Defendants' propose breaking this instruction into two separate ones, so that the jury properly conducts each step of the lost profits analysis.

Defendants' proposal is also preferable because it provides additional details to jurors regarding how to analyze whether a causal nexus has been proved and what types of factors are relevant to apportionment.  As explained above, the Model Instructions are not mandatory, and relevant, helpful details supported by case law may be added to better assist the jury in determining these issues.  As such, Defendants' Proposed Instructions Nos. 24 and 25 should be given in lieu of this instruction.

**PLAINTIFFS' [DISPUTED] PROPOSED JURY INSTRUCTIONS**

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Respectfully submitted,

/s/ Michael A. Kahn
Michael A. Kahn (pro hac vice)
Kahn@capessokol.com
Lauren R. Cohen (pro hac vice)
lcohen@capessokol.com
Capes Sokol Goodman Sarachan PC
7701 Forsyth Blvd., 12th Floor
St. Louis, MO 63105
Telephone: (314) 721-7701

Eric F. Kayira (pro hac vice)
Kayira Law, LLC

Daniel R. Blakey (SBN 143748)
blakey@capessokol.com
CAPES SOKOL
3601 Oak Avenue
Manhattan Beach, CA 90266

***Attorneys for Plaintiffs***

**PLAINTIFFS' [DISPUTED] PROPOSED JURY INSTRUCTIONS**

11221774.2