## CIVIL MINUTES – GENERAL     'O'

| Case No. | 2:15-cv-05642-CAS (JCx) | Date | July 17, 2019 |
|---|---|---|---|
| Title | MARCUS GRAY; ET AL. V. KATY PERRY; ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Laura Elias | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Eric Kayira | Jeffrey Movit |
| Michael Kahn | Christine Lepera |
| Lauren Cohen | Aaron Wais |
| | Jacob Albertson |
| | Vincent Chieffo |
| | Gabriella Nourafchan |

**Proceedings:**    DEFENDANTS' EX PARTE APPLICATION TO DISQUALIFY COUNSEL ERIC KAYIRA (Dkt. 421, filed July 15, 2019)

DEFENDANTS' SECTION 411(b) DEFENSE

     On July 10, 2019, defendants filed an amended proposed pretrial conference order which provided more details about their contention that plaintiffs' copyright in "Joyful Noise" is invalid. Specifically, defendants added the following two arguments: (1) plaintiffs' copyright does not protect the portion of "Joyful Noise" that is at issue in this case, namely, the instrumental beat created by plaintiff Chike Ojukwu and later licensed to Gray; and (2) plaintiffs' copyright registration contains knowingly false or inaccurate information such that if the Register of Copyrights had known of the inaccurate information she would not have registered the copyright. Dkt. 405-1 at 2. The Court approved defendants' amendments on July 11, 2019. Dkt. 406.

     Plaintiffs subsequently argued that defendants should not be allowed to argue that the copyright is invalid because it contains false or inaccurate information because 17

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:15-cv-05642-CAS (JCx) | Date | July 17, 2019 |
| Title | MARCUS GRAY; ET AL. V. KATY PERRY; ET AL. | | |

U.S.C. § 411(b)(2) requires that "[i]n any case in which inaccurate information . . . is alleged, the court shall request the Register of Copyrights to advise the court whether the inaccurate information, if known, would have caused the Registration of Copyrights to refuse registration." Dkt. 413. Considering that the Register of Copyrights has not been asked to advise the court whether the alleged inaccuracies in the copyright registration would have caused her to refuse registration and doing so would delay the trial that is to commence today, the Court hereby strikes from the pretrial conference order defendants' argument that the copyright registration is invalid because it contains knowingly false or inaccurate information. Defendants may argue that plaintiffs' copyright does not protect the instrumental beat created by Okujwu because it is a pre-existing work.

And in light of plaintiffs' counsel's representation that they do not intend to call Eric Kayira as a witness during their case-in-chief, the Court **DENIES** as moot defendants' *ex parte* application to disqualify Eric Kayira as trial counsel. If defendants intend to call Eric Kayira as a witness, defendants will be required to make an offer of proof.

IT IS SO ORDERED.

|  | 00 | 16 |
|---|---|---|
| Initials of Preparer | | CMJ |