UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| MARCUS GRAY; ET AL., | Case No. 2:15-CV-05642-CAS(JCx) |
| | JURY INSTRUCTIONS |
| Plaintiff, | |
| vs. | |
| KATY PERRY; ET AL., | |
| Defendants. | |
| _____ | |

Date: July 25, 2019

CHRISTINA A. SNYDER
UNITED STATES DISTRICT JUDGE

## JURY INSTRUCTION NO. 1

Members of the Jury: Now that you have heard all of the evidence and the arguments of the parties, it is my duty to instruct you on the law that applies to this case.

A copy of these instructions will be sent to the jury room for you to consult during your deliberations.

It is your duty to find the facts from all the evidence in the case.  To those facts you will apply the law as I give it to you.  You must follow the law as I give it to you whether you agree with it or not.  And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy.  That means that you must decide the case solely on the evidence before you.  You will recall that you took an oath to do so.

Please do not read into these instructions or anything that I may say or do or have said or done that I have an opinion regarding the evidence or what your verdict should be.

## JURY INSTRUCTION NO. 2

Before you begin your deliberations, elect one member of the jury as your presiding juror. The presiding juror will preside over the deliberations and serve as the spokesperson for the jury in court.

You shall diligently strive to reach agreement with all of the other jurors if you can do so. Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to their views.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not be unwilling to change your opinion if the discussion persuades you that you should.  But do not come to a decision simply because other jurors think it is right, or change an honest belief about the weight and effect of the evidence simply to reach a verdict.

## JURY INSTRUCTION NO. 3

If it becomes necessary during your deliberations to communicate with me, you may send a note through the bailiff, signed by any one or more of you. No member of the jury should ever attempt to communicate with me except by a signed writing. I will not communicate with any member of the jury on anything concerning the case except in writing or here in open court. If you send out a question, I will consult with the lawyers before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone—including the court—how the jury stands, whether in terms of vote count or otherwise, until after you have reached a unanimous verdict or have been discharged.

# JURY INSTRUCTION NO. 4

A verdict form has been prepared for you.  After you have reached unanimous agreement on a verdict, your presiding juror should complete the verdict form according to your deliberations, sign and date it, and advise the bailiff that you are ready to return to the courtroom.

## **JURY INSTRUCTION NO. 5**

When a party has the burden of proof on any claim or affirmative defense by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim or affirmative defense is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

## **JURY INSTRUCTION NO. 6**

You should decide the case as to each party separately.  Unless otherwise stated, the instructions apply to all parties.

## JURY INSTRUCTION NO. 7

The evidence you are to consider in deciding what the facts are consists of:

1. The sworn testimony of any witness;

2. The exhibits which are received into evidence;

3. Any facts to which the lawyers are agreed; and

4. Any facts that I have instructed you to accept as proved.

## JURY INSTRUCTION NO. 8

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are.  I will list them for you:

1.  Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

2.  Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

3.  Testimony that is excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered.  In addition some evidence was received only for a limited purpose; when I have instructed you to consider certain evidence only for a limited purpose, you must do so and you may not consider that evidence for any other purpose.

4.  Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

## <u>JURY INSTRUCTION NO. 9</u>

Some evidence may be admitted for a limited purpose only.

When I instructed you that an item of evidence has been admitted only for a limited purpose, you must consider it only for that limited purpose and not for any other purpose.

## JURY INSTRUCTION NO. 10

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did.  Circumstantial evidence is proof of one or more facts from which you could infer another fact.

By way of example, if you wake up in the morning and see that the sidewalk is wet, you may infer from that fact that it rained during the night.  However, other evidence, such as a turned on garden hose, may provide a different explanation for the presence of water on the sidewalk.  Therefore, before you decide that a fact has been proved by circumstantial evidence, you must consider all the evidence in the light of reason, experience, and common sense.

You should consider both direct and circumstantial evidence.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  It is for you to decide how much weight to give to any evidence.

## **JURY INSTRUCTION NO. 11**

You are instructed that you may not consider any party's religious beliefs in reaching your verdict.  You are also instructed that you may not consider the messages or imagery of either of the two works at issue in reaching your verdict.

## JURY INSTRUCTION NO. 12

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe.  You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

1.  The opportunity and ability of the witness to see or hear or know the things testified to;

2.  The witness's memory;

3.  The witness's manner while testifying;

4.  The witness's interest in the outcome of the case, if any;

5.  The witness's bias or prejudice, if any;

6.  Whether other evidence contradicted the witness's testimony;

7.  The reasonableness of the witness's testimony in light of all the evidence; and

8.  Any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said. Sometimes different witnesses will give different versions of what happened.  People often forget things or make mistakes in what they remember.  Also, two people may see the same event but remember it differently.  You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said.  On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify.  What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

## **JURY INSTRUCTION NO. 13**

The evidence that a witness lied under oath may be considered, along with all other evidence, in deciding whether or not to believe the witness and how much weight to give the testimony of the witness and for no other purpose.

## <u>JURY INSTRUCTION NO. 14</u>

A deposition is the sworn testimony of a witness taken before trial. The witness is placed under oath to tell the truth and lawyers for each party may ask questions. The questions and answers are recorded.

Insofar as possible, you should consider deposition testimony, presented to you in court in lieu of live testimony, in the same way as if the witness had been present to testify.

Do not place any significance on the behavior or tone of voice of any person reading the questions or answers.

## <u>JURY INSTRUCTION NO. 15</u>

Some witnesses, because of education or experience, are permitted to state opinions and the reasons for those opinions.

Such opinion testimony should be judged like any other testimony.  You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

## JURY INSTRUCTION NO. 16

From time to time during the trial, it became necessary for me to talk with the attorneys out of the hearing of the jury, either by having a conference at the bench when the jury was present in the courtroom, or by calling a recess. Please understand that while you were waiting, we were working. The purpose of these conferences is not to keep relevant information from you, but to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error.

Of course, we have done what we could to keep the number and length of these conferences to a minimum. I did not always grant an attorney's request for a conference. Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or of what your verdict should be.

## <u>JURY INSTRUCTION NO. 17</u>

There are rules of evidence that control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. If I overrule the objection, the question may be answered or the exhibit received. If I sustain the objection, the question cannot be answered, and the exhibit cannot be received. Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer might have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore that evidence. That means when you are deciding the case, you must not consider the stricken evidence for any purpose.

## <u>JURY INSTRUCTION NO. 18</u>

The parties have agreed to certain facts that have been read to you and were placed in evidence as Exhibits.  You must therefore treat these facts as having been proved.

## <u>JURY INSTRUCTION NO. 19</u>

Certain charts and summaries not admitted into evidence have been shown to you in order to help explain the contents of books, records, documents, or other evidence in the case.  Charts and summaries are only as good as the underlying evidence that supports them.  You should, therefore, give them only such weight as you think the underlying evidence deserves.

## <u>JURY INSTRUCTION NO. 20</u>

All parties are equal before the law and a corporation, partnership, or limited liability company is entitled to the same fair and conscientious consideration by you as any party.

## JURY INSTRUCTION NO. 21

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves. Except for discussing the case with your fellow jurors during your deliberations:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone or electronic means, via email, via text messaging, or any Internet chat room, blog, website or application, including but not limited to Facebook, YouTube, Twitter, Instagram, LinkedIn, Snapchat, or any other forms of social media. This applies to communicating with your family members, your employer, the media or press, and the people involved in the trial. If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet, or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own. Do not visit or view any place discussed in this case, and do not use Internet programs or other devices to search for or view any place discussed during the trial. Also, do not do any research about this case, the law, or the people involved—including the parties, the witnesses or the lawyers—until you have been excused as jurors. If you happen to read or

hear anything touching on this case in the media, turn away and report it to me as soon as possible.

These rules protect each party's right to have this case decided only on evidence that has been presented here in court. Witnesses here in court take an oath to tell the truth, and the accuracy of their testimony is tested through the trial process. If you do any research or investigation outside the courtroom, or gain any information through improper communications, then your verdict may be influenced by inaccurate, incomplete or misleading information that has not been tested by the trial process. Each of the parties is entitled to a fair trial by an impartial jury, and if you decide the case based on information not presented in court, you will have denied the parties a fair trial. Remember, you have taken an oath to follow the rules, and it is very important that you follow these rules.

A juror who violates these restrictions jeopardizes the fairness of these proceedings.  If any juror is exposed to any outside information, please notify the court immediately.

## **JURY INSTRUCTION NO. 22**

Whether or not you took notes, you should rely on your own memory of the evidence.  Notes are only to assist your memory. You should not be overly influenced by your notes or those of other jurors.

## JURY INSTRUCTION NO. 23

The plaintiffs, Marcus Gray, Emanuel Lambert and Chike Ojukwu, claim the defendants Katheryn Elizabeth Hudson, Lukasz Gottwald, Henry Russell Walter, Sarah Theresa Hudson, Karl Martin Sandberg, Jordan Houston, Capitol Records, LLC, WB Music Corp., Kobalt Music Publishing America, Inc., and Kasz Money, Inc. infringed plaintiffs' copyright in the musical composition "Joyful Noise." The defendants deny that any infringement occurred.

To help you understand the evidence in this case, I will explain some of the legal terms you will hear during this trial.

## DEFINITION OF COPYRIGHT

The owner of a copyright has the right to exclude any other person from reproducing, distributing, performing, displaying, or preparing derivative works from the work covered by copyright for a specific period of time.

A copyrighted work can be a musical work.

Facts, ideas, procedures, processes, systems, methods of operation, concepts, principles, discoveries, or commonplace expression cannot themselves be copyrighted.

## COPYRIGHT INTERESTS

The copyright owner may transfer to another person all or part of the owner's property interest in the copyright, that is, the right to exclude others from reproducing, distributing, performing, displaying, or preparing derivative works from the copyrighted work.  To be valid, the transfer must be in writing and signed by the transferor.  The person to whom a right is transferred is called an assignee.

## HOW COPYRIGHT IS OBTAINED

Copyright automatically attaches to a work the moment the work is fixed in any tangible medium of expression.  The owner of the copyright may register the copyright by completing a registration form and depositing a copy of the copyrighted work with the Copyright Office.  After determining that the material deposited constitutes copyrightable subject matter and that certain legal and formal requirements are satisfied, the Register of Copyrights registers the work and issues a certificate of registration to the copyright owner.  To bring a claim for copyright infringement, a plaintiff must own a valid copyright registration for the work at issue.  That copyright registration must encompass the allegedly infringed component of the work at issue.

## PLAINTIFFS' BURDEN OF PROOF

In this case, the plaintiffs Marcus Gray, Emanuel Lambert and Chike Ojukwu contend that the defendants have infringed their copyright in the musical composition "Joyful Noise."  The plaintiffs have the burden of proving by a preponderance of the evidence that they are the owners of the copyright and that

the defendants copied original expression from the musical composition "Joyful Noise." Preponderance of the evidence means that you must be persuaded by the evidence that it is more probably true than not true that the copyrighted work was infringed.

The plaintiffs must also prove that the defendants' use of the "Joyful Noise" musical composition was substantial. In determining whether the defendants' use of "Joyful Noise" was substantial, you may consider how important the copied portion was to the copyrighted work as a whole.

## PROOF OF COPYING

To prove that the defendants copied the plaintiffs' work, the plaintiffs' must show that the defendants had access to the plaintiffs' copyrighted work and that there are substantial similarities between original expression in the "Dark Horse" and "Joyful Noise" musical compositions.

## LIABILITY FOR INFRINGEMENT

One who reproduces, publicly distributes, publicly performs, publicly displays, or prepares derivative works from a copyrighted work without authority from the copyright owner during the term of the copyright infringes the copyright.

DEFENSES TO INFRINGEMENT

The defendants contend that there is no copyright infringement.  There is no copyright infringement if the defendants independently created "Dark Horse."  I will explain this concept to you in further detail in later instructions.

## <u>JURY INSTRUCTION NO. 24</u>

Copyright is the exclusive right to copy.  This right to copy includes the exclusive rights to:

1. Reproduce the copyrighted work;

2. Recast, transform, or adapt the work, that is, prepare derivative works based upon the copyrighted work;

3. Distribute copies of the copyrighted work to the public by sale or other transfer of ownership;

4. Perform publicly a copyrighted work;

5. Display publicly a copyrighted work; and

6. Perform a sound recording by means of digital audio transmission.

It is the owner of a copyright who may exercise these exclusive rights.  The term "owner" includes the author of the work or an assignee.  In general, copyright law protects against reproduction, adaptation, public distribution, public performance, or public display of identical or substantially similar copies of the owner's copyrighted work without the owner's permission.  An owner may enforce these rights to exclude others in an action for copyright infringement.

## <u>JURY INSTRUCTION NO. 25</u>

The work "Joyful Noise" involved in this trial is a musical composition.

You are instructed that a copyright may be obtained in the musical composition "Joyful Noise."  This work can be protected by copyright law.  Only that part of the "Joyful Noise" musical composition consisting of original works of authorship is protected by the Copyright Act.

## <u>JURY INSTRUCTION NO. 26</u>

As I just explained, copyrighted works can include musical works.  There are two types of musical works: sound recordings and their underlying musical compositions.  Each are separate works with their own distinct copyrights.

A musical composition consists of rhythm, harmony, melody, and structure captured in a tangible medium of expression.  A musical composition's copyright protects the generic sound that would necessarily result from any performance of the piece.

Sound recordings are works that result from the fixation of a series of musical, spoken, or other sounds.  In other words, the sound recording is the sound produced by a performer's rendition of a musical composition.  The same musical composition can be performed and embodied in different ways in multiple sound recordings.

In this case, the plaintiffs contend only that they have a copyright interest in a musical composition titled "Joyful Noise."  They do not contend that they have a copyright interest in any sound recording of that musical composition, or that any sound recording copyright is infringed.

## <u>JURY INSTRUCTION NO. 27</u>

Anyone who copies original expression from a copyrighted work during the term of the copyright without the owner's permission infringes the copyright.

On the plaintiffs' copyright infringement claim, the plaintiffs have the burden of proving by a preponderance of the evidence that:

1.  The plaintiffs are the owners of a valid copyright in the allegedly infringed portion of the musical composition "Joyful Noise"; and

2.  The defendants copied original expression from the musical composition "Joyful Noise."

## <u>JURY INSTRUCTION NO. 28</u>

The plaintiffs are the owners of a valid copyright in the musical composition "Joyful Noise" if the plaintiffs prove by a preponderance of the evidence that:

1. The musical composition "Joyful Noise" is original; and

2. The plaintiffs are the authors or creators of the musical composition "Joyful Noise" or received a transfer of the copyright.

## <u>JURY INSTRUCTION NO. 29</u>

The creator of a work is called the author of that work.  Sometimes, separately copyrightable contributions from multiple authors are combined with the intent to merge them into a single work called a joint work.  On the other hand, when one author creates a new work based on a pre-existing work, recasting, transforming, or adapting the prior work, this is called a derivative work.  The copyright in the derivative work only covers the newly created material in the work, not the pre-existing material.

In order for "Joyful Noise" to be a joint work, the plaintiffs must prove the following by a preponderance of the evidence: that at the time of the joint work's creation (1) each author must have made a substantial and valuable contribution to the work; (2) each author must have intended that his contribution be merged into inseparable parts of a unitary whole; and (3) each author must have contributed material to the joint work which could have been independently copyrighted.

In deciding whether the parties intended their contributions be merged in the second element above, you may consider whether each of the parties exercised control over the work, whether each of the parties' actions showed they shared the intent to be co-authors when creating the work, and whether the audience-appeal of the work depends on the contribution of each party.

## <u>JURY INSTRUCTION NO. 30</u>

To bring a claim for copyright infringement, a plaintiff must own a valid copyright registration for the work at issue.  That copyright registration must encompass the allegedly infringed component of the work at issue.

The evidence in this case includes Exhibit 30, a certificate of copyright registration from the Copyright Office for the musical composition "Joyful Noise." From this certificate, you need not conclude that the plaintiffs' work is original or copyrightable, or that the plaintiffs own the copyright in the musical composition "Joyful Noise."

## <u>JURY INSTRUCTION NO. 31</u>

A copyright owner may transfer to another person all or part of the owner's property interest in the copyright; that is, the right to exclude others from copying the work.  The person to whom the copyright is transferred becomes the owner of the copyright in the work.

To be valid, the transfer must be in a writing signed by the transferor.  The person to whom this right is transferred is called an assignee.  The assignee may enforce this right to exclude others in an action for copyright infringement.

## <u>JURY INSTRUCTION NO. 32</u>

An original work may include or incorporate elements taken from prior works, works from the public domain, or works owned by others, with the owner's permission. The original parts of the plaintiffs' work are the parts created:

1. Independently by the work's author, that is, the author did not copy it from another work; and

2. By use of at least some minimal creativity.

In copyright law, the "original" part of a work need not be new or novel.

In addition, because originality involves the use of at least some minimal creativity, the work must contain variations from previously existing art that are more than trivial, miniscule, common, or trite.

## <u>JURY INSTRUCTION NO. 33</u>

Copyright law allows the author of an original work to stop others from copying the original expression in the author's work.  Only the particular expression of an idea can be copyrighted and protected.  Copyright law does not give the author the right to prevent others from copying or using the underlying ideas contained in the work, such as any procedures, processes, systems, methods of operation, concepts, principles, or discoveries.

## <u>JURY INSTRUCTION NO. 34</u>

The plaintiffs contend that the instrumental beat of the ostinato in "Joyful Noise" is protectable expression.  The defendants contend that any similarities between the instrumental beat of the ostinato in "Joyful Noise" and ostinato #2 in "Dark Horse" comprise solely of non-original and unprotectable commonplace expression.

While an author of an original work may be entitled to prevent others from copying original, protectable expression in the author's work, copyright protection does not extend to commonplace expression.

While commonplace elements are not protectable, a combination of unprotectable expression may qualify for copyright protection.  A combination of unprotectable elements may be eligible for copyright protection if those elements are numerous enough and their selection and arrangement original enough that their combination constitutes an original work of authorship.  Trivial elements of compilation and arrangement are not copyrightable.

In addition, when a work embodies only the minimum level of creativity necessary for copyright, it is said to have "thin" copyright protection.  A thin copyright only protects against virtually identical copying.

## <u>JURY INSTRUCTION NO. 35</u>

The plaintiffs have the burden of proving that the defendants copied original elements from the musical composition "Joyful Noise."  To do so, the plaintiffs must show, by a preponderance of the evidence, that:

1. The defendants had access to "Joyful Noise" prior to creating "Dark Horse"; and

2. There are substantial similarities between "Dark Horse" and original, protectable elements of "Joyful Noise."

## <u>JURY INSTRUCTION NO. 36</u>

As part of their burden, the plaintiffs must prove by a preponderance of the evidence that the defendants had access to "Joyful Noise" prior to creating "Dark Horse."

Access may be shown by proving, by a preponderance of the evidence, that "Joyful Noise" was widely disseminated.  In order to prove access by widespread dissemination, the plaintiffs must prove, by a preponderance of evidence, that the defendants had a reasonable opportunity to hear "Joyful Noise."  A reasonable opportunity means a reasonable possibility, not merely a bare possibility, that the defendants heard "Joyful Noise."  Such a possibility cannot rely on speculation or conjecture.

Even if the plaintiffs demonstrate a reasonable possibility of access, any inference of access can be rebutted by defendants by proving, by a preponderance of the evidence, that they never availed themselves of this opportunity.

You may consider the characteristics and practices of the defendants in determining whether the plaintiffs have established access through widespread dissemination.

## JURY INSTRUCTION NO. 37

In addition to proving access, the plaintiffs must also prove, by a preponderance of evidence, that the "Joyful Noise" and "Dark Horse" musical compositions are substantially similar in original, protectable expression.

To satisfy their burden of proof, the plaintiffs must prove substantial similarity under both the "extrinsic test" and "intrinsic test."

The extrinsic test considers whether two works share a similarity of ideas and expression based on external, objective criteria. The extrinsic test requires analytical dissection of a work and expert testimony to break down the works into their constituent elements and compare those elements for proof of copying as measured by substantial similarity. However, not all similarities are relevant. Protectable expression includes the specific details of an author's rendering of ideas, but not the ideas themselves. Accordingly, in applying the extrinsic test you must inquire only whether the protectable elements, standing alone, are substantially similar, and must filter out and disregard the non-protectable.

You must only consider the intrinsic test if you find that the plaintiffs proved that the two works are extrinsically substantially similar by a preponderance of the evidence. The intrinsic test examines an ordinary person's subjective impressions of the similarities between the two works as wholes. Here, this means you should determine whether an ordinary, reasonable person would find that the total concept and feel of "Joyful Noise" and "Dark Horse" are substantially similar in original, protectable expression.

## <u>JURY INSTRUCTION NO. 38</u>

If the plaintiffs show that the defendants had access to "Joyful Noise" and that there is a substantial similarity between "Joyful Noise" and "Dark Horse," a presumption of copying arises.  The burden then shifts to the defendants to rebut the presumption by proving, by a preponderance of the evidence, that "Dark Horse" was independently created.  In making this determination, you may consider the manner in which the defendants created "Dark Horse" and any other evidence of the circumstances surrounding the creation of "Dark Horse."

## <u>JURY INSTRUCTION NO. 39</u>

In order to find that a defendant copied original expression in the musical composition "Joyful Noise," it is not necessary that you find that the defendant consciously or deliberately copied it.  It would be sufficient to find that a defendant subconsciously copied original expression in "Joyful Noise" through hearing it some time prior to the creation of "Dark Horse."

## <u>JURY INSTRUCTION NO. 40</u>

If you find that plaintiffs have proved that "Dark Horse" infringes original expression from "Joyful Noise," then you must find that any named defendant who copied "Joyful Noise" or distributed "Dark Horse" also infringed upon the plaintiffs' copyright.