| | |
|---|---|
| 1 | CHRISTINE LEPERA (admitted *pro hac vice*) |
| | ctl@msk.com |
| 2 | JEFFREY M. MOVIT (admitted *pro hac vice*) |
| | jmm@msk.com |
| 3 | JACOB D. ALBERTSON (admitted *pro hac vice)* |
| | j1a@msk.com |
| 4 | MITCHELL SILBERBERG & KNUPP LLP |
| | 437 Madison Avenue, 25th Floor |
| 5 | New York, New York 10022 |
| | Telephone: (212) 509-3900 |
| 6 | Facsimile: (212) 509-7239 |
| 7 | AARON M. WAIS (SBN 250671) |
| | amw@msk.com |
| 8 | GABRIELLA A. NOURAFCHAN (SBN 301594) |
| | gan@msk.com |
| 9 | MITCHELL SILBERBERG & KNUPP LLP |
| | 2049 Century Park East, 18th Floor |
| 10 | Los Angeles, California  90067 |
| | Telephone: (310) 312-2000 |
| 11 | Facsimile: (310) 312-3100 |
| 12 | GREENBERG TRAURIG, LLP |
| | VINCENT H. CHIEFFO (SBN 49069) |
| 13 | Email:  ChieffoV@gtlaw.com |
| | ALANA C. SROUR (SBN 271905) |
| 14 | Email:  SrourA@gtlaw.com |
| | 1840 Century Park East, Suite 1900 |
| 15 | Los Angeles, CA 90067-2121 |
| | Telephone:  310-586-7700 |
| 16 | Facsimile:   310-586-7800 |
| 17 | Attorneys for Defendants |

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| MARCUS GRAY, et al., | CASE NO. 2:15-cv-05642-CAS (JCx) |
| Plaintiffs, | Honorable Christina A. Snyder |
| v. | **DEFENDANTS' DISPUTED PROPOSED JURY INSTRUCTIONS – DAMAGES** |
| KATHERYN ELIZABETH HUDSON, et al., | |
| Defendants. | Filed: July 1, 2014 |
| | Trial: July 17, 2019 |

## JURY INSTRUCTION NO. 1

A copyright owner may recover the profits of a defendant that are attributable to the infringement. You must determine the profits of each defendant attributable to the infringement separately.

The fact that you found a defendant liable for copyright infringement does not mean that defendant is liable for profits. You may make an award of a defendant's profits only if you first find that the plaintiffs showed, by a preponderance of the evidence, that there was a causal nexus between the infringement and that defendant's gross revenue.

If you find that the plaintiffs have shown, by a preponderance of the evidence, that there is a causal nexus between the use of the "Joyful Noise" musical composition in ostinato #2 in "Dark Horse" and a defendant's gross revenue, you must then determine the portion of that defendant's net profits attributable to the infringement.

First, a defendant's net profits (also known as net receipts) are determined by subtracting all expenses incurred by that defendant from that defendant's gross revenue. A defendant's gross revenue is all of the defendant's receipts from the use of the "Joyful Noise" musical composition in ostinato #2 in "Dark Horse." The plaintiffs have the burden of proving each defendant's gross revenue by a preponderance of the evidence.

Expenses includes all operating costs, overhead costs, and production costs incurred in producing a defendant's gross revenue. Expenses also include, but are

not necessarily limited to, fees that the defendant paid on the revenue. The defendants have the burden of proving their respective expenses by a preponderance of the evidence.

Second, after determining each defendant's net profit, you then must determine whether any portion or percentage of the profits is attributable to factors other than the use of the "Joyful Noise" musical composition in ostinato #2 in "Dark Horse." These factors include, but are not limited to, the talent, drawing power, and popularity of the defendants, and non-infringing musical elements of "Dark Horse," such as the lyrics and music other than ostinato #2. You must deduct the portion of the profits that you find is attributable to other factors from each defendant's net profits.

The defendants have the burden of proving what portion of their profits, if any, is attributable to factors other than the use of the "Joyful Noise" musical composition in ostinato #2 in "Dark Horse." In doing so, the defendants do not need to prove to a mathematical certainty the profits that are attributable to other factors—they only need to provide a reasonable division.