Michael A. Kahn (pro hac vice)
Kahn@capessokol.com
Lauren R. Cohen (pro hac vice)
lcohen@capessokol.com
CAPES SOKOL
7701 Forsyth Blvd. 12th Floor
St. Louis, MO 63015
(314) 721-7701

Eric. F. Kayira (pro hac vice)
eric.kayira@kayiralaw.com
KAYIRA LAW, LLC
200 S. Hanley Road, Suite 208
Clayton, Missouri 63105
(314) 899-9381

Daniel R. Blakey (SBN 143748)
blakey@capessokol.com
CAPES SOKOL
3601 Oak Avenue
Manhattan Beach, CA 90266

*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCUS GRAY, et al., <br><br> Plaintiffs, <br><br> v. <br><br> KATHERYN ELIZABETH HUDSON, et al., <br><br> Defendants. | CASE NO. 2:15-cv-05642-CAS (JCx) <br><br> Honorable Christina A. Snyder <br><br> **PLAINTIFFS' REQUEST FOR ENTRY OF JUDGMENT AND NOTICE OF LODGING OF SAME** <br><br> Filed: July 1, 2014 <br> Trial: July 17, 2019 |

**PLAINTIFFS' RULE 58(d) REQUEST FOR ENTRY OF JUDGMENT**

Pursuant to Rule 58(d) of the Federal Rules of Civil Procedure, Plaintiffs respectfully request that the Court enter judgment in their favor and against the Defendants in accordance with the unanimous jury verdicts and the Proposed Judgment attached to this Motion along with the Local Rule 58-7 Memorandum regarding the post-judgment interest rate. In support of this Request, Plaintiffs state as follows:

1. On July 25, 2019, at the close of all evidence on liability and before the Court submitted the case to the jury, Defendants filed a motion for judgment as a matter of law pursuant to Rule 50(a), Fed.R.Civ.P. (Dkt 435)

2. The Court did not rule on Defendants' Rule 50(a) motion and, instead, submitted the case to the jury in accordance with Rule 49(b)(1), which states: "The court may submit to the jury forms for a general verdict, together with written questions on one or more issues of fact that the jury must decide."

3. On July 29, 2019, the jury returned a unanimous general verdict with special interrogatories in Plaintiffs' favor and against Defendants on all liability issues in the liability phase of the case. (Dkt. 456)

4. One August 1, 2019, the jury returned a unanimous general verdict in Plaintiffs' favor and against Defendants on the damages phase of the case, finding each Defendant liable for the following amounts (Dkt. 467):

    a. Jordan Houston: $115,223.56
    b. Karl Martin Sandberg: $253,332.88
    c. Lukasz Gottwald: $60,799.08
    d. Kasz Money, Inc.: $188,659.80
    e. Henry Russell Walter: $139,462.36
    f. Sarah Hudson: $132,462.36
    g. Katheryn Elizabeth Hudson: $550,256.98
    h. Kobalt Music Publishing America, Inc.: $29,807.13

      i. WB Music Corp.: $29,351.33

      j. Capitol Records, LLC: $1,289,911.05

5. As stated in Rule 50(b): "If the court does not grant a motion for judgment as a matter of law made under Rule 50(a), the court is considered to have submitted the action to the jury subject to the court's later deciding the legal questions raised by the motion. No later than 28 days after entry of judgment . . . the movant may file a renewed motion for judgment as a matter of law and may include an alternative or joint request for a new trial under Rule 59."

6. Accordingly, entry of judgment is the trigger date for any renewed motion under Rule 50(b) and any motion for new trial under Rule 59. Neither motion can be filed by the Defendants and no other post-trial filings—such as, for example, an Application to the Clerk to Tax Costs—can be filed by either party until entry of judgment.

7. In discussions between counsel for the parties, the Defendants have advised Plaintiffs that their position regarding this Request is as follows:

> "Defendants do not agree with Plaintiffs' characterization of all the issues—for example, the jury returned a special verdict, not a general verdict—and are explicitly reserving all of their rights as to any and all such issues. Defendants are also explicitly reserving all of their rights to challenge and appeal the jury's liability and damages verdicts, including but not limited to through seeking judgment as a matter of law, remittitur, and a new trial pursuant to Federal Rules of Civil Procedure 50(b) and 59. More specifically, it is Defendants' position that the Court should have granted Defendants' Rule 50(a) motion prior to allowing the jury to deliberate on liability. Thereafter, the Court should have granted Defendants' Rule 50(a) motion prior to allowing the jury to deliberate on damages. The effect of allowing the jury to deliberate is that Defendants' Rule 50(a) motions are deemed denied without prejudice to Defendants renewing those arguments by filing Rule 50(b) and Rule 59 motion within 28 days from entry of

judgment.  *See* FRCP 50(b) ("If the court does not grant a motion for judgment as a matter of law made under Rule 50(a), the court is considered to have submitted the action to the jury subject to the court's later deciding the legal questions raised by the motion.").  Defendants intend to do exactly that—timely move for judgment as a matter of law under Rule 50(b) and, in the alternative, for remittitur or for a new trial pursuant to Rule 59.  Defendants are also reserving all of their rights to challenge and appeal from any judgment that enters and any orders entered before or after entry of judgment, including but not limited to the denial of Defendants' summary judgment motion, the denial of Defendants' motions in limine, the overruling of Defendants' objections at trial, the denial of Defendants' Rule 50(a) motions, and any denial of Defendants' Rule 50(b) and Rule 59 motions."

8.   Plaintiffs, too, reserve their rights to file not only an Application to the Clerk to Tax Costs and but any other post-trial motions they deem appropriate.

9.   As stated in Rule 49(b)(3), "When the general verdict and the answers are consistent, the court must approve, for entry under Rule 58 an appropriate judgment on the verdict and answers."

10.   As stated in Rule 58(b)(2): "Subject to Rule 54(b), the court must ***promptly*** approve the form of the judgment, which the clerk must ***promptly*** enter, when (A) the jury returns a special verdict or a general verdict with answers to written questions." (Emphasis added.)

11.   Plaintiffs have attached to this motion: (a) the proposed form of judgment and (b) the Local Rule 58-7 Memorandum regarding the post-judgment interest rate.

Accordingly, this Court should enter judgment in this case in accordance with the proposed form of judgement attached to this Request and separately lodged with the Court.

Respectfully submitted,

/s/ Michael A. Kahn
Michael A. Kahn (pro hac vice)
Kahn@capessokol.com
Capes Sokol Goodman Sarachan PC
7701 Forsyth Blvd., 12th Floor
St. Louis, MO 63105
Telephone: (314) 721-7701

Eric F. Kayira (pro hac vice)
Kayira Law, LLC

Daniel R. Blakey (SBN 143748)
blakey@capessokol.com
CAPES SOKOL
3601 Oak Avenue
Manhattan Beach, CA 90266

***Attorneys for Plaintiffs***