```
GREENBERG TRAURIG, LLP
VINCENT H. CHIEFFO (SBN 49069)
ChieffoV@gtlaw.com
ALANA C. SROUR (SBN 271905)
SrourA@gtlaw.com
1840 Century Park East, Suite 1900
Los Angeles, CA 90067-2121
Telephone:  310-586-7700
Facsimile:   310-586-7800
```

Attorneys for Defendant Katheryn Elizabeth Hudson p/k/a Katy Perry

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| MARCUS GRAY (p/k/a FLAME); EMANUEL LAMBERT; and CHIKE OJUKWU,<br><br>Plaintiffs,<br><br>vs.<br><br>KATHERYN ELIZABETH, HUDSON (p/k/a KATY PERRY), et al.,<br><br>Defendants. | CASE NO. 2:15-cv-05642-CAS-JC<br><br>**DEFENDANT KATHERYN ELIZABETH HUDSON P/K/A KATY PERRY' OPPOSITION TO PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR AN AWARD OF PREJUDGMENT INTEREST**<br><br>Date:         January 27, 2020<br>Time:        10:00 am<br>Courteoom:  8D – 8th Floor<br><br>Judge: District Judge Christina A. Snyder<br><br>Filed: July 1, 2014<br>Trial: July 17, 2019 |

ACTIVE47246581

# I. INTRODUCTION

Defendant Katheryn Elizabeth Hudson p/k/a Katy Perry ("Perry") submits this memorandum in opposition to Plaintiffs' Motion for and Award of Prejudgment Interest.[1]

# II. ARGUMENT

### A. The Court Should Deny Plaintiffs' Motion In The Exercise Of Its Discretion.

While it is true that prejudgment interest is, in the Ninth Circuit, available under the 1976 Copyright Act, any award of prejudgement interest in in the Court's discretion. *Polar Bear Productions, Inc. v. Timex Corp.*, 394 F.3d 700, 716 & n. 12 (9th Cir. 2004).

Upon the facts of this case and the evidence introduced at trial, the Court should exercise its discretion to deny the requested award of prejudgment interest.

One factor considered by the court's in exercising discretion in this regard is whether one or the other party caused needless delay in litigating the action. See, *Brighton Collectibles, Inc. v. Coldwater Creek Inc.,* Case No. 06-CV-018484-H (POR), 2009 U.S. Dist. LEXIS 4005 at *15-16 (S.D.Cal. January 20, 2009). In this case the delay factor weighs against an award of prejudgment interest.

Here it was Plaintiffs and not any Defendants that caused needless delay in the prosecution of this action. Plaintiffs caused a year delay by insisting that this action be litigated in the Eastern District of Missouri, despite that court's lack of personal jurisdiction over any of the individuals. After Plaintiffs filed their original Complaint (Dkt. No. 1) on July 1, 2014, Defendant Perry filed her motion to dismiss for lack of personal jurisdiction on September 30, 2014 (Dkt. Nos. 39, 40) and the other individuals also filed motion to dismiss on the same grounds. In response, Plaintiffs filed their First Amended Complaint (Dkt. No. 28) on October 6, 2014. Defendant Perry, and the other individual defendants, promptly filed their respective motions to dismiss the Second

---

[1] Defendant Perry also joins in and adopts the opposition filed by the other Defendants (Dkt. No. 497)

Amended Complaint for lack of personal jurisdiction (e.g., Dkt. Nos. 39, 40). Well after briefing was closed on those motions, on June 26, 2015, Plaintiffs filed a motion for leave to file a Second Amended complaint (Dkt. No. 73). On July 23, 2015, District Judge Autrey granted the individual Defendants' motions to dismiss for lack of personal jurisdiction, granted Defendant Capitol Record's motion to transfer, and ordered the case transferred to the Central District of California (Dkt. No. 79)

Plaintiffs' delay of this action was not over after transfer to this Court. Plaintiffs filed in this Court their Second Amended Complaint on September 18, 2015 (Dkt. No. 110) and then, more than a year later, on November 1, 2016, they filed their Third Amended complaint (Dkt. No.172).

In total, Plaintiffs caused a 28-month delay before finally filing their operative Complaint. Despite Defendants vigorously litigating the claimed infringement, the case was timely brought to trial 32-months after Plaintiffs' filed their Third Amended Complaint.

Another factor is whether the jury award adequately compensates Plaintiffs for the damages they may have suffered without an additional award of prejudgment interest. *Brighton Collectibles, supra,* 2009 U.S. Dist. LEXIS 4005 at *15-16. Certainly, the jury award in this case more than adequately compensates Plaintiffs for any infringement the jury may have found. By waiving any claim for an award of actual damages attributable to the infringement, Plaintiffs conceded that the creation of "Dark Horse" caused no damages. Plaintiffs instead sought only an award of Defendants' respective profits earned over time from the exploitation of "Dark Horse" that the jury might find attributable to any infringement. The jury concluded that 22.5% of the Defendants' profits from the Katy Perry massive hit pop song "Dark Horse" distributed and heavily promoted by Capitol Records was attributable to the infringement of a very small portion

of the background music (and not lyrics) of a small niche market Christian hip-hop song distributed by a company that never paid any royalties to any of the Plaintiffs.[2]

### B. Were The Court To Award Prejudgement Interest, The Rate Should Not Exceed that Provided in 28 U.S.C. Section 1961(a).

Plaintiffs suggest that the court should award prejudgment interest at a rate far in excess of the post-judgment rate set by 28 U.S.C. § 1961(a) that is considered the reasonable and appropriate rate for prejudgment interest in a copyright infringement case. *Frank Music Corp. v. Metro-Goldwyn-Mayer, Inc.*, 886 F.2d 1545, 1552-53 (9th Cir. 1989); *Price v. Stevedoring Servs. Of Am. Inc.*, 697 F.3d 820, 836 (9th Cir. 2012). However, a higher rate may not be awarded unless the Court "finds, on substantial evidence, that the equities of the particular case require a different rate." *Western Pacific Fisheries, Inc. v. SS President Grant*, 730 F.2d 1280, 1289 (9th Cir. 1984.

Plaintiffs present no evidence, and certainly no "substantial evidence," proving that the equities in this case require a rate higher that that provided in Section 1961(a). All Plaintiffs argue is that the statutory rate is too low.

If prejudgment interest is to be awarded, it should only be awarded at the statutory rate.

### C. Were The Court To Award Prejudgement Interest, It Should run From No Sooner Than The Date Of The Verdict.

In *Williams v. Bridgeport Music, Inc.*, CV13-06004 JAK (AGRx), 2015 U.S. Dist. LEXIS 97262 "145-147 (C.D. Cal. July 14, 2015) *reversed in part on other grounds sub nom. Williams v. Gaye* 885 F.3d 1150 (9th Cir. 2018), Judge Kronstadt awarded prejudgement interest running from the date of the jury verdict rather than an earlier date

---

[2] Defendants contend that the 22.5% allocation was grossly excessive and not supported by the unrebutted evidence at trial. Defendants Memorandum In Support Of Defendants' Renewed Motion For Judgement As A Matter of Law Or, Alternatively, For A New Trial (Dkt. No. 485), at 45-48, 56-59.

asserted by the prevailing copyright owners of the infringed work. In doing so, Judge Kronstadt reasoned that:

> "The [prevailing copyright owners] fail to offer admissible evidence of the amount of revenues that were received as of the earlier dates that they propose. For this reason, their proposed calculation of interest to be awarded from any earlier date, which is based on the methodology used by [their post-trial expert] is not reliable. Even if admissible evidence had been presented on this issue, the Court would decline to award prejudgment interest from any earlier date than the one adopted in this Order, in light of the nature of the claims, the vigorous litigation of certain legal and factual matters and the general history of this litigation."

Id at *146-147.

Judge Kronstadt's reasoning is persuasive and his conclusion particularly applicable to Plaintiffs' request in this case.

As in Williams, Plaintiffs present no evidence as to when any defendant received any portion of the profits the jury awarded. Instead, Plaintiffs argue that the court should consider 100% of those profits were received by each of the defendants as of the day Plaintiffs' original Complaint was filed on July 1, 2014 in a district court that had no personal jurisdiction over the individual plaintiffs and 5 years before the trial presided over by this Court. Plaintiffs do not present any admissible evidence, whether from the information provided during discovery or evidence submitted at trial to identify when each Defendant received a portion of their respective profits. Rather, they invite the Court to speculate that "given the popularity of ["Dark Horse"] in early 2014, by the time Plaintiffs had filed their lawsuit [on July 1, 2014] Defendants had likely earned far more than 22.5% of their total profits from ["Dark Horse"]." But that rank speculation is not "evidence" and Plaintiffs' unsupported claims do not advance any recognized policy "to avoid unjust enrichment [by a copyright infringer], who might otherwise benefit from this component of profit through the unlawful use of another's work." *Polar Bear Prods.,*

*Inc., supra*, 384 F.3d at 718.  Certainly, if a party seeks an award of prejudgement interest, to avoid "unjust enrichment" then it behooves that party to demonstrate with admissible evidence how much a defendant may have been unjustly enriched and for what period of time they were so unjustly enriched.

As in *Williams*, the nature of this litigation and the issues vigorously litigated also indicate that the court in its discretion should not award prejudgment interest for any period prior to the date of the jury's damage verdict, August 1, 2019.

## II.   CONCLUSION

For the reason's set forth above, the Court should exercise its discretion to deny Plaintiffs' request for an award of prejudgement interest, or, if the Court determines to award prejudgement interest it should award no more than simple interest at the rate provided in 28 U.S.C. § 1961(a) running from August 1, 2019.

DATED:  November 20, 2019            GREENBERG TRAURIG, LLP


                                     By:  /s/ Vincent H. Chieffo
                                          Vincent H. Chieffo
                                          Attorneys for Defendant Katheryn Elizabeth
                                          Hudson, p/k/a Katy Perry

5

ACTIVE47246581