Kenneth D. Freundlich (SBN 119806)
FREUNDLICH LAW
16133 Ventura Boulevard, Suite 645
Encino, CA  91436
P: (310) 275-5350
F: (310) 275-5351
E-Mail: ken@freundlichlaw.com

*Attorneys for Amici Curiae*
*Musicologists*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCUS GRAY (p/k/a FLAME), et al.,<br><br>Plaintiffs,<br><br>v.<br><br>KATHERYN ELIZABETH HUDSON (p/k/a KATY PERRY), an individual , et al., Defendants, and DOES 1 through 10,<br><br>Defendants. | Case No.  2:15-cv-05642-CAS (JCx)<br><br>Assigned to: Hon. Christina A. Snyder<br><br>**NOTICE OF MOTION AND MOTION OF *AMICUS CURIAE* MUSICOLOGISTS FOR LEAVE TO FILE *AMICUS CURIAE* BRIEF IN SUPPORT DEFENDANTS' RENEWED MOTION FOR JUDGMENT AS A MATTER OF LAW OR, ALTERNATIVELY, FOR A NEW TRIAL**<br><br>Date:  January 27, 2020<br>Time: 10:00 a.m.<br>Ctrm: 8D—8th Fl., First Street<br><br>Filed: July 1, 2014<br>Trial: July 17, 2019 |

1

**NOTICE OF MOTION AND MOTION OF AMICUS CURIAE MUSICOLOGISTS FOR LEAVE TO FILE AMICUS BRIEF IN SUPPORT OF DEFENDANTS' RENEWED MOTION FOR JUDGMENT AS A MATTER OF LAW OR, ALTERNATIVELY, FOR A NEW TRIAL**

**TO THIS HONORABLE COURT AND TO ALL PARTIES AND THEIR COUNSEL OF RECORD HEREIN:**

Please take notice that on January 27, 2020 at 10:00 a.m., or as soon thereafter as this matter may be heard, in Courtroom 7D of the Honorable Christina A. Synder of the United States District Court for the Central District of California, First Street U.S. Courthouse, located at 350 W. 1st Street, Los Angeles, CA 90012, musicologists movants[1] (the "Amici Musicologists") will and hereby will, and hereby do, move the Court for an order permitting them to participate as *amici curiae* in Defendants' Renewed Motion for Judgment as a Matter of Law, or, Alternatively, for a New Trial, which is currently scheduled to be heard at the above-referenced date, time, and location.

Amici Musicologists respectfully submit that their participation as *amici curiae* would be helpful and desirable as it would facilitate a more complete understanding of the issues before this Court. This motion is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities and Exhibits thereto, all papers and pleadings on file in this action, and upon such further evidence and argument as may be presented to the Court in connection with this motion.

---

[1] A complete list of amici musicologists and their academic affiliations is attached as **Exhibit 1** hereto and is incorporated herein by reference.

---

2

**MOTION OF AMICUS CURIAE MUSICOLOGISTS FOR LEAVE TO FILE AMICUS BRIEF IN SUPPORT OF DEFENDANTS' RENEWED MOTION FOR JUDGMENT AS A MATTER OF LAW OR, ALTERNATIVELY, FOR A NEW TRIAL**

On November 14, 2019, the undersigned sent an email to all Parties' counsel, meeting and conferring to seek consent to the relief requested by this Motion pursuant to L.R. 7-3. The Defendants have consented to this relief. The Plaintiffs do not consent to this request.

Dated: December 5, 2019

Respectfully submitted,

FREUNDLICH LAW
BY: /s Kenneth D. Freundlich
KENNETH D. FREUNDLICH

**MOTION OF AMICUS CURIAE MUSICOLOGISTS FOR LEAVE TO FILE AMICUS BRIEF IN SUPPORT OF DEFENDANTS' RENEWED MOTION FOR JUDGMENT AS A MATTER OF LAW OR, ALTERNATIVELY, FOR A NEW TRIAL**

# I.     INTRODUCTION

Amici Curiae Musicologists ("Amici Musicologists")[2] respectfully request leave of the Court to file the attached amicus curiae brief[3] in the above-captioned case in support of Defendants' renewed motion for judgment as a matter of law or, alternatively, for a new trial.

Amici Musicologists are musicologists who research, teach and write about music, music analysis and music composition. In music copyright infringement cases, musicologists offer expert testimony about similarities between contested musical works, and whether the similarities are musically significant. Such testimony assists judges and jurors to evaluate the significance of alleged similarities between two musical works for extrinsic similarity.

Amici and their composer clients rely on judges, as gatekeepers, to screen out cases where there is no extrinsic similarity by addressing the significance of originality of expression and the protectable musical expression in two musical compositions, and then, if a verdict exceeds the bounds of the law, to reverse the jury's erroneous decision.

Amici have a strong interest in juries correctly applying jury instructions to enable them, where appropriate, to find no "extrinsic similarity" between works, and in Courts correcting obvious jury error when juries fail to correctly apply them to the evidence. Otherwise, verdicts will stand that have invariably been tainted by the jurors hearing of a sound recording of the musical composition (the so-called "intrinsic test") and result in grossly inequitable determinations of infringement that

---

[2] *See* footnote 1, *supra*.

[3] Attached hereto as **Exhibit 2.**

**MOTION OF AMICUS CURIAE MUSICOLOGISTS FOR LEAVE TO FILE AMICUS BRIEF IN SUPPORT OF DEFENDANTS' RENEWED MOTION FOR JUDGMENT AS A MATTER OF LAW OR, ALTERNATIVELY, FOR A NEW TRIAL**

1 will ultimately stifle the robust public domain that has allowed unparalleled

2 creativity and innovation by American popular musicians.

## II.    ARGUMENT

4  A "district court has broad discretion to appoint amici curiae." *Hoptowit v.*

5 *Ray*, 682 F.2d 1237, 1260 (9th Cir. 1982), abrogated on other grounds by *Sandin v.*

6 *Conner*, 515 U.S. 472 (1995). The "classic role" of amici curiae is "assisting in a

7 case of general public interest, supplementing the efforts of counsel, and drawing the

8 court's attention to law that escaped consideration." *Miller-Wohl Co., Inc. v.*

9 *Commissioner of Labor and Industry*, 694 F.2d 203, 204 (9th Cir. 1982). "District

10 courts frequently welcome amicus briefs from nonparties concerning legal issues that

11 have potential ramifications beyond the parties directly involved or if the amicus has

12 'unique information or perspective that can help the court beyond the help that the

13 lawyers for the parties are able to provide.'" *Safari Club Intern. v. Harris*, No. 2:14-

14 cv-01856-GEB-AC, 2015 WL 1255491 at *1 (E.D. Cal. Jan. 14, 2015), *citing NGV*

15 *Gaming, Ltd. v. Upstream Point Molate, LLC,* 355 F.Supp.2d 1061, 1067 (N.D. Cal.

16 2005). "The touchstone is whether the amicus is 'helpful,' and there is no

17 requirement 'that amici must be totally disinterested.'" *California v. U.S. Dept. of*

18 *Labor*, No. 2:13-cv-02069-KJM-DAD, 2014 WL 12691095 at *1 (E.D. Cal. Jan. 14,

19 2014), citing *Hoptowit*, 682 F.2d at 1260.

20  This Court therefore has authority to permit Amici Musicologists to participate

21 as amicus curiae in this matter.

22  The attached amicus brief explains in detail why Amici Musicologists support

23 the Court's overturning the errant jury verdict and urge this Court to either overturn

24 the verdict or in the alternative and at the least, order a new trial.

### III.   CONCLUSION

For the foregoing reasons, Amici Musicologists respectfully request that the Court grant leave for them to participate as *amicus curiae* and for the attached amicus  a brief in connection with Defendant's Defendants' renewed motion for judgment as a matter of law or, alternatively, for a new trial.

Dated: December 5, 2019

Respectfully submitted,

FREUNDLICH LAW
BY: /s Kenneth D. Freundlich
KENNETH D. FREUNDLICH

Attorneys for Amici Curiae Musicologists

6