Michael A. Kahn (pro hac vice)
Kahn@capessokol.com
Jonathan S. Jones (pro hac vice)
Jones@capessokol.com
CAPES SOKOL
7701 Forsyth Blvd. 12th Floor
St. Louis, MO 63015
(314) 721-7701

Eric. F. Kayira (pro hac vice)
eric.kayira@kayiralaw.com
KAYIRA LAW, LLC
200 S. Hanley Road, Suite 208
Clayton, Missouri 63105
(314) 899-9381

Daniel R. Blakey (SBN 143748)
blakey@capessokol.com
CAPES SOKOL
3601 Oak Avenue
Manhattan Beach, CA 90266

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCUS GRAY, et al., <br><br> Plaintiffs, <br><br> v. <br><br> KATHERYN ELIZABETH HUDSON, et al., <br><br> Defendants. | CASE NO. 2:15-cv-05642-CAS (JCx ) <br><br> Honorable Christina A. Snyder <br><br> **REPLY IN SUPPORT OF PLAINTIFFS' MOTION FOR AN AWARD OF PREJUDGMENT INTEREST** <br><br> Date:  January 27, 2020 <br> Time: 10:00 a.m. <br> Ctrm:  8D—8th Floor, First Street <br><br> Filed: July 1, 2014 <br> Trial: July 17, 2019 |

Stephen King famously wrote, "The road to hell is paved with adverbs."[1] So, too, is Defendants' overheated opposition, the first page of which includes such adverbial zingers as "staggering," "shocking," "vast windfall," and "complete disregard." [Dkt. 497]. Defendants claim to be "shocked" that Plaintiffs would seek prejudgment interest on a damage verdict entered nearly 6 years after release of Defendants' blockbuster hit and more than 5 years after commencement of this lawsuit. That verdict—the supposed "vast windfall"—allows each of these Defendants to retain close to 80% of the profits from their infringing song.

Moreover, as discussed below, and as confirmed on the revenue statements created by Defendants and marked as joint trial exhibits, by the end of 2014—more than 4½ years before trial—each Defendant had earned profits far in excess of the 22.5 percent the jury awarded to Plaintiffs. Defendants' subjective belief regarding the propriety, size, or adequacy of the jury award is irrelevant to the instant motion. Rather, as set forth in Plaintiffs' Opposition to Defendants' Post-Trial Motions [Doc. 499], the jury's award was rooted in the evidence at trial.

As the Court knows, the primary purpose of an award of prejudgment interest is restitution. Irrespective of the size of the jury verdict, unless prejudgment interest is awarded, Defendants will unfairly retain lucrative benefits of their wrongdoing. As such, the Ninth Circuit's holding in *Frank Music Corp.*, 886 F.2d 1545, 1552 (9th Cir. 1989) (emphasis added) has particular relevance here:

> Awarding prejudgment interest on the apportioned share of defendant's profits is consistent with the purposes underlying the profits remedy. Profits are awarded to the plaintiff *not only to compensate* for the plaintiff's injury, *but also and primarily to prevent the defendant from being unjustly enriched* by its infringing use of the plaintiff's property…For the restitutionary purpose of this remedy to be served fully, the defendant generally should be required to turn over to the plaintiff not only the profits

---

[1] Stephen King, *On Writing: A Memoir of the Craft* (Scribner 2010).

**REPLY IN SUPPORT OF PLAINTIFFS' MOTION FOR AN AWARD OF PREJUDGMENT INTEREST**

1
2

made from the use of his property, but also the interest on these profits, which can well exceed the profits themselves.

3
4
5
6
7

An award of prejudgment interest here would thus prevent Defendants' unjust enrichment and fill the gap in an award of profits, which "does not necessarily compensate for the time delay occasioned by infringement and eventual recovery." *Polar Bear Prods., Inc. v. Timex Corp.*, 384 F.3d 700, 718 (9th Cir. 2004). Here, that time delay—more than five years—has been extreme.

8
9

## ARGUMENT

10

### A. Case law supports the award of prejudgment interest.

11
12
13
14
15
16
17
18

Though Defendants argue that courts generally deny an award of prejudgment interest on a jury award of profits, this is not consistent with Ninth Circuit law. In *William Hablinski Architecture v. Amir Constr., Inc.*, 2007 WL 9734429 (C.D. Cal. Feb. 28, 2007) (Snyder, J.), this Court recognized the Ninth Circuit's disapproval of "such a limitation of prejudgment interest…" *Id.* at *4 (citing *Polar Bear Productions, Inc. v. Timex Corp.*, 384 F.3d 700 (9th Cir. 2004) and declining an award of prejudgment interest only after determining that no profits had yet been realized by the sale of the infringing home design at issue in the case).

19
20
21
22
23
24
25
26

Moreover, this Court recognized in *William Hablinski* that the Ninth Circuit has expressly permitted the award of prejudgment interest on awards of profit in music copyright cases, quoting the Ninth Circuit holding in *Frank Music* that a defendant "should be required to turn over to the plaintiff not only the profits made from the use of his property, but also the interest on these profits, which can well exceed the profits themselves." *Id.* *5 (quoting *Frank Music Corp.*, 886 F.2d 1545, 1552 (9th Cir. 1989). *Frank Music* not only supports an award of prejudgment interest on profits, but it suggests that such awards "generally should be required." *Id.*

27
28

**REPLY IN SUPPORT OF PLAINTIFFS' MOTION FOR AN AWARD OF PREJUDGMENT INTEREST**

**B. Defendants' own documents establish the fairness of awarding prejudgment interest on 22.5% of their profits.**

In accordance with Ninth Circuit precedent, the dispositive consideration in determining whether to award prejudgment interest is whether these Defendants would otherwise retain benefits derived from their wrongful exploitation of Plaintiffs' copyright. If so, Plaintiffs are entitled to recover these benefits as a matter of restitution.

Defendants' own financial documents underscore the fairness issue here. By the end of 2014—more than 4½ years before the trial—Defendants had already earned far more than 22.5 percent of their total infringement revenues, as conclusively established by financial documents created by Defendants and marked as Joint Trial Exhibits 105 through 110 and 116 (the "Joint Trial Exhibits"). *See* Declaration of Michael A. Kahn, filed separately today ("Kahn Decl."). For example, Joint Trial Exhibit 110 shows that by the end of 2014 Defendant Karl Martin Sandberg had earned 63 percent of his total Kobalt income, 79 percent of his to ASCAP income, 38 percent of his total SoundExchange income, and 70 percent of his total producer income. Thus, in aggregate, by the end of 2014—more than 4½ years before the trial—he had received 68 percent of his total income from "Dark Horse." Kahn Decl. ¶ 6. Likewise, by the end of 2014, Defendant Katy Perry had earned close to half of her total income from "Dark Horse." Decl. ¶ 7. The remaining Joint Trial Exhibits confirm that each of the Individual Defendants had earned well in excess of 22.5 percent of their income from "Dark Horse" by the end of 2014. Kahn Decl. ¶ 8[2] The same is true for the

---

[2] To avoid a lengthy damages trial and the disclosure of the Individual Defendants' detailed revenue receipts, the parties agreed to read profit stipulations into evidence, which documented only the total profits received by the Individual Defendants. The above-referenced Joint Trial Exhibits provide financial detail on a quarterly basis.

**REPLY IN SUPPORT OF PLAINTIFFS' MOTION FOR AN AWARD OF PREJUDGMENT INTEREST**

corporate Defendants. By the end of 2014, Capitol Records had earned more than 70% of its total revenues. Kahn Decl. ¶¶ 9-10.

Thus basic notions of fairness urge that, at the very latest, prejudgment interest should be assessed on the jury's award of profits beginning no later than January 1, 2015 through entry of the judgment. Calculating interest from an alternative date, such as the date of the jury's verdict, would result in a windfall for Defendants' who would retain the benefit derived from the time-value and use of their wrongful profits. *Polar Bear*, 348 F.3d at 718 ("[Defendants] would otherwise benefit from this component of profit through their unlawful use of another's work.").

**C. Defendants purported ancillary "factors" do not override Ninth Circuit precedent requiring awards of prejudgment interest as an important element of restitution.**

Defendants urge the Court to ignore established Ninth Circuit law that prejudgment interest is a function of restitution and grounded in fairness. In so doing, they ignore the inequity of being able to use $2.8 million in wrongful profits for their personal benefit for more than four years. Instead, they urge the Court to consider a hodgepodge of ancillary "factors" culled from non-music copyright cases, each with its unique context. These one-off factual cases are largely unanalyzed by Defendants. As such, the Defendants have not shown that any of these "factors" are applicable here.

For instance, in *Societe Civile Succession Guino v. Renoir* prejudgment interest had been denied where liability was vigorously contested because, among other things, the defendants believed that the plaintiff's copyrights in the sculptures at issue had fallen into the public domain—a belief supported by various Copyright Office Circulars and copyright treatises. *Renoir,* 305 F. App'x 334, 339 (9th Cir. 2008). In other words, liability was contested on the basis of the uncertain state of applicable law, a point highlighted in the court's opinion. *Id.*

**REPLY IN SUPPORT OF PLAINTIFFS' MOTION FOR AN AWARD OF PREJUDGMENT INTEREST**

Here, by contrast, there were no such extenuating circumstances. Like most music copyright cases, Defendants principally argued that they did not copy Plaintiffs' work. The jury disagreed. It would be unjust if Defendants could avoid the full measure of damages generally required under Ninth Circuit precedent simply because they chose to litigate all the way to trial rather than admit liability on the merits.[3]

Moreover, as this Court has recognized, "the decision whether to award prejudgment interest rests on 'the district court's sound discretion.'" *William Hablinski*, 2007 WL 9734429 at *4 (quoting *Polar Bear*, 384 at 716 n. 12). For this reason, it is unsurprising that a number of "factors" have arisen in the unique context of various cases and been undisturbed on appeal. But these ancillary factors cannot be divorced from the contexts of the cases applying them, and they are not the rule of the Ninth Circuit. *See, e.g., Williams v. Bridgeport Music, Inc.,* No. LACV1306004JAKAGRX, 2015 WL 4479500, at *46 (C.D. Cal. July 14, 2015) ("[*Polar Bear*] did not expressly limit the award of prejudgment interest to…circumstances [involving undisputed copyright infringement]… § 504(b) does not require a consideration of the state of mind of the infringing party."). In short, given the restitutionary purpose underlying an award of prejudgment interest, Defendants' retention and use of $2.8 million in profits here for nearly five years justifies such an award.

Defendants also argue that no prejudgment interest is necessary to deter Defendants' future misconduct. However, deterrence is not the primary consideration for awarding prejudgment interest, which is a measure of

---

[3] This is particularly true in music copyright infringement cases where plaintiffs must often rely on circumstantial evidence to prove their case, and defendants can avoid summary judgment by stating that they never heard the copyrighted work, or that they independently created the infringing work, or that the infringing work is objectively not similar enough to establish liability—a fact question that is particularly complex in cases involving music.

**REPLY IN SUPPORT OF PLAINTIFFS' MOTION FOR AN AWARD OF PREJUDGMENT INTEREST**

compensation and restitution, and not a penalty. *Williams*, 2015 WL 4479500, at *46. Moreover, proper restitution is necessary to deter future misconduct, and failure to require restitution encourages such misconduct, as a matter of simple economics. To illustrate with a hypothetical: If a defendant wrongfully obtains $3 million and deposits the money in a savings account with 1.5 percent interest, after five years, that defendant will have earned $233,501 in interest. If required only to disgorge the principal $3 million, the misconduct has been rendered lucrative—and similar misconduct is thus encouraged. A complete remedy serves a future deterrent purpose, regardless of the infringing party's mental state.

### D. The rate of prejudgment interest should be no lower than 1.75 percent, and should be compounded.

The remaining issues raised in Defendants' Opposition [Doc. 497]—related to the calculation of an award of prejudgment interest—were addressed in Plaintiff's original Motion [Doc. 488]. But two points require a reply here: the interest rate and compounding the prejudgment interest.

Interest Rate. The post-judgment interest statute and Ninth Circuit law support setting prejudgment interest "at a rate equal to the weekly average 1-year constant maturity Treasury yield…for the calendar week preceding the date of the judgment." 28 U.S.C. § 1961; *See also Price v. Stevedoring Servs. of Am., Inc.*, 697 F.3d 820, 836 (9th Cir. 2012); *Frank Music Corp*., 886 F.2d at 1552 (applying this rate in a copyright infringement case). The judgment was entered on September 3, 2019, with the preceding week's published 1-year constant maturity Treasury yield being 1.75%. As of the date of the jury's verdict, this rate was 1.98%, as Defendants' concede [Doc. 497, 14:4-5]. Defendants cite no authority beyond a partial and misleading quote of 28 U.S.C. § 1961 for the proposition that the rate of prejudgment interest should somehow be set at 0.11%, which is absurdly low.

<u>Simple v. Compound Interest</u>. Defendants also argue that simple interest, rather than compound interest, fairly compensates Plaintiffs and serves as adequate restitution. To quote the Ninth Circuit: "This assertion defies reality. Anyone with a savings account, credit card, mortgage, or student loan knows that the modern financial world employs compound interest as a general rule." *Price v. Stevedoring Servs. of Am., Inc.,* 697 F.3d 820, 841–42 (9th Cir. 2012). The Ninth Circuit has expressed its endorsement of compounding prejudgment interest, which "reflects a growing consensus that the attitudes underlying the common law presumption [in favor of simple interest] are being displaced by the modern recognition that compound interest fosters fairness and efficiency." *Id*. at 842 (reversing provision of only simple interest and remanding to recalculate prejudgment interest with compounding interest); *See also Apple, Inc. v. Samsung Electronics Co., Ltd.*, 67 F.Supp.3d 1100, 1122 (9th Cir. 2014) (approving compounding prejudgment interest award and noting that other courts have endorsed daily or annually compounding prejudgment interest awards as necessary to account for the time value of money and to fully compensate plaintiffs).

## CONCLUSION

Plaintiffs respectfully request this Court award them compounding prejudgment interest at a fair and reasonable interest rate determined by the Court.

Respectfully submitted,

<u>/s/ Michael A. Kahn </u>
Michael A. Kahn (pro hac vice)
Kahn@capessokol.com
Jonathan S. Jones (pro hac vice)
Jones@capesskol.com
Capes Sokol Goodman Sarachan PC
7701 Forsyth Blvd., 12th Floor
St. Louis, MO 63105
Telephone: (314) 721-7701

Eric F. Kayira (pro hac vice)
Kayira Law, LLC

8

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Daniel R. Blakey (SBN 143748)
blakey@capessokol.com
CAPES SOKOL
3601 Oak Avenue
Manhattan Beach, CA 90266

***Attorneys for Plaintiffs***

**REPLY IN SUPPORT OF PLAINTIFFS' MOTION FOR AN AWARD OF PREJUDGMENT INTEREST**